1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA ABBOTT, an individual, SIMA
HERNANDEZ, an individual, MELISSA
URBANCIC, an individual, and JILL
CAPPEL, an individual, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware
Corporation,

Defendant.

Case No.: 2:23-cv-1372

**DEFENDANT AMAZON.COM, INC.'S
PARTIAL MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
December 8, 2023

ORAL ARGUMENT REQUESTED

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1

**TABLE OF CONTENTS**

2

**Page**

3   INTRODUCTION ...................................................................................................1

4   BACKGROUND ...................................................................................................2

5       A.    Amazon's Policies Govern Returns, Refunds, and Re-charges. ..............................2

6       B.    Amazon's Returns Policies Disclose That Customers May Be Re-Charged..........3

7   LEGAL STANDARD..................................................................................................4

8   ARGUMENT ...................................................................................................4

9       A.    Plaintiffs' Money-Had-And-Received And Unjust Enrichment Claims Fail
10             Given The Parties' Express Contract. ........................................................4

11      B.    Plaintiffs' Conversion Claim Fails Under the Independent Duty Doctrine............6

12      C.    Plaintiffs' Class Definition Is Overly Broad And Should Be Stricken...................7

13  CONCLUSION...................................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMAZON'S MOTION TO DISMISS        - i -        FENWICK & WEST LLP
CASE NO.: 2:23-CV-1372 JNW              401 UNION STREET, 5TH FLOOR
                                                       SEATTLE, WASHINGTON  98101

# TABLE OF AUTHORITIES

CASES                                                                                          PAGES

*Balistreri v. Pacifica Police Dep't*,
   901 F. 2d 696 (9th Cir. 1998) ................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................4

*Chandler v. Wash. Toll Bridge Auth.*,
   17 Wash. 2d 591 (1943) ......................................................................................4

*Coast Trading Co. v. Parmac, Inc.*,
   21 Wash. App. 896 (1978)...................................................................................5

*Crisman v. Crisman*,
   931 P. 2d 163 (Wash. Ct. App. 1997) .................................................................8

*Davenport v. Wash. Educ. Ass'n*,
   197 P. 3d 686 (Wash. Ct. App. 2008) .................................................................8

*Easter v. American W. Fin.*,
   381 F. 3d 948 (9th Cir. 2004) ..............................................................................8

*Eastwood v. Horse Harbor Found., Inc.*,
   170 Wash.2d 380 (2010)......................................................................................7

*Ekin v. Amazon Servs., LLC*,
   84 F. Supp. 3d 1172 (W.D. Wash. 2014).............................................................5

*Enoh v. Hewlett Packard Enter. Company*,
   No. 17-cv-04212-BLF, 2018 WL 3377547 (N.D. Cal. July 11, 2018)................8

*Fuji Food Prods., Inc., v. Occidental, LLC*,
   No. 76152-8-1, 2018 WL 6310090 (Wash. Ct. App. Dec. Dec 3, 2018) .............7

*Harris v. US. BankCorp.*,
   No. 2:19-cv-00291-BJR, 2019 WL 5536402 (W.D. Wash. Oct. 25, 2019) ........6

*Hunt v. Zuffa, LLC*,
   No. 19-17529, 2021 WL 4355728 (9th Cir. Sept. 24, 2021) ...............................6

*Mastaba, Inc. v. Lamb Weston Sales, Inc.*,
   23 F. Supp. 3d 1283 (E.D. Wash. 2014)..............................................................5

*Minnick v. Clearwire US, LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010)...........................................................6

*Nauman v. General Motors, LLC*,
   No. C21-5150-BHS, 2021 WL 4502666 (W.D. Wash. Oct. 1, 2021) ................6

*Olympic Tug & Barge, Inc. v. Lovel Briere LLC*,
   No. C22-1530-JLR, 2023 WL 2864570 (W.D. Wash. Apr. 10, 2023)................7

*Pierce v. NovaStar Mort., Inc.*,
    422 F. Supp. 2d 1230 (W.D. Wash. 2006).................................................................4

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................8

*Sidney–Vinstein v. A.H. Robins Co.*,
    697 F. 2d 880 (9th Cir. 1983) ................................................................................8

*Timaero Ireland Ltd. v. Boeing Co.*,
    No. C21-488-RSM, 2023 WL 3435309 (W.D. Wash. May 12, 2023).....................6

*TinyBuild LLC v. Nival Int'l Ltd.*,
    No. C19-0805-TSZ, 2020 WL 13803810 (W.D. Wash. May 18, 2020) ..................7

*Total Coverage, Inc. v. Cendant Settlement Services Grp., Inc.*,
    252 Fed. App'x. 123 (9th Cir. 2007) .....................................................................6

*Wodja v. Wash. State Emps Credit Union*,
    No. C15-5694-BHS, 2016 WL 3218832 (W.D. Wash. June 9, 2016)................4, 5, 6

**STATUTES**

Revised Code of Washington § 4.16.080(2) ....................................................................8

Revised Code of Washington § 19.86.120.......................................................................8

Washington Consumer Protection Act.....................................................................1, 2, 8, 9

**RULES**

Federal Rules of Civil Procedure 8 .........................................................................4, 6

Federal Rules of Civil Procedure 12 ....................................................................4, 7, 8

AMAZON'S MOTION TO DISMISS
CASE NO.: 2:23-CV-1372 JNW

- iii -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

**INTRODUCTION**

This is a contract dispute arising under Amazon's returns policies.  Plaintiffs are Amazon customers who took advantage of an innovative and convenient feature that allowed them to receive advance refunds for product returns before Amazon had received them.  Under the terms of Amazon's returns policies, for returns that qualify for advance refunds, Amazon issues a refund when a customer drops off a product, before Amazon has received and processed the returned item.  Amazon may later re-charge the customer if Amazon determines during processing that the customer did not send back the correct item.  Plaintiffs allege that Amazon breached its contracts by charging Plaintiffs for products that they had timely returned.  Plaintiffs seek to assert claims on behalf of a nationwide class.

Along with their claims for breach of contract and violations of Washington's Consumer Protection Act (WCPA), Plaintiffs have tacked on common-law claims for money-had-and-received, unjust enrichment, and conversion.  These common-law claims fail at the pleading stage and must be dismissed.  In addition, except for the contract claim, Plaintiffs' six-year class definition improperly extends their class claims beyond the applicable statute of limitations.

*First*, Plaintiffs' claims for money-had-and-received and unjust enrichment are quasi-contract and implied-contract claims that cannot survive in light of Plaintiffs' breach of contract claim.  It is well settled that implied or quasi-contract claims—including unjust enrichment and money-had-and-received—are not viable alternatives to breach of contract claims.  Plaintiffs do not dispute that they are bound by Amazon's returns policies, which constitute valid, express contracts.  Nor do they dispute the terms of those policies, including terms governing when Amazon may re-charge customers.  Because Plaintiffs' quasi-contract and implied-contract claims cannot survive as alternatives to the breach of contract claim, they must be dismissed.

*Second*, the independent duty doctrine bars Plaintiffs' conversion claims.  Washington law is clear that when a duty arises under a contract, and in the absence of a tort duty arising *independently* of the contract, a plaintiff may not pursue a conversion claim.  Here, Amazon's obligation to provide refunds for returns arises *solely* from Amazon's contractual returns policies.  Indeed, the Complaint makes clear that those contracts expressly govern returns, refunds, and the

1  circumstances in which Amazon may re-charge customers.  Thus, the alleged breach is of a purely

2  *contractual* duty, and Plaintiffs' conversion claim must be dismissed.

3      *Third*, Plaintiffs' six-year class definition is overbroad.  The statute of limitations for

4  Plaintiffs' WCPA claim is four years.  And if Plaintiffs' unjust enrichment, money-had-and-

5  received, and conversion claims were to survive (they should not), they would be subject to a three-

6  year limitations period.  Accordingly, in addition to dismissing Plaintiffs' common-law claims, the

7  Court should strike Plaintiffs' six-year class definition for all but the breach of contract claim.

8                                    **BACKGROUND**

9  **A.    Amazon's Policies Govern Returns, Refunds, and Re-charges.**

10      Amazon offers online retail services.  Compl. ¶ 10.[1]  Amazon seeks to make buying online

11  as easy as possible, including by offering "free, convenient returns on most items delivered in the

12  U.S." *Id.* ¶ 15.  As Plaintiffs concede, Amazon's returns policies have been "lauded by many." *Id.*

13  ¶ 3.

14      To return an item to Amazon, customers navigate to "Your Orders" on the Amazon.com

15  website and select the item they wish to return, or click a link in the order confirmation email from

16  Amazon.  *Id.* ¶ 17.  After the customer completes the return request in Amazon's Online Return

17  Center ("ORC"), if the customer opted to "drop off" the return item, Amazon emails the customer

18  a quick response ("QR") code that the customer presents with the item to be returned, which can

19  be dropped off at any of over 18,000 locations, including Amazon stores, Whole Foods Markets,

20  and the UPS Stores.  *See id.* ¶¶ 17-18.  Customers can simply hand items to an associate at the

21  drop-off location without a box or label.  *Id.* ¶ 19.  The associate will then scan the return QR code

22  and pack and ship the product back to Amazon, free of charge to the customer.  *Id.* ¶ 19.  In some

23  cases, Amazon provides a refund when the customer drops off the product at a designated drop-

24  off location, before Amazon receives and inspects the item.  *Id.* ¶¶ 21-22.

25      As the Complaint makes clear, Amazon's returns policies create binding contracts, which

26  govern returns, refunds, and re-charges.  *See id.* ¶ 1, n. 1 (and materials incorporated by reference).

27  Plaintiffs allege that they accepted the terms of Amazon's returns policies by purchasing items

28  _____

[1]  Allegations of fact in the Complaint are accepted as true for purposes of this motion only.

shipped by Amazon and returning them within the specified time by dropping them off at an authorized return center. *Id.* ¶¶ 98-103.

**B.    Amazon's Returns Policies Disclose That Customers May Be Re-Charged.**

Though generous with its advance refund feature, Amazon's returns policies disclose that "if Amazon does not receive the returned item within the return window, Amazon re-charges the customer the total sale price of the item." *Id.* ¶ 2.  Amazon also discloses that sometimes it may re-charge a customer for a returned item before the return has been processed, and later refund the customer once the item has been processed. *Id.* ¶ 27, n. 13 ("if the item has already been sent back to us and you have received an email asking you return it or have been charged for [the] item, we will reverse the charge as soon as the return is processed by us.").  When a customer clicks on the "Refunds" hyperlink in the "About Our Returns Policies" page (*Id.* ¶ 27, Figure 3), they are directed to a separate "Refunds" page that discloses that customers may be re-charged for a product when the wrong product was returned, the item was missing parts or components, or the product was not returned in a unused condition despite customer representations to the contrary.[2]

Amazon notifies customers of these policies before they make a purchase.  During a purchase, Amazon includes its general return policy and any specific instructions for the given item prominently on the right-hand side bar beneath the "Add to Cart" button.  *See id.* ¶¶ 25-27; figures 1-3.  Moreover, by using Amazon services, customers agree to the Amazon Conditions of Use, which incorporate Amazon's returns policies by reference.  *Id.* ¶ 95, n. 14.  Customers are also reminded of Amazon's returns policies when they receive a refund confirmation after they drop off their item to the designated drop-off location.  Compl. Figure 13; *see also id.* ¶¶ 32, 44, 63 (explaining that Plaintiffs received email within hours of drop-off stating, "your return is now complete," but noting that "this is an advanced refund.  If we don't receive the item listed above, we may charge your original payment method.").  *Id.* ¶ 72, Figure 13.

Plaintiffs acknowledge that when they dropped off items and received a return confirmation and initial refund for the purchase price of the item, they received clear disclosures of these terms.

---

[2]    *See*    https://www.amazon.com/gp/help/customer/display.html/?nodeId=GKQNFKFK5CF3C54B    (Amazon Refunds).

1    *Id.* ¶¶ 32, 44, 63.  Before re-charging a customer, Amazon also sends the customer a reminder that

2    their items have not been received or processed.  *Id.* ¶¶ 55 (emailing customer "Return Reminder,"

3    explaining "[w]e've issued your refund in advance, but still expect to receive the return.  Send the

4    item back by Sun, Apr. 2 to avoid being charged again."); *see also id.* ¶¶ 34, 46, 65.

5        In cases where Amazon does not receive the return, Plaintiffs acknowledge that Amazon

6    emails customers to notify them of the re-charge, and that the charges would be reversed if the

7    item is received.  *Id.* ¶¶ 37, 49, 56, 67, 73, 78, 84.  Amazon also offers customers opportunities to

8    dispute such charges.  *Id.* ¶¶ 38, 51, 57.

9                                          **LEGAL STANDARD**

10       A motion to dismiss under Rule 12(b)(6) should be granted where there is either a lack of

11   a legally cognizable theory or the lack of sufficient facts alleged under a cognizable theory.

12   *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1998).  To survive a motion to

13   dismiss, a complaint must present factual allegations sufficient to raise a right to relief above the

14   speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also*

15   Fed. R. Civ. P. 8.  These factual allegations must include enough facts to state a claim that is

16   "plausible on its face."  *Twombly*, 550 U.S. at 547.  "'[C]onclusory allegations of law and

17   unwarranted inferences are not sufficient to defeat a motion to dismiss.'"  *Pierce v. NovaStar Mort.,*

18   *Inc.*, 422 F. Supp. 2d 1230, 1233 (W.D. Wash. 2006) (quoting *Pareto v. FDIC*, 139 F. 3d 696, 699

19   (9th Cir. 1998)).

20                                             **ARGUMENT**

21   **A.**    **Plaintiffs' Money-Had-And-Received And Unjust Enrichment Claims Fail Given**
22            **The Parties' Express Contract.**

23       Plaintiffs' quasi-contract and implied-contract claims—*i.e.*, money-had-and-received, and

24   unjust enrichment—must be dismissed because Plaintiffs have pled the existence of express

25   contracts governing the same rights and obligations.  Under Washington law, "a party to a valid

26   express contract is bound by the provisions of that contract and may not disregard the same and

27   bring an action on an implied contract relating to the same matter."  *Chandler v. Wash. Toll Bridge*

28   *Auth.*, 17 Wash. 2d 591, 604 (1943); *see also Wodja v. Wash. State Emps Credit Union*, No. C15-

1    5694-BHS, 2016 WL 3218832, at * 4 (W.D. Wash. June 9, 2016) (granting motion to dismiss

2    money-had-and-received and unjust enrichment claims).

3          Money-had-and-received and unjust enrichment are quasi-contract and implied-contract

4    claims, and therefore cannot survive in the face of an express contract. *See Wodja,* 2016 WL

5    3218832, at * 4 (describing money-had-and-received and unjust enrichment claims as "quasi-

6    contract or implied contract claims."). Indeed, both claims provide for recovery in the *absence* of

7    a contractual relationship. Money-had-and-received "arises *independently of the express*

8    *agreement* or intent of the parties, where the facts are such that the holder of another's funds would

9    be 'unjustly enriched' if the law did not *presume* a promise to pay." *Coast Trading Co. v. Parmac,*

10   *Inc.*, 21 Wash. App. 896, 902 (1978) (emphasis added). Similarly, "[u]njust enrichment is the

11   method of recovery for the value of the benefit retained *absent any contractual relationship*

12   because notions of fairness and justice require it." *Mastaba, Inc. v. Lamb Weston Sales, Inc.*, 23

13   F. Supp. 3d 1283, 1295 (E.D. Wash. 2014) (emphasis added) (citing *Young v. Young*, 164 Wash.

14   2d 477, 484 (2008).

15         Here, Plaintiffs' money-had-and-received and unjust enrichment claims concern rights and

16   obligations under their express contracts. Plaintiffs allege that their *contracts* with Amazon

17   entitled them to refunds for returned products, and allowed for re-charges only in certain

18   circumstances. Complaint at ¶ 101 ("the parties' contract imposes a duty on Amazon to refund to

19   Plaintiffs the purchase price and applicable taxes of merchandise returned to Amazon in its original

20   condition during its return window."); *id.* ¶ 106 ("Amazon breached its duty under the terms of the

21   parties' contract by failing to provide refunds for items that were timely returned to Amazon in

22   their original condition").[3] Plaintiffs' money-had-and-received and unjust enrichment claims rest

23   on precisely the same obligations, and incorporate the same factual allegations, as the breach of

24

25

---

26   [3] Even if Plaintiffs had not alleged the existence of a contract, there can be no dispute that they entered into a contract with Amazon every time they purchased an item in the Amazon.com store and accepted Amazon's Conditions of Use, ("COUs"), which incorporate Amazon's returns policies. Courts routinely bind consumers to terms and transactions

27   through online "clickwrap" agreements, including clickwrap agreements for Amazon's products specifically. *See, e.g., Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1173 (W.D. Wash. 2014) (consumers were bound by text on

28   webpage and linked agreements by clicking the action button demonstrating their consent).

1  contract claims. *Id.* ¶¶ 129, 136.  Accordingly, the existence of the parties' contract is fatal to

2  Plaintiffs' money-had-and-received and unjust enrichment claims.

3       Nor can Plaintiffs salvage their quasi-contract and implied-contract claims by pleading in

4  the alternative.  "Although a party generally may plead even inconsistent claims in the alternative,

5  Fed. R. Civ. P. 8(d)(2), (3), '[a]n action based on a theory of unjust enrichment is not available

6  when there is an express, written contract, because no agreement can be implied when there is an

7  express agreement.'"  *Hunt v. Zuffa, LLC*, No. 19-17529, 2021 WL 4355728, at *1 (9th Cir. Sept.

8  24, 2021) (citation omitted); *see also Wodja,* 2016 WL 3218832, at *4 (rejecting alternative

9  pleading argument and dismissing money-had-and-received and unjust enrichment claims because

10  such claims "are not alternatives to a breach of contract claim"); *Minnick v. Clearwire US, LLC*,

11  683 F. Supp. 2d 1179, 1187 (W.D. Wash. 2010) (rejecting plaintiff's alternative pleading argument

12  and dismissing unjust enrichment claim); *Total Coverage, Inc. v. Cendant Settlement Services*

13  *Grp., Inc.,* 252 Fed. App'x. 123, 126 (9th Cir. 2007) (affirming dismissal of quasi-contract claims

14  in light of breach of contract claim).

15       Indeed, courts in this district routinely dismiss quasi-contract and implied-contract claims

16  that are pled in the alternative to breach of contract claims.  *See, e.g., Wodja*, 2016 WL 3218832,

17  at *4 (dismissing both money-had-and-received and unjust enrichment claim); *Nauman v. General*

18  *Motors, LLC*, No. C21-5150-BHS, 2021 WL 4502666, at *6 (W.D. Wash. Oct. 1, 2021)

19  (dismissing unjust enrichment claim with prejudice, explaining that such claim cannot survive

20  where the parties have an express contract on the same subject matter); *Timaero Ireland Ltd. v.*

21  *Boeing Co.*, No. C21-488-RSM, 2023 WL 3435309 (W.D. Wash. May 12, 2023) (rejecting

22  plaintiff's attempt to assert unjust enrichment and quantum meruit in the alternative).

23       In sum, because a valid contract covers the same matter, the Court should dismiss

24  Plaintiffs' money-had-and-received and unjust enrichment claims.

25  **B.**    **Plaintiffs' Conversion Claim Fails Under the Independent Duty Doctrine.**

26       Plaintiffs' conversion claim is barred by Washington's independent duty doctrine.  Under

27  that doctrine, a party is limited to contract remedies unless there is an independent tort duty.  *Harris*

28  *v. US. BankCorp.*, No. 2:19-cv-00291-BJR, 2019 WL 5536402, * 8 (W.D. Wash. Oct. 25, 2019).

"An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of a contract …. When no independent tort duty exists, tort does not provide a remedy." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wash.2d 380, 389 (2010).

Where a complaint fails to identify an independent tort duty, dismissal of conversion claims is warranted. *See Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, No. C22-1530-JLR, 2023 WL 2864570, at *7 (W.D. Wash. Apr. 10, 2023) (dismissing conversion claim without leave to amend where plaintiffs' possession of disputed property arose solely from an agreement); *TinyBuild LLC v. Nival Int'l Ltd.*, No. C19-0805-TSZ, 2020 WL 13803810, at *1 (W.D. Wash. May 18, 2020) (dismissing conversion claim with prejudice where the "duty that defendant might have to relinquish the [disputed property] to plaintiff arises solely from the parties' contract, and in the absence of an independent tort duty, plaintiff may not pursue a conversion claim"); *Fuji Food Prods., Inc., v. Occidental, LLC*, No. 76152-8-1, 2018 WL 6310090, at *6 (Wash. Ct. App. Dec. Dec 3, 2018) (holding that the independent duty doctrine barred a conversion claim because the duty not to steal someone else's property was related to the contractual duty arising out of the parties' lease).

Here, Plaintiffs' conversion claim pertains solely to Amazon's returns policies, and Amazon's alleged failure to honor its duty to provide refunds. Complaint ¶¶ 143, 145. Plaintiffs allege that the parties' *contract* created that duty: "the parties' contract imposes a duty on Amazon to refund to Plaintiffs the purchase price and applicable taxes of merchandise returned to Amazon in its original condition during its return window." *Id.* ¶ 101. Amazon's returns policies, which comprise the parties' contract, lay out Amazon's duties and obligations with respect to returns and refunds. In fact, if Amazon had a no-return policy, Plaintiffs would have no right to refunds. Thus, outside of Amazon's contract with Plaintiffs, the Complaint identifies no independent duty to Plaintiffs. The Court should therefore dismiss Plaintiffs' conversion claims.

### C.    Plaintiffs' Class Definition Is Overly Broad And Should Be Stricken.

The Court should strike Plaintiffs' class definition with respect to every claim except Plaintiffs' breach of contract claim because the class period exceeds the applicable statutes of limitations. Under Rule 12(f), "the court may order stricken from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney–Vinstein v. A.H. Robins Co., 697* F. 2d 880, 885 (9th Cir. 1983).  A defendant may move to strike class allegations before discovery where the complaint demonstrates that a class action cannot be maintained on the asserted facts.  *Sanders v. Apple, Inc.,* 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *Enoh v. Hewlett Packard Enter. Company*, No. 17-cv-04212-BLF, 2018 WL 3377547, at * 15, (N.D. Cal. July 11, 2018) (striking temporally overbroad class definition, explaining "the Court finds that imposing time limitations on the class definition at the outset of the litigation is necessary to protect Defendants from burdensome and unnecessary class discovery on barred claims and individuals.").

Plaintiffs define their proposed class as: "[a]ll persons in the United States, who, according to the Defendant's records, were charged by Defendant for failing to return a product that was timely returned in its original condition during the six years prior to the filing of this action."  Compl. ¶ 86.  Except for Plaintiffs' breach of contract claims, however, all of Plaintiffs' claims are subject to shorter limitations periods.  Washington imposes a four-year statute of limitation period on Washington Consumer Protection Act claims, RCW § 19.86.120; *Easter v. American W. Fin.*, 381 F. 3d 948, 963 (9th Cir. 2004).  And a three-year limitation period applies to Plaintiffs' conversion, unjust enrichment, and money-had-and-received claims.  *See* RCW 4.16.080(2); *Crisman v. Crisman*, 931 P. 2d 163, 165 (Wash. Ct. App. 1997)) (conversion); *Davenport v. Wash. Educ. Ass'n*, 197 P. 3d 686, 704 (Wash. Ct. App. 2008) (implied-contract claims).

The class definition, on its face, encompasses individuals whose claims would be barred by the relevant limitations period and should therefore be stricken.  *See Enoh,* 2018 WL 3377547, at * 15 (granting motion to strike overbroad class definition that included time-barred claims).  Plaintiffs' class definition as to their WCPA claim must be limited to the four years before the complaint was filed.  And if Plaintiffs' common-law claims survive this motion to dismiss (they should not), the class definition for those claims should be limited to the three years before the complaint was filed.

1

**CONCLUSION**

2      Amazon respectfully requests that the Court dismiss Plaintiffs' claims for money-had-and-

3   received, unjust enrichment, and conversion for the reasons set forth above.   Amazon also

4   respectfully requests that the Court strike the Complaint's class definition, and limit the class

5   definition with respect to Plaintiffs' WCPA claims to the statutory period of four years.

6

7   Dated: November 8, 2023                  FENWICK & WEST LLP

8

9                                            By: /s/ Brian D. Buckley
                                                _____
10                                              Brian D. Buckley, WSBA No. 26423
                                                Deena Feit, WSBA No. 59036
11                                              FENWICK & WEST LLP
                                                401 Union Street, 5th Floor
12                                              Seattle, WA  98101
                                                Telephone:  206.389.4510
13                                              Facsimile:   206.389.4511
                                                Email:       bbuckley@fenwick.com
14                                                           dfeit@fenwick.com

15                                              Jedediah Wakefield (admitted *pro hac vice*)
                                                Mary Griffin (admitted *pro hac vice*)
16                                              Samantha Ong (admitted *pro hac vice*)
                                                555 California Street, 12th Floor
17                                              San Francisco, CA 94104
                                                Telephone:  415.875.2300
18                                              Facsimile:   415.281.1350
                                                Email:       jwakefield@fenwick.com
19                                                           mgriffin@fenwick.com
                                                             song@fenwick.com
20

21                                              *Counsel for Defendant*
                                                AMAZON.COM, INC
22

23

24

25

26

27

28

1

## __LCR 7(e) WORD-COUNT CERTIFICATION__

2

3        As required by Western District of Washington Local Civil Rules 7(e), I certify that this

4   memorandum contains 3,117 words.

5   November 8, 2023

6                                       FENWICK & WEST LLP

7

8                                       By: */s/ Brian D. Buckley* _____

9                                           Brian D. Buckley, WSBA No. 26423

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2       THIS MATTER came before the Court on a Partial Motion to Dismiss filed by Defendant

3  Amazon.com, Inc. The Court reviewed the Motion and all supporting materials, Plaintiffs'

4  opposition to the Motion and all supporting materials, and Amazon's reply and all supporting

5  materials, and heard arguments of counsel. Having been fully advised, for the reasons set forth in

6  Amazon's papers, the Court finds that the Motion should be granted. Now therefore,

7       **IT IS HEREBY ORDERED** that

8       (A) Defendant's Partial Motion to Dismiss is **GRANTED**;

9       (B) All claims in Plaintiffs' Complaint in this action, except Plaintiffs' breach of contract

10  and Washington Consumer Protection Act, are **DISMISSED**; and

11       (C)  Defendant's Motion to Strike Plaintiffs' class definition is **GRANTED**.  Plaintiffs'

12  class definition with respect to Plaintiffs' Washington Consumer Protection Act claims is limited

13  to the statutory period of four years.

14       **IT IS SO ORDERED**.

15       Dated this _____ day of _____, 2023.

16

17                               _____

18

19                       THE HONORABLE JAMAL N. WHITEHEAD
                                   UNITED STATES DISTRICT COURT JUDGE

20  Presented by:
    FENWICK & WEST LLP

21

22  */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

23  FENWICK & WEST LLP
    401 Union Street, 5th Floor
    Seattle, WA  98101

24  Telephone: 206.389.4510
    Facsimile: 206.389.4511

25  Email: bbuckley@fenwick.com

26  Jedediah Wakefield (admitted *pro hac vice*)
    Mary Griffin (admitted *pro hac vice*)

27  Samantha Ong (admitted *pro hac vice*)
    555 California Street, 12th Floor

28  San Francisco, CA 94104
    Telephone: 415.875.2300

AMAZON'S MOTION TO DISMISS        - 11 -            FENWICK & WEST LLP
CASE NO.: 2:23-CV-1372 JNW                                      401 UNION STREET, 5TH FLOOR
                                                                 SEATTLE, WASHINGTON 98101

1    Facsimile:415.281.1350
     Email: jwakefield@fenwick.com
2    mgriffin@fenwick.com
     song@fenwick.com
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28