THE HONORABLE JAMAL N. WHITEHEAD

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| IN RE: AMAZON RETURN POLICY LITIGATION | Case No. 23-cv-1372-JNW<br><br>**PLAINTIFF SRIVASTAVA AND PLAINTIFF CLARK'S MOTION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL** |
|---|---|

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

    A. The *Srivastava* and *Clark* Actions................................................................2

    B. The *Abbott* Action ..........................................................................................3

    C. Consolidation of the Actions and Proposed Counsel's Attempts to Negotiate Interim Lead Counsel Issue ..........................................................4

III. LEGAL STANDARD .....................................................................................................4

IV. ARGUMENT ..................................................................................................................5

    A. Proposed Counsel Satisfy All Rule 23(g) Factors Supporting Their Appointment ..........................................................................................5

        1. Proposed Counsel Have Substantial Experience Litigating Complex Class Actions Like the Present Action, Including in This Jurisdiction and Against Defendant Amazon ................................6

            a. Terrell Marshall ...............................................................................6

                i. Beth E. Terrell ......................................................................7

                ii. Blythe H. Chandler ..............................................................7

                iii. Elizabeth A. Adams ..............................................................8

            b. GFM ................................................................................................8

                i. Lori G. Feldman ...................................................................8

                ii. Michael Liskow .................................................................10

            c. GrantFirm ......................................................................................10

            d. Borde .............................................................................................12

        2. Proposed Counsel Have Already Dedicated Considerable Time and Work to Identifying and Investigating Potential Claims and to Determining the Appropriate Class Definitions ...........................................12

        3.      Proposed Counsel's Knowledge of Applicable Law ...................................... 14

        4.      Resources Counsel Will Commit to Representing the Classes ..................... 14

        5.      Other Factors ................................................................................................ 14

V.      CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

PAGE(S)

### CASES

*Cadena v. Am. Honda Motor Co.*,
  2020 WL 3107798 (C.D. Cal. June 9, 2020).......................................................................... 14

*In re J.P. Morgan Chase Cash Balance Litig.*,
  242 F.R.D. 265 (S.D.N.Y. 2007)......................................................................................... 5

*In re Robinhood Outage Litig.*,
  No. 20-CV-01626-JD, 2020 WL 73305906 (N.D. Cal. July 14, 2020) ................................ 5

*Mack v. LLR, Inc.*,
  No. 5:17-CV-00853, 2018 WL 6038349 (C.D. Cal. Jan. 31, 2018)....................................... 6

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
  779 F.3d 1036 (9th Cir. 2015) ............................................................................................. 14

*Pecznick v. Amazon.com, Inc.*,
  No. 2:22-CV-00743-TL, 2022 WL 4483123 (W.D. Wash. Sept. 27, 2022).............. 5, 12, 13

*Zaldivar v. T-Mobile USA, Inc.*,
  No. 2:07-cv-01695, 2008 WL 11344661 (W.D. Wash. June 19, 2008)................................ 5

### RULES

Fed. R. Civ. P. 23(g)(1)(A)................................................................................................. 5, 6

Fed. R. Civ. P. 23(g)(1)(B).................................................................................................. 5

Fed. R. Civ. P. 23(g)(3) ....................................................................................................... 4

### OTHER AUTHORITIES

Manual for Complex Civil Litigation (4th. ed. 2021) ......................................................... 5

## I. INTRODUCTION

Plaintiffs Sumeet K. Srivastava and Holly Jones Clark respectfully move this Court for an order appointing their counsel as interim class counsel in this consolidated action. Specifically, Srivastava and Clark ask the Court to appoint Terrell Marshall Law Group PLLC ("Terrell Marshall") and George Feldman McDonald PLLC ("GFM") as Interim Co-Lead Counsel, and appoint TheGrantLawFirm, PLLC ("GrantFirm") and BORDE LAW PLLC ("Borde") to an Executive Committee (all firms collectively being "Proposed Counsel").[1] Proposed Counsel include the firms representing the plaintiffs in two of the three related actions filed against Amazon stemming from its refusal to honor its policies regarding its customers' returns of purchases ("Returns Policies").[2]

Proposed Counsel are the ideal group to lead this litigation for several reasons. First, Proposed Counsel have extensive experience, and have achieved great success, in litigating consumer class actions like this one, including cases against Amazon and cases in this District. Through their work on consumer class actions, Proposed Counsel have gained fluency in the applicable law here, including the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA").

Proposed Counsel have also diligently and robustly investigated their claims for months prior to filing their complaints, including prior to the filing of the *Abbott* case. This investigation includes Proposed Counsel collectively interacting with hundreds of consumers about this matter and, in some cases, reviewing their extensive documentation. This has enabled Proposed Counsel to thoroughly understand the ways in which consumers have been impacted by Amazon's actions, as well as which consumers have claims against Amazon and should be included in the Classes.

---

[1] Terrell Marshall and GFM represent Srivastava in Case No. 2:2023-cv-01545 ("*Srivastava*"), while the GrantFirm and Borde represent Plaintiff Clark in Case No. 2:23-cv-01702 ("*Clark*"). Both the *Srivastava* and *Clark* cases have been consolidated into this action. *See* ECF No. 32 (the "Consolidation Order").

[2] Plaintiffs Srivastava and Clark submit this joint motion for the convenience of the parties and the Court. The Court's Consolidation Order permitted each party to submit a motion of up to 4,200 words. *See* ECF No. 32, at 7 ("Abbott Plaintiffs, Srivastava, and Clark may *each* file an opening brief within 14 days of this order seeking appointment as class counsel. *Each brief* may not exceed 4,200 words.") (emphasis added). While Srivastava and Clark could thus have each submitted a 4,200 page brief (totaling 8,400 words between them), the parties combined their briefing, which has resulted in this joint brief of substantially fewer than 8,400 words.

Proposed Counsel have also worked collaboratively to best represent the Classes, including taking steps to lead and advance this case by cooperating with each other and defense counsel. This includes Srivastava moving jointly with Defendant and the *Abbott* plaintiffs to consolidate *Srivastava* with *Abbott*. *See* ECF No. 30. Srivastava's counsel also agreed with Defendant that an orderly resolution of the interim lead counsel issue should precede any other motion practice in order to proceed efficiently. *See id.* at 6. Moreover, Proposed Counsel have attempted to work cooperatively with counsel for Abbott Plaintiffs in an effort to avoid any leadership contest and remain open to that possibility. Proposed Counsel also have substantial resources, both in funds and personnel, that are more than sufficient to effectively litigate this case.

Finally, the proposed team is diverse and likely mirrors the diversity of the members of the Classes. Proposed Counsel's diversity is in line with the recent guidelines entitled "Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation," issued by the James F. Humphreys Complex Litigation Center, George Washington Law School (March 15, 2021) (the "Guidelines").[3]

Together, Proposed Counsel will provide superior and efficient representation in order to obtain the best possible result for the Classes, whether through trial or settlement. The Court should appoint Proposed Counsel to lead this consolidated litigation.

## II. BACKGROUND

### A. The *Srivastava* and *Clark* Actions

Srivastava, represented by Terrell Marshall and GFM, filed his class action complaint against Amazon on October 5, 2023. *See Srivastava*, ECF No. 1 ("*Srivastava* Complaint"). The gravamen of Srivastava's complaint is that Amazon failed to provide refunds under its Returns Policies to Plaintiff and the Classes (defined below) on the incorrect ground that these customers failed to timely return their purchases to Amazon or its affiliates. In fact, Plaintiff and the Classes not only timely

---

[3] *See* https://www.law.gwu.edu/sites/g/files/zaxdzs5421/files/downloads/Inclusivity_and_Excellence_Master_Draft.pdf (last accessed November 27, 2023). The Guidelines were authored by a team of practitioners and experts including GFM Member Janine L. Pollack.

returned the purchases but also received notifications from Amazon and/or its affiliates that the purchases had been timely returned. *See id.* Srivastava seeks to represent a "Nationwide Class" of:

> All persons in the United States who (1) timely returned a purchase to Amazon or a Designated Location; (2) were provided confirmation from Amazon and/or its affiliates that the returned purchase was timely received; and (3) were either provided a refund by Amazon for the purchase and then were later re-charged by Amazon, or were never provided a refund, solely on the ground that Amazon and/or its affiliates had purportedly not timely received the returned purchase.

*See id.*, ¶ 36. Srivastava further seeks to represent a "Nationwide Amazon Drop-Off Subclass" (collectively with the Nationwide Class, the "Classes"), limited to Amazon's customers who returned their purchases in person, as opposed to through the mail, defined as:

> All persons in the United States who (1) timely returned a purchase in person to Amazon or a Designated Location; (2) were provided confirmation from Amazon and/or its affiliates that the returned purchase was timely received; and (3) were either provided a refund by Amazon for the purchase and then were later re-charged by Amazon, or were never provided a refund, solely on the ground that Amazon and/or its affiliates had purportedly not timely received the returned purchase.

*Id.* Srivastava alleges causes of action for (1) violations of the WCPA; (2) Breach of Contract; (3) Conversion; (4) Money Had and Received; and (5) Unjust Enrichment. *See id.* ¶¶ 49-94.

Clark, represented by the GrantFirm and Borde, filed her class action complaint against Amazon on November 7, 2023. *See Clark*, ECF No. 1 ("*Clark* Complaint"). Clark asserted similar allegations against Amazon to those in the *Srivastava* Complaint and asserted the same causes of action. *See id.* Going forward, Clark intends to seek certification of the same proposed Classes as in the *Srivastava* Complaint. *See* Declaration of Lynda Grant ("Grant Decl."), ¶ 4.

**B.     The *Abbott* Action**

The *Abbott* action was filed by four plaintiffs on September 5, 2023. *See* ECF No. 1 ("*Abbott* Complaint"). Like the other two complaints, the *Abbott* plaintiffs allege that Amazon charged them for items that they timely returned pursuant to the Returns Policies, and the *Abbott* plaintiffs are pursuing the same causes of action as Plaintiffs Srivastava and Clark. *See id.* But the Abbott Plaintiffs' approach differs from that of Srivastava and Clark, most significantly by seeking to represent a "Nationwide Class" of only those Amazon customers who timely returned purchases in their "original condition," specifically defined as "[a]ll persons in the United States, who, according

to the Defendant's records, were charged by Defendant for failing to return a product that was timely returned in its original condition during the six years prior to the filing of this action." *Id.* ¶ 86. Thus, although it was filed first, the *Abbott* action consists of a substantially smaller proposed class that does not encompass all of the consumers whose interests are represented by Srivastava and Clark.

### C. Consolidation of the Actions and Proposed Counsel's Attempts to Negotiate Interim Lead Counsel Issue

On October 24, 2023, the parties to the *Srivastava* and *Abbott* cases submitted a joint motion to consolidate the actions, among other things. *See* ECF No. 30. On November 13, 2023, the Court issued an order consolidating those actions and the *Clark* action and establishing deadlines for motions for interim lead counsel. *See* Consolidation Order, ECF No. 32, at 7-8.

The day after filing the *Srivastava* Complaint, Srivastava's counsel emailed counsel for the Abbott Plaintiffs proposing that the parties discuss their respective claims. *See* Declaration of Michael Liskow ("Liskow Decl."), ¶ 7. During the subsequent call, Srivastava's counsel offered to work with Abbott Plaintiffs' counsel in an equitable manner to be determined by the parties and raised their concern with the more limited class sought by the Abbott Plaintiffs. *See id.* ¶ 8. Abbott Plaintiffs' counsel said they would consider this possibility but then a week later informed Srivastava's counsel that they did not believe it would be "in the best interests of the class" for the parties' counsel to work together because the *Srivastava* complaint "is merely a copy of ours." *Id.* ¶ 8 & Ex. B.

Subsequently, the *Clark* complaint was filed. Soon after filing, counsel for Clark reached out to the Abbott Plaintiffs' counsel to discuss potentially cooperating in litigating the claims against Amazon, to little avail. *See* Grant Decl., ¶ 6. Shortly thereafter, counsel for Clark and Srivastava began discussing the ways in which working together would be beneficial for the Classes. *See* Liskow Decl., ¶ 9; Grant Decl., ¶ 6. These discussions resulted in Proposed Counsel's instant motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) allows appointment of interim class counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." "Appointment of interim class counsel is particularly suited to situations where 'a number of lawyers

may compete for class counsel appointment' due to 'a number of overlapping, duplicative, or competing suits . . .'" *Pecznick v. Amazon.com, Inc.*, No. 2:22-CV-00743-TL, 2022 WL 4483123, at *4 (W.D. Wash. Sept. 27, 2022) (quoting Manual for Complex Litig. (Fourth) § 21.11 (2021)); *see also Zaldivar v. T-Mobile USA, Inc.*, No. 2:07-cv-01695, 2008 WL 11344661, at *3 (W.D. Wash. June 19, 2008) (necessary to appoint interim counsel when two counsel groups "disagree[d] sharply over who belong[ed] in the proposed class.").

Numerous factors are considered by courts in appointing interim lead counsel, including the same factors relevant in appointing lead counsel for a certified class. These factors include: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the proposed class. *See* FRCP 23(g)(1)(A)(i)-(iv). The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the proposed class. *See* FRCP 23(g)(1)(B).

The issue of diversity has also become an important consideration in the appointment of lead counsel in class and mass actions. *See, e.g., In re Robinhood Outage Litig.*, No. 20-CV-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) ("*Robinhood*") (court denied proposed leadership structure for lack of diversity in class counsel appointments); *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277 (S.D.N.Y. 2007) ("Co-Lead counsel has met this Court's diversity requirement – i.e., that at least … one woman lawyer with requisite experience at the firm be assigned to this matter."). A diverse lead counsel group, particularly one that reflects the breadth of the proposed Classes, will enhance the legal representation for the Classes. *See Robinhood*, 2020 WL 7330596, at *7.

IV. **ARGUMENT**

A. **Proposed Counsel Satisfy All Rule 23(g) Factors Supporting their Appointment**

Proposed Counsel, consisting of the firms representing the plaintiffs in two of the three cases pending against Amazon, jointly propose an interim lead counsel structure consisting of Terrell Marshall and GFM as Co-Lead Counsel, and the GrantFirm and Borde as members of the Executive

Committee. This proposed structure ensures comprehensive yet efficient representation for the Classes, and allows counsel for the majority of the pending cases to combine their efforts and resources in litigating the claims against Amazon on behalf of the broadest class possible. *See, e.g., In re Meta Pixel Healthcare Litig.*, Case No. 3:22-cv-03580-WHO, ECF No. 45 (N.D. Cal. Dec. 21, 2022) (Ex. _ to Liskow Decl.) (appointing two firms, including GFM, as co-chairs, and three attorneys to steering committee); *Maadanian v. Mercedes-Benz U.S., LLC*, Case No. 2:22-cv-665 (W.D. Wash. June 16, 2022), ECF No. _ (Ex. _ to Liskow Decl.) (appointing two firms as interim co-lead counsel and three firms to Executive Committee); *Mack v. LLR, Inc.*, No. 5:17-CV-00853, 2018 WL 6038349, at *4 (C.D. Cal. Jan. 31, 2018) (appointing interim lead counsel and three firms to executive committee). Proposed Counsel's team is comprised of talented and experienced attorneys at varying stages of their careers and is well-suited to skillfully perform the varied tasks that will be required in litigating this action. Many of them have already worked cooperatively together in other cases. Proposed Counsel not only meet, but clearly exceed, the requirements of Rule 23(g)(1)(A) for appointment of interim lead counsel.

     **1.**    **Proposed Counsel Have Substantial Experience Litigating Complex Class Actions Like the Present Action, Including in This Jurisdiction and Against Defendant Amazon**

Proposed Counsel provide the following summary of the firms' extensive experience litigating complex class actions, including consumer class actions like the instant case, as well as a summary of the requisite qualifications of the individual attorneys proposed to primarily work on the action. Further detailed information regarding the firms and primary attorneys is available in the firm resumes and declarations submitted with this motion.

     **a.**    **Terrell Marshall**

Terrell Marshall Law Group is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, civil rights, and wage and hour cases. Declaration of Beth E. Terrell ("Terrell Decl.") ¶ 2. Terrell Marshall has been appointed lead or co-lead counsel representing multi-state and nationwide classes in state and federal court in Washington and throughout the United States. *Id.* ¶¶ 2, 6, 7. Since its founding in 2008, the attorneys at Terrell Marshall have represented scores of classes and obtained hundreds of

millions of dollars in monetary relief for consumers, workers, and other individuals. *Id*. The Terrell Declaration demonstrates Terrell Marshall's considerable experience and skills relevant to this litigation. In prosecuting the claims against Amazon, Terrell Marshall's team will primarily be led by Beth Terrell, Blythe Chandler, and Elizabeth Adams.

### i.     Beth E. Terrell

Beth Terrell is a founding member of Terrell Marshall. Terrell Decl. ¶ 3. With over twenty years of experience, she concentrates her practice in complex litigation, including the prosecution of consumer protection, defective product, and wage and hour class actions. *Id*. She has served as co-lead counsel on multi-state, multi-district, and nationwide class actions, resulting in hundreds of millions of dollars in settlements for consumers and workers. *Id*. She has tried and won cases in state and federal courts and argued before the Washington State Court of Appeals and the Washington State Supreme Court as well as several federal circuit level courts. *Id*. In particular, she argued *Thornell v. Seattle Serv. Bureau*, 184 Wn.2d 793 (2015), which involved issues regarding the application of the WCPA, and *Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 197 Wn. App. 875 (2017), which involved issues regarding the sufficiency of allegations of unfair and deceptive conduct. Terrell Decl. ¶ 3. She served as the President of the Public Justice Foundation Board of Directors from July 2019 to July 2020, serves on the Equal Justice Works' Board of Counselors, and is Chair of both the Northwest Consumer Law Center and the Washington Employment Lawyers Association. *Id*. As a member of the State Bar of California and the Washington State Bar Association, she Co-Chairs PLI's Consumer Financial Services Institute and frequently presents on a wide variety of topics, including class actions, consumer protection, legal ethics, gender equity, and electronic discovery. *Id*.

### ii.     Blythe H. Chandler

Blythe Chandler joined Terrell Marshall in 2014 and became a member in 2018. Terrell Decl. ¶ 4. Ms. Chandler practices complex litigation with a focus on prosecution of consumer class actions. *Id*. She has been appointed class counsel in cases challenging a wide range of unfair or deceptive practices, including debt collection practices. *Id*. Before joining Terrell Marshall, Ms. Chandler served as a law clerk to the Honorable Betty B. Fletcher, Senior United States Circuit Judge for the

Ninth Circuit Court of Appeals, and to the Honorable John C. Coughenour, Senior United States District Judge for the Western District of Washington. *Id.* Ms. Chandler has special expertise in the WCPA, having served as co-editor of the Consumer Protection Deskbook published by the Washington State Association for Justice (WSAJ) and spoken on topics including use of experts and personal jurisdiction in class actions. *Id.* Ms. Chandler is a member of the Washington Employment Lawyers Association (WELA) Amicus Committee and currently co-chairs WSAJ's Consumer Protection Section. *Id.* She was named to the 2020 Rising Star List by Washington Super Lawyers. *Id.*

### iii. Elizabeth A. Adams

Elizabeth Adams joined Terrell Marshall in 2015 and became a member in 2022. Terrell Decl. ¶ 5. Ms. Adams concentrates her practice in complex litigation, including the prosecution of consumer, wage and hour, and civil rights class actions. *Id.* Before joining Terrell Marshall, Ms. Adams served as a law clerk to the Honorable Dean D. Pregerson, the Honorable George Wu, and the Honorable John A. Kronstadt, all of the United States District Court for the Central District of California. *Id.* Ms. Adams has developed substantial expertise in consumer protection litigation, having co-authored multiple chapters of the Consumer Protection Deskbook published by the Washington State Association for Justice (WSAJ) and litigated dozens of cases involving claims under the WCPA. *Id.* She is licensed in both Washington and California. *Id.*

### b. GFM

GFM's attorneys possess the requisite knowledge of and experience with litigating complex class actions, including consumer class actions, necessary to represent Plaintiffs and the Classes. The five attorneys in GFM's Class Action Practice Group have collectively recovered in excess of $1.25 billion for their clients during their careers. *See* Liskow Decl., ¶ 10. And while each member of the practice group will be prepared to assist in this litigation, GFM's team will be led by Lori G. Feldman and Michael Liskow.

### i. Lori G. Feldman

Lori G. Feldman is a Member of GFM. She is the Chair of the Firm's Class Action Practice Group and the Managing Partner of the Firm's New York office. She is admitted to practice before

the State Bars of Washington State and New York, as well as this Court among many others including the United States Supreme Court. *See* Liskow Decl., Ex. A at 4-6. Ms. Feldman served on the Federal Bar Council in this District. *See id.* She has successfully litigated class actions against some of the largest and most well-funded corporate defendants in the nation, including three class actions against Amazon in this District resulting in settlements. *See Sauceda v. Amazon.com*, No. 2:22-cv-00338 (W.D. Wash.) (Coughenour, J.) (consumer class action); *In re Amazon.com, Inc. Securities Litigation*, No. 2:01-cv-00358-RSL (securities class action) (Lasnik, J.) ($25 million settlement); *Supnick v. Amazon.com*, 2:00-cv-00221-MJP (W.D. Wash.) (Pechman, J.) (data privacy class action). Ms. Feldman also litigated and settled a securities class action against Washington Mutual in this District. *See South Ferry LP #2 v. Killinger*, No. 2:04-cv-01599-JCC (W.D. Wash.) (Coughenour, J.).

Ms. Feldman has been appointed to serve in many leadership roles in class actions, including consumer class actions involving varied issues from tainted baby food sales to breaches of class members' privacy and unauthorize exposure of their sensitive personal data. *See, e.g.*, *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-0127-MKV (S.D.N.Y.) (Co-Lead counsel in consumer labeling case); *Meta Pixel Tax Filing Cases*, Case 3:22-cv-07557-SI (N.D. Cal.) (Co-Chair of Plaintiff's Steering Committee in data breach case); *In re Shields Health Care Group, Inc.*, Case No.: 1:22-cv-10901-PBS (D. Mass.) (Co-Lead Counsel in data breach case); *Chandra Tate v. EyeMed Vision Care*, LLC, Case No. 1:21-cv-00036 (S.D. Ohio) (same); *In re Morgan Stanley Data Security Litig.*, Case No. 1:20-cv-05014-MKV (S.D.N.Y.) (Executive Committee Member); *In re: Canon Data Breach Litig.*, Case No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.) (Executive Committee Member). She has recovered more than $250 million for members of classes that she has represented over the past three decades and was recognized by the National Law Journal as a Plaintiffs' Trail Blazer in 2021. *See* Liskow Decl., Ex. A at 4-6.

With the electronic data of Amazon and its affiliates likely to be central to the claims in this case, including for the purpose of verifying the identities of the members of the Classes and the status of their declined refunds, Ms. Feldman will work diligently and efficiently with experts and other

Proposed Counsel attorneys to address the complex technological issues that will almost certainly arise in a case such as this against Amazon.

### ii.     Michael Liskow

Michael Liskow is a Member of GFM. Mr. Liskow has spent almost his entire career litigating complex class actions on behalf of plaintiffs, focusing on consumer class actions with additional significant experience in data breach, antitrust, and insurance class actions, among others. *See* Liskow Decl., Ex. A at 10-11. Mr. Liskow is a member of the California and New York bars, as well as numerous federal district and circuit courts. *See id.*

Mr. Liskow has litigated numerous class actions to completion as the lead attorney, including *Thompson v. Bethpage Fed. Credit Union*, No. 2:17-cv-00921 (E.D.N.Y.), alleging violations of the Real Estate Settlement Procedures Act and resulting in a settlement where every class member received a full recovery, and *Egleston v. Verizon*, No. 194784/2011 (N.Y. Sup. Ct.), on behalf of overbilled Verizon customers resulting in a $5 million settlement providing full refunds plus interest and fees to the class. *See* Liskow Decl., Ex. A at 10-11. Mr. Liskow has also acted as lead counsel in consumer data breach class actions resulting in significant settlements, including *Bokelman v. FCH Enters.*, No. 18-00209-RJB-RLP (D. Haw.) and *Mizrahi v. NBEO*, No. 16-cv-03146-JKB (D. Md.). *See* Liskow Decl., Ex. A at 10-11.

### c.     GrantFirm

Lynda Grant, the founder and managing partner of TheGrantLawFirm, PLLC, has been a plaintiff's side class action practitioner for almost 40 years. During that time, she has been a partner at two nationally recognized class action firms, and has run one of the only female solo class action practices in the country. *See* Grant Decl., Ex. A at 1. She has been named a New York Metro Super Lawyer every year since 2014, and has been the co-chair of the American Bar Association's Class and Derivative Actions and Securities Litigation Committees. *See id.* at 1-2. As a partner for two major firms, she ran major complex class actions, helping to recover tens of millions of dollars for wronged investors. *See id.* at 1. She was also involved in enjoining unfair mergers on behalf of thousands of investors. *See id.* In the last ten years, Ms. Grant has turned her focus to consumer and

privacy litigation and has litigated numerous cases involving unfair trade practices under the laws of various states. *See id.*

Despite being a solo practitioner, Ms. Grant has acted as co-lead counsel in, and self-financed, cases against some of the world's largest companies, including Apple Inc. (*In re Apple Inc. E-Book Derivative Litig.*, Lead Case No. 1-14-cv-269543 (Sup. Ct., Santa Clara Cty.)); Walmart Inc. (*Harris v. Walmart Inc.*, 2023CH000117 (Ill. 18th Jud. Cir. Ct., DuPage Cty.)); and Madison Square Garden (*Arnel v. Madison Square Garden Entertainment Corp.*, 1:23-cv-05537-LAK (S.D.N.Y.)). As an example, the GrantFirm is presently co-lead counsel in an action on behalf of a class of thousands of Walmart workers, in which a multi-million dollar settlement was presented to the court. *See* Grant Decl., Ex. A at 3.

Other recent complex class actions in which Ms. Grant has acted as co-lead counsel or a member of the executive committee include:

1. *Robinson v. PETCO Animal Supplies*, Case No. 2021-CH-00273 (co-lead);
2. *Garcia v. Saprino's USA. Inc.*, Case No. 2022-CH-02203 (co-lead);
3. *Coons v. YUM!Brands, Inc., et al.*, Case No. 3:21 CV-00045-SPM (S.D. Ill.) (co-lead);
4. *Harris v. Walmart, Inc.*, 2023CH000117 (Ill. 18th Jud. Cir. Ct., DuPage Cty.) (co-lead); and
5. *Dusterhoft v. OneTouchPoint, Corp.*, Civil Action No. 22-cv-0882-BHL (E.D. Wis.) (Steering Committee)

In addition to her active practice, Ms. Grant is also involved in the betterment of her community. She performs extensive pro bono work for the New York State Coalition for Concerned Legal Professionals ("CCLP"), an organization dedicated to providing access to justice for the working poor. In that regard, she recently wrote a detailed article for the CCLP's well-known periodical, *Verdict*, entitled "Turnabout is Fair Play: The Power of Mass Arbitrations," *Verdict*, Vol. 29, No. 3 (July 2023), which is disseminated nationwide to CCLP's lawyer members, law schools and professors. *See* Grant Decl., Ex. A at 2. A copy of Ms. Grant's firm resume is appended as Exhibit A to the Grant Declaration.

####    d.    Borde

Manish Borde, Managing Member of BORDE LAW PLLC, is a former Equity Member of Williams, Kastner & Gibbs, PLLC and started Borde, a boutique litigation firm focusing on complex litigation, in 2019. *See* Borde Decl., ¶ 3. Mr. Borde has extensive experience litigating complex matters in federal and state court, including WCPA claims, and has acted as lead or co-lead in many of those cases. *See id.*, ¶ 4. For example, Mr. Borde was recently appointed a co-lead counsel in a case against *Amazon.com, Inc.* by Judge Tana Lin, in *Pecznick v. Amazon.com, Inc.*, Case No. 2:22-cv-00743-TL (W.D. Wash.).

In another example, Mr. Borde litigated a federal court matter involving a $20,000,000 lawsuit arising from violations of the WCPA on behalf of a Chapter 7 trustee of a bankrupt breast cancer charity. *See* Borde Decl., ¶ 4. The largest creditor in the bankruptcy case was the Washington State Office of the Attorney General, which in turn was seeking remuneration on behalf of thousands of donors. The lawsuit was before Judge Lasnik and captioned *James v. Paton, et al.*, No. C15-1914-RSL (W.D. Wash.). The bankruptcy case was before Judge Barreca and captioned as *In re Breast Cancer Prevention Fund*, Case No. 13-16150-MLB. The Bankruptcy Court approved a $5.2 million settlement of the litigation which featured, after payment to Plaintiff's counsel, remittance of the recovery to organizations that provide or fund low cost or no cost mammograms to uninsured or underinsured women. The settlement agreement can be found at *In re Breast Cancer Prevention Fund*, Case No. 13-16150-MLB, ECF No. 323. Mr. Borde is licensed to practice law in both Washington and California, and has worked on class action cases. *See* Borde Decl., ¶¶ 1 & 5.

### 2.    Proposed Counsel Have Already Dedicated Considerable Time and Work to Identifying and Investigating Potential Claims and to Determining the Appropriate Class Definitions

Proposed Counsel firms spent months investigating the potential claims against Amazon prior to filing the *Srivastava* and *Clark* complaints, with such investigations beginning well before the filing of the *Abbott* complaint. *See* Liskow Decl., ¶¶ 11-13; Grant Decl., ¶ 5. As part of this investigation, counsel for Srivastava spent significant time analyzing the appropriate scope of the class while considering which Amazon consumers were harmed, which types of returns (and refused refunds) would be implicated by Srivastava's claims, and how to define the Classes in order to avoid

unnecessary factual disputes. *See* Liskow Decl., ¶ 12.[4] Counsel for Clark also spent months investigating Clark's potential claims prior to filing, including expending significant efforts confirming that Amazon's conduct was not simply limited to Clark and a small number of Amazon's customers, and reviewing analyses by customers demonstrating a pattern of Amazon's failure to properly provide refunds. *See* Grant Decl., ¶ 5.

Srivastava's counsel's investigation also confirmed that Amazon's Returns Policies do not limit cost-free returns, and consequent refunds, solely to items returned in "original condition." Instead, Amazon's Returns Policies apply to items returned for numerous reasons, in varied conditions.[5] *See* Liskow Decl., ¶ 13. Accordingly, Proposed Counsel seek to represent Classes that are substantially broader than the proposed class in Abbott because the Classes include the great number of Amazon customers that have timely returned purchases, and are entitled to full refunds from Amazon, despite the purchases not being in "original condition." *Compare Srivastava* Complaint, ¶ 36 *with Abbott* Complaint, ¶ 86. The Abbott Plaintiffs' class definition does not cover such consumers. Srivastava's complaint also highlights the fact, uncovered through Proposed Counsel's investigation, that Amazon makes it very difficult for customers to even learn that they have inexplicably been denied a refund for something they already returned, as such notifications are often only provided as part of a deluge of emails from Amazon, from which many cannot be opted out. *See Srivastava* Complaint, ¶¶ 21-23. *See also Pecznick*, 2022 WL 4483123, at *5 (appointing attorneys from second-filed case interim lead counsel, including proposed Executive Committee member Borde, because their complaint was "more thorough, and its class definition more comprehensive.").

---

[4] Clark intends to seek to certify the same Classes as Srivastava. *See* Grant Decl., ¶ 4.

[5] Amazon's Return Policies do not require that products be returned in their "original condition" or in "new condition" apart from certain limited exceptions including breast pumps and televisions. *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=GKM69DUUYKQWKWX7 (last accessed November 27, 2023). Rather, the great majority of Amazon's items, like "furniture," can be returned "for any reason within 30 days of receipt of shipment." *Id.* Moreover, if the "item is damaged or defective," Amazon guarantees that it will either "help you solve the problem" or "provide a free return or replacement." *Id. See also, e.g.,* https://back-track.com/amazon-customer-return-reason-codes/ (identifying 72 reasons Amazon customers can provide for returning purchases including numerous reasons applying to items not in original condition such as "Defective/Does Not Work Properly," "Defect emerged after use," "Incompatible or not useful for intended purpose," "Not Satisfied with Quality," and "No longer needed/wanted.").

Proposed Counsel's careful investigation into the facts and scope of the Classes' claims underlines why interim lead counsel in this case should not be selected based on a "race to courthouse." *See, e.g., Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015) ("it would be an abuse of discretion to appoint an attorney as class counsel solely because he may have won the race to the courthouse."); *Cadena v. Am. Honda Motor Co.*, 2020 WL 3107798, at *5 (C.D. Cal. June 9, 2020) ("When there is not a 'need for an objective tie-breaker,' courts often appoint class counsel from a case that was not first filed.") (citations omitted).

### 3. Proposed Counsel's Knowledge of Applicable Law

As detailed *supra* and in the firm resumes and declarations submitted in support of this motion, Proposed Counsel include firms and attorneys with extensive experience in successfully litigating consumer class actions, including cases involving highly technical issues like the instant case. Accordingly, Proposed Counsel will be able to apply their collective decades of expertise litigating consumer class actions for the benefit of the Classes.

### 4. Resources Counsel Will Commit to Representing the Classes

Proposed Counsel have substantial resources that they have committed, and will continue to commit, to representing the Classes. *See* Terrell Decl., ¶ 8; Liskow Decl., ¶ 14; Grant Decl., ¶ 7; Borde Decl., ¶ 6. Proposed Counsel's extensive and robust investigative efforts to date, as well as their comprehensive pleadings, demonstrate that they have (and will continue to) effectively and efficiently litigate this case to a successful resolution.

### 5. Other Factors

Other factors weigh in favor of the appointment of Proposed Counsel. First, Proposed Counsel are committed to ensuring cost-effective representation of the Classes. They require robust timekeeping policies to ensure the timely and detailed records of all billable time. Time must be contemporaneously tracked by attorneys and time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent on the activity and its purpose, and the relationship to the matter. Each Proposed Counsel firm has agreed to avoid or minimize litigation tasks that may be time consuming but of potentially limited value, such as preparing deposition summaries of non-key witnesses.

Finally, neither Plaintiffs Srivastava and Clark, nor the Proposed Counsel firms, have any conflicts of interest that would prevent them from fairly and adequately representing the Classes.

## V. CONCLUSION

For the foregoing reasons, Proposed Counsel respectfully request that the Court appoint Terrell Marshall and GFM as Co-Lead Counsel, and appoint the GrantFirm and Borde to the Executive Committee.

RESPECTFULLY SUBMITTED AND DATED this 27th day of November, 2023.

I certify that the foregoing joint memorandum contains 5,379 words, in compliance with the Court's order and the joint nature of the brief.

**TERRELL MARSHALL LAW GROUP PLLC**

By: */s/ Beth E. Terrell*
Beth E. Terrell (WSBA #26759)
Blythe H. Chandler (WSBA #43387)
Elizabeth Adams (WSBA #49175)
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Email: bterrell@terrellmarshall.com
          bchandler@terrellmarshall.com
          eadams@terrellmarshall.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (WSBA #29096)
Michael Liskow (*pro hac vice*)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (561) 232-6002
E-mail: lfeldman@4-justice.com
          mliskow@4-justice.com
          eservice@4-justice.com

*Attorneys for Plaintiff Sumeet K. Srivastava*

**BORDE LAW PLLC**
Manish Borde (WSBA #39503)
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 531-2722
Email: mborde@bordelaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THEGRANTLAWFIRM, PLLC**
Lynda Grant (*pro hac vice request pending*)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
Email: lgrant@grantfirm.com

*Attorneys for Plaintiff Holly Jones Clark*