THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re: Amazon Return Policy Litigation* | CASE NO.:  2:23-CV-1372-JNW |
| | **ABBOTT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL** |
| | **NOTED ON MOTION CALENDAR:** **December 18, 2023** |
| | **ORAL ARGUMENT REQUESTED** |

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-1372-JNW

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD ........................................................................................ 2

III.    ARGUMENT ..................................................................................................... 2

      A.      The QE Team identified, investigated, researched, and developed these claims.................................................................................................................. 2

      B.      The QE Team has extensive knowledge of the applicable law and has experience handling complex consumer class actions, including against Amazon. ........................................................................................................ 4

            1.      The QE Team's law firms and lawyers have extensive experience. ........... 5

            2.      The Team has extensive knowledge of the applicable law. ....................... 9

      C.      The QE Team Will Commit Substantial Resources to the Litigation ................... 10

      D.      Numerous Discretionary Factors Favor Appointment of the QE Team ................ 11

IV.     CONCLUSION ................................................................................................. 11

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-1372-JNW

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

## Cases

*Baker v. Saint-Gobain Performance Plastics Corp.*,
   2016 WL 4028974 (N.D.N.Y. July 27, 2016) ............................................... 2

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) ....................................................................... 4

*Easton v. Bailey*,
   2013 WL 12323847 (C.D. Cal. Jan. 4, 2013) ..................................... 2, 10

*Ekin v. Amazon Servs., LLC*,
   2014 WL 12028588 (W.D. Wash. May 28, 2014) ................................... 3

*In re iPhone 4S Consumer Litig.*,
   2012 WL 12960637 (N.D. Cal. July 5, 2012) .......................................... 3

*McFadden v. Microsoft Corp.*,
   2020 WL 5642822 (W.D. Wash. Sept. 22, 2020) ................................... 2

*In re Meta Pixel Healthcare Litig.*,
   No. 22-CV-03580-WHO, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) .................... 1, 2, 10

*Pecznick v. Amazon.com, Inc.*,
   2022 WL 4483123 (W.D. Wash. Sept. 27, 2022) ................................... 2

*In re Warner Music Grp. Data Breach*,
   No. 20 CIV 7473 (PGG), 2021 WL 725728 (S.D.N.Y. Feb. 22, 2021) ................. 3

*Wilcosky v. Amazon.com,* Inc.,
   2022 WL 18937690 (N.D. Ill. May 16, 2022) ....................................... 3

## Other Authorities

*Manual for Complex Litigation* § 10.224 (4th ed. 2004) ................................... 2

5 Moore's Federal Practice, § 23.120[3][a] ...................................................... 3

Fed. R. Civ. P. 23(g)(2) ................................................................................. 1, 11

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW
ii

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## I.    INTRODUCTION

This matter addresses three consolidated actions arising from the same nucleus of operative facts. Plaintiffs Laura Abbott, Sima Hernandez, Melissa Urbancic, and Jill Cappel initiated this litigation by filing a putative class action against Defendant Amazon.com., Inc., alleging Amazon violated its refund policy by charging them for purchases they had returned. *Abbott v. Amazon.com, Inc.*, No. 23-cv-1372, Dkt. No. 1 (Sept. 5, 2023). One and two months later, Plaintiffs Sumeet Srivastava and Holly Jones Clark, respectively, filed nearly identical class actions against Amazon regarding similar practices. *Srivastava v. Amazon.com, Inc.*, No. 23-cv-1545, Dkt. No. 1 (Oct. 5, 2023); *Jones Clark v. Amazon.com Inc.*, No. 23-cv-1702, Dkt. No. 1 (Nov. 7, 2023). All three cases assert the same five causes of action and seek to apply Washington law. On November 13, 2023, this Court consolidated the cases and permitted counsel to seek appointment as interim class counsel under Rule 23(g). Dkt. No. 32.

Rule 23(g)(2) directs the Court to appoint counsel "best able to represent the interests of the class." Here, counsel for the *Abbott* Plaintiffs—Andrew Schapiro, Aaron Zigler and their respective law firms at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Zigler Law Group, LLC ("ZLG") (collectively, the "QE Team")—are best suited to represent the interests of the class, and should be appointed as Interim Co-Lead Class Counsel.  The QE Team identified, investigated, developed, and was the first firm file these claims. The QE Team has a full-service office in Seattle and has unmatched experience prosecuting consumer protection class actions—including in this district against Amazon. It has uniquely plentiful resources, which will be required in a case of this significance.[1] And it brings to this litigation a diverse group of attorneys with deep substantive knowledge of the applicable law. The QE Team is the best choice to protect the class's interests and should be appointed as interim class counsel.

---

[1] *See In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2022 WL 18399978, at *3 (N.D. Cal. Dec. 21, 2022) ("[T]o match litigating against Meta in a case this significant will certainly demand a deep bench and substantial resources.").

Motion to Appoint Leadership
Case No. 2:23-CV-1372-JNW

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

## II.    LEGAL STANDARD

The factors to be considered in appointment of interim class counsel under Rule 23(g) must include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). The Court may also examine "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Pecznick v. Amazon.com, Inc.*, 2022 WL 4483123, *5 (W.D. Wash. Sept. 27, 2022). Additionally, courts have considered whether proposed counsel reflects the diversity of the bar and proposed class,[2] "their ability 'to command the respect of their colleagues and work cooperatively with opposing counsel and the court,'"[3] and "the quality of the pleadings."[4] Each of these factors supports appointment of the QE Team as interim class counsel.

## III.    ARGUMENT

### A.    The QE Team identified, investigated, researched, and developed these claims.

As the first to file its case after months of investigation, the QE Team has done the most significant work "in identifying or investigating [the] claims in [this] action." Fed. R. Civ. P. 23(g).

As discussed in the supporting declarations, ZLG was first exposed to Amazon's wrongdoing in late 2022 and during the course of its pre-suit investigation in spring of 2023, interviewed 71 individuals about their experience with Amazon returns, and any instances in which they had been re-charged by Amazon for an item which had been timely returned. B. Zigler Decl. ¶¶ 7–12; A. Zigler Decl. ¶ 20.

---

[2] *See In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022) (collecting cases).

[3] *Baker v. Saint-Gobain Performance Plastics Corp.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (quoting *Manual for Complex Litigation* § 10.224 (4th ed. 2004)).

[4] *Easton v. Bailey*, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                                    2

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Beginning in mid-June 2023, ZLG began drafting a complaint, and Quinn Emanuel and ZLG worked collaboratively to further investigate Amazon's practices giving rise to this case, A. Zigler Decl. ¶¶ 24–27, including conducting legal research into viable legal claims, and gaining a further understanding of how Amazon's business operates along with the representations Amazon makes to its customers regarding its return policies, and refining the draft complaint. A. Zigler Decl. ¶¶ 24–35.

The QE Team's substantial investigation culminated in filing this heavily-sourced, first-of-its-kind action. A. Zigler Decl. ¶ 36. Since filing, the QE Team has continued strategizing, held a 26(f) conference with Amazon's counsel, prepared discovery requests that are ready to be served, initiated the work of opposing Amazon's motion to dismiss, and identified other members of the putative class. A. Zigler Decl. ¶¶ 37–43. To date the QE Team has interviewed 197 individuals about their experience with Amazon returns, has invested more than 625 hours to this case overall. B. Zigler Decl. ¶¶ 14–15.

Courts consider the filing of the first case "to weigh strongly in favor of appointment, even when counsel was involved in the case only several months longer than firms competing for appointment." *Wilcosky v. Amazon.com, Inc.*, 2022 WL 18937690, at *3 (N.D. Ill. May 16, 2022). That is because, among other things, the firms that first developed and filed the claims are often the most knowledgeable about the claims, are the most proactive in advancing them, and are therefore best able to litigate the claims and represent the class. *See In re iPhone 4S Consumer Litig.*, 2012 WL 12960637, at *1 (N.D. Cal. July 5, 2012) ("'All other things being equal,' if an attorney has performed the investigatory and analytical tasks necessary to draft the complaint, . . . 'he or she is in a better position to represent the class fairly and adequately than attorneys who have not undertaken those tasks.'" (quoting 5 Moore's Federal Practice, § 23.120[3][a] (Matthew Bender 3d Ed.))); *Ekin v. Amazon Servs., LLC*, 2014 WL 12028588, at *4 (W.D. Wash. May 28, 2014) (counsel who devoted more time to pre-filing investigation, filed the first complaint and has more extensive experience litigating WCPA claims is best able to represent putative class members); *In re Warner Music Grp. Data Breach*, No. 20-civ-7473-PGG, 2021 WL 725728, at

1   *2 (S.D.N.Y. Feb. 22, 2021) (the first to file a complaint has a "clear advantage," in the lead

2   counsel appointment process).

3        The other firms' endorsement of the theories that the QE Team first developed, as reflected

4   in the filing of substantially similar follow-on complaints, further supports the QE Team's

5   appointment as lead counsel. While it may be said that imitation is the sincerest form of flattery,

6   "such copycat complaints do not benefit the class, and are merely entrepreneurial efforts taken by

7   firms attempting to secure lead counsel status." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 181

8   (3d Cir. 2005).

9        Because the QE Team was instrumental in the conception and development of the claims

10   of all Plaintiffs in this litigation and has already expended significant resources to investigate and

11   pursue Amazon's violations of its refund policies, Rule 23(g)'s first factor strongly favors the

12   appointment of the QE Team as interim lead counsel.

13   **B.   The QE Team has extensive knowledge of the applicable law and has
         experience handling complex consumer class actions, including against**

14   **Amazon.**

15        The QE Team's knowledge and experience also uniquely supports its appointment here.

16   The QE Team lawyers working on this matter have exceptional credentials and decades of

17   experience in complex consumer class actions, and they are particularly well-equipped to represent

18   the class here because they have extensive experience litigating against Amazon, in this very

19   district. For example, the QE Team represents a reunion of Mr. Zigler, Mr. Schapiro, Ms. Cobb,

20   and Mr. Griffin, who previously worked together in representing the plaintiffs in *B.F. v.*

21   *Amazon.com Inc.*, No. C19-910 RAJ-MLP, 2020 WL 1808908 (W.D. Wash. Apr. 9, 2020), *aff'd*,

22   858 F. App'x 218 (9th Cir. 2021). Ms. Cobb and Mr. Wolfson also represent plaintiffs in other

23   matters against Amazon currently pending in this district—two of which preceded the FTC's

24   lawsuit against Amazon by two years, but which essentially predicted the claims the FTC

25   eventually brought. *See, e.g.*, *Brown v. Amazon.com, Inc.*, No. 2:22-CV-00965-JHC (W.D.

26   Wash.); *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-CV-00424-JHC, (W.D. Wash.); *De Coster*

27   *v. Amazon.com, Inc.*, No. 2:21-693-JHC, (W.D. Wash.); *see also* Schapiro Decl. Ex. M. Each of

28   these lawyers, and the others supporting them, are highly qualified to represent the class here.

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                                    4

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1.     **The QE Team's law firms and lawyers have extensive experience.[5]**

**Quinn Emanuel** is the world's largest law firm devoted solely to business litigation, with more than 1,000 lawyers across 33 offices on 4 continents. It has obtained over $70 billion in judgments and settlements for aggrieved Plaintiffs. Quinn Emanuel was recently re-named the "Most Feared" litigation law firm by *BTI Consulting Group* and has previously been named "Class Action Group of the Year" by *Law360*. Schapiro Decl. Exs. A, B. This month, Quinn Emanuel was also awarded "Litigation Department of the Year" by *Law.com*. Schapiro Decl. Ex. C. Quinn Emanuel has been recognized for being comprised of attorneys who are not just litigators but "trial lawyers who can actually go into court and try a case." *In re Credit Default Swaps Antitrust Litig.*, No. 1:13-MD-02476, Dkt. 244 at 37–38. The firm's attorneys have tried over 2,500 cases and arbitrations, winning more than 86% of them. The partners on this case have tried multiple high-stakes disputes to juries and judges. These capabilities will ensure that every decision as to what to do—and not do—is appropriately tailored to get this case ready for trial without unnecessary delay. They will also encourage settlement.

Additionally, Quinn Emanuel is home to one of the nation's leading Ninth Circuit appellate practices, headed by former Stanford Law School Dean Kathleen Sullivan, who is recognized as one of the nation's preeminent appellate advocates.

**Andrew Schapiro**, lead counsel for Quinn Emanual in this matter, has three decades of trial and appellate experience representing major corporations and individuals in sensitive, high-profile, and high stakes matters. Schapiro Decl. ¶ 6, Ex. I. *Legal 500 United States* has ranked him as one of the country's leading appellate lawyers and labeled him a "superstar." He is listed in the *Best Lawyers in America* and has been described in the press as "one of the brightest legal minds of his generation." A former federal public defender, Mr. Schapiro has first-chaired numerous federal jury trials, managed large litigation teams, and run class actions on both the plaintiff and defense side. He is a repeat winner of *The American Lawyer*'s "Litigator of the Week"

---

[5] In addition to the partners listed below, both firms have teams of experienced, diverse, highly capable associates who are currently assisting with the litigation.

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                                    5

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1  award, and has obtained significant victories for plaintiffs in RICO, trade-secret, and tort cases.

2  Along with several other lawyers included in this motion, he represented the plaintiffs in a

3  complex consumer class action against Amazon in this district, alleging privacy violations

4  stemming from the operation of Amazon's Alexa smart-speaker. (The case eventually settled.)

5  Mr. Schapiro clerked for Supreme Court Justice Harry Blackmun and for Seventh Circuit Judge

6  Richard A. Posner.

7      **Alicia Cobb** is Co-Managing Partner of Quinn Emanuel's Seattle office. Schapiro Decl.

8  Ex. L (Ms. Cobb's firm profile). Ms. Cobb represents plaintiffs in several significant cases against

9  Amazon, including serving on the plaintiffs' executive committee in proposed consumer class

10  actions alleging that Amazon engaged in anticompetitive conduct as to its third-party merchants,

11  leading to inflated prices on consumers' retail purchases. *See De Coster*, 2:21-693-JHC (W.D.

12  Wash.); *Frame-Wilson*, No. 2:20-CV-00424-JHC (W.D. Wash.); *see also* Schapiro Decl. Ex. M.

13  Ms. Cobb also represents plaintiffs, as interim class counsel, in a class action against Valve Corp.

14  filed in this district, also alleging antitrust violations. *Wolfire Games v. Valve Corp.*, 2:21-cv-

15  00563-JCC (W.D. Wash.); *see also* Schapiro Decl. Ex. N. On the defense side, Ms. Cobb currently

16  represents a subsidiary of Aon, defending against a proposed consumer class action bringing

17  claims under the WCPA. *Benavav v. Healthy Paws Pet Ins.* 2:20-cv-00421-LK (W.D. Wash.).

18  Ms. Cobb clerked for the Honorable Judge Edward R. Korman in the Eastern District of New

19  York.

20      **Justin Griffin** is Co-Managing Partner of Quinn Emanuel's Los Angeles Office. Schapiro

21  Decl. Ex. K (Mr. Griffin's firm profile). Mr. Griffin has been named by *Lawdragon* as one of the

22  country's Leading Plaintiff Financial Lawyers every year since 2020 and was recognized as a

23  Southern California "Rising Star" by *Super Lawyers Magazine* multiple times. Mr. Griffin also

24  has experience representing plaintiffs against Amazon in class and mass actions. For example, he

25  represented tens of thousands of Amazon Alexa owners and users in federal and state court

26  litigation and mass arbitrations against Amazon relating to the company's practice of recording

27  the voices of Alexa users without consent. Schapiro Decl. ¶ 12. Mr. Griffin also has extensive

28  experience defending large corporations in class action litigation, including the *Benavav* matter

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                6
QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1   filed in this district bringing claims under the WCPA, which will inform his representation of

2   Plaintiffs here. Schapiro Decl. ¶ 13.

3       **Adam Wolfson** is a partner in Quinn Emanuel's Los Angeles office. Schapiro Decl. Ex. J

4   (Mr. Wolfson's firm profile). He was selected by *Law360* as a 2022 MVP in class actions.

5   Schapiro Decl. Ex. F. Alongside Ms. Cobb, he is actively prosecuting class action price-fixing

6   cases against Amazon in this district, and representing the proposed class against Valve Corp. also

7   in this district. Schapiro Decl. ¶ 8, Ex. H. He has also served on the Executive Committee in *In re*

8   *3M Combat Arms Earplug Products Liability Litig.*, No. 19-md-2885 (N.D. Fla.), a mass tort

9   seeking compensation for over 250,000 U.S. veterans and service members injured by defective

10   earplugs, *see* Schapiro Decl. ¶ 8, Ex. G, and has played significant roles in a number of other class

11   actions including as co-lead counsel in *Mackmin et al. v. Visa Inc. et al.*, No. 11-cv-01831

12   (D.D.C.), and *Polyurethane Foam Antitrust Litig.*, No. 10-md-02196 (N.D. Ohio). *See* Schapiro

13   Decl. ¶ 9 (listing cases). Mr. Wolfson has also taken class actions to final judgment, including

14   recovering $5.3 billion for two classes of health insurers. *See* Schapiro Decl. ¶ 10. To date, he

15   helped Quinn Emanuel's clients obtain more than $14 billion in recoveries, stemming from both

16   trial verdicts and settlements.

17       **ZLG** is a recently formed national class action firm with attorneys that have decades of

18   combined experience and have successfully litigated countless complex cases across multiple

19   industries including consumer fraud, breach of contract, breach of warranty, breach of fiduciary

20   duties, securities fraud, antitrust, and wage and hour violations, among others. *See* Zigler Decl.,

21   Ex. A (ZLG firm resume).

22       **Aaron Zigler,** lead counsel for ZLG in this case, has 22-years of experience prosecuting

23   significant consumer class actions. Mr. Zigler manages ZLG from its home base of Chicago. He

24   has a Martindale-Hubbell AV Preeminent peer rating and selection as an Illinois Super Lawyer.

25   Mr. Zigler has also been honored as a finalist for Public Citizen's Trial Lawyer of the Year award.

26   A. Zigler Decl. ¶¶ 4–5, Ex. A.

27       Prior to founding ZLG, Mr. Zigler was a partner at Keller Lenkner (now Keller Postman),

28   where he managed its class action group and supported its mass arbitration practice, and at Korein

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                                7

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Tillery, where he managed all aspects of high-stakes litigation for nearly two decades. Some notable decisions for which Mr. Zigler served as counsel include: *Edmar Fin. Co., LLC v. Currenex, Inc.*, 2023 WL 3570017 (S.D.N.Y. May 18, 2023); *Fishon v. Peloton Interactive, Inc.*, 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020); *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019); *Axiom Inv. Advisors, LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526 (S.D.N.Y. 2017); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 74 F. Supp. 3d 581 (S.D.N.Y. 2015); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902 (S.D. Ill. 2012); *Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. 2011); *Johnson v. Allstate Ins. Co.*, 2009 WL 3230157 (S.D. Ill. Sept. 30, 2009); *Hoormann v. SmithKline Beecham Corp.*, 2007 WL 1591510 (Ill. Cir. Ct. May 17, 2007); and *Barbara's Sales, Inc. v. Intel Corp.*, 857 N.E.2d 717 (2006). A. Zigler Decl. ¶¶ 7–9, Ex. A.

**Mary Jane Fait,** based in Kansas City, Missouri, has more than 30 years' experience as a plaintiff's class action attorney. She has served as lead and co-lead counsel and successfully handled all phases of class litigation including class certification, settlement, trial, and appellate work, which resulted in billions of dollars of recoveries on behalf of aggrieved businesses and consumers. She has received a Martindale-Hubbell AV Preeminent peer rating. Zigler Decl Ex. A.

Prior to joining ZLG, Ms. Fait was a partner in two law firms that specialized in large plaintiff's class actions. Her professional achievements include successfully arguing for the reversal of an order denying class certification in a monopolization case before the Seventh Circuit Court of Appeals in *Messner v. NorthShore University HealthSystem*, 669 F.3d 802 (7th Cir. 2012) and representing the plaintiffs in countless important matters such as: *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* No. M 02-1486 (N.D. Cal.); *McDonough v Babies R Us,* No. 06-cv-0242 (E.D. Pa.); *Dairy Farmers of America Inc. Cheese Antitrust Litigation*, MDL No. 2031 (N.D. Ill.); *In re Vytorin/Zetia Marketing, Sales Practices Product Liability Litigation*, 08-cv-285 (D.N.J.); *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 2:10-cv-14360 (E.D. Mich.); *In re Text Messaging Antitrust Litigation*, MDL 1997 (N.D. Ill.); *Messner v NorthShore Hospital (In re Evanston Northwestern Healthcare Corp.,* No. 07-4446

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

(N.D. Ill.); *In re Packaged Ice Antitrust Litigation*, MDL 1952 (E.D. Mich.); *In re Rail Freight Fuel Surcharge Antitrust Litigation*, M.D.L. 1536 (D.D.C.); *In re Air Cargo Shipping Antitrust Litigation*, No. 06-MD-1775 (E.D.N.Y.); *In re Cathode Ray Tube Antitrust Litigation*, No. 07-C-5944 (N.D. Cal.); *In Re Relafen Antitrust Litigation,* No. 01-12239 (D. Mass.); *In Re Microstrategy Securities Litigation*, No. CIV.A.00-473-A (E.D. Va.); *In re Brand Name Prescription Drug Antitrust Litigation*, MDL 940 (N.D. Ill.), *In Re Infant Formula Antitrust Litigation*, MDL 878 (N.D. Fla.), and *In Re Flat Glass Antitrust Litigation*, MDL 1200 (W.D. Pa.). Zigler Decl Ex. A.

**Robin Horton Silverman,** based in Tampa, Florida, brings a rare perspective to ZLG's practice with extensive knowledge of regulatory issues. Prior to joining ZLG, Ms. Horton Silverman handled hundreds of cases on a wide variety of legal claims, including class actions, on both the plaintiff and defense sides in private practice and as an Assistant City Attorney for Tampa, Florida. Notable class action defense victories and dismissals include the following: *Martinez v. NCH Healthcare System, Inc.*, 20-CA-000996 (Fla. 20th Cir. Ct.); *Khaku v. American Traffic Solutions, Inc., et al.*, 2015-cv-02098 (M.D. Fla.); *Parker v. American Traffic Solutions, Inc., et al.*, 2014-cv-24010 (S.D. Fla.); *Passman v. City of Tallahassee, et al*., 2014-cv-00578 (N.D. Fla.). Ms. Horton Silverman clerked for the Honorable Judge Marva L. Crenshaw at Florida's Second District Court of Appeal. Zigler Decl. Ex. A.

      2.      **The Team has extensive knowledge of the applicable law.**

As the biographies above show, the QE team has a wealth of experience in complex consumer class actions, including matters involving similar theories to those pressed here, and even against Amazon. More importantly, the QE Team has demonstrated its knowledge of the applicable law in this case. The Abbott complaint, researched and drafted by the QE Team, has served as the model for the complaints in the later-filed actions. One indication of the strength of

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW      9

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1    the Abbott complaint is that in its now-stricken Motion to Dismiss, Amazon chose not to challenge

2    the breach of contract or WCPA claims. Dkt. No. 31.[6]

3          Rule 23(g)'s second and third factors—"counsel's experience in handling class actions,

4    other complex litigation, and the types of claims asserted in the action" and "counsel's knowledge

5    of the applicable law"—strongly favor appointment of the QE Team as interim counsel.

6          **C.    The QE Team Will Commit Substantial Resources to the Litigation**

7          Where the class faces well-financed adversaries represented by capable and well-funded

8    counsel, it should be represented by counsel with similar resources. *See In re Meta Pixel*

9    *Healthcare Litig.*, No. 22-CV-03580-WHO, 2022 WL 18399978, at *3 (N.D. Cal. Dec. 21, 2022)

10   ("[T]o match litigating against Meta in a case this significant will certainly demand a deep bench

11   and substantial resources."). The QE Team has significant human and financial resources to

12   litigate a complex matter like this. These resources will play an essential role in vindicating the

13   proposed class's claims. Amazon's customer base is vast, and the company processes a similarly

14   vast number of returns every year. Discovery may well require the review of millions of

15   documents from Amazon and third parties. The QE Team has the resources to vigorously litigate

16   and try this case in the best interests of the class, no matter what needs arise. And it will do so

17   efficiently, without the need for an explicit or implied partnership of multiple firms.

18         Quinn Emanuel has a well-established Seattle office, and the firm's 1,000-attorney size

19   allows it to add to the team at a moment's notice, without incurring the delay in hiring that other

20   firms would require to match Amazon's resources. And Quinn Emanuel's unparalleled bench of

21   talented trial lawyers encourages quicker, larger settlements. Quinn Emanuel also has in-house

22   litigation support groups and numerous analytic tools to offer to the class (including such tools as

23   predictive coding, e-mail threading, duplicate detection, and concept clustering), which in turn

24   will streamline and minimize the cost of voluminous electronic discovery.

25

26

27

28         [6] The quality of the pleadings is a factor that has been consider in the appointment of interim class counsel. *See Easton v. Bailey*, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                                    10

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Should there be any need for an appeal, Quinn Emanuel is home to one of the world's leading appellate practices, headed by Kathleen Sullivan, former Dean of Stanford Law School. Ms. Sullivan is widely recognized as one of the nation's foremost appellate advocates. Ms. Sullivan has been ranked by *The Best Lawyers in America* in Appellate Practice and Commercial Litigation for 10 years in a row, and as one of the 100 Most Influential Lawyers in America by the *National Law Journal*. Quinn Emanuel's appellate department was ranked Tier 1 in Appellate Practice in the 2021 edition of "Best Law Firms."

ZLG has also invested heavily in the infrastructure necessary to handle litigation of this size and importance. Among other things, ZLG designed and implemented a custom case and client management system built on Salesforce's CRM platform that allows it to efficiently manage the complex legal projects and the client communications that are required to successfully prosecute consumer class actions.

To the extent potential witnesses and documents are located around the country, the QE Team's geographic reach will create efficiencies and leave no stone unturned in the prosecution of the class's claims. The QE Team's robust local Seattle presence will create further savings for the class.

Thus, the QE Team's unparalleled resources to prosecute these proposed class actions against Amazon strongly favors the QE Team's appointment as interim counsel.

### D.     Numerous Discretionary Factors Favor Appointment of the QE Team

Several additional factors support appointing the QE Team as interim counsel, including that their attorneys' diverse backgrounds, experiences, and perspectives enhance their "ability to fairly and adequately represent the interests of the class" under Rule 23(g)(l)(B). To that end, they have proposed a combined team in this case that includes members of different genders, ages, racial and ethnic identities, and life experiences whose diversity will reflect and benefit the proposed class.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint the QE Team as Interim Co-Lead Class Counsel.

Motion to Appoint Leadership
Case No. 2:23-CV-01372-JNW                                 11

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1    DATED:  November 27, 2023          QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                       By: ___/s/ Alicia Cobb___
                                        Alicia Cobb, WSBA #48685
3                                       Matthew Hosen, WSBA #54855
                                        QUINN EMANUEL
4                                       URQUHART & SULLIVAN, LLP
                                        1109 First Avenue, Suite 210
5                                       Seattle, WA 98101
                                        Tel.: 206.905.7075
6                                       Fax: 206.905.7100
                                        aliciacobb@quinnemanuel.com
7                                       matthosen@quinnemanuel.com
8
9                                       Andrew H. Schapiro (*pro hac vice*)
                                        QUINN EMANUEL
10                                      URQUHART & SULLIVAN, LLP
                                        191 N. Wacker Drive, Suite 2700
11                                      Chicago, IL 60606
                                        Tel: 312.705.7400
12                                      Fax: 312.705.7401
                                        andrewschapiro@quinnemanuel.com
13
14                                      Aaron M. Zigler (*pro hac vice*)
                                        ZIGLER LAW GROUP, LLC
15                                      308 S. Jefferson Street | Suite 333
                                        Chicago, IL 60661
16                                      Tel: 312.673.8427
                                        aaron@ziglerlawgroup.com
17
18                                      *Attorneys for Plaintiffs and the Putative*
                                        *Classes*
19
20
21
22
23
24
25
26
27
28

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                          12

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2

I certify that this memorandum contains 3995 (Less than 4,200 words) words, in

3

compliance with the Local Civil Rules and this Court's order of November 2023.

4

DATED: November 27, 2023

5

6

*/s/ Alicia Cobb*    
Alicia Cobb, WSBA #48685

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW    13

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## CERTIFICATE OF SERVICE

I, Alicia Cobb, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 27th day of November, 2023.

/s/ Alicia Cobb
Alicia Cobb, WSBA #48685
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com

MOTION TO APPOINT LEADERSHIP
CASE NO. 2:23-CV-01372-JNW                    14

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000