THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re: Amazon Return Policy Litigation* | CASE NO.:   2:23-CV-1372-JNW |
| | **ABBOTT PLAINTIFFS' OPPOSITION TO SRIVASTAVA AND CLARK PLAINTIFFS' MOTION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL** |
| | **NOTED ON MOTION CALENDAR:** **December 18, 2023** |
| | **ORAL ARGUMENT REQUESTED** |

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 1

III.  ARGUMENT ...................................................................................................... 3

 A. Competing Counsel Have Not Demonstrated Their Appointment Serves
The Best Interests Of The Class. ................................................................ 3

  i. The *Abbott* Plaintiffs did not "race" to the courthouse. ............................ 3

  ii. Competing Counsel paint an incomplete picture of the work they
have done in identifying and investigating the Class's claims. .................. 5

  iii. Even crediting Competing Counsel's unsupported claims as true,
they have little to show for their "diligent" and "robust"
investigation. ................................................................................................ 7

  iv. Unlike the QE Team's proven two-firm structure, Competing
Counsel's proposed leadership structure would promote
inefficiency and harm the Class's interests. ............................................... 8

  v. Competing Counsel's copycat complaints have derailed the QE
Team's progress without providing any benefit to the Class. ................... 10

  vi. Competing Counsel exercised poor discretion by disclosing
confidential communications. .................................................................... 10

 B. Competing Counsel Cannot Match The QE Team's Experience,
Knowledge, and Resources. ..................................................................... 11

 C. Other Factors Do Not Weigh In Favor Of Competing Counsel. ........................... 13

IV.   CONCLUSION ................................................................................................. 13

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW   i

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>Cases</u>

*In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC*,
   2013 WL 12134144 (C.D. Cal. Nov. 8, 2013) ................................................................ 8

*Aberin v. Am. Honda Motor Co., Inc.*,
   2017 WL 3641793 (N.D. Cal. Aug. 24, 2017) ......................................................... 8, 9

*Baden Sports, Inc. v. Kabushiki Kaisha Molten*,
   2007 WL 1185680 (W.D. Wash. Apr. 20, 2007) ...................................................... 11

*Brown v. Saint-Gobain Performance Plastics Corp.*,
   2017 WL 11506177 (D.N.H. May 11, 2017) ............................................................. 6

*Carlin v. DairyAmerica, Inc.*,
   2009 WL 1518058 (E.D. Cal. May 29, 2009) ............................................................ 6

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) ............................................................................... 4, 10

*In re Crude Oil Commodity Futures Litig.*,
   2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) .............................................................. 9

*Maadanian v. Mercedes-Benz U.S., LLC*,
   Case No. 2:22-cv-665, Dkt. 11 (W.D. Wash. June 16, 2022) ................................... 9

*Mack v. LLR, Inc.*,
   2018 WL 6038349 (C.D. Cal. Jan. 31, 2018) ............................................................ 9

*In re Meta Pixel Healthcare Litig.*,
   2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) .................................................... 9, 10

*Michelle v. Arctic Zero, Inc.*,
   2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ............................................................... 9

*Nakamura v. BRF S.A.*,
   2018 WL 3217412 (S.D.N.Y. July 2, 2018) .............................................................. 7

*Padovani v. Citicorp Inv. Servs., Inc*,
   2009 WL 10700108 (C.D. Cal. Jan. 12, 2009) ........................................................ 10

*Pearlman v. Cablevision Sys. Corp.*,
   2011 WL 477815 (E.D.N.Y. Feb. 1, 2011) ............................................................. 12

*Rubenstein v. Scripps Health*,
   2021 WL 4554569 (S.D. Cal. Oct. 5, 2021) .............................................................. 8

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                    ii

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

*Valley Forge Ins. Co. v. Washington Square Hotel Holdings LLC,*
   2022 WL 17716518 (W.D. Wash. Dec. 15, 2022) ................................................... 11

*In re Vanguard Chester Funds Litig.,*
   625 F. Supp. 3d 362 (E.D. Pa. 2022) ................................................ 3, 4, 5

*Wang v. Chinese Daily News, Inc.,*
   737 F.3d 538 (9th Cir. 2013) .......................................................... 6

*In re Warner Music Grp. Data Breach,*
   2021 WL 725728 (S.D.N.Y. Feb. 22, 2021) .......................................... 10

### **Other Authorities**

Fed. R. Civ. P. 23 ........................................................................... 11

Fed. R. Civ. P. 23(g) ............................................................ 1, 11, 12

Fed. R. Civ. P. 23(g)(1)(A) ...................................................... 5, 11

Fed. R. Civ. P. 23(g)(2) ......................................................... 1, 11

Rule 23(g)(1)(B) ..................................................................... 13

Rule 26(f) ................................................................................ 10

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW

iii

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## I.   INTRODUCTION

The QE Team's motion highlights the extensive and meticulous months-long investigation that resulted in the first-filed *Abbott* complaint.  The motion is supported by thorough and detailed declarations detailing when the investigation began, when research and legal analysis was conducted, the interviews of 197 individuals about their experience with Amazon returns, and the investment of more than 625 hours of professionals' time overall.  It discusses a proposed leadership team of lawyers that actually developed this case and have moved it furthest along so far, and who bring a uniquely powerful combination of expertise, demonstrated commitment, resources, and skill.

In stark contrast, the motion submitted by the firms George Feldman McDonald, PLLC ("*Srivastava* Counsel"), Terrell Marshall Law Group, PLLC ("Terrell Marshall"), and solo practitioners Manish Borde and Lynda Grant ("*Clark* Counsel"), (collectively "Competing Counsel") is noticeably vague.  It contains broad, unsupported claims, and lacks the details to allow this Court to evaluate Competing Counsel's ability to advance the interests of the class.

Even taking Competing Counsel at their word, that is simply not enough under Federal Rule of Civil Procedure 23(g).  Because two groups are vying for interim lead counsel status, "the court must appoint the applicant *best* able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2) (emphasis added).  The QE Team has devoted more time, effort and resources to investigating the Class's claims and has more to show for that work than Competing Counsel— including an implicit concession from Amazon that at least two of the claims the QE Team developed should and will proceed to discovery.  In addition, there can be no reasonable dispute that the QE Team has a deeper pool of knowledge, experience, and resources than Competing Counsel.  Accordingly, the QE Team is best suited to represent the interests of the Class and should be appointed as Interim Co-Lead Class Counsel.

## II.   BACKGROUND

This litigation would not exist without the QE Team's extensive investigative efforts.  Their involvement in this case began in late 2022 after ZLG's CEO personally experienced the

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW

1

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

facts giving rise to this litigation.[1]  Dkt. 46 ¶ 7.  She again experienced the issue in early 2023.  *Id.* ¶ 8.  On May 8, 2023, ZLG launched its fact investigation into the Class's claims.  *Id.* ¶ 10.  ZLG initially interviewed 71 Amazon customers and reviewed countless online and news media posts, uncovering dozens of similar instances of Amazon's unlawful practices.  *Id.* ¶¶ 10–11.  ZLG then began investigating and researching the legal claims available to the Class.  *Id.* ¶ 12; Dkt. 45 ¶ 22.  By June 2023, the four *Abbott* Plaintiffs had retained ZLG to represent them.  Dkt. 46 ¶ 13.  Recognizing the need to partner with a single law firm capable of matching Amazon's vast legal resources, and with a presence in the Western District of Washington, ZLG contacted Quinn Emanuel in June about the case.  Dkt. 45 ¶ 22.  The QE Team has a history of successfully litigating together, Dkt. 44 at 4, and the two firms have worked cooperatively and efficiently ever since.  Dkt. 45 ¶¶ 27, 31, 38.   To date, the QE Team has interviewed 197 individuals about their experiences with Amazon returns, secured additional class representatives, and has spent hundreds of hours proactively developing and advancing the Class's interests.  Dkt. 46 ¶ 14–15; Dkt. 47 ¶ 17.

The QE Team filed the first complaint on behalf of the four *Abbott* Plaintiffs on September 5, 2023.  Dkt. 1.  *Srivastava* Counsel filed a second complaint on October 5, 2023, Case No. 2:23-cv-01545, Dkt. 1, followed by a third complaint from *Clark* Counsel on November 7, 2023.  Case No. 2:23-cv-01702, Dkt. 1.   Collectively, Competing Counsel vaguely claim that they "spent months investigating potential claims against Amazon" and that these investigations began "well before the filing of the *Abbott* complaint."  Dkt. 39 at 1, 12.  Despite these assertions, their complaints each named just one class representative and both copied the same five causes of action asserted by *Abbott* Plaintiffs.  The *Srivastava* and *Clark* complaints offered no additional legal theories and did not contribute to the factual tapestry alleged by the *Abbott* Plaintiffs.  Terrell Marshall made its first appearance only after these complaints were filed.  Dkts. 33–35.

---

[1] Employees of the QE Team and members of the QE Team's families are excluded from *Abbott* Plaintiffs' class definition.  Dkt. 1 ¶ 87.

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-CV-1372-JNW                                    2

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

### III.    ARGUMENT

**A.    Competing Counsel Have Not Demonstrated Their Appointment Serves The Best Interests Of The Class.**

**i.    The *Abbott* Plaintiffs did not "race" to the courthouse.**

The declarations submitted by the QE Team conclusively establish that the *Abbott* Plaintiffs and their counsel did not "race" to the courthouse, as Competing Counsel insinuate.  *See* Dkt. 39 at 14.  The QE Team first identified Amazon's unlawful conduct in late 2022 and, in May 2023, began investigating the Class's potential claims and identifying potential class representatives, which, as noted above, was an extensive process.  *Id.* ¶¶ 7, 10–11.  Simultaneously, the QE Team began developing the Class's legal claims, *id.* ¶ 12; Dkt. 45 ¶ 22, and, by the end of the month, the four *Abbott* Plaintiffs had retained the QE Team to represent them in this litigation.  Dkt. 45 ¶ 29.  Throughout July and August 2023, the QE Team continued investigating the Class's claims and refining the draft complaint.  *Id.* ¶¶ 33–35.  It was not until September 5, 2023, after four months of diligent investigation and research, that the QE Team filed the complaint in this case on behalf of the *Abbott* Plaintiffs.  *Id.* ¶ 36.  This was self-evidently not a race to the courthouse; it was what methodical and careful lawyers do.

Competing Counsel's follow-on complaints also speak volumes about where, in fact, any race to the courthouse occurred.  After speaking with dozens of Amazon customers, the QE Team successfully identified four class representatives with claims that are typical of the class, and all joined the complaint.  But the QE Team did not stop there.  The QE Team continues to vet the claims of other Amazon customers and offer to represent those whose facts will further the Class's interests.  Dkt. 46 ¶ 14.  Due to the QE Team's continued efforts, it now represents three additional class representatives with favorable facts, which the QE Team intends to join in the consolidated complaint.  *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (crediting firms with an ability to secure class representatives).  As for Competing Counsel, despite claiming to have "collectively interact[ed] with hundreds of consumers about this matter and, in some cases, reviewing their extensive documentation," *Srivastava* and *Clark* Counsel each name only a single class representative.  Dkt. 39 at 1.

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                    3

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1    The QE Team's ability to deliver concrete value to the Class can be seen in the quality of

2    the relevant complaints.  The QE Team's *Abbott* complaint spans 40 robust and detailed pages that

3    include numerous screenshots, emails, receipts, and reproductions of live chats with Amazon

4    agents illustrating Amazon's widespread illegal practices.  *See generally* Dkt. 1.  Each of its four

5    class representatives are clearly members of the Class they propose.  *Id.*  In stark contrast, the

6    *Srivastava* and *Clark* complaints are half the length and contain a fraction of the detail.  *Compare*

7    Dkt. 1 ¶¶ 61–85, *with* Case No. 2:23-cv-01545 Dkt. 1 ¶¶ 29–35, *and with* Case No 2:23-cv-01702

8    Dkt. 1 ¶¶ 34–37.  Moreover, it appears that Plaintiff Clark might not even be a member of her own

9    proposed class, as she never received the item she ordered in the first place.  *See* Case No 2:23-

10   cv-01702 Dkt. 1 ¶¶ 36, 43.

11   But, most telling, each of Competing Counsel's complaints rely on the exact same five

12   causes of action first asserted by the QE Team in the *Abbott* complaint.  Imitation is of course the

13   sincerest form of flattery, but, amid accusations of "racing" to the courthouse, it is difficult to

14   square with the idea that the QE Team rushed anything.  Instead, this is both a testament to the QE

15   Team's careful and diligent legal research on behalf of the class and an indicator of the duplicative

16   nature of Competing Counsel's complaints.

17   For these reasons, and contrary to Competing Counsel's insinuations, appointing the QE

18   Team as Interim Co-Lead Class Counsel does not risk incentivizing a race to the courthouse

19   because the record clearly establishes there was none.  To the contrary, appointing the QE Team

20   as class counsel would disincentivize the "entrepreneurial efforts" taken by Competing Counsel.

21   *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 181 (3d Cir. 2005) (describing copycat complaints as

22   "merely entrepreneurial efforts" taken to secure lead counsel status).  Here, "[b]eing the first to file .

23   . . raise[s] an inference that the [QE Team] has spent more time and resources investigating the

24   matter."  *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 367.

25   The complaints filed in these cases offer the most concrete bases for this Court to evaluate

26   respective counsels' abilities, and they overwhelmingly favor the QE Team.

27

28

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-cv-1372-JNW                    4

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

### ii.   Competing Counsel paint an incomplete picture of the work they have done in identifying and investigating the Class's claims.

The QE Team has been forthcoming regarding the details surrounding its involvement with, and development of, the Class's claims.  The same cannot be said of Competing Counsel. In their motion and corresponding declarations, they omit specific details needed to assess their suitability and baseline eligibility under Federal Rule of Civil Procedure 23(g)(1)(A).  For example, Competing Counsel vaguely claim that they "diligently and robustly" "spent months investigating potential claims against Amazon" and that these investigations began "well before the filing of the *Abbott* complaint."  Dkt. 39 at 1, 12.  Unlike, the QE Team, however, Competing Counsel's declarations omit any relevant dates and are devoid of any detail as to the timing, scope, and nature of their investigations.  *See* Dkt. 42 ¶ 5; Dkt. 43 ¶¶ 11–13.  For example, they provide scant detail on how they first identified the Class's harms, when their investigation began in earnest and the time and resources spent at that point, who conducted the investigation, or how the investigation evolved and developed over time.  The lack of any detail supporting these claims makes it difficult to credit them, particularly in light of the openness the QE Team demonstrates.

Apart from failing to provide any detail to support their claims of a diligent and robust investigation, Competing Counsel make broad, unsupportable declarations.  For example, they state that their "firms spent months investigating the potential claims against Amazon prior to filing the *Srivastava* and *Clark* complaints."  Dkt. 39 at 12.  Based on the record before the Court, however, this statement—at absolute best—can only be partially true:  Terrell Marshall did not join this litigation until after all of the complaints had been filed.  Its lawyers do not appear on any of the pleadings, and they did not enter their appearances until November 13, 2023—almost six weeks after Srivastava filed his complaint.  *See* Dkt. Nos. 33–35.  And Terrell Marshall does not claim to have undertaken any pre-filing or post-filing investigation in this matter or to have done any work to further these claims.[2]  *See* Dkt. 40 (omitting any discussion of an investigation).

---

[2] Neither does Mr. Borde claim to have undertaken any investigation.  *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 366 ("The experience of proposed local or liaison counsel

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW

5

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1  Nevertheless, Competing Counsel try to suggest otherwise through broad brush statements, which

2  are apparently aimed at glossing over the lack of substantive involvement from the Washington-

3  based law firms in their proposed leadership structure.

4       Competing Counsel claim to have undertaken a superior investigation as it "confirmed"

5  that "Amazon's Returns Policies do not limit cost-free returns, and consequent refunds, solely to

6  items returned in 'original condition,'" allowing them to assert a "substantially broader" class of

7  customers who "are entitled to full refunds from Amazon, despite the purchases not being in

8  'original condition.'" Dkt. 39 at 13. But this claim undermines their argument. While the Amazon

9  Returns Policy may allow for the return of damaged and used goods, Amazon's Refund Policy

10 provides that returns that are not in their original condition are ***not*** entitled to a full refund. *See*

11 *Refunds*, https://www.amazon.com/gp/help/customer/display.html/?nodeId=GKQNFKFK5CF3

12 C54B (last visited Dec. 4, 2023).

13      Moreover, Courts have generally not weighed the merits of differing class definitions in

14 determining lead counsel. *See Brown v. Saint-Gobain Performance Plastics Corp*., 2017 WL

15 11506177, at *2 n.6 (D.N.H. May 11, 2017) ("The court will consider the appropriate definition

16 of the classes in this action during the class certification stage, and here only addresses the efforts

17 made to define the scope of the class in advance of the litigation."); *Carlin v. DairyAmerica, Inc.*,

18 2009 WL 1518058, at *3 (E.D. Cal. May 29, 2009).  This is likely because the Court has "broad

19 authority at various stages in the litigation to" redefine the class or permit plaintiffs' counsel to

20 amend the class definition.  *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 546 (9th Cir. 2013).

21 Indeed, the *Clark* complaint verbatim copies the *Abbott* Plaintiffs' class definition.  Although

22 *Clark* Counsel now state that they "intend[] to seek certification of the same proposed Classes as

23 in the *Srivastava* Complaint," they offer no reason why the QE Team could not easily do the same

24 thing, ***if*** the QE Team determines that is warranted by the facts and law.  Because the Court has

25 ordered interim class counsel to "file a consolidated complaint within 30 days of the Court's order

26

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   is generally given less weight than the experience of 'lead' counsel for a given plaintiff cohort, as

28 these attorneys are generally utilized for administrative, rather than substantive purposes.").

appointing interim class counsel," no party is beholden to their proposed class definition at this point.  Dkt. 32 ¶ 4.7.

Finally, Competing Counsel seek credit for highlighting "the fact, uncovered through [its] investigation, that Amazon makes it very difficult for customers to even learn that they have inexplicably been denied a refund for something they already returned, as such notifications are often only provided as part of a deluge of emails from Amazon."  Dkt. 39 at 13.  Competing Counsel again offer no reason why this actually distinguishes their efforts to date.  The QE Team had already alleged that Amazon sends numerous emails during the shipping and return process; the *Abbott* complaint is replete with references to these practices and its entire point (repeated by Competing Counsel) is that Amazon engages in numerous, related practices to deny proper refunds.  *See generally* Dkt. 1.

Ultimately, it is not clear when, for how long, or who from any of the Competing Counsel firms investigated the potential claims against Amazon.  Instead, they offer boilerplate assertions about an investigation that ultimately led them to allege the exact same claims and (in *Clark* Counsel's case) the exact same putative class definition as the *Abbott* complaint.  Where proposed leadership firms only make vague assertions concerning their purported investigation, courts rightfully apply a healthy amount of skepticism.  *See Nakamura v. BRF S.A.*, 2018 WL 3217412, at \*3 (S.D.N.Y. July 2, 2018) (denying appointment in part due to vague declarations).  The QE Team believes the same should hold here.

### iii.    Even crediting Competing Counsel's unsupported claims as true, they have little to show for their "diligent" and "robust" investigation.

Even accepting the truth of Competing Counsel's vague and unsupported claims about their investigation, they have remarkably little to show for their "robust" and "diligent" efforts.  As discussed, *supra*, despite "months" of investigating that apparently began "well before" the *Abbott* complaint was filed, Competing Counsel each filed complaints on behalf of one class representative that were half the length, contained a fraction of the detail, and asserted the exact same causes of action as the *Abbott* complaint.  Thus, by their own telling, *all* of the work Competing Counsel performed—even what they did after reading the *Abbott* complaint—merely

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-cv-1372-JNW                                    7

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

confirmed and duplicated what the QE Team had already discovered, alleged, and brought to light with the first-filed *Abbott* complaint.  Competing Counsel's claims that they expended "significant efforts" and "significant time" therefore raise questions as to their ability to advance the Class's interests as efficiently and as effectively as the QE Team.  The QE Team has proven its ability to provide first class legal services to the Class and has therefore earned the privilege of continuing on as Interim Co-Lead Counsel.

> iv.     Unlike the QE Team's proven two-firm structure, Competing Counsel's proposed leadership structure would promote inefficiency and harm the Class's interests.

Competing Counsel propose a leadership structure that is wasteful, unnecessary, and detrimental to the interests of the Class.  Competing Counsel propose appointing George Feldman McDonald, and Terrell Marshall as co-lead counsel and solo practitioners Manish Borde and Lynda Grant as members of an executive committee.  Dkt. 39 at 5–6.  Competing Counsel offer no explanation for how work will be allocated among them or any justification for such a leadership structure in this case.  "Courts within this circuit routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary." *Aberin v. Am. Honda Motor Co., Inc.*, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017) (collecting cases); *see also In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC*, 2013 WL 12134144, at *2 (C.D. Cal. Nov. 8, 2013) (citing Manual for Complex Litigation (Fourth) § 10.221 (2004)).  In consolidated actions "with substantively identical claims," courts have declined to appoint an executive committee if the "Plaintiffs' interests are not divergent or dissimilar." *Aberin*, 2017 WL 3641793, at *2 (internal quotations and citations omitted).  And counsel must at least "articulate how an executive committee would increase efficiency."[3]  *Id.*; *see also In re 5-Hour Energy Mktg.*, 2013 WL 12134144, at *2 (requiring "good cause" for the

---

[3] Consistent with the best interests of the Class, the QE Team declined Competing Counsel's various offers for partnership because it did not believe it could justify the need for a larger structure.  *Cf. Rubenstein v. Scripps Health*, 2021 WL 4554569, at *3–4 (S.D. Cal. Oct. 5, 2021) ("Including a counsel from each of the consolidated cases would defeat the purpose of appointing an Interim Lead Class Counsel").

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                                    8

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

appointment of an executive committee); *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (explaining "committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts").

The legal issues involved in this litigation are straightforward.  Although discovery will likely be expansive and resource-intensive, it does not appear that complex discovery issues will arise.  *See Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013) (denying appointment of a three-firm committee because "while these cases are class actions, the substantive legal and factual issues are not complex").  Competing Counsel are noticeably silent with respect to these issues.  They "neither addressed nor demonstrated that the interests of the class diverge or are dissimilar." *Aberin*, 2017 WL 3641793, at *2.  And they have failed to offer any argument "to demonstrate that the interests of efficiency and economy are best served by appointing [an] executive counsel." *Id.*[4]  Unlike the QE Team, only some of Competing Counsel appear to have worked together before.  Indeed, as discussed *supra*, Terrell Marshall does not appear to have been involved in any investigation or complaint drafting and appeared only after the Court consolidated the cases.

In contrast, the two-firm structure proposed by the QE Team provides clear benefits to the Class.  Quinn Emanuel and ZLG have a proven and successful track record of working collaboratively together.  The attorneys involved worked together in a prior class action against Amazon, Dkt. 44 at 4, and both firms have been working together on this case since June 2023.  Dkt. 45 ¶ 24.  Because of this, they can be expected to function more efficiently as a team than Competing Counsel, bringing self-evident benefits to the Class.  "At this stage of the litigation, it is not clear that a leadership structure beyond the two co-lead counsel is necessary to serve

---

[4] Competing Counsel cite to three inapposite cases after requesting appointment of an executive counsel.  *See Mack v. LLR, Inc.*, 2018 WL 6038349, at *5 (C.D. Cal. Jan. 31, 2018) (appointing an executive committee where counsel stated it would seek certification of multi-state subclasses and committee members would serve an important role in navigating different jurisdictions); *Maadanian v. Mercedes-Benz U.S., LLC*, Case No. 2:22-cv-665, Dkt. 11 (W.D. Wash. June 16, 2022) (granting without discussion an unopposed request for appointment of executive committee); *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *3 (N.D. Cal. Dec. 21, 2022) (declining to "mix and match firms" and instead choosing "one team").

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                                    9

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Plaintiffs' needs." *In re Warner Music Grp. Data Breach*, 2021 WL 725728, at *3 (S.D.N.Y. Feb. 22, 2021).

In the end, the relevant question for this Court is what is best for the Class. In this case, two's company, four's a crowd.

### v.   Competing Counsel's copycat complaints have derailed the QE Team's progress without providing any benefit to the Class.

At the time this Court issued its November 13, 2023, Order Consolidating the Cases, the QE Team had already conferred with Amazon's counsel under Rule 26(f), drafted initial disclosures, prepared its first requests for production, and was in the process of preparing an ESI agreement with Amazon. Amazon had moved to partially dismiss, and the QE Team had begun preparing its arguments in opposition. All of this work, which the QE Team will efficiently continue as Interim Co-Lead Counsel, is the type that clearly demonstrates why these two firms should be appointed to lead a class action. *See In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (awarding interim lead counsel status to the firms that had conferred with the defendant and propounded discovery).

In the meantime, Competing Counsel have filed their copycat complaints, which "do not benefit the class, and are merely entrepreneurial efforts taken by firms attempting to secure lead counsel status." *Padovani v. Citicorp Inv. Servs., Inc*, 2009 WL 10700108, at *2 (C.D. Cal. Jan. 12, 2009) (quoting *In re Cendant Corp. Sec. Litig.*, 404 F.3d at 181). That is exactly the case here. All of the progress the QE Team achieved (including a motion to dismiss from Amazon that implicitly conceded that at least two of the claims must and will go to discovery) has now been halted, so the Court can address leadership concerns. This does not demonstrate Competing Counsel's care for the Class first and foremost; quite the opposite.

### vi.   Competing Counsel exercised poor discretion by disclosing confidential communications.

In seeking to gain an advantage over the QE Team, Competing Counsel have lost sight of their overarching duty to the Class. Competing Counsel suggests that the QE Team declined Competing Counsel's offers to cooperate "in an equitable manner" because their complaint was "merely a copy" of the *Abbott* complaint. Dkt. 39 at 4. In support, Competing Counsel disclosed

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-cv-1372-JNW                                  10

private communications and mental impressions of both the QE Team and *Srivastava* Counsel. These communications are likely protected by the common interest privilege, *see Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 1185680, at *1 (W.D. Wash. Apr. 20, 2007), and were meant "for the sole use of the intended recipient(s)." Dkt. 43 Ex. B; *see also Valley Forge Ins. Co. v. Washington Square Hotel Holdings LLC*, 2022 WL 17716518, at *2 (W.D. Wash. Dec. 15, 2022) (emails between counsel that "contain[ed] descriptions of attorney strategies and mental impressions" are work product); David F. Herr, Ann. Manual for Complex Lit § 10.222 (4th ed). If Competing Counsel had acted with the Class's best interests in mind, they might have opted to file the communications under seal for *in camera* review rather than risk waiving privilege. *See* Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23 ("Some information relevant to class counsel appointment may involve matters that include adversary preparation in a way that should be shielded from disclosure to other parties. An appropriate protective order may be necessary to preserve confidentiality.").

In any event, the QE Team stands by its decision. Beyond the obviously duplicative nature of their complaint, *Srivastava* (and *Clark*) Counsel "could have approached [the QE Team] prior to filing" their complaint. Dkt. 43 Ex. B. Instead, they sought to use their complaints as "leverage," contacting the QE Team only after they had filed. *Id.* As discussed, *supra*, Competing Counsel "didn't have to file a duplicative action" and "[i]n doing so, [they] only served to interrupt the Abbott action's progress and subject the parties to additional costs." *Id.*

### B. Competing Counsel Cannot Match The QE Team's Experience, Knowledge, and Resources.

Competing Counsel, although unsubstantiated, contend that they "satisfy" Rule 23(g) because they "not only meet, but clearly exceed, the requirements of Rule 23(g)(1)(A) for appointment of interim lead counsel." Dkt. 39 at 6. If only one qualified applicant were seeking appointment, that would be enough. *See* Fed. R. Civ. P. 23(g)(2). But even assuming Competing Counsel can adequately represent the interests of the Class and otherwise fulfill the requirements of Rule 23(g), "[i]f more than one adequate applicant seeks appointment, the court *must* appoint the applicant *best* able to represent the interests of the class." *Id.* (emphasis added). It is not a

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                    11

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

close call here.  Competing Counsel cannot plausibly dispute that the QE Team has access to a deeper pool of knowledge, experience, and resources than themselves.  Even when the facts bearing on the other Rule 23(g) factors are "roughly comparable," appointment of the law firm with a deeper bench is appropriate because "greater depth suggests that it is better suited to safeguarding the putative class's interests."  *Pearlman v. Cablevision Sys. Corp.*, 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011).

The numbers do not lie.  The QE Team has successfully prosecuted larger and more complex class action cases than Competing Counsel, individually and collectively.  Mr. Wolfson alone has recovered billions on behalf of class action plaintiffs.  Dkt. 47 ¶ 10.  The QE Team has proven track record of successfully litigating against Amazon in this district in several cases.  *See, e.g.*, *id.* ¶¶ 8, 15–16; *see also id.* Exs. H, M; Dkt. 44 at 4.  Indeed, Alicia Cobb, Co-Managing Partner of Quinn Emanuel's Seattle Office, has a mastery of the applicable law and local rules, and both she and Mr. Wolfson are actively litigating consumer class action cases against Amazon in the district.  Dkt. 44 at 6.

For several reasons, only the QE Team's firms have the capability of matching Amazon's vast financial and legal resources.  Collectively, the QE Team employs over 1,000 attorneys with impeccable qualifications, such that the QE Team can scale staffing up and down at a moment's notice.  Attorneys at Quinn Emanuel routinely take advantage of this vast knowledge base in emails seeking advice on complex litigation matters, and attorneys freely respond with their insights to each other on a nonbillable basis.  Competing Counsel do not have the same in-house capabilities as the QE Team.  The QE Team has invested heavily in developing litigation support personnel and analytic software to deliver quick and efficient results for the Class.  *Id.* at 10–11.  Competing Counsel's appellate capabilities simply do not compare to Quinn Emanuel's award-winning appellate practice.  *Id.* at 5, 11.  Finally, the QE Team has two advantages that no Competing Counsel can claim.  First, the QE Team has the geographic reach to match Amazon's extensive nationwide presence, with 14 offices across the country.  Second, the QE Team has substantial experience on both sides of the "v."  Dkt. 47 ¶ 3.

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-CV-1372-JNW                    12

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1    Competing Counsel seek shelter in numbers yet fault Quinn Emanuel for its size. Together,

2    Quinn Emanuel and ZLG synergize everything that small class action firms and large firms have

3    to offer. The benefits to the Class are simply undeniable. The QE Team's unmatched experience,

4    knowledge, and resources make them the clear choice for class counsel.

5    **C.    Other Factors Do Not Weigh In Favor Of Competing Counsel.**

6    The QE Team brings an equally diverse team of litigators to advance the interests of the

7    Class. *See* Dkt. 44 at 5–9. Their combined life experiences are reflective of the putative Class.

8    And the QE Team is dedicated to advancing the Class's interests as efficiently as possible and

9    recording its time contemporaneously. Accordingly, Rule 23(g)(1)(B) does not favor Competing

10    Counsel.

11    **IV.    CONCLUSION**

12    Competing Counsel have found it necessary to overcome their individual shortcomings by

13    proposing a large committee to direct this class action where none of their firms individually

14    commands all of the facts, has the requisite knowledge of the applicable law or has the resources

15    to fight Amazon on behalf of the class. Such a committee, to the extent that it could bring the case

16    to a successful conclusion, would not be able to provide the efficiency and results that the QE

17    Team will produce. For the foregoing reasons, and as set forth in their Motion to be Appointed

18    Interim Co-Lead Counsel, Plaintiffs respectfully request that the Court appoint the QE Team as

19    Interim Co-Lead Class Counsel.

20

21

22

23

24

25

26

27

28

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-CV-1372-JNW      13

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1   Dated:  December 11, 2023                    Respectfully submitted,

2                                                By: ___/s/ Alicia Cobb_____
                                                 Alicia Cobb, WSBA #48685
3                                                Matthew Hosen, WSBA #54855
                                                 QUINN EMANUEL
4                                                URQUHART & SULLIVAN, LLP
                                                 1109 First Avenue, Suite 210
5                                                Seattle, WA 98101
                                                 Tel.: 206.905.7075
6                                                Fax: 206.905.7100
7                                                aliciacobb@quinnemanuel.com
8                                                matthosen@quinnemanuel.com

9                                                Andrew H. Schapiro (*pro hac vice*)
                                                 QUINN EMANUEL
10                                               URQUHART & SULLIVAN, LLP
11                                               191 N. Wacker Drive, Suite 2700
                                                 Chicago, IL 60606
12                                               Tel: 312.705.7400
                                                 Fax: 312.705.7401
13                                               andrewschapiro@quinnemanuel.com

14                                               Adam Wolfson (*pro hac vice*)
15                                               Justin C. Griffin (*pro hac vice*)
                                                 QUINN EMANUEL
16                                               URQUHART & SULLIVAN, LLP
                                                 865 S FIGUEROA ST, 10TH FLOOR
17                                               LOS ANGELES, CA 90017
                                                 Tel: 213.443.3621
18                                               Fax: 213.443.3100
19                                               adamwolfson@quinnemanuel.com
                                                 justingriffin@quinnemanuel.com

20                                               Aaron M. Zigler (*pro hac vice*)
21                                               Mary Jane Fait (*pro hac vice*)
                                                 Robin Horton Silverman (*pro hac vice*)
22                                               Nidya S. Gutierrez (*pro hac vice*)
                                                 ZIGLER LAW GROUP, LLC
23                                               308 S. Jefferson Street | Suite 333
                                                 Chicago, IL 60661
24                                               Tel: 312.673.8427
25                                               aaron@ziglerlawgroup.com
                                                 maryjane@ziglerlawgroup.com
26                                               robin@ziglerlawgroup.com
27                                               nidya@ziglerlawgroup.com

28

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW                    14

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1

2

*Attorneys for Abbott Plaintiffs and the
Putative Classes*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-CV-1372-JNW

15

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2

3
I certify that this memorandum contains 4834 (Less than 8,400 words) words, in

compliance with the Local Civil Rules and this Court's order of November 2023.

4
DATED: December 11, 2023

5

6
*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opp. to Pltff. Srivastava and
Clark's Mot. for Interim Co-Lead Counsel
Case No. 2:23-CV-1372-JNW                    16

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1

## **CERTIFICATE OF SERVICE**

2

3      I, Alicia Cobb, hereby certify that I electronically filed the foregoing with the Clerk of the

4   Court using the CM/ECF system, which will send notification of such filing to counsel of record

5   via the ECF system.

    DATED this 11th day of December, 2023.

6

7                                              */s/ Alicia Cobb*
                                               Alicia Cobb, WSBA #48685
8                                              QUINN EMANUEL
                                               URQUHART & SULLIVAN, LLP
9                                              1109 First Avenue, Suite 210
                                               Seattle, WA 98101
10                                             Tel.: 206.905.7075
                                               Fax: 206.905.7100
11                                             aliciacobb@quinnemanuel.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP. TO PLTFF. SRIVASTAVA AND
CLARK'S MOT. FOR INTERIM CO-LEAD COUNSEL
CASE NO. 2:23-CV-1372-JNW          17          QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000