THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-CV-1372-JNW

**PLAINTIFFS' OPPOSITION TO DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

NOTING DATE: June 20, 2024

ORAL ARGUMENT REQUESTED



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 2

IV. ARGUMENT .......... 3

- A. Plaintiffs' Money Had And Received, Unjust Enrichment, And Promissory Estoppel Claims Do Not Fail Merely Because Amazon Currently Concedes The Existence Of Valid Contracts. .......... 3
- B. The Independent Duty Doctrine Does Not Apply Here, and Plaintiffs' Conversion Claim Turns On Independent Duties In Any Event. .......... 8

V. CONCLUSION .......... 11




QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF AUTHORITIES

## Cases

*Adams Fin. Partners, L.P. v. Patke Assocs. Ltd.*,
2017 WL 3236584 (W.D. Wash. July 31, 2017) ........ 11

*Aegean Mar. Petroleum S.A. v. Kavo Platanos M/V*,
2023 WL 5332972 (W.D. Wash. Aug. 18, 2023) ........ 5, 6

*Alhadeff v. Meridian on Bainbridge Island, LLC*,
220 P.3d 1214 (Wash. 2009) ........ 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 3

*Chandler v. Washington Toll Bridge Auth.*,
137 P.2d 97 (Wash. 1943) ........ 3

*Eagle Point Condo. Owners Ass'n v. Coy*,
9 P.3d 898 (Wash. Ct. App. 2000) ........ 3

*Eastwood v. Horse Harbor Found., Inc.*,
241 P.3d 1256 (Wash. 2010) (Chambers, J., concurring) ........ 11

*Elcon Construction, Inc. v. E. Wash. Univ.*,
273 P.3d 965 (Wash. 2012) ........ 9, 11

*Ernst & Haas Mgmt. Co., v. Hiscox, Inc.*,
23 F.4th 1195 (9th Cir. 2022) ........ 3

*Fuji Food Prods., Inc., v. Occidental, LLC*,
2018 WL 6310090 (Wash. Ct. App. Dec. 3, 2018) ........ 9, 10

*Fulltime Fantasy Sports, LLC v. Tedeschi*,
2022 WL 9354192 (W.D. Wash. Oct. 14, 2022) ........ 5, 6

*Hendrickson v. Tender Care Animal Hosp. Corp.*,
312 P.3d 52 (Wash. Ct. App. 2013) ........ 9

*Hover v. GMAC Mortg. Corp.*,
2017 WL 1080968 (W.D. Wash. Mar. 21, 2017) ........ 6

*Inland Nw. Renal Care Grp., LLC v. WebTPA Emp. Servs., LLC*,
2020 WL 1866436 (W.D. Wash. Mar. 26, 2020) ........ 5, 6

*Langadinos v. Washington State Bar Ass'n*,
2024 WL 1138908 (W.D. Wash. Mar. 15, 2024) ........ 3



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

*Malvino v. Delluniversita*,
840 F.3d 223 (5th Cir. 2016) .......... 7

*Marks v. UMG Recordings, Inc.*,
2023 WL 4532774 (9th Cir. July 13, 2023) .......... 4

*MEECO Mfg. Co. v. Imperial Mfg. Grp.*,
2005 WL 8172679 (W.D. Wash. Mar. 11, 2005) .......... 5, 6

*MMMT Holdings Corp. v. NSGI Holdings, Inc.*,
2013 WL 12191346 (W.D. Wash. Aug. 12, 2013) .......... 5

*Nelson v. Appleway Chevrolet, Inc.*,
157 P.3d 847 (Wash. 2007) .......... 5

*NTCH-WA, Inc. v. ZTE Corp.*,
2014 WL 794283 (E.D. Wash. Feb. 27, 2014) .......... 5, 6

*Olympic Tug & Barge, Inc. v. Lovel Briere LLC*,
668 F. Supp. 3d 1165 (W.D. Wash. 2023) .......... 10

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
514 F.3d 856 (9th Cir. 2007) .......... 5

*PCF Ins. Servs. of the W., LLC v. Fritts*,
2024 WL 1299954 (W.D. Wash. Mar. 27, 2024) .......... 11

*Pierce Cnty. v. State*,
185 P.3d 594 (Wash. Ct. App. 2008) .......... 6

*Brown ex rel. Richards v. Brown*,
239 P.3d 602 (Wash. Ct. App. 2010) .......... 8

*Roundtree v. Chase Bank USA, N.A.*,
2014 WL 794800 (W.D. Wash. Feb. 27, 2014) .......... 11

*TinyBuild LLC v. Nival In'l Ltd.*,
2020 WL 13803810 (W.D. Wash. May 18, 2020) .......... 11

*Union Elevator & Warehouse Co. v. State ex rel. Dep't of Transp.*,
183 P.3d 1097 (Wash. Ct. App. 2008) .......... 10

*Velasco v. Discover Mortg. Co.*,
187 Wash. App. 1003 (Wash. Ct. App. 2015) .......... 9

*Vernon v. Qwest Commc'ns Int'l, Inc.*,
643 F. Supp. 2d 1256 (W.D. Wash. 2009) .......... 5

*Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*,
99 P.3d 1256 ( Wash. Ct. App. 2004) .......... 10


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**Rules / Statutes**

Fed. R. Civ. P. 8(d) .......... 4, 5

Fed. R. Civ. P. 12(b)(6) .......... 3

**Other Authorities**

Restatement (Third) of Restitution and Unjust Enrichment § 2, cmt. C (Am. L. Inst. 2011) .......... 5, 6, 7


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## I. INTRODUCTION

This dispute arises out of Amazon's unfair, deceptive, and unlawful business practices. Plaintiffs allege Amazon induced them to use its services and purchase items on its website by advertising that Plaintiffs could return those items and receive refunds. Those representations were false and misleading, and Amazon has unlawfully retained both the returned items and Plaintiffs' money. The facts alleged in Plaintiffs' complaint establish that Amazon has engaged in a nationwide pattern of unlawful conduct. Amazon attempts to recast this case as a mere "contract dispute related to Amazon's returns policies." Dkt. 62 ("Mot.") at 1. But Amazon's *partial* motion to dismiss implicitly concedes that Plaintiffs have also stated a claim under Washington's Consumer Protection Act, implicating public policy concerns beyond a simple contract dispute. *Id.* Regardless, Plaintiffs, not Amazon, are the masters of their complaint, and Amazon cannot minimize the widespread nature of its wrongful conduct by mischaracterizing this case as a workaday contract dispute.

Amazon does not contend that Plaintiffs have failed to plausibly allege any of the essential facts or elements to support any of their claims. Rather, it moves to dismiss Plaintiffs' money had and received, unjust enrichment, promissory estoppel, and conversion claims on narrow and technical grounds. Amazon's partial motion to dismiss fails in its entirety.

## II. BACKGROUND

Amazon represents to customers that they can return most items for a full or partial refund. Dkt. 58 ("Compl.") ¶ 1. Amazon's representations play a material role in inducing customers to purchase items from Amazon's website. *Id.* ¶ 2. In practice, however, Amazon regularly fails to issue the promised refunds. *Id.* ¶ 4. For example, each of the nine Plaintiffs purchased items from Amazon, which they later sought to return. *Id.* ¶¶ 71, 80–81, 86–87, 92–93, 97–98, 104–05, 116–17, 121–22, 127, 130. Plaintiffs fully complied with Amazon's instructions and return policies when returning those items to Amazon and were therefore entitled to refunds. *Id.* ¶¶ 72, 82, 87, 94, 99, 106, 118, 122, 131. Amazon provided assurances to Plaintiffs that their returns were "complete" and provided "advanced refunds." *Id.* ¶¶ 73, 82, 88, 100, 107, 118, 123, 132–33. Inexplicably, Amazon later emailed Plaintiffs urging them to return the items they had already


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

sent to Amazon and threatening to recharge them the purchase price of the items they had returned. *Id.* ¶¶ 75, 89, 101, 109, 123, 135–36. When Plaintiffs reached out to Amazon directly, they were falsely assured by Amazon that they would not be recharged for the items they had properly returned. *Id.* ¶¶ 76, 78, 110–13, 138–41. Yet Amazon unlawfully recharged Plaintiffs, retained the items they had returned, and to date have not refunded the full amount wrongfully charged. *Id.* ¶¶ 78, 79, 85, 90–91, 95–96, 102–03, 114–15, 119–20, 125–26, 137, 142. This happened again and again.

Even after being made aware of its wrongful conduct, Amazon falsely misleads its customers by further promising to issue refunds that never come. *Id.* ¶¶ 76, 78, 110–13, 138–41. Amazon has thus engaged in "willful" conduct. *Id.* ¶¶ 169(b), 235(b). And Amazon has profited from its willful, unlawful conduct. After Amazon receives returned items from its customers, it resells the items "as new or used" or "liquidate[s]" those items on the secondary market. *Id.* ¶¶ 32. Thus, Amazon retained both Plaintiffs' money and resold the items they had returned for a profit. Accordingly, Amazon has unjustly gained more than it otherwise could have expected to earn from the transaction.

Plaintiffs bring this action to end Amazon's unlawful business practices and deter any similar practices going forward. Plaintiffs also seek to recoup their money unlawfully retained by Amazon and to recover Amazon's ill-gotten gains arising from its willful conduct. Accordingly, Plaintiffs have asserted claims for breach of contract, violation of the implied duty of good faith, violation of the Washington Consumer Protection Act, money had and received, unjust enrichment, promissory estoppel, and conversion. *Id.* ¶¶ 155-286. Plaintiffs expressly plead their claims for money had and received, unjust enrichment, and promissory estoppel "in the alternative" and only to the extent it is "determined for any reason that the parties' contract is invalid, subject to avoidance, does not cover the parties' dispute, or is otherwise ineffective to regulate the parties' obligations." Compl. ¶¶ 192, 199, 206, 258, 265, 272.

## III. <u>LEGAL STANDARD</u>

On a motion to dismiss, "the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff." *Langadinos v. Washington State*


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

*Bar Ass'n*, 2024 WL 1138908, at *3 (W.D. Wash. Mar. 15, 2024). This "Court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* *3 (W.D. Wash. Mar. 15, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "It is axiomatic that the motion to dismiss is viewed with disfavor and is rarely granted." *Ernst & Haas Mgmt. Co., v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022) (cleaned up). "Dismissal is [granted] only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *Id.*

## IV. ARGUMENT

### A. Plaintiffs' Money Had And Received, Unjust Enrichment, And Promissory Estoppel Claims Do Not Fail Merely Because Amazon Currently Concedes The Existence Of Valid Contracts.

Amazon does not argue that Plaintiffs have failed to plausibly allege the elements of money had and received, unjust enrichment, and promissory estoppel under Washington law. Instead, Amazon argues this Court should dismiss those claims simply because Amazon is willing to concede for now that "valid express contracts" exist between it and each of the Plaintiffs. Mot. at 1. Amazon's arguments fail. Plaintiffs' quasi-contact claims are adequately pled in the alternative, as is permissible under the Federal Rules of Civil Procedure's liberal pleading standards, and case law from this district.

Under Washington law, "[q]uasi contracts arise from an implied legal duty or obligation, and are not based on a contract between the parties, or any consent or agreement." *Chandler v. Washington Toll Bridge Auth.*, 137 P.2d 97, 101 (Wash. 1943). While it is true that generally, a party may not "disregard" a "valid express contract" and bring a quasi-contract claim "in contravention of the express contract," *id.* at 103, and that a party asserting both contract and quasi-contract theories may not recover under both theories for the same injury, *Eagle Point Condo. Owners Ass'n v. Coy*, 9 P.3d 898, 902 (Wash. Ct. App. 2000), Plaintiffs seek to do none of those things here. Instead, Plaintiffs deliberately asserted quasi-contract claims in the alternative and only "to the extent the parties' contract is invalid, subject to avoidance, does not cover the parties' dispute, or otherwise ineffective to regulate the parties' obligations." Compl. ¶¶ 192, 199, 206, 258, 265, 272. The Federal Rules' pleading standards allow precisely this practice.

A party is entitled to "state as many separate claims . . . as it has, regardless of consistency" and such claims can be stated "alternatively" or even "*hypothetically*." Fed. R. Civ. P. 8(d) (emphasis added). Courts in this district have regularly permitted plaintiffs to pursue quasi-contract claims in the alternative to their breach of contract claims at the pleading stage. For example, in *Microsoft Corp. v. Motorola, Inc.*, Microsoft asserted breach of contract and promissory estoppel claims against Motorola. 2011 WL 11480223, at *4 (W.D. Wash. June 1, 2011). Motorola argued that Microsoft's promissory estoppel claim should be dismissed because Microsoft had alleged the existence of a valid contract. *Id.* Citing Rule 8(d), the court held that "[a]t this early stage of the case, plaintiff may plead alternative causes of action, regardless of whether the claims are consistent." *Id.* Likewise, in *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, the court held that "the 'mere existence of a contract does not automatically invalidate an unjust enrichment claim,' as the contract may be unenforceable or may not explicitly cover the subject matter that forms the basis of the unjust enrichment claim." 2022 WL 4534422, at *5 (W.D. Wash. Sept. 28, 2022) (citation omitted). Accordingly, the court declined to dismiss breach of contract and unjust enrichment claims because (1) they were asserted in the alternative and (2) dismissal would be premature where "the court ha[d] not yet held that a valid contract exists between the parties . . . nor ha[d] it held that a valid contract explicitly outlines the parties' rights and responsibilities with respect to the . . . unjust enrichment []claim." *Id.* at *6

Numerous other cases in the Ninth Circuit and this district specifically apply the same principles, allowing plaintiffs to plead quasi-contract claims as an alternative to contract claims. *See, e.g.*, *Marks v. UMG Recordings, Inc.*, 2023 WL 4532774, at *4 (9th Cir. July 13, 2023) (holding that "[u]nder Federal Rule of Civil Procedure 8(d)(3)," a plaintiff is "entitled to plead his rescission- and frustration-based declaratory relief claims in the alternative if his claim for breach of an implied contract failed, even though these claims were inconsistent with his breach of contract theory."); *Fulltime Fantasy Sports, LLC v. Tedeschi*, 2022 WL 9354192, at *5 (W.D. Wash. Oct. 14, 2022) (holding "Plaintiff is entitled to plead its claim of unjust enrichment in the alternative to its contract claim" and citing FRCP 8(d)); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1266 (W.D. Wash. 2009) (listing independent reasons why unjust


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

enrichment can be pled in the alternative to breach of contract); *Inland Nw. Renal Care Grp., LLC v. WebTPA Emp. Servs., LLC*, 2020 WL 1866436, at *10 (W.D. Wash. Mar. 26, 2020) (holding "Plaintiff may . . . allege an express contract . . . while alternatively alleging a claim of promissory estoppel."), *report and recommendation adopted*, 2020 WL 1862607 (W.D. Wash. Apr. 14, 2020); *MEECO Mfg. Co. v. Imperial Mfg. Grp.*, 2005 WL 8172679, at *1 (W.D. Wash. Mar. 11, 2005) (granting leave to amend complaint to clarify that promissory estoppel claim is pled in the alternative to the express contract claim); *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, 2013 WL 12191346, at *3 (W.D. Wash. Aug. 12, 2013) (permitting claims inconsistent with breach of contract in the alternative); *NTCH-WA, Inc. v. ZTE Corp.*, 2014 WL 794283, at *8 (E.D. Wash. Feb. 27, 2014); *Aegean Mar. Petroleum S.A. v. Kavo Platanos M/V*, 2023 WL 5332972 at *12 (W.D. Wash. Aug. 18, 2023) (holding a plaintiff was entitled to "argue that if its contract claim fails, it is entitled to compensation based on principles of unjust enrichment" (citing *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858–59 (9th Cir. 2007) ("[W]e allow pleadings in the alternative—even if the alternatives are mutually exclusive."))). By permitting plaintiffs to assert quasi-contract claims in the alternative *if* the contract theories "fail," these decisions counsel against prematurely dismissing quasi-contract claims until the parties' arguments have crystalized the terms and scope of the alleged contracts.

Amazon's argument that Plaintiffs must affirmatively challenge the validity of the parties' contracts in order to assert quasi-contract claims in the alterative (Mot. at 4–6) is premised on a fundamental, yet pervasive, misunderstanding of the relationship between contract and quasi-contract doctrines. The Restatement (Third) of Restitution and Unjust Enrichment[1] clarifies that "[j]udicial statements to the effect that 'there can be no unjust enrichment in contract cases' can be misleading if taken casually." Restatement (Third) of Restitution and Unjust Enrichment § 2, cmt. C (Am. L. Inst. 2011). Quasi-contract "claims of great practical significance arise in a

---

[1] Washington courts often look to the Restatement (Third) to "address[] confusion surrounding unjust enrichment" and other quasi-contract claims. *Nelson v. Appleway Chevrolet, Inc.*, 157 P.3d 847, 854 (Wash. 2007); *see also, e.g., Hover v. GMAC Mortg. Corp.*, 2017 WL 1080968, at *5 (W.D. Wash. Mar. 21, 2017).


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

contractual context, but they occur at the margins, when a valuable performance has been rendered under a contract that is *invalid, or subject to avoidance, or otherwise ineffective to regulate the parties' obligations*." *Id.* (emphasis added). In such circumstances, "the statement that there can be no unjust enrichment in contract cases is plainly erroneous." *Id.* It is only after the court has determined "the validity of the[] agreement by all pertinent tests" and determined that the contract is not "otherwise ineffective to regulate the parties' obligations" that contract remedies become "superior to restitution." *Id.*; *accord Pierce Cnty. v. State*, 185 P.3d 594, 619 (Wash. Ct. App. 2008) (explaining "the conduct of one or more parties to an express contract may be such that performance is removed from the confines of the express contract").

And although Amazon cites to some cases suggesting some courts have looked for such affirmative allegations of contract invalidity before permitting alternative quasi-contractual claims to be pled (Mot. at 7), the bulk of cases impose no such requirement at the pleading stage, *see e.g.*, *Olson Kundig, Inc.*, 2022 WL 4534422, at *6 (holding it is enough to allege an unjust enrichment claim in the alternative to a breach of contract claim because it is premised "on the theory that there is no valid . . . agreement governing the parties'" duties); *Microsoft Corp.*, 2011 WL 11480223, at *4 ("alleg[ing] a valid contract"); *Fulltime Fantasy Sports, LLC*, 2022 WL 9354192, at *5 (same); *Inland Nw. Renal Care Grp.*, 2020 WL 1866436, at *9–10 (permitting alternative promissory estoppel claims premised on "on contractual representations" despite allegations of "express contract"); *MEECO Mfg. Co.*, 2005 WL 8172679, at *1 (similar); *Aegean Maritime Petroleum S.A.*, 2023 WL 5332972, at *12 (similar); *see also NTCH-WA, Inc.*, 2014 WL 794283, at *8 (pleading only the existence of a valid contract).

Indeed, Amazon itself has previously cited the Restatement (Third) of Restitution and Unjust Enrichment § 2, cmt. c to successfully challenge the very same arguments it makes here. For example, in *Amazon.com, Inc., et al., v. WDC Holdings LLC, et al.*, Amazon brought breach of contract claims "under Washington law," alleging "the existence of a valid contract" and a "breach of that contract" by defendants, along with a "claim of unjust enrichment" "under Washington law." Case No. 1:20-cv-00484 (E.D. Va. Nov. 9, 2020), Dkt. 150 ¶¶ 494, 506, 509 (citation omitted). The defendants moved to dismiss, arguing "unjust enrichment claims 'can exist

only where the parties do *not* have express contracts,'" *id.* Dkt. 219 at 46, but relying on cases quoting the Restatement (Third) of Restitution § 2, cmt. c, Amazon argued that it was "plainly erroneous" to contend that "there can be no unjust enrichment in contract cases," *id.* Rather, Amazon argued, "any restriction on parallel unjust enrichment and breach of contract claims is a restriction not on pleading, but on parallel judgments that would create a duplicative recovery for a single injury." *Id.* (citing *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016) (distinguishing between asserting claims in the alternative and electing remedies)); *see also id.* Dkt. 256 at 1 (agreeing with Amazon and denying dismissal of its unjust enrichment claim); *Amazon.com, Inc., et al., v. Does 1-20, et al.*, Case No. 2:23-cv-01879-JLR (W.D. Wash. Dec. 7, 2023), Dkt. 1 at ¶¶ 126–42 (Amazon pleading in a complaint alleging unjust enrichment claims that, "[i]n the alternative," the defendants "established a binding and enforceable contract with Amazon and . . . were bound by Amazon's [conditions of use].").

Finally, Amazon faults Plaintiffs for "incorporat[ing] the same factual allegations, as the breach of contract claims." Mot. at 6 (citing Compl. ¶¶ 155, 191, 198, 205, 221, 257, 264, 271). The Seventh Circuit's decision in *Hernandez v. Illinois Institute of Technology* is directly on point. 63 F.4th 661 (7th Cir. 2023). In that case, a plaintiff pleaded an unjust enrichment claim in the alternative to his breach of contract claim and "incorporate[d] by reference all preceding [contract] allegations as though fully set forth herein." *Id.* at 671. The defendants argued that his reliance on the same facts to plead the contract claim was fatal to the plaintiff's quasi-contract claim, but the Seventh Circuit disagreed. Echoing the Ninth Circuit in *Marks*, the court "recogniz[ed] that plaintiffs may plead contract claims and unjust enrichment in the alternative" because "not every case involve a contract claim is clear cut, *especially at the pleading stage*." *Id.* at 671 (emphasis added). It reasoned that it makes a "critical difference" when a plaintiff expressly pleads quasi-contract claims in the alternative. *Id.* Because the plaintiff there had "expressly state[d] that the unjust enrichment claim 'is pled in the alternative to, *and to the extent it is determined a contract does not exist or otherwise apply*, the contract-based claim,'" the court reversed the district court's dismissal of the quasi-contract claim. *Id.* at 672 (emphasis in original). This Court should reject Amazon's identical argument here.

This Court should therefore deny Amazon's motion for dismissal of Plaintiffs' claims for money had and received, unjust enrichment, and promissory estoppel. It may be that Amazon concedes the existence of valid contracts for now. However, Amazon might later recant that position for strategic reasons. At this stage of the litigation, therefore, the quasi-contract claims can and should remain in the case.

**B. The Independent Duty Doctrine Does Not Apply Here, and Plaintiffs' Conversion Claim Turns On Independent Duties In Any Event.**

Plaintiffs have also adequately pled their claim for conversion. The intentional tort of "[c]onversion . . . occurs when a person intentionally interferes with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of possession." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d 1214, 1223 (Wash. 2009). "Money may become the subject of conversion, but only if the party charged with conversion wrongfully received the money, or if that party had an obligation to return the money to the party claiming it." *Brown ex rel. Richards v. Brown*, 239 P.3d 602, 609–10 (Wash. Ct. App. 2010) (citation omitted). Amazon does not contest that Plaintiffs' conversion claim meets all of the required elements. Instead, Amazon argues that Plaintiffs' the claim is barred by the independent duty doctrine. Mot at. 7–8. That is incorrect.

"The independent duty doctrine is an analytical tool used by the court to maintain the boundary between torts and contract," and it dictates that "[a]n injury . . . is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract." *Elcon Construction, Inc. v. E. Wash. Univ.*, 273 P.3d 965, 969 (Wash. 2012) (citation omitted). But the Washington Supreme Court has only "applied the [independent duty] doctrine to a narrow class of cases, primarily limiting its application to claims arising out of construction on real property and real property sales." *Id.* The Washington Supreme Court has further "directed lower courts not to apply the doctrine" outside of real property and construction because of "policy considerations unique to these industries." *Id.* at 969–70 (citation omitted); *see also Hendrickson v. Tender Care Animal Hosp. Corp.*, 312 P.3d 52, 58–59 (Wash. Ct. App. 2013), *review denied*, 316 P.3d 495 (Wash. 2014) (same); *Velasco v. Discover Mortg. Co.*, 187 Wash. App. 1003


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

n.7 (Wash. Ct. App. 2015) ("[W]e are constrained from applying the [independent duty] doctrine to cases other than those involving real property or construction." (citing *Elcon*, 273 P.3d at 969–70)).

This case, meanwhile, involves neither real property nor construction. Washington Supreme Court precedent therefore forecloses the application of the independent duty doctrine to this case, and Amazon's argument fails at the outset.

The decisions Amazon cites (Mot. at 7–8) do not—and could not, given the source of the authority—disturb the Washington Supreme Court's rule as announced in *Elcon*. In fact, several of the cases do not even stand for the proposition Amazon suggests. For example, Amazon relies on *Fuji Food Prods., Inc., v. Occidental, LLC*, 2018 WL 6310090, *6 (Wash. Ct. App. Dec. 3, 2018), and describes the case as "*holding* that the independent-duty doctrine *barred* a conversion claim because the duty not to steal someone else's property related to the contractual duty arising out of the parties' lease." Mot. at 8 (emphasis added). But *Fuji* held the exact opposite.

*Fuji* involved a commercial lease between a food packager and a commercial landlord. *Id.* at *1. A dispute arose between the parties regarding the packager's contractual obligation to remove certain fixtures at the end of the lease period. The landlord refused to return the packager's security deposit and kept the fixtures, and the packager sued, in relevant part, for conversion. *Id.* at *2. The landlord moved for judgment as a matter of law on the conversion claim, arguing, among other things, that the parties' lease barred the conversion claim under the independent duty doctrine. *Id.* at *6. The trial court denied the motion, concluding "that the duty not to steal someone else's property is related to, but independent of, any duties in the parties' lease." *Id.*; *cf. Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*, 99 P.3d 1256, 1260 (Wash. Ct. App. 2004) ("Intentional tort claims do not require a preexisting duty.").

The Washington Court of Appeals agreed. That court reasoned that it made no difference that the packager asserted "the same injury it claimed to suffer as a result of the alleged breach of lease." *Id.* The Court further held that "the duty not to convert [the packager's] property arose outside of the four corners of their agreement." *Id.* at *7. While the *Fuji* court indicated that the


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

independent duty doctrine was applicable as a general matter, *id.* at *6,[2] it nevertheless held that *"[b]ecause [the landlord] owed a tort duty not to convert [the packager's property] independent of the lease, the conversion claim was **not barred** by the independent duty doctrine*. The trial court did not err in *denying* [the landlord's] motions to dismiss [the packager's] conversion claim." *Id.* (emphasis added). *Fuji* therefore stands for the proposition that where, as here, a defendant improperly takes property, "the duty not to convert" arises from a general "tort duty," which is independent of a contractual relationship, and the independent duty doctrine does not disturb that. *Fuji*, 2018 WL 6310090 at *7. Thus, to the extent that *Fuji* and the independent duty doctrine even apply to this case, *Fuji* teaches that Plaintiffs' conversion claim is proper. *See, e.g.*, Compl. ¶¶ 214-16 (alleging that "Amazon interfered with Plaintiffs' and the Class's possession of this money by making unauthorized charges to their bank accounts," "Plaintiffs and the Class never consented to Amazon's taking of this money[,]" and "Amazon willfully and wrongfully retained dominion over this monetary property").

Amazon's other cases (Mot. at 8) likewise do not stand for the proposition Amazon claims, *see Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, 668 F. Supp. 3d 1165, 1176 (W.D. Wash. 2023) (holding that the plaintiff could not sustain a "separate tort claim for conversion on Plaintiffs' alleged breach of their duty to avoid misrepresentations"), or involve a court dismissing conversion claims on multiple bases (not just the independent duty doctrine), *see TinyBuild LLC v. Nival In'l Ltd.*, 2020 WL 13803810, at *1 (W.D. Wash. May 18, 2020) (holding, in part, that the plaintiff's conversion claim was preempted by Washington's Uniform Trade Secrets Act); *PCF Ins. Servs. of the W., LLC v. Fritts*, 2024 WL 1299954, at *4 (W.D. Wash. Mar. 27, 2024) (holding that the plaintiff failed to carry its burden to show a tort duty in the first instance). To the extent any of these cases *do* stand for the proposition that conversion claims are barred by the independent duty doctrine even outside the context of real property or construction, they run

---

[2] This application is consistent with the Washington Supreme Court's pronouncement in *Elcon*, because *Fuji* concerned fixtures, *id.*, and Washington law treats fixtures as real property. *See Union Elevator & Warehouse Co. v. State ex rel. Dep't of Transp.*, 183 P.3d 1097, 1102 (Wash. Ct. App. 2008).

contrary to the Washington Supreme Court's "direct[ion]" in *Elcon* to "lower courts not to apply the doctrine" more broadly "unless and until [the Washington Supreme Court] has, based upon considerations of common sense, justice, policy and precedent, decided otherwise." *Elcon,* 174 273 P.3d at 970 (quoting *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1276 (Wash. 2010) (Chambers, J., concurring)); *see also Adams Fin. Partners, L.P. v. Patke Assocs. Ltd.*, 2017 WL 3236584, at *4 (W.D. Wash. July 31, 2017) (noting the Washington Supreme Court "took great pains to limit" the independent duty doctrine and to "clarify that it does *not* bar tort remedies except in fairly unusual circumstances" (citation omitted)); *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 794800, at *3 (W.D. Wash. Feb. 27, 2014) (holding the Washington Supreme Court had not extended the independent duty doctrine to "consumer transactions in business and finance").

Research has not revealed any such direction from the Washington Supreme Court. Thus, this Court should not extend the independent duty doctrine beyond the boundaries laid down by *Elcon* and *Eastwood*.

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Amazon's partial motion to dismiss. To the extent that the Court is inclined to grant any portion of Amazon's motion, Plaintiffs request leave to amend.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Dated: June 5, 2024. Respectfully submitted,

By: /s/ Alicia Cobb
Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Joshua Courtney (*pro hac vice* pending)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
joshuacourtney@quinnemanuel.com

Nolan K. Anderson, WSBA #59691
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Tel: 212.849.7625
nolananderson@quinnemanuel.com

Aaron M. Zigler (*pro hac vice*)
Mary Jane Fait (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC

308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
maryjane@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 4,228 words, in compliance with the Local Civil Rules.

DATED: June 5, 2024

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED June 5, 2024.

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com