THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | Case No.: 2:23-cv-1372-JNW<br><br>**REPLY IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>June 20, 2024<br><br>ORAL ARGUMENT REQUESTED |



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## TABLE OF CONTENTS

**Page**


INTRODUCTION .....1

ARGUMENT .....2

A. Plaintiffs' Quasi-Contract And Implied-Contract Claims Fail. .....2

1. The Parties' Contract Precludes Plaintiffs' Duplicative Claims. .....2

2. Plaintiffs Cannot Plead "In The Alternative" Based On Conjecture. .....5

B. The Independent Duty Doctrine Bars Plaintiffs' Conversion Claim. .....6

CONCLUSION .....10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams Financial Partners, L.P. v. Patke Associates Ltd.*,
No. C16-0392-JCC, 2017 WL 3236584 (W.D. Wash. July 31, 2017) ....................................8

*Aegean Mar. Petroleum S.A. v. Kavo Platanos M/V*,
No. 2:15-cv-00172-JHC, 2023 WL 5332972 (W.D. Wash. Aug. 18, 2023) )..........................3

*Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Bonta*,
33 F.4th 1107 (9th Cir. 2022) ....................................................................................9

*Busey v. Wells, Fargo Bank, N.A.*,
No. C19-5880 RJB-BAT, 2020 WL 5891907, at *4 (W.D. Wash. Oct. 5, 2020) .....................8

*Chandler v. Washington Toll Bridge Auth.*,
17 Wn.2d 591, 137 P.2d 97 (1943)..............................................................................2

*Eastwood v. Horse Harbor Found., Inc.*,
170 Wn.2d 380, 241 P.3d 1256 (2010) (en banc)..........................................................6, 7, 8

*Elcon Construction, Inc. v. Eastern Washington University*,
174 Wn.2d 157, 273 P.3d 965 (2012) (en banc).........................................................1, 6, 7, 8

*Fuji Food Prods., Inc., v. Occidental, LLC*,
No. 76152-8-1, 2018 WL 6310090 (Wash. Ct. App. Dec. 3, 2018)......................................10

*Fulltime Fantasy Sports, LLC v. Tedeschi*,
No. C22-0295-JCC, 2022 WL 9354192 (W.D. Wash. Oct. 14, 2022) ....................................3

*Garner v. Amazon.com, Inc.*,
603 F. Supp. 3d 985 (W.D. Wash. 2022)........................................................................5

*Ham v. JPMorgan Chase Bank, N.A.*
No. 3:23-CV-05698-BJR, 2024 WL 1345078 (W.D. Wash. Mar. 29, 2024)...........................8

*Harris v. U.S. BankCorp.*,
No. 2:19-cv-00291-BJR, 2019 WL 5536402 (W.D. Wash. Oct. 25, 2019) ............................8

*Hernandez v. Ill. Inst. of Tech.*,
63 F.4th 661 (7th Cir. 2023) ......................................................................................3

*Hunt v. Zuffa, LLC*,
No. 19-17529, 2021 WL 4355728 (9th Cir. Sept. 24, 2021) ...............................................5

*In re Amazon Serv. Fee Litig.*,
No. 2:22-cv-00743-TL, 2023 WL 8472724 (W.D. Wash. Dec. 7, 2023)..................................5

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Inland Northwest Renal Care Group, LLC v. WebTPA Employer Services, LLC*,
No. C19-1758-JCC-MAT, 2020 WL 1866436 (W.D. Wash. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 1862607 (W.D. Wash. April 14, 2020)....................3

*Landstar Inway Inc. v. Samrow*,
181 Wn. App. 109, 325 P.3d 327 (2014)....................8

*Marks v. UMG Recordings, Inc.*,
No. 22-55453, 2023 WL 4532774 (9th Cir. July 13, 2023)....................3

*MEECO Mfg. Co. v. Imperial Mfg. Grp.*,
No. C03-3061JLR, 2005 WL 8172679 (W.D. Wash. Mar. 11, 2005)....................4

*Microsoft Corp. v. Motorola, Inc.,*
No. C10-1823 JLR, 2011 WL 11480223 (W.D. Wash. June 1, 2011)....................2

*MMMT Holdings Corp. v. NSGI Holdings, Inc.*,
No. C12-1570RSL, 2013 WL 12191346 (W.D. Wash. Aug. 12, 2013)....................4

*Nguyen v. Mercer Island Boys Basketball Booster Club*,
No. 2:23-CV-00855-RSL, 2023 WL 8452081 (W.D. Wash. Dec. 6, 2023)....................8

*NTCH-WA, Inc. v. ZTE Corp.*,
No. 12–CV–3110–TOR, 2014 WL 794283 (E.D. Wash. Feb. 27, 2014)....................3

*Olson Kundig, Inc. v. 12th Avenue Iron, Inc.*,
No. C22-0825-JLR, 2022 WL 4534422 (W.D. Wash. Sept. 28, 2022)....................2, 3

*Olympic Tug & Barge, Inc. v. Lovel Briere LLC*,
668 F. Supp. 3d 1165 (W.D. Wash. 2023)....................8, 9

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
514 F.3d 856 (9th Cir. 2007)....................4

*PCF Ins. Servs. of the West, LLC v. Fritts*,
No. C23-1468-JCC, 2024 WL 1299954 (W.D. Wash. Mar. 27, 2024)....................8, 9

*Pierce Cnty. v. State*,
144 Wn. App. 783, 185 P.3d 594 (2008)....................4

*TinyBuild LLC v. Nival International Ltd.*,
No. C19-0805-TSZ, 2020 WL 13803810 (W.D. Wash. May 18, 2020)....................7, 8, 9

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*,
252 F. App'x 123 (9th Cir. 2007)....................5, 6

*Vernon v. Qwest Communications International, Inc.*,
643 F. Supp. 2d 1256 (W.D. Wash. 2009)....................3

## TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Woods v. Interstate Realty Co.*,
337 U.S. 535 (1949) .......... 9

**RULES**

Federal Rule of Civil Procedure 8 .......... 5, 6

Federal Rule of Civil Procedure 11 .......... 5, 6

**OTHER AUTHORITIES**

5 Charles Allen Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 1285 (4th ed. June 2024) .......... 5

Pls.' Opp'n to Nelson, Kirschner, and Northstar Mot. Dismiss Second Am. Compl.,
*Amazon.com, Inc., v. WDC Holdings LLC*, No. 1:20-cv-00484, Dkt. 219 (E.D. Va.
Nov. 9, 2020) .......... 4

Restatement (Third) of Restitution and Unjust Enrichment § 2, cmt. c .......... 4

## INTRODUCTION

It is a bedrock legal principle that a plaintiff who is claiming breach of contract—under a contract that all parties agree is valid, binding, and enforceable—cannot dress that claim up as a quasi-contractual or equitable claim, or as a tort. The basic rationale is obvious: recharacterizing a simple breach of contract as something else makes litigation unnecessarily complicated and less efficient and wastes both litigant and judicial resources. The law on these issues is well-established, easy to understand, and not controversial. And as Amazon explained in its motion, that law means that Plaintiffs cannot proceed with their duplicative claims for money had and received, unjust enrichment, promissory estoppel, and conversion.

Plaintiffs' Opposition (Dkt. No. 65) does not honestly engage with the applicable law. To be sure, they cite a lot of cases, but most do not mean what Plaintiffs say they do; the rest are simply inapplicable here. First, regarding their quasi-contract or implied-contract claims (money had and received, unjust enrichment, and promissory estoppel), Plaintiffs do not dispute that such claims cannot coexist with a claim for breach of a valid contract. Instead, Plaintiffs ask to plead those claims in the alternative because *Amazon* might later disavow the enforceability of its own contract (i.e., Amazon's Conditions of Use ("COUs") and its incorporated returns policies). That argument borders on frivolous and, in all events, is wrong. Amazon is in vehement agreement with Plaintiffs that the parties' contract is valid and enforceable. With respect to Plaintiffs' quasi-contract and implied-contract claims, that ends the inquiry.

Second, with respect to their conversion claim, Plaintiffs mischaracterize a Washington Supreme Court case, *Elcon Construction, Inc. v. Eastern Washington University*, to argue that the longstanding independent duty doctrine applies only in real property and construction cases. But that is not what *Elcon* says, and Plaintiffs' argument is contradicted by a host of Washington and federal cases to the contrary. Where, as here, the only source of any alleged duty is the parties' contract, a plaintiff may not proceed in tort, period. Plaintiffs allege and concede that Amazon's duty, if any, to issue refunds for returned items flows from the contract. As such, their conversion claim fails as a matter of law.

Amazon respectfully urges the Court to grant Amazon's motion in full.

## ARGUMENT

### A. Plaintiffs' Quasi-Contract And Implied-Contract Claims Fail.

It is well-settled that the existence of a valid, enforceable contract generally bars a plaintiff from bringing money-had-and-received, unjust enrichment, and promissory estoppel claims. *See* Amazon's Mot. (Dkt. No. 62) at 4-7. Plaintiffs do not dispute this point, and their own authority supports it. Opp. at 3 (citing *Chandler v. Washington Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97, 103 (1943)). And both parties agree that a valid, enforceable contract exists here in the form of Amazon's COUs and its incorporated returns policies. Mot. at 5-6; Compl. (Dkt. No. 58) ¶¶ 163, 229. As set forth in Amazon's motion, that should end the inquiry.

Plaintiffs take two swings at saving their quasi-contract and implied-contract claims for money had and received, unjust enrichment, and promissory estoppel. First, they cite a litany of inapposite cases that allowed such claims to proceed *in the absence of an indisputably valid contract*. Those cases have no bearing here. Second, Plaintiffs claim to be pleading in the alternative, based on speculation that Amazon might at some point argue that its own contract is invalid. The Court should reject that nonsensical theory.

#### 1. The Parties' Contract Precludes Plaintiffs' Duplicative Claims.

What Plaintiffs' Opposition lacks in legal support, they try to make up for with volume. Plaintiffs cite numerous cases that they claim change or undermine the fundamental principle that a breach of contract claim precludes quasi-contract and implied-contract claims. But their cases change nothing, and instead reinforce that where there is an existing contract, courts permit quasi-contract and implied-contract claims to proceed *only* when there is a dispute or uncertainty that the contract is valid or enforceable. No such dispute or uncertainty exists here.

For example, Plaintiffs cite *Microsoft Corp. v. Motorola, Inc.*, where the court allowed a promissory estoppel claim because there was ambiguity as to whether Microsoft was a party to the contract at issue, which was signed by another entity for Microsoft's benefit. No. C10-1823 JLR, 2011 WL 11480223, at *1 (W.D. Wash. June 1, 2011). Similarly, in *Olson Kundig, Inc. v. 12th Avenue Iron, Inc.*, the court allowed an unjust enrichment claim to proceed where "[t]he precise nature of the parties' relationship as well as the existence, validity, and enforceability of any

contract or agreement between them remain subject to dispute." No. C22-0825-JLR, 2022 WL 4534422, at *1 (W.D. Wash. Sept. 28, 2022).

Plaintiffs refer to "[n]umerous other cases in the Ninth Circuit" (Opp. at 4-5), all of which stand for the same proposition that quasi-contract and implied-contract claims are permissible only if the contract is in dispute. For example, in *Marks v. UMG Recordings, Inc.*, the parties disagreed on whether their original agreement governed the dispute or whether they had modified their agreement by subsequent conduct. No. 22-55453, 2023 WL 4532774, at *4 (9th Cir. July 13, 2023). In *Inland Northwest Renal Care Group, LLC v. WebTPA Employer Services, LLC*, the defendant denied having a binding contract with the plaintiff, and the plaintiff based its promissory estoppel claim on promises made outside the terms of any contract. No. C19-1758-JCC-MAT, 2020 WL 1866436, at *3 (W.D. Wash. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 1862607 (W.D. Wash. Apr. 14, 2020). In several of Plaintiffs' cases, the contracts were never even finalized (i.e., were plainly not valid or enforceable) or the parties disputed the contracts' enforceability. *See, e.g.*, *Fulltime Fantasy Sports, LLC v. Tedeschi*, No. C22-0295-JCC, 2022 WL 9354192, at *2 (W.D. Wash. Oct. 14, 2022) ("The FSP APA was substantially finalized but was never signed because some terms would be affected by the not-yet-finalized Maven APA."); *NTCH-WA, Inc. v. ZTE Corp.*, No. 12–CV–3110–TOR, 2014 WL 794283, at *8 (E.D. Wash. Feb. 27, 2014) (allowing promissory estoppel claim where defendant argued that plaintiff did not plausibly allege the existence of an express contract); *Aegean Mar. Petroleum S.A. v. Kavo Platanos M/V*, No. 2:15-cv-00172-JHC, 2023 WL 5332972, at *12-13 (W.D. Wash. Aug. 18, 2023) (allowing Canadian unjust enrichment claim where there were significant questions regarding contract formation); *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 667, 671 (7th Cir. 2023) (allowing unjust enrichment claim where the parties disputed whether online marketing and promotional materials constituted an express contract).

Plaintiffs' remaining cases do not apply here. In *Vernon v. Qwest Communications International, Inc.*, the court denied defendant's motion to dismiss an unjust enrichment claim because "*Plaintiffs have not alleged a separate breach of contract claim.*" 643 F. Supp. 2d 1256, 1266 (W.D. Wash. 2009) (emphasis added). One of Plaintiffs' cases *dismissed* the promissory

estoppel claim. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). The other cases involved factual or procedural circumstances that are inapposite. *See MEECO Mfg. Co. v. Imperial Mfg. Grp.*, No. C03-3061JLR, 2005 WL 8172679, at *3 (W.D. Wash. Mar. 11, 2005) (granting motion *to amend complaint*, not denying a motion to dismiss, allowing plaintiff to clarify that promissory estoppel claim was pled in the alternative); *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, No. C12-1570RSL, 2013 WL 12191346, at *3 (W.D. Wash. Aug. 12, 2013) (granting motion *to amend complaint* to add additional *express* contract claims; no discussion of quasi-contract or implied-contract claims); *Pierce Cnty. v. State*, 144 Wn. App. 783, 830, 185 P.3d 594 (2008) ("Because the contracts did not explicitly cover the County's responsibility for long-term care, they do not bar the County's claim based on quasi-contract principles.").

Finally, Plaintiffs invoke the Restatement and assert that "Amazon itself has previously cited the Restatement (Third) of Restitution and Unjust Enrichment § 2, cmt. c to successfully challenge the very same arguments it makes here." Opp. at 6. That is false. As an initial matter, the Restatement supports *Amazon's* position: "Restitution claims … occur at the margins, when a valuable performance has been rendered *under a contract that is invalid, or subject to avoidance, or otherwise ineffective to regulate the parties' obligations*." *Id.* § 2, cmt. c (emphasis added). Again, the contract here is not "invalid, or subject to avoidance, or otherwise ineffective to regulate the parties' obligations." All parties agree that the contract is valid and enforceable. More to the point, Plaintiffs' discussion of *Amazon.com, Inc., v. WDC Holdings LLC*, Case No. 1:20-cv-00484 (E.D. Va. Nov. 9, 2020), is misleading. In *WDC Holdings*, Amazon's claims were based (in part) on fraudulent and inequitable conduct unrelated to any express contract. Dkt No. 219 at 46-47 ("But the complex RICO conspiracy at issue here goes *well* beyond the subject matter of Plaintiffs' breach claims.").

In summary, Plaintiffs have not cited a single case that contradicts the axiom that, when the parties indisputably have a valid and enforceable contract, quasi-contract or implied-contract claims must be dismissed. That rule controls here.

**2. Plaintiffs Cannot Plead "In The Alternative" Based On Conjecture.**

As Amazon explained in its motion—and Plaintiffs ignore—although a party generally can plead claims in the alternative, Federal Rule of Civil Procedure 8 "has its limits" and, consistent with a party's Rule 11 obligations, a "pleader may assert contradictory statements of fact *only when legitimately in doubt*." *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007) (emphasis added) (citation omitted). "A party therefore should not set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims or defenses or is otherwise justified in pleading in this fashion." 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1285 (4th ed. June 2024). As applied to quasi-contract and implied-contract claims, a plaintiff cannot plead such claims in the alternative when a valid, enforceable contract exists *unless the plaintiff "allege[s] or contend[s] that the [] pertinent agreement is invalid." Hunt v. Zuffa, LLC*, No. 19-17529, 2021 WL 4355728, at *1 (9th Cir. Sept. 24, 2021) (emphasis added).

Against this backdrop, Plaintiffs argue that they may plead in the alternative because, at some later point, Amazon might claim that its own contract is invalid and unenforceable. Opp. at 8. The Court should not credit that conjectural and frivolous theory. Plaintiffs agree that the Amazon COUs and incorporated returns policies are a valid contract. Their Complaint alleges as much, and in their Opposition Plaintiffs never suggest otherwise. *See* Compl. ¶¶ 159, 225, 163, 229; Opp. at 3-8. Amazon also agrees, unequivocally, that the parties' contract is valid, binding, and enforceable. In fact, Amazon regularly enforces its contracts with consumers. *See, e.g.*, *In re Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, 2023 WL 8472724, at *3-4 (W.D. Wash. Dec. 7, 2023) (granting Amazon's motion and holding that consumer plaintiff was bound by Amazon's COUs by virtue of making purchases on Amazon's website); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 996 (W.D. Wash. 2022) (granting Amazon's motion and holding that consumer plaintiffs consented to Amazon's COUs where "[b]oth screens notify the user that by continuing, he or she agrees to Amazon's Conditions of Use and Privacy Notice, which are made available via hyperlink"). There is no possibility that Amazon will take a contrary position in this case.

Simply put, nothing Plaintiffs have set forth suggests that the contract here is "legitimately in doubt." *Total Coverage, Inc.*, 252 F. App'x at 126. The limits on Rule 8, and Plaintiffs' ethical obligations under Rule 11, thus apply with full force. Because there is no genuine dispute that Plaintiffs and Amazon are parties to a valid contract, the Court should dismiss Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims with prejudice.

**B. The Independent Duty Doctrine Bars Plaintiffs' Conversion Claim.**

It is black-letter law that a plaintiff cannot bring a tort claim if there is no tort duty. *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 389, 241 P.3d 1256 (2010) (en banc). That is, "[a]n injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of a contract …. *When no independent tort duty exists, tort does not provide a remedy*." *Id.* (emphasis added). Plaintiffs do not dispute the existence of this core doctrine. Opp. at 8. Nor do they allege that any *independent tort duty* requires Amazon to issue refunds for returned items. Compl. ¶¶ 214-217, 280-283; Opp. at 8-11. Rather, the parties' *contract* alone creates that alleged duty. *See* Compl. ¶¶ 159, 225 (alleging that Amazon's "*terms and conditions* impose a duty on Amazon to refund to Plaintiffs the purchase price and applicable taxes and fees for merchandise returned to Amazon in accordance with the terms and conditions and Amazon's instructions" (emphasis added)). Thus, because no independent tort duty exists, Plaintiffs' conversion claim fails as a matter of law.

Plaintiffs, again, do not honestly grapple with the applicable law. Instead, trying to save their conversion claim, Plaintiffs rely almost entirely on mischaracterization and misapplication of a Washington case, *Elcon Construction, Inc. v. Eastern Washington University*, 174 Wn.2d 157, 165-66, 273 P.3d 965 (2012) (en banc). According to Plaintiffs, *Elcon* means that the independent duty doctrine applies only in cases involving real property and construction. It means no such thing. In *Elcon*, the Washington Supreme Court affirmed dismissal of plaintiff's fraud and intentional-interference-with-contractual-relationship claims because those claims "factually fail[ed]." 174 Wn.2d at 165. The court noted that "[t]o date, we have applied the [independent duty] doctrine to a narrow class of cases, primarily limiting its application to claims arising out of construction on real property and real property sales," and the court saw "no basis" to apply the

doctrine to a *fraud* claim. *Id.* at 165-66 ("[W]e have repeatedly recognized a fraud claim to be outside the doctrine's scope, allowing such claims to be decided based on established tort precedent."). But that offhand observation was pure dicta and had nothing to do with the court's ruling. *Id.* at 165 ("Because Elcon's tort claims factually fail, we affirm the Court of Appeals regardless."); *see also id.* at 172 (Madsen, C.J., concurring) (disagreeing with the majority's explanation of the independent duty doctrine and noting that "the majority should refrain from any discussion of the so-called "independent duty rule" because it has no bearing on the disposition of this case").

Notably, in *Eastwood*, which was decided two years before *Elcon*, the Washington Supreme Court was clear that the independent duty doctrine requires "*a case-by-case question of whether there is an independent tort duty*" to determine "how a court can distinguish between claims where a plaintiff is limited to contract remedies and cases where recovery in tort may be available." 170 Wn.2d at 389. The *Eastwood* court explained that "categories of injuries," including property damage, "are derived from product liability cases" and "can be confusing when removed from their original context." *Id.* at 396. When the *Elcon* court later commented that the independent duty doctrine applies "to a narrow class of cases," it cited not the *Eastwood* majority opinion but the *concurrence*. 174 Wn.2d at 165 (citing *Eastwood*, 170 Wn.2d at 416). As Justice Madsen observed in *Elcon*, "[i]f the rule did not garner a majority of the court in prior decisions of this court, those [concurring] decisions have no precedential value." *See Elcon*, 174 Wn.2d at 173 n.1 (Madsen, C.J., concurring). This is all to say that the *Elcon* court's comment on the independent duty doctrine is not binding because it is dicta, and the portion of *Eastwood* cited by the *Elcon* majority is not binding because it is a concurrence. In short, *Elcon* is neither controlling nor instructive here.

Indeed, since *Elcon*, courts have repeatedly and routinely found that the independent duty doctrine applies beyond real property and construction cases, *including to conversion claims*. For example, in *TinyBuild LLC v. Nival International Ltd.*, the court applied the independent duty doctrine to dismiss plaintiff's conversion claim in a trade secret dispute because "any duty that defendant might have to relinquish the source code to plaintiff arises solely from the parties'

contract." No. C19-0805-TSZ, 2020 WL 13803810, at *1 (W.D. Wash. May 18, 2020). Similarly, in *Harris v. U.S. BankCorp.*, the court applied the independent duty doctrine to dismiss plaintiffs' conversion and negligence claims in a dispute over bank bonds. No. 2:19-cv-00291-BJR, 2019 WL 5536402, at *6-8 (W.D. Wash. Oct. 25, 2019); *see also Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, 668 F. Supp. 3d 1165, 1176 (W.D. Wash. 2023) (applying independent duty doctrine to dismiss conversion claim with prejudice in contract dispute over the sale of a vessel); *Busey v. Wells, Fargo Bank*, *N.A.*, No. C19-5880 RJB-BAT, 2020 WL 5891907, at *4 (W.D. Wash. Oct. 5, 2020) (distinguishing *Elcon* and applying independent duty doctrine to dismiss plaintiff's negligence claim against bank for incorrectly opening account); *Nguyen v. Mercer Island Boys Basketball Booster Club*, No. 2:23-CV-00855-RSL, 2023 WL 8452081, at *5 (W.D. Wash. Dec. 6, 2023) (applying independent duty doctrine to dismiss negligence claims arising out of participation in a youth basketball program); *Ham v. JPMorgan Chase Bank, N.A.*, No. 3:23-CV-05698-BJR, 2024 WL 1345078, at *8 (W.D. Wash. Mar. 29, 2024) (applying independent duty doctrine to dismiss negligence claims arising out of financial banking relationship); *Landstar Inway Inc. v. Samrow*, 181 Wn. App. 109, 130, 325 P.3d 327 (2014) (applying independent duty doctrine to dismiss claims arising out of LLC member's liability following car accident). This broad application of the independent duty doctrine, well beyond real property and construction cases, makes sense in logic and doctrine: a tort cannot exist where there is no tort duty. *Eastwood*, 170 Wn.2d at 389 ("When no independent tort duty exists, tort does not provide a remedy.").

Try as they might, Plaintiffs cannot avoid the well-settled law. They argue that *Adams Financial Partners, L.P. v. Patke Associates Ltd.*, No. C16-0392-JCC, 2017 WL 3236584 (W.D. Wash. July 31, 2017), a 2017 decision by Hon. John C. Coughenour, reflects that the independent duty doctrine should be narrowly applied. Opp. at 11; *Adams*, 2017 WL 3236584, at *4-5 (declining to apply the doctrine when there was a "lack of any Washington case law indicating that the independent duty doctrine should apply to professional services such as auditors"). But in a very recent case, much more similar to the facts here, Judge Coughenour dismissed the plaintiff's conversion claim because the plaintiff could not provide any "meaningful explanation establishing the existence of [an independent duty]" outside of the defendants' contractual obligations. *PCF*

*Ins. Servs. of the West, LLC v. Fritts*, No. C23-1468-JCC, 2024 WL 1299954, at *4 (W.D. Wash. Mar. 27, 2024). Oddly, Plaintiffs try to distinguish *PCF* by arguing that the plaintiff there "failed to carry its burden to show a tort duty in the first instance." Opp. at 10. But that is precisely why *PCF* is on all-fours with our case: *Plaintiffs cannot establish any independent duty outside of the Amazon contract and have not even tried*. *PCF*, 2024 WL 1299954, at *4.

Plaintiffs also weakly try to distinguish or brush away Amazon's other cases. For example, Plaintiffs suggest that Amazon's reliance on *Olympic* is misplaced but never explain why. Opp. at 10. In fact, *Olympic* is directly on point. There, the parties had an agreement for the plaintiffs to charter the defendant's vessel. 668 F. Supp. 3d at 1168. A dispute arose regarding the rent for the vessel; the plaintiffs refused to return it and sued the defendant vessel-owner for breach of contract. The defendant counterclaimed for conversion of the vessel. *Id.* at 1170. The plaintiffs moved to dismiss the conversion claim, arguing that it was barred by the independent duty doctrine, and the court agreed. *Id.* at 1176. The court explained that "[p]laintiffs' possession of the Vessel arises solely from the Agreement." *Id.* Because "[t]he Agreement also provides that [defendant] may retake the Vessel only in the event of Plaintiffs' default, … *[p]laintiffs' duty to surrender the Vessel to [defendant] also arises from the Agreement*." *Id.* (emphasis added). The same is true here: Amazon's duty, if any, to issue refunds for returned items arises exclusively from the parties' contract.

As discussed, both *TinyBuild* and *PCF* held that the independent duty doctrine barred a plaintiff from bringing a conversion claim when the plaintiff had no duty outside of the parties' contract. *TinyBuild*, 2020 WL 13803810, at *1; *PCF*, 2024 WL 1299954, at *4. Plaintiffs do not deny that fact but merely observe that those cases "involve a court dismissing conversion claims on multiple bases." Opp. at 10. With respect to *PCF* that is not true, but, in all events, it is irrelevant. Alternative holdings are both (or all) controlling. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) ("[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum."); *Ass'n des Éleveurs de Canards et d'Oies du Quebec v. Bonta*, 33 F.4th 1107, 1117 (9th Cir. 2022) ("[An] alternative holding cannot be dismissed as dicta …. As a published decision of this court, it controls as law of the circuit.").

Finally, *Fuji Food Prods., Inc., v. Occidental, LLC* also makes clear that a tort remedy is available only where there is a tort duty. No. 76152-8-1, 2018 WL 6310090, at *6 (Wash. Ct. App. Dec. 3, 2018). In *Fuji*, unlike here, there *was* "[a] duty not to steal someone else's property" that existed independently of "any duties in the parties' lease." *Id.* By contrast here, Plaintiffs do not dispute that Amazon's "duty" (if any) to provide refunds comes *solely* from the parties' contract, and therefore no independent duty exists that could give rise to a tort claim. Opp. at 8-11. In sum, this is a paradigmatic case where the independent duty doctrine applies. The Court should dismiss Plaintiffs' conversion claim with prejudice.

**CONCLUSION**

For the reasons above and in its opening motion, Amazon respectfully requests that the Court dismiss with prejudice Plaintiffs' claims for money had and received, unjust enrichment, promissory estoppel, and conversion. This is a breach of contract case and should proceed as one.

Dated: June 20, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*

Brian D. Buckley, WSBA No. 26423
Deena J.G. Feit, WSBA No. 59036
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Mary Griffin Sims (admitted *pro hac vice*)
Samantha Ong (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

*Counsel for Defendant*
AMAZON.COM, INC

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 3,712 words.

June 20, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*

Brian D. Buckley, WSBA No. 26423