THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY
LITIGATION

CASE NO.:  2:23-CV-01372-JNW

**JOINT STATUS REPORT AND DISCOVERY PLAN**

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Pursuant to LCR 26, the parties submit this Joint Status Report and Discovery Plan.

## 1. Statement of the nature and complexity of the case

### a. Plaintiffs' statement:

Plaintiffs are all customers of Amazon who filed this case as a class action on behalf of themselves and two nationwide classes of customers. Despite Amazon's attempt to characterize this case as simple contract dispute, Dkt. 62 at 1, Plaintiffs allege that Amazon has engaged in unfair, deceptive, and unlawful business practices by falsely representing to customers that they can receive refunds for purchased items if they follow Amazon's policies and instructions. Instead, Amazon has unlawfully retained both the returned items and Plaintiffs' money. The facts alleged in Plaintiffs' complaint establish that Amazon has engaged in a nationwide pattern of unlawful conduct. Amazon has moved to dismiss a limited subset of Plaintiffs' claims on narrow and technical grounds. Dkt. 62.

Although this case does not involve complex legal issues, it does involve complex factual issues that will necessitate voluminous data and document production. Plaintiffs therefore believe that Amazon's requests to limit discovery, and its pattern of delaying litigation, will be the greatest impediment to a prompt resolution of the parties' dispute. Accordingly, Plaintiffs respectfully ask that the Court hold both parties to strict and comprehensive deadlines set forth below.

Amazon has an established pattern and practice of unnecessarily delaying progress in this and other litigation warranting this Court's oversight. The original Plaintiffs filed their complaint on September 5, 2023, Dkt. 1, and stipulated to extend Amazon's deadline to answer the complaint by 40 days. Dkt. 15. This Court then set a deadline for the parties to hold a Fed. R. Civ. P. 26(f) conference on November 1, 2023, and the parties held that 26(f) conference on October 31, 2023. Afterward, on November 8, 2023, Amazon filed a nine-page motion to dismiss seeking dismissal of Plaintiffs' quasi-contract and conversion claims. Dkt. 31. This Court then consolidated two cases involving similar allegations of wrongful conduct by Amazon into Plaintiffs' case; struck the deadlines regarding initial disclosures, joint status report, and early settlement; struck Amazon's motion to dismiss; and sought briefing on appointment of interim class counsel. Dkt.

Joint Status Report and Discovery Plan
Case No. 23-cv-1372

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

32. After the undersigned counsel were appointed interim class counsel, Plaintiffs filed a consolidated class action complaint. Dkts. 56, 58.

Since that time, Amazon has delayed all discovery progress. Plaintiffs served their first set of requests for production to Amazon on April 23, 2024, but Amazon objected to the discovery, contending that it was premature because the October 31, 2023 Rule 26(f) conference was null and void. The Parties met and conferred on May 2, 2024 on Amazon's objection, during which the Parties resolved to settle the dispute by agreeing to a reasonable extension for Amazon to respond to the April 23 requests for production. After several weeks and further prompting by Plaintiffs, however, Amazon responded with a blanket objection to Plaintiffs' requests for production, again contending that the previous 26(f) conference between the Parties on October 31, 2023 was null and void. The Parties met and conferred once again to resolve the same dispute on June 5, 2024. Amazon's objection that the 26(f) conference held by the parties on October 31, 2023 occurred in different litigation, and its unwillingness to abide by agreements intended to work around that objection, has unnecessarily delayed the start of discovery in this matter. Moreover, in that conference, Amazon made it clear that it will resist the production of transactional data, and data necessary to the calculation of class-wide damages on the basis of burden and relevance. Amazon also stated it will seek to postpone even its collection of such data until after the court certifies a class in this case, necessarily delaying its production well into the future.

Amazon's injection of unnecessary delay has also been apparent in its motions to dismiss briefing. Plaintiffs agreed to extend Amazon's deadline to respond to the original complaint by 40 days for Amazon to file a nine-page partial motion to dismiss. After Plaintiffs filed their consolidated complaint, Amazon again sought a 30-day extension to respond to the consolidated complaint, to which Plaintiffs consented. Dkt. 59. But after taking 60 days to file the second motion to dismiss, Amazon filed a nine-page motion that was materially identical to their original motion to dismiss. *Compare* Dkt. 31, *with* Dkt. 62. While Plaintiffs filed their opposition within the default time under the local rules, Dkt. 65, Amazon requested a one-week extension to file its reply brief. Dkt. 66. Although Plaintiffs have stipulated to these extensions out of professional

Joint Status Report and Discovery Plan
Case No. 23-cv-1372

2

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

courtesy, they feel these extensions have been unwarranted and have served only to unnecessarily delay an efficient resolution of this matter. Amazon's unnecessary extension requests further support holding the Parties to a rigid schedule.

Amazon has a history of delaying discovery in this district. Indeed, recently the Federal Trade Commission and 19 states and territories filed a joint status report accusing Amazon of slow-walking discovery. *See Federal Trade Commission, et al., v. Amazon.com, Inc*., Case No. 2:23-cv-01495-JHC (W.D. Wash. June 3, 2024), Dkt. 246 at 3–5. There, Amazon produced just 2,580 documents compared to the FTC's production of over 300,000 documents. *Id*.

In short, Plaintiffs are concerned that Amazon's preferred pace may necessitate Plaintiffs seeking relief from the Court on several occasions. In an effort to avoid unnecessary delay and wasted resources, Plaintiffs respectfully request that the Court hold both Parties to the rigid schedule set outlined by Plaintiffs below.

### b. Amazon's statement:

Amazon offers online retail services. Dkt. 58. Amazon seeks to make buying online as easy as possible, including by offering "free, convenient returns on most items delivered in the U.S." *Id*. ¶ 20. Amazon offers an innovative and convenient feature that allows customers to receive advance refunds for product returns before Amazon receives the products.

Plaintiffs are customers who took advantage of Amazon's return policies. Plaintiffs bring this putative class action based on Amazon's purported breach of its returns policies. Plaintiffs' claims appear to arise from individualized factual allegations regarding their personal refund experiences. Plaintiffs will not be able to maintain a class action, or sustain individual claims, in this case.

On November 13, 2023, the Court granted Amazon's motion to consolidate. Dkt. 32. After nearly four and a half months, Plaintiffs filed their Consolidated Class Action Complaint. Dkt. 58, which added five new plaintiffs, redefined the class and added a new class, introduced two new causes of action, and revised the allegations to include new allegations while dropping some earlier ones in response to Amazon's first motion to dismiss. Per the parties' agreement, Amazon filed its partial motion to dismiss the Consolidated Complaint on May 15, 2024. Dkt. 62.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

3

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Unfortunately, Plaintiffs' "Statement of the Case" reflects unproductive attacks on Amazon generally and an intent to litigate discovery issues, rather than a focus on the merits of the case and cooperation. Amazon has been cooperating with Plaintiffs since the onset of this litigation and continues to do so. And as reflected in Amazon's reasonable proposed schedule below, Amazon has no intent to unreasonably delay the progress of this case. Consistent with the Court's consolidation order, which struck the parties' initial disclosures and joint status report deadlines, Amazon proactively reached out to Plaintiffs' counsel on April 29, 2024, to schedule a Rule 26(f) conference for the consolidated matter. On May 2, 2024, the parties met and conferred on various issues to start moving the case along. The parties agreed to conduct the Rule 26(f) conference on June 5, 2024. In advance of that conference, Amazon sent Plaintiffs a proposed draft of the protective order with redlines reflecting Amazon's edits against the Court's model protective order. Just two days after the Rule 26(f) conference, Amazon sent Plaintiffs a proposed draft of the ESI protocol with a redline reflecting Amazon's changes against the model ESI protocol. The parties are actively discussing drafts of both documents and hope to reach agreement on the open issues.

### 2. Consent to a magistrate

No.

### 3. Joinder of additional parties

The Parties propose that additional parties should be allowed with leave of Court for good cause.

### 4. Proposed deadline for class certification briefing

*See* Section 5.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

4

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## 5. Discovery Plan

### a. Plaintiffs' Proposed Schedule:

| Event | Plaintiffs' Proposed Deadline |
|---|---|
| Initial Disclosures | June 20, 2024 |
| ESI Data Source, Custodians, Non-Custodial Data Sources, Third-party Data Sources, Inaccessible Data, and Proposed Search Term Disclosures | July 26, 2024 |
| Exchange of Search Terms and Custodians counter-proposals | Aug 5, 2024 |
| Exchange of hit counts | Aug 12, 2024 |
| Production of Documents to begin | Aug 14, 2024 |
| Parties to Reach Agreement to Custodians and Search Terms, or Seek Court Intervention | Aug 26, 2024 |
| Completion of Production of Documents retrievable without the use of search terms | Sept 11, 2024 |
| Report to the Court on the Status of Discovery | Dec 2, 2024 |
| Substantial Completion of Document Production | Feb 10, 2024 |
| Deadline for filing any motion to compel discovery related to Class Certification. | June 2, 2025 |
| Deadline for Motion for Class Certification, and disclosure of any expert report(s) supporting class certification | July 7, 2025 |
| Deadline for Depositions of Plaintiffs' experts | July 28, 2025 |
| Deadline for Opposition to Class Certification, and disclosure of any expert report(s) opposing class certification  Daubert motion(s) directed to Plaintiffs' experts' class certification report(s) | Aug 4, 2025 |
| Deadline for Depositions of Amazon's Experts | Aug 25, 2025 |

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

| Event | Plaintiffs' Proposed Deadline |
|---|---|
| **Deadline for Reply in Support of Class Certification, and disclosure of any rebuttal expert report(s)**<br><br>**Daubert motion(s) directed to Defendants' expert's class certification report(s)**<br><br>**Opposition to any Daubert motion(s) directed to Plaintiffs' expert's class certification reports** | **Sept 2, 2025** |
| **Deadline for Depositions of Plaintiffs' Rebuttal experts** | **Sept 9, 2025** |
| **Reply to any Daubert motion directed to Plaintiffs' expert's class certification reports** | **Sept 16, 2025** |
| **Opposition to any Daubert motion directed to Amazon's expert's class certification reports** | **Sept 23, 2025** |
| **Reply to any Daubert motion directed to Amazon's expert's class certification reports** | **Oct 14, 2025** |
| **Class Certification Hearing** | **TBD** |
| **Close of Discovery** | **TBD, but no sooner than 4 months after the Court's ruling on Class Certification** |

**b. Amazon's Proposed Schedule:**

Plaintiffs' proposed schedule is unnecessarily detailed and proscriptive. Amazon proposes certain dates relating to discovery, dispositive motions, and class certification. The Parties can confer in good faith regarding additional deadlines if and as needed.

| Event | Amazon's Proposal |
|---|---|

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

6

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

| | |
|---|---|
| **Deadline for Disclosures of Custodians, Non-Custodial Data Sources, Third-party Data Sources, and Inaccessible Data** | **July 26, 2024** |
| **End of Fact Discovery\*** | **February 28, 2025** |
| **Expert Opening Reports** | **March 13, 2025** |
| **Rebuttal Reports** | **April 17, 2025** |
| **Close of Expert Discovery** | **May 30, 2025** |
| **Deadline for class certification, MSJ, and Daubert motions** | **August 29, 2025** |
| **Opposition to class certification, MSJ, and Daubert motions** | **Six weeks after motion is filed** |
| **Replies to class certification, MSJ, and Daubert motions** | **Four weeks after opposition is filed** |
| \* If a class is certified, Amazon recognizes that some additional discovery might be necessary with respect to the class (e.g., the identities of individual class members). | |

### c. Subjects of discovery

#### i. Plaintiffs:

Plaintiffs anticipate conducting discovery seeking documents and data:

- Identifying return policies over time;

- Identifying Amazon customers who were recharged for items that Amazon received;

- Identifying the value of items recharged and not refunded;

- Transactional data for returns that were received by Amazon for which the customer was recharged or not refunded;

- Concerning transactional data for returns received;

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

7

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

1    • Concerning data points captured in Amazon's return process;

2    • Concerning logical diagrams of Amazon's computerized refund process;

3    • Identifying Amazon's process for accepting returns at Amazon facilities;

4    • Concerning package tracking at Amazon Fulfillment Centers;

5    • Concerning data retention of Return Center tracking information;

6    • Concerning package tracking from Designated Location to Fulfillment Center;

7    • Concerning training materials for Amazon Return Center associates;

8    • Concerning training materials for Designated Drop-off location workers;

9    • Concerning errors recording return receipts;

10   • Concerning internal audits or reviews of return processes;

11   • Identifying return costs;

12   • Identifying administrative burdens concerning returns;

13   • Concerning return administrative changes or change requests;

14   • Concerning the frequency or amount of customer complaints concerning already

15     returned items;

16   • Analysis of costs to correct issues;

17   • Identifying percentage of returns that result in recharge for non-receipt;

18   • Identifying percentage of returns that result in recharge for fraud;

19   • Identifying percentage of returns with reduced refund due to product's condition;

20   • Identifying changes in return policies over time;

21   • Identifying changes in return handling practices over time;

22   • Identifying return non-receipt messaging sent out to customers over time;

23   • Identifying return wrong item messaging sent out to customers over time;

24   • Identifying return poor condition messaging sent out to customers over time;

25   • Identifying policies/guidance concerning evaluating condition of return items;

26   • Identifying records concerning identification of items received;

27   • Identifying records concerning returns lost in transit;

28

Joint Status Report and Discovery Plan
Case No. 23-cv-1372                                    8

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

- Concerning instructions to Amazon Customer Representatives for dealing with complaints concerning already returned items;

- Concerning programming of chatbots for dealing with complaints concerning already returned items;

- Concerning refunds when a customer complains about already returned items;

- Concerning providing return center tracking for only 60 days;

- Concerning change in messaging around returns, return receipt, and recharges over time; and

- Concerning differences in return handling practices by state or region.

### ii. **Amazon:**

Amazon anticipates conducting discovery seeking documents and data concerning:

- The identities of the named-plaintiffs and Customers 1 and 2;

- Items named-plaintiffs requested to return;

- Items named-plaintiffs claim to have returned but for which they did not receive a refund;

- Items named-plaintiffs claim to have returned and for which they did receive a refund;

- Named-plaintiffs process for request returns;

- Named-plaintiffs process for dropping off returns;

- Customers' communications with Amazon;

- Specific allegations in the complaint;

- Any injury, harm, or damages suffered by customers and mitigation efforts;

- Communications between named-plaintiffs and Amazon regarding returns;

- Any agreements between named-plaintiffs and Amazon;

- Any agreements Amazon purportedly breached;

- The items named-plaintiffs requested to return, what they actually returned, and the condition of those items;

Joint Status Report and Discovery Plan
Case No. 23-cv-1372

9

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

- Refunds received;

- Refunds denied; and

- These same categories of data from class members if a class is certified.

### d. Electronically stored information

The Parties agree to certain minor changes to the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information and Proposed Order.

### e. Proposed limitations on discovery

The Parties anticipate entering a stipulation to address expert discovery.

### f. Need for any discovery-related orders

The Parties intend to meet and confer to limit court intervention and discovery-related orders where possible. Plaintiffs believe that regular status conferences with the Court will assist in maintaining an efficient schedule. Amazon does not believe regular status conferences with the Court are necessary, and it remains confident that the parties can come to resolutions with limited Court intervention. But Amazon of course defers to the Court regarding whether regular status conferences are helpful.

The Parties disagree about the changes necessary to the Western District of Washington's Model Stipulated Protective Order.

### i. Plaintiffs:

**Disclosure of Consulting Witnesses**: Amazon adds four paragraphs to the District's Model Order that (1) give Amazon the ability to prevent Plaintiffs from providing confidential materials to a hired expert if Amazon objects and accordingly (2) requires Plaintiffs to disclose *any* retained expert's identity (consulting or testifying, and on *any* topic) before providing them any materials designated as confidential. The proposed Order prevents Plaintiffs from providing confidential materials to their experts until they can secure an Order from the Court. This provision is contrary to the provisions of Fed. R. Civ. P. 26(a)(2)(D) and (b)(4)(D) and unnecessarily restricts Plaintiffs' access to evidence and freedom from disclosure of work-product.

Amazon is incorrect that such provisions are "routinely" approved in this District, or that it is necessary here. As support, Amazon cites to cases where competitors *stipulated* to the

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

restrictive protective orders because the litigation involved alleged misappropriation of trade secrets and patent infringement relating to propriety software and hardware. *See Philips N. Am. LLC v. Summit Imaging Inc.*, No. 2:19-CV-01745-JLR, (W.D. Wash.), Dkts. 1, 40; *NXP USA, Inc. v. Impinj, Inc.*, No. 2:20-cv-01503-JHC, (W.D. Wash.), Dkts. 1, 77; *see also Impinj, Inc. v. NXP USA, Inc.*, Case No. 4:19-cv-03161-YGR (N.D. Cal.), Dkts. 1, 52. Amazon also misplaces reliance on *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.). That large antitrust consumer class action is one of several related cases, including related cases brought by the FTC and numerous state Attorneys General, that challenge Amazon's anticompetitive conduct impacting hundreds of millions of consumers making purchases on and off of Amazon. *See FTC et al. v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash. Mar. 14, 2024), Dkt. 171. In *Frame-Wilson*, Judge Jones approved such a protective order provision limited only to *industry* experts—not all experts, as Amazon proposes here. No. 2:20-cv-00424-JHC (W.D. Wash.), Dkt. 90 at 7. And even then, Judge Jones further qualified that nothing in that order "modifie[d] the ordinary deadlines for expert disclosures under the Federal Rules." *Id.* at 8.

In any event, this is not a case that should require such proscriptions on Plaintiffs' ability to share information with their experts, and ordinary protective order restrictions on the use of information disclosed in the case will be sufficient.

### ii. Amazon:

**Disclosure of Consulting Witnesses:** Amazon's proposed language to the protective order, requiring Plaintiffs to identify experts to whom Plaintiffs intend to disclose Amazon's Attorney's-Eyes-Only (AEO) Material, is necessary to protect Amazon's sensitive business information. Amazon must know who will have access to its most sensitive information, including experts. This risk is not hypothetical; Amazon is currently litigating this issue in another matter in this District where the plaintiffs' expert intentionally did not disclose his prior work adverse to Amazon. Because of the breadth of Amazon's business and its many competitors across many industries, disclosing Amazon's sensitive information to experts can expose Amazon to competitive risk in other cases and matters. Amazon is entitled to evaluate that risk and to raise it, if appropriate, with the Court. Amazon's proposed process is simple and streamlined, it mirrors

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

11

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

the process from the Northern District of California's Model Protective Order, and it is routinely approved by courts in this District. *Philips N. Am. LLC v. Summit Imaging Inc.*, No. 2:19-CV-01745-JLR, 2020 WL 2085153 (W.D. Wash. Apr. 30, 2020) (entering protective order with procedural provision allowing parties to object to disclosure of highly confidential information to experts); *NXP USA, Inc. v. Impinj, Inc.*, No. 2:20-cv-01503-JHC, Dkt. No. 77 (W.D. Wash. Jan. 4, 2021 (same); *see also Frame-Wilson v. Amazon.com, Inc*., No. 2:20-cv-00424-RAJ, 2023 WL 1433655 (W.D. Wash. Feb. 1, 2023).

Plaintiffs' purported concerns are over-blown. Amazon's proposed process is in no way inconsistent with the Federal Rules; as noted, it is part of some courts' model protective orders, and it is routinely adopted and approved in this District. Amazon's proposed process applies only to AEO material. It only requires Plaintiffs to identify their expert and his/her experience so that Amazon can evaluate any potential conflicts or risks. It does not require Plaintiffs to identify how they intend to use the expert, let alone any details about the expert's work or possible opinions or testimony related to this matter. It is highly unlikely that Plaintiffs' identification of an expert with particular expertise (e.g., finance, accounting, marketing, consumer behavior) will be revelatory or expose Plaintiffs' strategy or intentions in any material way. That minimal risk to Plaintiffs is far outweighed by the risk to Amazon is its most sensitive information is shared with someone who is or is likely to be in a position to misuse or divulge such information (even inadvertently) in other contexts.

### 6. Items set forth in Local Civil Rule 26(f)(1)

#### a. Prompt case resolution

The Parties do not propose any ideas for prompt case resolution at this stage.

#### b. Alternative dispute resolution

The Parties agree that alternative dispute resolution is premature at this time, but will continue to consider the possibility of ADR and provide an update to the Court.

#### c. Related cases

On September 5, 2023, Plaintiffs filed their class action complaint against Amazon alleging Amazon violated its refund and exchange policy by charging them for purchases they had

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

returned. *Abbott, et al. v. Amazon.com, Inc.*, No. 23-cv-1372, Dkt. No 1 (Sept. 5, 2023). Subsequently, two additional class actions were filed against Amazon over the same practice. *Srivastava v. Amazon.com, Inc.*, No. 23-cv-1545, Dkt. No. 1 (Oct. 5, 2023); *Jones Clark v. Amazon.com Inc.*, No. 23-cv-702, Dkt. No. 1 (Nov. 7, 2023). The Court consolidated these three actions on November 13, 2023, and then granted the *Abbott* Plaintiffs' motion for appointment of interim co-lead counsel. Dkts. 32, 56. The Parties have not identified any other related cases.

### d. Discovery management

Plaintiffs propose the appointment of a magistrate judge to handle discovery matters. Amazon proposes that the Article III judge handle discovery matters.

### e. Anticipated discovery sought

The Parties' statements of anticipated discovery from each other are stated above. *See* § 5(c) above. In addition, the Parties anticipate seeking discovery from third parties concerning the same subject matters.

### f. Phasing motions

The Parties' proposed schedule described in Sections 4 and 5 above represents an efficient phasing of motions.

### g. Preservation of discoverable information

#### i. Plaintiffs:

Plaintiffs request preservation of all data and documents responsive to their anticipated discovery, as described in Section 5(c)(i) above. Plaintiffs have preserved relevant documents consistent with the claims and defenses in this case.

#### ii. Amazon:

Amazon will fully comply with its preservation obligations.

### h. Privilege issues

*See* Section 5 above.

### i. Model Protocol for Discovery of ESI

*See* Section 5(d) above.

### j. Alternatives to the Model Protocol.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

13

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

2    **7.  Discovery deadline**

3    *See* Sections 4 and 5 above.

4    **8.  Bifurcation**

5    The Parties disagree as to the merit of bifurcating class certification discovery and merits

6    discovery.

7          **a.  Plaintiffs:**

8    Plaintiffs do not agree with the bifurcation of merits and class discovery. Bifurcation will

9    give rise to unnecessary disputes and will delay, rather than advance, a determination of class

10   certification. Amazon wishes to draw a line between categories of documents, it believes, are only

11   relevant in the context of a certified class and documents that are relevant to the merits of this

12   case, producing only the latter at this stage. And yet Amazon will not specifically define the

13   categories of documents that fall into each grouping. Bifurcation will undoubtedly raise additional

14   disputes over what is merit discovery and what is class discovery. In fact, in denying bifurcation

15   of discovery, this district has agreed with other courts that "[s]eparating merits and class discovery

16   'raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named

17   plaintiffs, thereby causing additional litigation regarding the distinction between the two.'"

18   *Hunichen v. Atonomi LLC*, 2020 WL 5759782, at *2 (W.D. Wash. Sept. 28, 2020) (citing *Ahmed*

19   *v. HSBC Bank USA, Nat'l Ass'n*, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018)). Indeed,

20   "bifurcation may force the court to resolve endless discovery disputes" "because the distinction

21   between class certification and merits discovery is murky at best and impossible to determine at

22   worst." *Ahmed*, 2018 WL 501413, at *3 (internal quotations omitted).

23   Bifurcation is also problematic because "[f]acts that are relevant to the class determination

24   frequently will overlap with those relevant to the merits of the case." *Gusman v. Comcast Corp.*,

25   298 F.R.D. 592, 595 (S.D. Cal. 2014). The Supreme Court's landmark decision in *Wal–Mart*

26   *Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), indicated that class certification "is proper only if the

27   trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been

28   satisfied," and this analysis will frequently "entail some overlap with the merits of the plaintiff's

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372                               14

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

underlying claim. That cannot be helped." *Dukes*, 564 U.S. at 350–51. In light of *Dukes*, "many courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Ahmed*, 2018 WL 501413, at *3.

Moreover, Amazon's argument—that several of Plaintiffs' discovery requests will only become relevant once the class is certified—ignores the necessity of the requested information for Plaintiffs to present their bid for class certification. *Hunichen*, 2020 WL 5759782, at *2 ("bifurcation of discovery poses significant prejudice to plaintiff, who must meet a high burden to show certification of the class is proper") (internal quotations omitted). For example, the transaction records concerning those returns for which refunds were not issued is relevant to whether liability or damages can be proven on a class-wide basis without giving rise to significant individualized inquiries as required by Rule 23. And, the identity of individuals for whom these refunds are not issued is necessary both for Plaintiffs to identify potential witnesses in this case and so that notice can be issued. Amazon asserts it should not have to produce this type of information because it would be "incredibly burdensome (if it is possible at all) for Amazon to collect and produce data for millions of potential class members," but this rings hollow. First, Amazon has produced data relating to transactions for millions of proposed class members in other consumer class actions filed against it; there is no apparent reason it would be impossible to do so here. *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-RSM (W.D. Wash. Apr. 6, 2023), Dkts. 73, 90. Second, if it is indeed "incredibly burdensome" for Amazon to produce such data, it is likely to be most efficient for it to be collected alongside other customer transaction-related data that Amazon will need to produce in this matter, rather than to undertake separate independent data collection and production efforts potentially years apart. Furthermore, information regarding the aggregate number of returns for which Amazon failed to issue a refund is vital to have any informed settlement discussion or to meaningfully participate in an ADR process. Bifurcation will therefore only give rise to further discovery disputes, expenses, and delay.

Amazon's proposal that it should instead produce only a "natural 'sampling'" of data limited to the nine named plaintiffs' accounts alone—not even a statistically valid representative "sampling"—is plainly insufficient in this nationwide class action.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

15

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

### b. Amazon's statement:

Amazon has never proposed bifurcating merits discovery and class discovery. Amazon merely proposed that, unless and until a class is certified, Amazon should not be required to identify, collect, and produce documents or data that could be relevant only in the context of a certified class. As just one example, in Plaintiffs' Request for Production No. 8, Plaintiffs seek "**[d]ocuments** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or Recharged on the basis that You did not receive the **Returned Item** but (2) the **Returned Item** was delivered to **Your Designated Carrier**." The *identities* of every class member can conceivably be relevant (or, for that matter, knowable) only once a class has been certified. It will also be incredibly burdensome (if it is possible at all) for Amazon to collect and produce data for millions of potential class members. There is no reasonable justification for putting Amazon to that burden and expense if a decision by the Court denying class certification would obviate the effort.

Plaintiffs' argument about potential delay in providing class-wide notice is not credible. Even if a class is certified, it will be many months, under any scenario, before there is any basis or need to send notice to the class. Amazon should not be required to collect and produce class-wide data unless and until such a class exists.

As Amazon explained to Plaintiffs' counsel in the meet-and-confer process, Amazon will of course produce discovery related to the merits of Plaintiffs' claims and sufficient for Plaintiffs to file and support their class-certification motion. That will include data related to the named Plaintiffs' Amazon accounts, which will provide a natural "sampling" of the types of account data that exist and that could, theoretically, be collected on a class-wide basis. That sampling is all Plaintiffs need for class-certification purposes, not the same types of data for every potential class member.

It would be difficult or impossible at this stage to define and agree on every category of data that is relevant only in the context of a certified class. As such, Amazon asks the Court merely to approve that concept, understanding that the parties may disagree on what falls into the pre-

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

16

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

certification versus post-certification bucket. But like all discovery disputes, the parties will work in good faith to resolve those issues and seek the Court's intervention only as a last resort.

**9. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy**

The Parties agree that dispensing with pretrial statements and a pretrial order is not appropriate for this action.

**10. Individualized Trial Program**

The Parties agree that the Individualized Trial Program is not appropriate for this action.

**11. Other suggestions for shortening or simplifying the case**

The Parties agree to meet and confer as appropriate to propose any issues that can be narrowed by stipulation or by motion, as well as any potential means to expedite the presentation of evidence at trial.

**12. The date the case will be ready for trial**

Plaintiffs anticipate that their case will be ready for trial 8 months after the Court's order on class certification.

Amazon believes that setting a trial date is premature at this juncture.

**13. Trial type**

Plaintiffs have requested a trial by jury.

**14. Trial length**

Plaintiffs currently anticipate they will require 5-7 days for the presentation of their case.

Amazon believes that it is premature to identify the number of trial days, but Amazon will require at least as much time as is allotted to Plaintiffs to present their case.

**15. Names, addresses, and telephone numbers of all trial counsel**

**a. Counsel for Plaintiffs:**

QUINN EMANUEL
URQUHART & SULLIVAN, LLP

Alicia Cobb, WSBA #48685

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

17

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Matthew Hosen, WSBA #54855
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: 206.905.7000
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com

Nolan K. Anderson, WSBA #59691
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212.849.7000
nolananderson@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312.705.7400
andrewschapiro@quinnemanuel.com

Justin C. Griffin (*pro hac vice*)
Adam B. Wolfson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 213.443.3000
justingriffin@quinnemanuel.com
adamwolfson@quinnemanuel.com
joshuacourtney@quinnemanuel.com


ZIGLER LAW GROUP, LLC

Aaron M. Zigler (*pro hac vice*)
Mary Jane Fait (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Telephone: 312.673.8427
aaron@ziglerlawgroup.com
maryjane@ziglerlawgroup.com
nidya@ziglerlawgroup.com


### b. Counsel for Amazon:

FENWICK & WEST LLP

Brian D. Buckley, WSBA No. 26423

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

18

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Deena Feit, WSBA No. 59036
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Mary Griffin Sims (*pro hac vice*)
Samantha Ong (*pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

**16. Scheduling complications to be considered in setting a trial date**

The Parties are not currently aware of scheduling conflicts in setting a trial date.

**17. Deadline to serve parties who have not been served**

All parties have been served.

**18. Pretrial Fed. R. Civ. P. 16 conference**

The Parties do not believe that a pretrial conference is necessary under Rule 16 of the Federal Rules of Civil Procedure.

**19. Deadline for corporate disclosure statement**

All corporate parties have submitted corporate disclosure statements.

Dated: July 16, 2024            Respectfully submitted,

By: ___*/s/ Alicia Cobb*___
Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7000
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com

Joint Status Report and Discovery Plan
Case No. 23-cv-1372

19

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

Nolan K. Anderson, WSBA #59691
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212.849.7000
nolananderson@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Justin C. Griffin (*pro hac vice*)
Adam B. Wolfson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel: 213.443.3000
Fax: 213.443.3100
justingriffin@quinnemanuel.com
adamwolfson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

Aaron M. Zigler (*pro hac vice*)
Mary Jane Fait (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
maryjane@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Attorneys for Plaintiffs and the Putative Classes*

By: ___/s/ Brian D. Buckley___
Brian D. Buckley, WSBA #26423

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 23-CV-1372

20

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Mary Griffin (*pro hac vice*)
Samantha Ong (*pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

*Attorneys for Defendant Amazon.com, Inc.*

Joint Status Report and Discovery Plan
Case No. 23-cv-1372

21

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 16, 2024, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

By:    */s/ Alicia Cobb*
                Alicia Cobb, WSBA #48685

Joint Status Report and Discovery Plan
Case No. 23-cv-1372                    22

Quinn Emanuel Urquhart & Sullivan LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000