# Exhibit D

quinn emanuel trial lawyers | seattle
1109 First Avenue, Suite 210, Seattle, Washington 98101 | TEL (206) 905-7000 FAX (206) 905-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7625**

WRITER'S EMAIL ADDRESS
**nolananderson@quinnemanuel.com**

September 27, 2024

Brian D. Buckley
Deena Feit
Jedediah Wakefield
Mary Griffin
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Via email: AmazonReturnPolicyLitigationExt@fenwick.com

**Re: *In re Amazon Return Policy Litigation, Inc.*, No. 2:23-cv-01372-JNW (W.D. Wash.)—Amazon's Responses & Objections to Plaintiffs' First Set of Requests for Production**

Counsel:

We write to memorialize and follow up on the parties' July 24, July 30, August 1, August 16, and August 19, 2024 meet and confers regarding Amazon's Responses and Objections to Plaintiffs' First Set of Requests for Production, which Amazon served on July 5, 2024.

**AMAZON'S GENERAL OBJECTIONS**

**Objection to Instruction No. 2:**

Instruction No. 2 instructs Amazon to produce responsive documents within Amazon's possession, custody, or control, including those Amazon can acquire from third parties. Amazon objected including because it would require Amazon to obtain information from third parties.

If Amazon has the right to obtain documents and information from nonparties with whom it has a business relationship (e.g., UPS, or Whole Foods), then such documents fall within the common definition of custody and control. *See, e.g., Reardon v. Progressive Nw. Ins. Co.*, 2010 WL 11566247, at *2 (W.D. Wash. Sept. 28, 2010) (holding employee had legal right to obtain documents from employer); *Bastida v. Nat'l Holdings Corp.*, 2016 WL 7427084, at *1 (W.D. Wash. Dec. 16, 2016) (parent corporation must produce documents possessed by subsidiary); *see also Alvarez v. King Cnty.*, 2007 WL 9775554, at *2 (W.D. Wash. Feb. 6, 2007) ("[D]ocuments

not actually possessed by the producing party may be considered within its control if the party has the legal right to obtain the documents on demand." (citation omitted)). Plaintiffs therefore request Amazon's commitment up front that it would make such requests and inquiries, or tell Plaintiffs now if Amazon was unwilling to make such requests. Amazon has refused to commit one way or the other, claiming that if after receiving Amazon's productions Plaintiffs believe that Amazon did not produce certain documents, Plaintiffs should ask Amazon why, and the parties can discuss at that time whether or not Amazon did (or should) seek to obtain such documents from third parties where practicable.

It is Amazon's burden to inform Plaintiffs whether or not Amazon is standing on this objection, not Plaintiffs' burden to later guess blindly whether there are documents missing from Amazon's production that Amazon could have obtained if it had chosen to do so. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). We reiterate our request that you confirm whether or not Amazon will produce responsive documents that it has the ability to obtain from third parties.

**Objection to Instruction No. 8:**

Instruction No. 8 states that if any portion of a document is responsive to any request, the entire Document should be produced. Amazon objected to producing the entire document for all documents.

At the meet and confer, Amazon stated that it reserves the right to redact on relevance grounds. Plaintiffs explained they would not agree to relevance redactions, which are improper. *Francisco v. Emeritus Corp.*, 2017 WL 11036693, at *6 (C.D. Cal. Sept. 5, 2017) ("[T]he Federal Rules of Civil Procedure do not grant parties the power to unilaterally redact information on the basis of relevance."); *Massucco v. Grp. Health Coop. of Puget Sound*, 2005 WL 8172575, at *3 (W.D. Wash. Oct. 3, 2005). Amazon did commit to memorializing the reasons for relevance redactions, to the extent it makes them.

**Objections to Definition Nos. 2–3:**

Definition Nos. 2–3 define "Advanced Refunds," "Instant Refunds," and "Advanced Replacement/Exchanges" as those terms are used on Amazon's website, and including past and future uses of those terms as Amazon's policies have changed over time. Amazon stated it would interpret those terms as they appeared on Amazon's websites during the Relevant Period.

Plaintiffs explained that Amazon should produce each iteration of the relevant policies even if they have changed names over time. Amazon confirmed it would not withhold documents because the name of the policy changed and will produce based on whether the contents of the policy are relevant.

**Objection to Definition No. 9:**

Definition No. 9 defines "chatbot" as any automated customer service chatroom function, and Amazon objected and stated it would interpret the term to mean automated customer service chatroom functions that respond to customer inquiries about refunds and recharges.

Plaintiffs explained their concern that Amazon's reading of "chatbot" would limit the scope of relevant documents. Amazon stated that it has chatbot functions at various parts of its business, is not trying to cabin the definition it to a particular bot, and will produce responsive documents relevant to this litigation.

**Objection to Definition No. 18:**

Definition No. 18 defines "Fulfillment Center" as Amazon uses that term on its website and in the normal course of business, including all premises where returns are or were processed. Amazon objected, and stated it would construe the term in accordance with its use on its website.

Plaintiffs explained their concern that Amazon has dedicated fulfilment centers for returns, but also has seasonal or temporary ones, which should be captured. Amazon stated that it will produce information regarding any facility where a refunded item might end up, and will not exclude such seasonal or temporary facilities.

**Objection to Definition No. 19:**

Definition No. 19 instructs Amazon on the disclosure of information sufficient to identify persons, entities, communications, and other documents. Amazon objected on the grounds that it is overly broad, and to the disclosure of private or personally identifiable information of its employees, customers, or users.

Plaintiffs explained that they seek names of employees with relevant info and will object to redactions of employee names. Amazon agreed that it will not redact employee names from relevant documents but may redact employees' sensitive information such as a social security number. Amazon objected to production of any personal information regarding customers other than Plaintiffs until a class is certified. The parties disagree regarding when Amazon must identify customers.

**Objections to Definition Nos. 25–28:**

Definition Nos. 25–28 define "Pre-Receipt Refund Program," "Pre-Receipt Refund," "Post-Receipt Refund Program," and "Post-Receipt Refund" as refunds and refund programs whereby Amazon would either issue a refund before or after receiving and processing a returned item. Amazon objected to these definitions as vague, ambiguous, overbroad, and unduly burdensome. The parties disagreed over whether these terms are vague, but agreed to resolve the dispute in the context of specific objections.

## AMAZON'S SPECIFIC OBJECTIONS

**RFP Nos. 1–3:**

RFP Nos. 1–3 seek documents sufficient to show Amazon's return and refund policies and conditions of use over the Relevant Period. Amazon objected to these Requests on the grounds that they are vague and overbroad, and stated it would produce documents sufficient to show return and refund policies and conditions of use.

On July 30, 2024, Amazon produced documents that appear to be responsive to these Requests. Please confirm that Amazon has produced all documents responsive to RFP Nos. 1–3 or if not, what documents remain to be produced and the date by which Amazon will complete its production.

**RFP Nos. 4–6:**

RFP Nos. 4–6 seek documents concerning Amazon's return and refund policies and conditions of use over the Relevant Period, including changes to those policies. Amazon stated it would only produce documents sufficient to show the policies, but not documents related to those policies.

At the meet and confer, Amazon stated that its primary objection is that the term "concerning" is vague. Amazon then went on to claim the same confusion about the term "concerning" for all other Requests discussed during the meet and confer. Here, and as to all other such Requests, "concerning" should be understood to mean regarding, relating to, related to, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request. *See* Amazon's Requests for Production to Plaintiffs, (June 12, 2024), at 3, ¶ 11 (defining "regarding," "relating to," and "related to" as "concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request."). Plaintiffs explained that, as to this Request, examples of documents "concerning" the relevant policies could include documents related to changes to, problems with, or enforcement of the policies. Other examples might include documents which discuss the purpose or reason for such policies. Plaintiffs believe this should be sufficiently explanatory, and that any burden objections can be addressed through search term negotiations. Please confirm Amazon will agree to produce documents responsive to these Requests.

**RFP No. 7:**

RFP No. 7 seeks documents concerning Amazon's application of its conditions of use to returns and refunds. Amazon objected to this Request on the grounds that it is vague, ambiguous, and burdensome. Amazon stated it does not understand the request.

Plaintiffs explained that they are seeking documents concerning how the conditions of use come into play in the denial of a refund or return. Plaintiffs stated that in the first instance, they seek information regarding programmatic decisions, and are presently looking for big picture documents (not emails with individual customers), although Plaintiffs reserve all rights.

Counsel for Amazon stated they would confer with Amazon to discuss whether there are programmatic documents concerning the application of conditions of use and policies to returns and refunds and report back to Plaintiffs' counsel. Please confirm whether Amazon will produce documents responsive to RFP No. 7.

**RFP Nos. 8–10:**

RFP Nos. 8–10 seek documents sufficient to identify customers who were denied a refund for nonreceipt under any one of three situations: (1) the customer returned the item to a designated carrier; (2) the returned item arrived at an Amazon fulfillment center; or (3) Amazon told the customer not to return the item. Amazon objected to these Requests on the grounds that they are vague, overbroad, burdensome, and irrelevant until class certification.

This information is necessary to identify the customers that have been affected by Amazon's conduct and to determine the scale and scope of Amazon's wrongful denials of refunds. At the meet and confer, Plaintiffs explained that they are willing to negotiate regarding what fields of information Amazon provides now, and what Amazon provides post-certification. At this stage, Plaintiffs are willing to consider taking statistically-significant samples of data which show the data fields that Amazon maintains over the relevant period; however, Plaintiffs need to ensure that if they accept samples in lieu of any full data productions, the samples will be in a useful format and size. Accordingly, Plaintiffs therefore propose that, in the first instance, Amazon produce a template reflecting the names of the available data fields for the parties' discussion, with a relatively small sample of rows filled in that will allow Plaintiffs to sufficiently assess the format of the data, and whether a sample will work for Plaintiffs' purposes (or whether Plaintiffs expect to require the full dataset). Based on consideration of that initial small sample, the parties can then arrive at an educated agreement about whether production of a further statistically-significant sample will be sufficient, or whether Plaintiffs will require a more fulsome data production.

Plaintiffs may also be willing to take an anonymized data production in the first instance, provided that there is some manner of identifying a given customer's data across fields and transactions and data productions (i.e., so that Plaintiffs could identify multiple purchases or returns, and the information can be de-anonymized quickly), but Plaintiffs continue to reserve all rights.

Amazon proposed that the nine named Plaintiffs' own data would constitute a sufficient sample size, but Plaintiffs disagree. Amazon stated it would confer internally. Please provide Amazon's position as to these Requests.

**RFP Nos. 11–19:**

RFP Nos. 11–14 seek documents sufficient to identify the number of customers who were denied refunds for nonreceipt in any one of the three situations described in RFP Nos. 8–10. RFP Nos. 15–19 seek documents sufficient to identify customers who experienced those same incidents, but who did *not* subsequently receive refunds. Amazon objected to these requests on the grounds that they are vague, overbroad, burdensome, and irrelevant until class certification.

At the meet and confer, Amazon stated its primary position that "Returned Item" is a vague term, which could mean either a correct item actually returned or a package containing an unknown item. As discussed, given that the Designated Carrier only scans a QR code and receives an unopened package or an unpackaged item, either of those scenarios should be considered a "Returned Item" when that term is used in connection with Requests relating to a Designated

Carrier. Whereas if the RFP refers to a Fulfillment Center or receipt from a Customer, a "Returned Item" encompasses the scenario where Amazon receives an item or a package containing an item where Amazon has not made an affirmative determination that the item was not the item originally ordered by the customer. Plaintiffs do not seek information related to returns where Amazon knows the customer returned or attempted to return an incorrect item.

Plaintiffs explained that, in any event, there should be no confusion regarding the meaning of "Returned Item" with respect to RFP Nos. 13, 16, and 19, where the product at issue never actually entered Amazon's return process. Amazon agreed, and indicated it would investigate sources of data available to satisfy these Requests.

As to RFP Nos. 11, 12, 14, 15, 17, and 18, we believe Plaintiffs' clarification as to "Returned Item" should resolve Amazon's concerns.

Please confirm whether Amazon will agree to produce information in response to these Requests. To the extent RFP Nos. 11-19 involve pulling from sources of structured data, Plaintiffs propose that the parties follow the process proposed with respect to RFP Nos. 8-10 above: Amazon produces a template reflecting the names of the available data fields for the parties' discussion with a relatively small sample of rows filled to facilitate the parties' meet and confer process, and then proceed to produce more fulsome relevant data. Depending upon the format, granularity, and fields available for the relevant data, Plaintiffs may be agreeable to receiving a statistically significant sample for some portions of these RFPs until after class certification, but Plaintiffs need to understand what is available before committing to do so.

**<u>RFP Nos. 20–22:</u>**

RFP Nos. 20–22 seek the dollar sum that Amazon owes to customers entitled to refunds, but where the customer was denied a refund for nonreceipt for any one of three situations described in RFP Nos. 8-10. Amazon objected on the grounds that they are vague, overbroad, burdensome, irrelevant until after a class is certified, and seek information that is privileged or confidential.

At the meet and confer, Plaintiffs explained that, because these Requests are looking for dollar amounts, there should be no issues with confidentiality and the parties again discussed the definition of "Returned Item" (described above). Amazon stated it would look and see if it could provide an aggregate sum. Please confirm if Amazon will agree to produce documents responsive to these Requests.

**<u>RFP Nos. 23–24:</u>**

RFP Nos. 23–24 seek transactional data regarding transactions where a customer returned an item but was denied a refund on the basis of nonreceipt and either (1) Amazon did not subsequently issue a refund (RFP No. 23) or (2) Amazon did subsequently issue such a refund (RFP No. 24). For purposes of Plaintiffs' Requests, transactional data should be understood to include return tracking data. Amazon objected to these Requests on the grounds that they are vague, overbroad, burdensome, and irrelevant until after a class is certified.

Plaintiffs asked whether anonymizing the requested data would resolve the objections. Amazon stated that if this request were limited to an anonymized sample size of 500, that could alleviate concerns. Amazon also stated its objection to the definition of "Transactional Data" and "Returned Item" as vague. Plaintiffs directed Amazon to the definition of "Transactional Data" and explained that it is sufficiently clear. Plaintiffs also could not limit the definition because Amazon has not explained what the available world of data is. Plaintiffs stated that Amazon should explain the data it captures and the parties can work together to limit by relevance. Amazon understood Plaintiff's inability to limit the request. Amazon resolved to look into what data it can produce.

In terms of process, Plaintiffs propose that the parties follow the same process as reflected above with respect to Request Nos. 8–10.

Please provide the results of Amazon's investigation, and confirm it will agree to produce responsive data.

**RFP Nos. 25–26:**

RFP Nos. 25–26 seek documents sufficient to identify customers to whom Amazon sent (1) return reminder emails (RFP No. 25), and/or (2) emails confirming that Amazon had recharged the customer for an item that the customer had requested to return (RFP No. 26). Amazon objected to these requests on the grounds that they are vague, overbroad, burdensome, and irrelevant until after a class is certified.

Plaintiffs stated that for the time being Plaintiffs are willing to accept anonymized data (again, provided that a given customer can be identified across datasets), if Amazon simultaneously works on its capabilities to quickly de-anonymize the data. Plaintiffs seek to avoid a situation where Amazon later claims that it is burdensome to de-anonymize the data, and will take months to do so. Plaintiffs reserved the right to request the de-anonymized data sooner than class certification.

Amazon understood. Amazon agreed to start working on collecting the data it believes to be responsive.

Please explain what data Amazon intends to produce in response to this Request and what Amazon continues to object to, what fields are available and what fields Amazon intends to produce, and confirm that the production will contain some kind of customer identifier that will allow Plaintiffs to identify the same customer across datasets.

**RFP Nos. 27–28:**

RFP Nos. 27–28 seek information regarding Amazon's policies and procedures for providing subsequent refunds to customers who had been erroneously denied refunds (or who had been erroneously re-charged) on the basis of nonreceipt. Amazon objected to these requests on the grounds that they presume error, and are otherwise vague, overbroad, burdensome, and irrelevant until after a class is certified.

Plaintiffs explained that the complaint alleges that if a customer calls customer service after charge, customer service can look through files and see what happened with the return, and issue a refund. Plaintiffs are therefore looking for policies concerning the issuance of that recharge and refund and documents concerning those policies. Amazon stated it will look for documents responsive to this request subject to its burden and vagueness objection.

Plaintiffs expect that responsive policies should largely be "go get" documents, and any further burden objections can be addressed through search term negotiations. Please confirm Amazon will agree to produce documents responsive to these Requests.

**RFP No. 29:**

RFP No. 29 seeks documents and data concerning the frequency with which Amazon subsequently issues a refund, after previously denying that refund on the basis of nonreceipt. Amazon objected to this Request on the grounds that it is vague, overbroad, and not relevant until a class is certified.

Plaintiffs explained that this Request is seeking information regarding how often Amazon encountered the returns issues raised by the complaint. Plaintiffs are looking for reports, studies, or analyses, or something similar, discussing the issue and its frequency.

Amazon reiterated its objection to the term "Transactional Data" as used in this Request. Plaintiffs explained that in the context of this Request, they are primarily seeking data analyses, studies, or reports that Plaintiffs anticipate would likely be attached to (or perhaps incorporated into) custodial documents. Plaintiffs understand it is possible that "Transactional Data" is not the manner in which Amazon may describe such data analyses or reports internally, but Plaintiffs have now provided sufficient clarity as to the information intended to be sought with this Request such that Amazon can respond as to what it will or will not agree to produce. Please confirm whether Amazon will produce documents responsive to this Request.

**RFP No. 30:**

RFP No. 30 seeks documents concerning Amazon's processes and policies for processing returned items. Amazon objected on the grounds that the Request is vague, overbroad, and burdensome, and would only produce documents sufficient to show Amazon's returns processing.

Plaintiffs explained that this Request goes to why or why not, and how, a returned package is inspected, accepted, or rejected. Such documents are relevant because one possible explanation for the wrongful denials experienced by the Plaintiffs is a breakdown in the returns process and/or Amazon's policy decision to prioritize other returns processing goals over accuracy. "Returned Item" is not vague in the context of this Request because it means any item or package returned to Amazon. Amazon requested that Plaintiffs clarify that this Request is not without limitation, such as by changing the Request to documents "sufficient to show," etc.

Plaintiffs disagree that this Request is overly burdensome, and believe that narrowing it to "documents sufficient to show" would be unlikely to capture many documents relevant to

Plaintiffs' claims. Nevertheless, Plaintiffs are willing to narrow Request No. 30 to: (1) Policies, procedures, and training materials regarding receiving, processing, inspecting, documenting, grading, accepting or rejecting Returned Items at Your Fulfillment Centers; (2) reports, studies, or analyses, regarding such policies, procedures, or trainings, or any changes thereto; (3) documents sufficient to show modifications to these policies, procedures, or trainings, in order to address issues with proper processing of receipt of returns; and (4) documents sufficient to show discussion of potential modifications to these policies, procedures, or training materials, in order to address issues with proper processing of receipt of returns. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 31:**

RFP No. 31 seeks information concerning the process and procedure by which Amazon determines whether a returned item was received at a Fulfillment Center. Amazon objected on the grounds that it is vague, overbroad, and burdensome, and would only produce documents sufficient to show Amazon's process for determining or confirming a returned item was received.

Plaintiffs cannot agree to Amazon's limitation on Request No. 31, because documents "sufficient to show Amazon's process" will not include, for example, documents that discuss errors or problems in that process. Nevertheless, Plaintiffs are willing to narrow Request No. 31 to: (1) policies, procedures, or training materials regarding the means by which You determine or confirm that a Returned Item was received (or not received) at Your Fulfillment Centers; and (2) documents discussing those processes, procedures, or trainings. Plaintiffs believe that any further burden arguments can be addressed through the negotiation of search terms. Please confirm Amazon will agree to produce documents responsive to these Requests.

**RFP Nos. 32–33:**

RFP Nos. 32–33 seek information concerning customers' ability to track a returned item, and retention of such data. Amazon objected to these Requests on the grounds that they are overbroad and vague.

Plaintiffs explained they are looking for documents that concern a customer's ability to track the return. For example, at some point Amazon decided to limit customer access to tracking information for 20 days, and Plaintiffs seek information regarding that decision. Amazon requested Plaintiffs change the RFP to "sufficient to show."

Reserving all rights, for the time being Plaintiffs are willing to narrow their Request as follows: (1) documents sufficient to show customers' ability to track the shipment of a Returned Item or package to Your Fulfillment Center, over time; (2) documents sufficient to show changes to a Customer's ability to track the shipment of a Returned Item or package to Your Fulfillment Center; (3) documents discussing the reasons for such changes; and (4) retention policies relating to tracking data. Please confirm Amazon will agree to produce documents responsive to these Requests.

**RFP No. 34:**

RFP No. 34 seeks documents concerning audits or reviews of Amazon's policies and procedures for processing returned items at fulfillment centers. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Amazon asked Plaintiffs to narrow the request to only audits or reviews. Plaintiffs explained that they are seeking the audits and reviews but also discussions that prompt the audits and reviews and discussions regarding the findings of the audits and reviews. Plaintiffs believe that responsive audits or reviews themselves will likely often be "go get" documents, and that any further burden objections can be addressed through search term negotiations.

Amazon understood the request and why Plaintiffs need to cast a wide net. Amazon stated it would determine if there are documents responsive to this Request. Please confirm whether Amazon agrees to produce documents responsive to this Request.

**RFP No. 35:**

RFP No. 35 seeks information regarding Amazon's decision to change language on its website relating to programs whereby a customer would receive a refund before Amazon received the returned item. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that this Request seeks documents reflecting Amazon's understanding of its refund policies, what it has communicated to consumers, and explaining why changes to policies were made. Amazon requested that it be limited to documents sufficient to show changes, but Plaintiffs noted that would not capture explanations of why changes were made. Plaintiffs asked whether Amazon would produce documents if the Request were limited to documents sufficient to show the contents of the "Refunds" page over the Relevant Period and documents sufficient to show the reasons for changes to the "Refunds" page. Counsel for Amazon stated they would confer with Amazon to determine if there are responsive documents.

While reserving all rights, for the time being Plaintiffs are willing to narrow this Request to seek only the following: documents sufficient to show (1) the contents of the "Refunds" page of Your website over the Relevant Time; (2) changes made to the contents of the "Refunds" page of Your website over the Relevant Time; and (3) the reasons for such changes, including but not limited to the reasons for Your decision(s) to add, remove, or change the terms and phrases "Instant Refund," "Refunds at First Scan," "Advanced Refunds," "Advanced Replacement/Exchanges," and "Please note that refunds will be reduced for returned items, such as for signs of customer use or damage, or missing parts, accessories, or manuals." Please confirm whether Amazon will produce documents responsive to this Request.

**RFP No. 36:**

RFP No. 36 seeks information regarding Amazon's understanding of the ease or difficulty for customers attempting to comply with refund and return policies. Amazon objected to this request on the grounds that it is vague, overbroad, and burdensome.

While reserving all rights, for the time being Plaintiffs are willing to narrow this Request to seek only the following: documents sufficient to show (1) any analyses, studies, or reports (whether formal or informal) about the ease or burden to Customers in complying with Your returns or refund policies throughout the Relevant Period, (2) changes to policies made as a result of such analyses, studies, or reports, and (3) the reasons for such decisions. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP Nos. 37–44:**

RFP Nos. 37–44 seek information regarding Amazon's policies for handling returned items that are delivered to or picked up by one of Amazon's designated returns carriers. The Requests also seek the policies Amazon has crafted for those designated carriers, collaborations between Amazon and designated carriers regarding such policies, and policies created by those designated carriers to the extent they are within Amazon's possession, custody, or control. Amazon objected to these Requests on the grounds that they are vague, overbroad, and burdensome.

Plaintiffs explained that these Requests seek information regarding what Amazon told employees and third parties about how to handle returns from drop off and pickup locations. Plaintiffs explained that Amazon should not withhold documents if they can be obtained from third parties with whom Amazon has a contractual business relationship making the documents obtainable. Amazon stated that if Plaintiffs believe Amazon has failed to gather and produce materials from third-parties that are considered within Amazon's custody, care, and control, Plaintiffs should raise an objection at that time. Amazon also requested that Plaintiffs narrow the language of the Requests by limiting them to documents "sufficient to show."

Plaintiffs do not agree to play a guessing game about whether Amazon has failed to produce something it should have. While reserving all rights, for the time being Plaintiffs are willing to narrow these Requests to seek only the following:

- RFP Nos. 37–39: (1) Your internal processes and policies and training materials for handling Returned Items delivered to a UPS Store Dropoff Location or a UPS Access Point Location, or received through UPS Pickup; (2) Your instructions and guidance and training materials to UPS regarding the formulation and implementation of its processes and policies for handling Returned Items delivered to a UPS Store Dropoff Location or a UPS Access Point Location, or received through UPS Pickup, (3) UPS's processes and policies and training materials relating to the same during the Relevant Period; and (4) Documents sufficient to show modifications to any of the above, and the reasons for such modifications.

- RFP No. 40: (1) Your internal processes and policies and training materials for handling Returned Items received by UPS that are not subsequently received at Your Fulfillment Center; (2) Your instructions and guidance and training materials to UPS regarding the formulation and implementation of its process and policies for handling Returned Items received by UPS that are not subsequently received at Your Fulfillment Center; (3) UPS

processes and policies and training materials regarding the same over the Relevant Period to deal with problems as they arose; (4) Documents sufficient to show modifications to any of the above, and the reasons for such modifications; and (5) communications between Amazon and UPS regarding instances where UPS accepts a returned item or package containing a returned item but that item is believed not to have reached Your Fulfillment Center.

- RFP No. 41: (1) the processes and policies, and training materials for handling Returned Items delivered to an Amazon Stores Dropoff Location; (2) Documents sufficient to show the communication of guidance and clarity on the implementation of those processes and policies and training materials; (3) Documents sufficient to show changes in the processes and policies or training materials, and the reasons for such changes; and (4) procedures, policies, and communications between Amazon and its stores regarding instances where a store accepts a returned item or package containing a returned item but that item does not reach Your Fulfillment Center.

- RFP Nos. 42–44: (1) Your internal processes and policies and training materials for handling Returned Items delivered to a Kohl's Dropoff Location, a Staples Dropoff Location, or a Whole Foods Dropoff Location; (2) Your instructions and guidance and training materials to Kohl's, Staples, or Whole Foods regarding the formulation and implementation of its processes and policies for handling Returned Items delivered to a Kohl's Dropoff Location, a Staples Dropoff Location, or a Whole Foods Dropoff Location, (3) Kohl's, Staples, or Whole Foods processes and policies and training materials during the Relevant Period; (4) Documents sufficient to show modifications to any of the above; (5) the reasons for such modifications; and (6) procedures, policies, and communications between Amazon and Kohl's, Staples, or Whole Foods regarding instances where they accepts a returned item or package containing a returned item but that item does not reach Your Fulfillment Center.

Please confirm Amazon will agree to produce documents responsive to these Requests, and explain whether Amazon will attempt to retrieve responsive documents from those third-parties from whom it can do so.

**<u>RFP No. 45:</u>**

RFP No. 45 seeks documents concerning the relative volume and frequency of several specific and defined categories of return events. Amazon objected to this Requests on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that this Request seeks to understand the relative volume of outcomes in the returns process. Amazon reiterated its position that "concerning" is too broad. Amazon stated its view that the RFP is not entirely relevant but it needs clarification before Amazon begins

searching for relevant information. Plaintiffs stated that this is likely a search term issue, and Amazon agreed. Reserving all rights, for the time being Plaintiffs are willing to narrow this Request to seek the following: (a) Documents sufficient to show, over the Relevant Time, the volume and frequency of: (1) returns, (2) Instant Refunds, (3) Refunds at First Scan, (4) Advanced Refunds, (5) Advanced Replacement/Exchanges, (6) Recharges (or Refunds Denied) on the basis that You did not receive the Returned Item, (7) Recharges (or Refunds Denied) on the basis of the Returned Item's condition, and (8) Recharges (or Refunds Denied) on the basis of the Returned Item being the wrong item; and (b) analyses, studies, or reports relating to the volume or frequency of each of the above. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 46:**

RFP No. 46 seeks information regarding Amazon's public statements related to refund and return policies. Amazon objected to this request on the grounds that it is overbroad, vague, and burdensome.

Plaintiffs explained that this Request seeks public statements regarding returns but also documents and information discussing those public statements. Amazon reiterated its objection to "concerning" and asked if Plaintiffs could narrow the Request to "documents sufficient to show." Plaintiffs reiterated their view that documents sufficient to show would capture only the public statement themselves, and not relevant documents or information related to those statements.

"Concerning" should be understood to mean regarding, relating to, related to, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request, and it should be interpreted as broadly as Definition 11 of Amazon's request for production to Plaintiffs. *See* Amazon's Requests For Production at 3 ¶ 11.

Reserving all rights, for the time being Plaintiffs are willing to narrow this Request to seek only the following: Documents sufficient to show Your public communications, blogs and written statements about Your Refund and Returns policies, including those for Instant Refunds, Refunds at First Scan, Advanced Refunds, Advanced Replacement/Exchanges, and partial refunds. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 47:**

RFP No. 47 seeks information regarding the step-by-step process Amazon takes to process a returned item. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs stated they are looking for a logical diagram of how the return process works and documents about the process being broken, and offered to withdraw the request for computer code.

Reserving all rights, for the time being Plaintiffs are willing to narrow this Request to seek only the following: Documents sufficient to show, over the Relevant Period, (1) Your returns management processes, or returns logistics, including, but not limited to, Documents sufficient to

show the step-by-step process You undertake once a Customer requests to return merchandise, including logical diagrams of computerized return and refund processes; and (2) changes to those processes or logistics. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP Nos. 48–50:**

RFP Nos. 48–50 seek information regarding Amazon's knowledge and awareness that its customers are being denied refunds on the basis of nonreceipt in any one of three situations: (1) the customer returned the item to one of Amazon's designated carriers; (2) the returned item arrived at an Amazon Fulfillment Center; or (3) Amazon told the customer not to return the item. Amazon objected to these Requests on the grounds that they are vague, overbroad, burdensome, and assume the existence of Amazon's knowledge or practices.

At the meet and confer, Amazon asked Plaintiffs to narrow the request to "sufficient to show" but Plaintiffs disagreed. Amazon stated its objection that these Requests assume there is a practice. Plaintiffs responded that the allegations in the complaint do establish a practice of incorrectly denying refunds on the basis of nonreceipt. Amazon stated that Amazon's knowledge of the costs associated with fixing its returns process is not relevant. Plaintiffs explained that if someone at Amazon made a cost-benefit decision to not fix a broken returns process, that would be relevant to Plaintiffs' claims—for example, whether Amazon's conduct was unfair or deceptive under the WCPA.

Reserving all rights, for the time being Plaintiffs are willing to narrow these Requests to seek only the following:

- RFP No. 48: Documents sufficient to show (1) when You first became aware of Your acts of Denying a Refund or Recharging a Customer on the basis that You did not receive a Returned Item, when the Returned Item had been delivered to Your Fulfillment Center; (2) how You became aware of those incidents; (3) who discovered those incidents; (4) why these incidents occurred or may occur; (5) the cost to Customers as a result of these incidents; (6) the cost to You to correct these occurrences; and (7) what steps You have planned or undertaken to correct these occurrences.

- RFP No. 49: Documents sufficient to show (1) when You first became aware of Your acts of Denying a Refund or Recharging a Customer on the basis that You did not receive a Returned Item when the Returned Item was delivered to Your Designated Carrier; (2) how You became aware of these incidents; (3) who discovered the incidents; (4) why these incidents occurred or may occur; (5) the cost to Customers as a result of these incidents; (6) the cost to You to correct these occurrences; and (7) what steps You have planned or undertaken to correct these occurrences.

- RFP No. 50: Documents sufficient to show (1) when You first became aware of Your acts of Denying a Refund or Recharging a Customer on the basis that You did not receive a Returned

Item when You instructed the Customer to keep or discard the Returned Item; (2) how You became aware of these incidents; (3) who discovered the incidents; (4) why the incidents occurred or may occur; (5) the cost to Customers as a result of these incidents; (6) the cost to You to correct these occurrences; and (7) what steps You have planned or undertaken to correct these occurrences.

Please confirm Amazon will agree to produce documents responsive to these Requests.

**RFP No. 51:**

RFP No. 51 seeks information concerning customer feedback relating to refunds denied on the basis of nonreceipt. Amazon objected to this Request on the grounds that it is vague, overbroad, and, burdensome.

At the meet and confer, Plaintiffs explained that this Request seeks documents concerning discussions of customer feedback about denied refunds or recharges on the basis of nonreceipt. Amazon stated its view that the Request is overbroad, and Plaintiffs agreed that they could provide clarification that they are seeking exemplars but also Amazon's internal discussions regarding customer feedback.

Reserving all rights, Plaintiffs are willing to narrow RFP No. 51 as follows: (1) Documents Concerning Customer surveys, or reports, analyses, or studies, Concerning Refunds Denied or Recharges imposed on the basis that You did not receive a Returned Item; and (2) Documents sufficient to show throughout the Relevant Period Customer complaints or other feedback Concerning Refunds Denied or Recharges imposed on the basis that You did not receive a Returned Item. Plaintiffs believe any further burden objections can be addressed through search term or other negotiations. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 52:**

RFP No. 52 seeks information regarding Amazon's guidance to employees or agents on how to respond to customer inquiries relating to refunds denied on the basis of nonreceipt. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome. Amazon stated it will produce documents sufficient to identify only the instructions, training, or guidance, but not documents related to each of those.

At the meet and confer, Amazon stated it would provide documents sufficient to show the requested information. But documents "sufficient to show" instructions, guidance, or training on these topics would not reveal, for example, documents about concerns that the training at issue was not sufficient to guide employees on processing returns accurately. Plaintiffs believe that any burden objections can be resolved in the context of search term negotiations. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 53:**

RFP No. 53 seeks documents concerning the programming of Amazon's chatbots to respond to communications regarding refunds denied on the basis of nonreceipt. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that they are seeking information about how Amazon programmed its chatbots to respond to customer complaints regarding denied refunds and recharges. Plaintiffs clarified that they are not seeking the underlying computer programming. Amazon's counsel agreed to confer with Amazon to see what Amazon can agree to produce. Please confirm that Amazon will produce documents responsive to this request.

**RFP No. 54:**

RFP No. 54 seeks information regarding any differences between fulfillment centers in how they process returns and refunds. Amazon objected to this Request on the grounds that it is vague, overbroad, burdensome, and seeks information that is privileged or confidential.

At the meet and confer, Plaintiffs explained that ideally there are no differences between fulfillment centers. Amazon stated its objection that the request is too broad. Plaintiffs offered to stipulate that there are no such differences, and Amazon's counsel agreed to confer with Amazon about such a stipulation. Please provide your client's position as to either a stipulation, or a set of documents it would be willing to produce.

**RFP No. 55:**

RFP No. 55 seeks information regarding Amazon's statements to customers regarding returns, receipt or non-receipt of returns, returns lost in transit, returns of the wrong item, return fraud, refunds, and recharges. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that, in contrast to RFP No. 46, this this Request seeks to understand the different messaging that Amazon provides to its customers in different returns scenarios, and what might trigger different types of communications from Amazon. This could include, for example, scripts used by customer service representatives when speaking to customers, or templates for emails sent to customers, and guidance on when particular scripts or email templates should be used. Plaintiffs offered to limit this request to exemplars as they have changed over time.

Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 56:**

RFP No. 56 seeks information concerning Amazon's costs related to processing of returns, refunds, recharges, handling of complaints, and correction of recharges for already returned merchandise. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP Nos. 57–58:**

RFP Nos. 57–58 seek information regarding the organizational structure of Amazon business units and personnel responsible for, or involved in, returns processing and the structure of teams with persons possessing relevant information. Amazon objected to these requests on the grounds that they are vague, overbroad, and burdensome. Amazon refused to produce any documents in response to these requests.

Plaintiffs explained that organizational charts or documents sufficient to show such organizational structures are clearly relevant and discoverable. Plaintiffs also stated their concern that the failure to identify relevant persons would lead to custodian issues down the road. Amazon stated that its true objection to production is that it does not keep "organizational charts." Plaintiffs noted that that the Requests are not limited to "organizational charts," and also that Amazon did not respond to the Requests by stating that it had no responsive documents. Plaintiffs also asked if Amazon could identify relevant business teams as defined in RFP Nos. 57–58. Amazon stated counsel and client would confer to discuss how it could produce documents sufficient to show individuals within relevant business groups that might have relevant information.

On August 16, 2024, the parties discussed these Requests once again. Amazon's only update was that the teams supporting returns and refunds are very large. Plaintiffs reiterated their position that this is a relevant and foundational request that is necessary for other discovery. Plaintiffs asked if Amazon could start by identifying the names of the teams. Amazon's counsel stated they would confer with Amazon to determine if the team names can be narrowed further.

Please confirm that Amazon will either (1) be amending its answers to RFP Nos. 57–58 to affirmatively state that it has no responsive documents of any kind, or (2) agree to produce documents responsive to these Requests.

**RFP No. 59:**

RFP No. 59 seeks documents and communications exchanged between Amazon and third-parties regarding instances where Amazon denied a refund on the basis of nonreceipt and either (1) Amazon actually received the returned item at its fulfillment center, (2) the returned item was received by a designated returns carrier, and/or (3) Amazon instructed the customer not to return the item. Amazon objected to this Request on the grounds that it is vague, overbroad, burdensome, assumes the existence of a practice, and seeks information that is privileged or confidential.

At the meet and confer, Amazon stated its view that "concerning" and "practice" is ambiguous. Plaintiffs explained that this request seeks nonprivileged communications related to the issues in the complaint. They explained that the Request sufficiently defines the specific occurrences (i.e., the practices) for which Plaintiffs seek relevant communications. Plaintiffs also explained that they are not seeking communications with putative class members. Amazon agreed to discuss producing documents to the extent they exist upon further clarification. Plaintiffs believe that this should supply sufficient clarity, and any burden objections can be addressed in

the course of search term negotiations. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 60:**

RFP No. 60 seeks nonprivileged documents and communications between Amazon and third-parties regarding this lawsuit. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that Amazon should read "third parties" as it is intended in RFP No. 59; that is, Plaintiffs are not seeking communications with putative class members. RFP No. 60 is specifically tailored to communications post-suit regarding this case.

Counsel for Amazon stated they would confer with Amazon to determine if there are documents concerning these requests. Please confirm that Amazon will produce such responsive information.

**RFP No. 61:**

RFP No. 61 seeks information regarding Amazon's record retention and preservation policies and any changes to those policies. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

At the meet and confer, Amazon stated its view that this request seeks privileged communications and/or work product. Documents and information related to the retention and preservation of documents is not inherently privileged or subject to the work product doctrine. *See Erickson v. Biogen, Inc.*, 2019 WL 3238470, at *3 (W.D. Wash. July 18, 2019) (permitting deposition on document preservation and ordering production of document retention policy and non-privileged copies of litigation holds); *Thomas v. Cricket Wireless, LLC*, 2020 WL 7344742, at *3 (N.D. Cal. Dec. 14, 2020) (permitting discovery into the facts surrounding document preservation policies). Please confirm that Amazon will produce responsive documents.

**RFP No. 62:**

RFP No. 62 seeks information regarding departures from Amazon's record retention and preservation policies and the destruction of relevant documents. Amazon objected to this Request on the grounds that it is vague, overbroad and burdensome.

Plaintiffs explained that this Request applies if documents were destroyed that would have otherwise been produced. Plaintiffs stated that if relevant documents were destroyed, internal communications regarding destroyed documents would not be privileged. Please confirm whether there are documents responsive to this Request and confirm that Amazon will not withhold such documents if they exist.

**RFP No. 63:**

RFP No. 63 seeks documents on which Amazon intends to rely in defending this case. Amazon objected to this Request on the grounds that it is premature, vague, overbroad, burdensome, and seeks information that is privileged or confidential.

Amazon stated it would respond to this request at the appropriate time. Amazon may not withhold documents it intends to rely on until a time it deems "appropriate." *Ko Olina Dev., LLC v. Centex Homes*, 2009 WL 10676761, at *2 (D. Haw. Dec. 16, 2009) (compelling production). If Amazon possesses documents it intends to rely on, it must produce those documents now and supplement that production as further documents are identified. Indeed, Federal Rule of Civil Procedure 26(a)(1)(A)(ii) places an independent and affirmative obligation on Amazon to produce documents it may use to support its defenses. *Smiley v. Hologic, Inc.*, 2017 WL 4244861, at *1 (S.D. Cal. Sept. 25, 2017) ("Should a party fail to timely supplement a disclosure or response," sanctions, including exclusion, are appropriate). Please confirm that Amazon will produce documents it intends to rely on in defending this case as they are identified by Amazon.

**RFP No. 64:**

RFP No. 64 seeks documents Amazon relied upon to respond to interrogatories. Amazon objected to this Request on the grounds that it is premature, vague, overbroad, and burdensome.

At the meet and confer, Amazon stated its view that the request is not yet applicable because interrogatories have not yet been served. Amazon represented that when it does provide interrogatory responses, Amazon will produce responsive documents. Please provide confirmation of that commitment in writing.

**RFP No. 65:**

RFP No. 65 seeks documents concerning the claims in this lawsuit. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

At the meet and confer, Plaintiffs stated their position that Amazon's offer to "produce responsive, nonprivileged, nonprotected documents sufficient to show return data related to the order IDs provided in the Complaint" does not comply with the full scope of the request. Plaintiffs believe any burden objections can be resolved with search terms. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP Nos. 66–67:**

RFP Nos. 66–67 seek information regarding Amazon's knowledge of and proposed responses to fraudulent return requests. Amazon objected to these requests on the grounds that they are vague, overbroad, and burdensome.

Amazon objected to the term "concerning" and requested that Plaintiffs narrow the scope of this request to "sufficient to show." Plaintiffs explained that this Request seeks information

regarding a potential defense by Amazon related to purported returns fraud, and until Plaintiffs have more information regarding Amazon's defenses, they cannot cabin these Requests further.

Reserving all rights, for the time being Plaintiffs are willing to narrow their Request as follows: Documents (1) Amazon intends to use to support any defense related to fraudulent returns; (2) sufficient to show the processes and procedures Amazon uses determine whether a return is fraudulent; (3) sufficient to show the procedures and actions Amazon follows after determining a return is fraudulent, including any training materials, scripts, email templates, or other such materials reflecting messaging regarding how to communicate with consumers regarding such determinations. Please confirm Amazon will agree to produce documents responsive to this Request.

**<u>RFP No. 68:</u>**

RFP No. 68 seeks documents sufficient to identify Fulfillment Centers servicing customers in the U.S. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that this is a straightforward "go get" request. Plaintiffs offered to limit this request to only those facilities handling returns. Counsel for Amazon stated they would confer with Amazon to determine if there are documents concerning this Request. Please confirm Amazon will agree to produce documents responsive to this Request.

**<u>RFP No. 69:</u>**

RFP No. 69 seeks the identity of third parties that aid in the processing of returned items or issuance of recharges or refunds. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained they are seeking information regarding non-Amazon employees (e.g., consultants; out-sourcing) who assist with the returns and refund process. Plaintiffs are not seeking information regarding individual contract day laborers playing a minor role in the returns/refunds process. Amazon's counsel stated they would discuss producing relevant information with Amazon. Please confirm Amazon will agree to produce documents responsive to this Request.

**<u>RFP No. 70:</u>**

RFP No. 70 seeks documents regarding the internal policies of third parties that aid in the processing of returned items or issuance of recharges or refunds. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained that if Amazon provides guidance to such third parties, Plaintiffs want information relating to that guidance. Amazon's counsel stated it would confer with Amazon to determine if there are responsive materials. Please confirm whether Amazon will produce responsive information.

**<u>RFP No. 71:</u>**

RFP No. 71 seeks information regarding any decision or discussion by Amazon to audit, review, or change its policies and procedures for processing returns at Fulfillment Centers. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Plaintiffs explained this Request differs from RFP No. 34 because it seeks information regarding the decision to conduct such audits or reviews or the decision to change policies or procedures for processing returns and refunds. Plaintiffs stated this request also seeks information regarding decisions to change returns and refunds procedures and processes that may have caused the issues faced by Plaintiffs. Amazon stated its view that "concerning" is too broad and this request captures irrelevant information.

Reserving all rights, Plaintiffs are willing to narrow this Request to seek the following: Documents Concerning any decision or discussion to audit, review, alter, or change Your policies or procedures for processing Returned Items, Recharges or refunds at Your Fulfillment Centers or customer service centers, to they extent they relate to instances where Amazon denied a refund on the basis of nonreceipt and either (1) Amazon actually received the returned item at its fulfillment center, (2) the returned item was received by a designated returns carrier, and/or (3) Amazon instructed the customer not to return the item. Plaintiffs believe any further burden objection can be addressed through search term negotiations. Please confirm Amazon will agree to produce documents responsive to this Request.

**<u>RFP Nos. 72–73:</u>**

RFP No. 72 seeks documents sufficient to show the Transactional Data relied upon by Amazon employees when handling customer inquiries concerning refunds relevant to this lawsuit. Amazon objected to this Request as overbroad and unduly burdensome, and to the extent it seeks Transactional Data relating to customers not named in the lawsuit. RFP No. 73 seeks documents concerning the guidance and training for customer service agents when handling such customer inquiries. Amazon objected to this Request, and stated it would produce only documents "sufficient to show" instructions provided.

Plaintiffs explained that with Request No. 72, Plaintiffs want to know the type and fields of data that customer services representatives are looking at when assessing customer inquiries relating to returns where refunds were denied, or re-charged. An example could be a screenshot of the screen that a representative would have access to. Plaintiffs explained that Request No. 73 seeks information regarding Amazon's guidance to customer service representatives about how to use and interpret that data in processing customer complaints. Amazon's counsel stated it would confer with Amazon to discuss producing relevant materials.

Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 74:**

RFP No. 74 seeks documents sufficient to identify the hardware and software Amazon uses to support its returns processing. Amazon objected to this Request on the grounds that it is vague, overbroad, burdensome, and seeks information that is privileged or confidential.

Plaintiffs clarified that they do not need all hardware and software, but in light of the issues Plaintiffs have faced seek to understand the technical aspects of the returns/refund process from the unloading of a returned item, processing, and entering returns data into Amazon's systems. For example, if Amazon uses barcode scanner or camera scanning technology when processing returns, Plaintiffs seek documents sufficient to show what types of barcode scanners, and how such technology is used in the process. If training manuals sufficiently describe the returns process, and how employees or agents utilize any hardware or software in that process, then training materials could potentially satisfy this Request, which is limited to "documents sufficient to identify." Plaintiffs agree not to seek proprietary information regarding computer code, or the development of proprietary technology. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 75:**

RFP No. 75 seeks information concerning the quality and efficiency of Amazon's returns processing, including documents concerning failures to meet desired goals and remedial actions. Amazon objected to this Request on the grounds that it is vague, overbroad and burdensome.

Plaintiffs are seeking information about goals that Amazon may have relating to the speed or efficiency of its returns processing, and whether such speed or efficiency goals may put pressure on employees, and/or lead to errors in returns processing.

Reserving all rights, Plaintiffs are willing to narrow this Request to seek the following: (1) documents sufficient to show any goals relating to the quantity, quality, speed, or efficiency of Your return processing processes, procedures, or handling; (2) any analyses, reports, or studies relating to the quantity, quality, speed, or efficiency of Your return processing processes, procedures, or handling; (3) documents sufficient to show any problems with the quantity, quality, speed, or efficiency of Your return processing processes, procedures, or handling. Please confirm Amazon will agree to produce documents responsive to this Request.

**RFP No. 76:**

RFP No. 76 seeks information concerning employee incentives that consider the quality or efficiency of processing returns. Amazon objected to this Request on the grounds that it is vague, overbroad, and burdensome.

Amazon claimed that this Request is not sufficiently relevant. Plaintiffs explained that they are looking to understand whether there are employee incentives that might have created the issues faced by Plaintiffs. Amazon stated that with clarifications it will search for documents that might exist.

Reserving all rights, Plaintiffs agree to narrow this Request as follows: (1) Documents sufficient to show policies or procedures regarding incentives or benefits that consider the quantity, quality, speed, or efficiency of processing, approving, rejecting, or reselling Returned Items; (2) documents reflecting any analysis, study, or report, regarding the consequences of such policies or procedures; and (3) documents relating to any proposed changes to such policies or procedures, and the reasons therefore. Please let us know if Amazon will agree to produce documents responsive to this Request.

* * *

Plaintiffs request a response to this letter by October 7, 2024.

Regards,

/s/ Nolan Anderson

Nolan Anderson

cc: Plfs_service_amazon_returns@ziglerlawgroup.com