# Exhibit G

THE HONORABLE JUDGE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | Case No.: 2:23-cv-01372-JNW<br><br>**DEFENDANT AMAZON.COM, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant Amazon.com, Inc.

SET NUMBER: TWO (NOS. 78-144)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Amazon.com, Inc. objects and responds to Plaintiffs' Second Set of Requests for Production of Documents[1] dated November 21, 2024. Amazon's investigation in this action is ongoing, and Amazon reserves the right to amend or supplement its objections and/or responses to these Requests. Any statement by Amazon that it will produce documents in response to a Request is not a representation that responsive documents exist. Amazon will not produce documents protected by the attorney-client privilege or the attorney work-product doctrine.

[1] Plaintiffs did not serve a Request for Production No. 77. Plaintiffs' First Set of Requests for Production of Documents dated April 23, 2024, contains Request for Productions Nos. 1-76. Plaintiffs' Second Set of Requests for Production of Documents dated November 21, 2024, contains Request for Productions Nos. 78-144. Amazon's responses and objections correspond to Plaintiffs' numbering.



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Amazon objects to Instruction No. 2 because it calls for the production of "all Documents," which is overbroad, unduly burdensome, and not proportional to the needs of this Action, and because the burden of obtaining the sought information outweighs any probative value. Amazon also objects to this instruction to the extent it calls for the production of all Documents "that any other person or entity acting or purporting to act on Your behalf has the practical ability to obtain" because it purports to require Amazon to seek discovery from nonparties to this Action. Amazon further objects to this instruction to the extent it seeks privileged information. If responsive documents are in Amazon's custody and control, Amazon will produce them.

2. Amazon objects to Instruction No. 3 to the extent it requires Amazon to seek discovery from nonparties to this Action.

3. Amazon objects to Instruction No. 5 because the request to produce documents "organized and labeled to correspond with the categories of the Request in response to which it is being produced" seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action.

4. Amazon objects to Instruction No. 7 to the extent it calls for information beyond the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action.

5. Amazon objects to Instruction No. 8 to the extent it seeks production of information protected by the attorney-client privilege, attorney work-product doctrine, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Amazon does not agree to produce the "entire Document" for all documents. Should Amazon not produce the "entire Document" and Plaintiffs disagree, Amazon is willing to meet and confer to discuss specific documents. If Amazon redacts for relevance, it will make those redactions clear to Plaintiffs. The parties can then confer if needed to address any questions.

6. Amazon objects to Instruction No. 12 to the extent it seeks to impose greater obligations than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action.

7. Amazon objects to Instruction No. 13 because "the search for, collection and production of all responsive Documents" is overbroad, unduly burdensome, and not proportional to the needs of this Action, and because the burden of obtaining the sought information outweighs any probative value. Amazon further objects to this instruction to the extent the phrase "all responsive Documents that you have the practicable ability to obtain" requires Amazon to seek discovery from nonparties to this Action.

8. Amazon objects to Instruction No. 15 to the extent it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action.

9. Amazon objects to the definition of "Advanced Refunds" and "Instant Refunds" as overbroad. Amazon will interpret this term in the way it has been used on the Refunds webpage, accessible at https://www.amazon.com/gp/help/customer/display.html/ref=help_search_1-1?ie=UTF8&nodeId=GKQNFKFK5CF3C54B, during the Relevant Period. Amazon will not withhold documents that reflect responsive return and refund policies on the basis that the name of Amazon's policies changed over time.

10. Amazon objects to the definition of "Amazon," "You," and "Your" as overbroad and ambiguous and to the extent the definition is used to seek information from entities outside the scope of this Action, privileged information, or information not in Amazon's possession, custody, or control. Amazon will interpret this definition to exclude any such entities and information.

11. Amazon objects to the definition of "Charge Confirmation Email" to the extent it seeks information and/or documents already in Plaintiffs' possession, custody, or control, or information and/or documents that are readily available to Plaintiffs.

12. Amazon objects to the definition of "Chatbot" as "any automated customer service chatroom function" because it is overbroad, unduly burdensome, and not proportional to the needs of this Action, and because it seeks information not relevant to any issue in this Action, and because the burden of obtaining the sought information outweighs any probative value. Amazon will interpret this term to mean automated customer service chatroom functions that respond to customer inquiries about refunds and recharges in the United States during the Relevant Period.

13. Amazon objects to the definition of "Communication" and "Communications" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this Action to the extent it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action. Amazon further objects to this definition to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection.

14. Amazon objects to the definition of "Concerning," "Regarding," "Showing," "Relating To," and "Related To" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this Action to the extent it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action.

15. Amazon objects to the definition of "Denied a Refund" and "Denying a Refund" to the extent it implies that a decision not to give a refund to a customer is a "failing." Amazon objects to the definition of "Refund Denied" to the extent it assumes that a customer is "entitled to receive" a refund for any Returned Item received and processed through an Amazon Fulfillment Center.

16. Amazon objects to the definition of "Drop Off Returns" to the extent it implies that all returns at drop-off locations are label-free, box-free returns.

17. Amazon objects to the definition of "Fulfillment Center" because the inclusion of "Amazon's use in the normal course of business" is overbroad, unduly burdensome, and not proportional to the needs of this Action and because the burden of obtaining the sought information

outweighs any probative value. Amazon will interpret this term in accordance with Amazon's use on its Conditions of Use webpage during the Relevant Period. Amazon will produce responsive information regarding facilities where a returned item may be processed.

18. Amazon objects to the definition of "Identify" as overbroad, unduly burdensome, not relevant to any claims in this Action, and not proportional to the needs of this Action, and because it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action. Amazon objects to subsections (a)-(c) of this definition to the extent they purport to require Amazon to disclose private or personally identifiable information of its employees, customers, or users. When producing documents, Amazon will not redact employees' names, but it reserves the right to redact employees' personal information, such as personal phone numbers and Social Security numbers. Amazon also reserves the right to redact its customers' personally identifiable information—other than Plaintiffs' information—unless a class is certified.

19. Amazon objects to the definition of "Person," "Persons," "People," and "Customer(s)" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this Action and because it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action. Amazon further objects to the definition of these terms to the extent it seeks attorney-client privileged or other privileged information.

20. Amazon objects to the definition of "Putative Class" to the extent that it assumes the existence of a class. Amazon denies that a class exists or that one can or should be certified.

21. Amazon objects to the definition of "Recharge(s)" because the reference to "Your policies or instructions" is vague and overbroad. Amazon further objects to this definition to the extent it seeks information and/or documents already in Plaintiffs' possession, custody, or control or information and/or documents that are readily available to Plaintiffs.

22. Amazon objects to the definition of "Refund Confirmation Email" to the extent it seeks information and/or documents already in Plaintiffs' possession, custody, or control or information and/or documents that are readily available to Plaintiffs.

23. Amazon objects to the definition of "Returned Item" as overbroad, unduly burdensome, and not proportional to the needs of this Action and because it seeks to impose greater obligations on Amazon than those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, or any orders or stipulations governing this Action. Amazon further objects to the definition of this term to the extent it seeks attorney-client privileged or other privileged information.

24. Amazon objects to the definition of "Return Reminder Email" to the extent it seeks information and/or documents already in Plaintiffs' possession, custody, or control or information and/or documents that are readily available to Plaintiffs.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show the meaning of each of the columns and fields in data productions Amazon makes to Plaintiffs in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Amazon objects to the term "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "columns and fields" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request because it is unduly burdensome, not relevant to any claims in this Action, not proportional to the needs of this Action, and because the expense of obtaining the sought information outweighs any probative value.

Amazon objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

Amazon objects to this Request to the extent it seeks information protected by the duty of confidentiality or any other applicable privilege, immunity, doctrine, or protection.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show the meaning of the columns in the excels produced by Amazon as AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297, if any such documents exist, that are within Amazon's possession, custody, or control and that can be obtained after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to show tracking data of each specific item described in the below Requests that were returned by Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, or Vince Vojtko.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Amazon objects to the undefined phrase "tracking data" as vague and ambiguous and because it fails to describe with particularity the information sought.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23, 24, and 72.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show return data for Plaintiffs' order IDs at issue in the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 80</u>:**

Documents sufficient to show Your tracking information which enabled "Pamela Mae T." to "confirm[] that [You] mistakenly charged [Laura Abbott] for [an] order that was already returned" and that You made an "error," as stated in the "Message From Customer Service" dated June 14, 2023, referenced at paragraph 78 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 80</u>:**

Amazon objects to the definitions of "Your" and "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "tracking information" as vague and ambiguous and because it fails to describe with particularity the information sought.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production No. 72.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show return data for the return referenced in paragraph 78 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 81</u>:**

Documents sufficient to show Pamela Mae T.'s request to refund $13.13 to Laura Abbott's Card, as stated in the "Message From Customer Service" dated June 14, 2023, referenced at paragraph 78 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Amazon objects to the undefined phrase "request to refund" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show a refund request associated with the customer's Amazon account for the return referenced in paragraph 78 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 82:**

Documents sufficient to show the basis for and information received causing You to send an email to Jill Cappel on January 28, 2023 stating that her "return is now complete," as referenced at paragraph 82 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Amazon objects to the definition of "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "refund was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 82 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 82 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to show the basis for and information received causing You to charge Jill Cappel's credit card for $22.99 and to send Ms. Cappel a Charge Confirmation Email, as referenced at paragraphs 83 and 84 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Amazon objects to the definitions of "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request as unduly burdensome.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraphs 83 and 84 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to show Your record of the receipt of curtain set(s) or a package dropped off by Michelle Estep on or about October 3, 2023 at the Amazon Store in Long Beach, California, as referenced at paragraph 87 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Amazon objects to the definition of "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 87 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 85:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Michelle Estep on or about October 3, 2023, which item is referenced at paragraphs 86–91 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package as referenced in paragraph 86-91 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 86:**

Documents sufficient to show the basis for and information received causing you to email Michelle Estep on or about October 3, 2023 confirming Your receipt of two curtain sets, as referenced at paragraph 87 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Amazon objects to the defined terms "You" and "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 87 of the Consolidated Complaint, if any such documents exist, that

are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 87:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Michelle Estep on or about October 3, 2023 confirming her return was complete, as referenced at paragraph 88 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Amazon objects to the defined terms "You" and "Refund Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming her return was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 88 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 88 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Michelle Estep on or about November 7, 2023 as a reminder to return one of the curtain sets, as referenced at paragraph 89 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Amazon objects to the defined terms "You" and "Return Reminder Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason a return reminder email was sent regarding one of the curtain sets in the return referenced in paragraph 89 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to show the basis for and information received causing You to charge Michelle Estep $12.56 on or about November 23, 2023, as referenced at paragraph 90 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Amazon objects to the defined term "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 90 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 90:**

Documents sufficient to show Your record of the receipt of a Ziploc Bag Organizer or package dropped off by Sima Hernandez on or about January 17, 2023 at a Kohl's store, as referenced at paragraph 94 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 94 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 91:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Sima Hernandez on or about January 17, 2023, which item is referenced at paragraphs 92–96 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package as referenced in paragraph 92-96 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show the basis for and information received causing you to email Sima Hernandez on or about January 17, 2023 confirming Your receipt of a Ziploc Bag Organizer, as referenced at paragraph 94 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Amazon objects to the defined terms "You" and "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming Your receipt of a Ziplock Bag Organizer" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in

paragraph 94 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 94 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show the basis for and information received causing You to charge Sima Hernandez $54.32 on or about March 8, 2023, as referenced at paragraph 95 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Amazon objects to the defined term "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 95 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show Your record of the receipt of a Bedding Set or package dropped off by Maria Khangi on or about August 4, 2023 at a Kohl's store, as referenced at paragraph 99 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Amazon objects to the term "Your" on the bases identified in the Objections to instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request as vague and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off

site, referenced in paragraph 99 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 95:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Maria Khangi on or about August 4, 2023, which item is referenced at paragraphs 97–103 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague and ambiguous, and overbroad.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package as referenced in paragraphs 97-103 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 96:**

Documents sufficient to show the basis for and information received causing you to email Maria Khangi on or about August 4, 2023 confirming Your receipt of a Bedding Set, as referenced at paragraph 99 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Amazon object to the defined terms "You" and "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming Your receipt of a Bedding Set" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 100 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 99 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 97</u>:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Maria Khangi on or about August 4, 2023 as a reminder to return the Bedding Set, as referenced at paragraph 101 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 97</u>:**

Amazon objects to the defined terms "You" and "Return Reminder Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason a return reminder email was sent regarding the bedding set referenced in paragraph 101 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 98</u>:**

Documents sufficient to show the basis for and information received causing You to send Maria Khangi a Charge Confirmation Email and then charge Maria Khangi $41.64 on or about September 23, 2023, as referenced at paragraph 102 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Amazon objects to the defined terms "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 102 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 99:**

Documents sufficient to show Your record of the receipt of a Reptile Light or package dropped off by Joshua Soto Lopez on or about September 23, 2023 at a Kohl's store, as referenced at paragraphs 106 and 107 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraphs 106 and 107 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 100:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Joshua Soto Lopez on or about September 23, 2023, which item is referenced at paragraphs 104–115 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's processing of the return referenced in paragraphs 104-115 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 101:**

Documents sufficient to show the basis for and information received causing you to email Joshua Soto Lopez on or about September 23, 2023 confirming that the return was complete and further confirming a refund, as referenced at paragraph 107 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Amazon objects to the defined term "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the undefined phrase "confirming that the return was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 107 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraphs 106 and 107 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 102:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Joshua Soto Lopez on or about October 28, 2023 as a reminder to return a Reptile Light, as referenced at paragraph 109 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Amazon objects to the defined terms "You" and "Return Reminder Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason a return reminder email was sent regarding the reptile light referenced in paragraph 109 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 103:**

Documents sufficient to show the identity of Your representative and the information the representative accessed indicating that the status of Joshua Soto Lopez's item had not been updated in the Fulfillment Center as returned due to an "error," as referenced at paragraph 110 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show data for the return referenced in paragraph 110 of the Consolidated Complaint that would have been available to a customer service agent, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 104</u>:**

Communication(s) between Joshua Soto Lopez and Amazon, as referenced at paragraphs 110 and 112 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 104</u>:**

Amazon objects to the definition of the defined terms "Communication(s)" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show the interactions referenced in paragraphs 110 and 112 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 105</u>:**

Documents sufficient to show what Your representative did to purportedly "fix[]" the "error," as referenced at paragraph 110 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because the interaction speaks for itself.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 106:**

Documents sufficient to show the basis for and information You received causing You to attempt to Recharge Joshua Soto Lopez $17.33 on or about November 12, 2023, as referenced at paragraph 111 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Amazon objects to the defined terms "You" and "Recharge" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request vague and ambiguous.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for attempting to charge the customer's Amazon account as referenced in paragraph 111 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to show the identity of Your representative and the information the representative consulted in order to tell Joshua Soto Lopez that the attempt to Recharge that took place on or about November 12, 2023 "might be the mistake from the carrier," as referenced at paragraph 112 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Amazon objects to the defined terms "You" and "Recharge" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to the phrase "mistake from the carrier," to the extent that it implies that Amazon erroneously or mistakenly made any charge or that Amazon intentionally and systemically denied customers refunds.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show data for the return referenced in paragraph 112 of the Consolidated Complaint that would have been available to a customer service agent, if any such documents exist, that are within

Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 108:**

The "detailed note of this conversation" prepared by Your representative, as referenced at paragraph 112 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce nonprivileged, nonprotected documents sufficient to show customer service notes associated with the customer's Amazon account for the return referenced in paragraph 112 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 109:**

Documents sufficient to show, with respect to the "highlight[ing]" referenced in paragraph 112 of the Amended Complaint, (a) the substance of what was "highlighted" regarding Joshua Soto Lopez's issue "to the concern team," (b) who the sender(s) and recipient(s) of that "highlight[ing]" were, (c) the date of that "highlight[ing]," and (d) what steps were taken in response to that "highlight[ing]."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 109</u>:**

Amazon objects to the defined term "regarding" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and overbroad.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce nonprivileged, nonprotected documents sufficient to show customer service notes associated with the customer's Amazon account for the return referenced in paragraph 112 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 110</u>:**

Documents sufficient to show Your representative's "successful[] initiat[ion]" of a "refund back to [Joshua Soto Lopez's] card," as referenced at paragraph 112 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 110</u>:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and overbroad.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show initiation of a refund back to the payment method associated with the customer's Amazon account for the return referenced in paragraph 112 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 111:**

Documents sufficient to show the basis for and information received causing You to send Joshua Soto Lopez a Charge Confirmation Email and then charge Joshua Soto Lopez $17.33 on or about November 17, 2023, as referenced at paragraph 113 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Amazon objects to the defined terms "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 113 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to show Your record of the receipt of a dress or package dropped off by Melissa Urbancic on or about August 16, 2022 at a UPS Store, as referenced at paragraph 118 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 118 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 113:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Melissa Urbancic on or about August 16, 2022, which item is referenced at paragraphs 116–120 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 113</u>:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package as referenced in paragraphs 116-120 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 114</u>:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Melissa Urbancic on or about August 16, 2022 confirming her return was complete, as referenced at paragraph 118 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 114</u>:**

Amazon objects to the defined terms "You" and "Refund Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming her refund was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 118 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 118 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 115</u>:**

Documents sufficient to show the basis for and information received causing You to send Melissa Urbancic a Charge Confirmation Email and then charge Melissa Urbancic $23.75 on or about October 5, 2022, as referenced at paragraph 119 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 115</u>:**

Amazon objects to the defined terms "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 119 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 116:**

Documents sufficient to show Your record of the receipt of an elbow brace or package dropped off by Heriberto Valiente on or about January 12, 2022 at a UPS Store, as referenced at paragraph 122 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 122 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 117:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Heriberto Valiente on or about January 12, 2022, which item is referenced at paragraphs 121–126 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Amazon objects to the defined terms "Your" and "Fulfillment Center" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package, referenced in paragraphs 121-126 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 118</u>:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Heriberto Valiente on or about January 12, 2022 confirming his return was complete, as referenced at paragraph 122 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 118</u>:**

Amazon objects to the defined terms "You" and "Refund Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming his return was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 122 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 122 of the Consolidated Complaint, if any such documents exist, that

are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 119:**

Documents sufficient to show the basis for and information received causing You to send Heriberto Valiente a Refund Confirmation Email on or about February 8, 2022 confirming that You received the elbow brace and again confirming that the return was complete, as referenced at paragraph 123 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Amazon objects to the defined terms "You" and "Refund Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 123 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 120</u>:**

Documents sufficient to show the basis for and information received causing You to email Heriberto Valiente on or about February 16, 2022 informing him that You had not yet received the elbow brace, as referenced at paragraph 124 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 120</u>:**

Amazon objects to the defined term "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason a return reminder email was sent regarding the elbow brace referenced in paragraph 124 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 121</u>:**

Documents sufficient to show the basis for and information received causing You to send Heriberto Valiente a Charge Confirmation Email on or about March 4, 2022 and charging him $19.97, as referenced at paragraph 125 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 121</u>:**

Amazon objects to the defined terms "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraph 125 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 122</u>:**

Documents sufficient to show Your record of the receipt of a package dropped off by Vince Vojtko on or about August 27, 2023 at a CVS, as referenced at paragraph 131 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "record of the receipt" as vague, ambiguous, and not proportional to the needs of this Action.

Amazon objects to this Request as vague and overbroad.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraph 131 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 123:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Vince Vojtko on or about August 27, 2023 and received by Amazon on or about August 29, 2023, which item is referenced at paragraphs 127–142 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Amazon objects to the defined terms "Your," "Fulfillment Center," and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "return center" as vague, ambiguous, and not proportional to the needs of this Action. Amazon will interpret "return center" to be an Amazon facility where a returned item may be processed.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show Amazon's processing of an item or package, referenced in paragraphs 127-142 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 124</u>:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Vince Vojtko on or about August 27, 2023 confirming his return was complete, as referenced at paragraph 132 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 124</u>:**

Amazon objects to the defined terms "You" and "Refund Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to the phrase "confirming his return was complete" as incomplete and misstating the facts. The Refund Confirmation Email that Plaintiffs included in paragraph 132 of the Consolidated Complaint states, "Your return is now complete*." The corresponding asterisk states, "*This is an advanced refund. If we don't receive the item listed above, we may charge your original payment method."

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show Amazon's receipt of an item or package dropped off at a designated Amazon return drop-off site, referenced in paragraphs 131 and 132 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 125</u>:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Vince Vojtko on or about October 1, 2023 as a reminder to return the Hood Lock, as referenced at paragraph 135 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 125</u>:**

Amazon objects to the defined terms "You" and "Return Reminder Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason a return reminder email was sent regarding the hood lock referenced in paragraph 135 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**<u>REQUEST FOR PRODUCTION NO. 126</u>:**

Documents sufficient to show the basis for and information received causing You to send Vince Vojtko a Charge Confirmation Email on or about October 16, 2023 and charging him $19.30, as referenced at paragraphs 136 and 137 of the Amended Complaint.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 126</u>:**

Amazon objects to the defined terms "You" and "Charge Confirmation Email" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrases "basis for" and "information received" as vague and ambiguous.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23 and 24.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced data sufficient to show the reason for the charge referenced in paragraphs 136 and 137 of the Consolidated Complaint. *See* AMZ_RETURN_00000295, AMZ_RETURN_00000296, and AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to show the identity of Your representative "Harikrishnan" and the information the representative consulted in order to tell Vince Vojtko that You received the item, that Mr. Vojtko would not be charged for it, and that the $19.30 was added to his Amazon gift card, as referenced at paragraph 138 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Amazon objects to the defined term "Your" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show data for the return referenced in paragraph 138 of the Consolidated Complaint that would have been available to a customer service agent, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 128:**

Communication(s) between Vince Vojtko and Amazon, as referenced at paragraphs 138 and 140 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Amazon objects to the defined terms "Communication(s)" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show the interactions referenced in paragraphs 138 and 140 of the Consolidated Complaint, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 129:**

Documents sufficient to show the information Amazon Customer Service consulted in order to determine that Vince Vojtko was "mistakenly charged," as referenced at paragraph 139 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Amazon objects to the term "determine" to the extent it incorrectly implies that Amazon "mistakenly charged" Plaintiff Vojtko or that Amazon intentionally and systemically denied customers refunds.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show data for the return referenced in paragraph 139 of the Consolidated Complaint that would have been available to a customer service agent, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 130:**

Documents sufficient to show the identity of Your representative and the information the representative accessed to confirm that Amazon's $19.30 charge was in error, as referenced at paragraph 141 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Amazon objects to the defined terms "Your" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the phrase "charge was in error," to the extent that it implies that Amazon erroneously or mistakenly made any charge or that Amazon intentionally and systemically denied customers refunds.

Amazon objects to this Request because it seeks documents and/or information not relevant to this Action and in violation of individuals' privacy interests.

Amazon objects to this Request to the extent it seeks documents that are available to Plaintiffs from sources that are less burdensome, including materials that are already in Plaintiffs' possession.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show return data for the return referenced in paragraph 141 of the Consolidated Complaint that would have been available to a customer service agent, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to show the basis for and information in the Knowledge Center concerning the processing of returns and the issuance of refunds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Amazon objects to the defined term "concerning" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the undefined phrase "basis for and information" as vague and ambiguous.

Amazon objects to this Request to the extent it seeks information protected by the duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection.

Amazon objects to this Request as it is duplicative of Request for Production Nos. 52 and 55, for which Amazon already produced documents sufficient to show instructions to Amazon's employees or agents regarding inquiries about denied refunds and recharges on the basis of non-receipt of the expected items.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 132:**

Documents sufficient to show the meaning of the term "retrocharge" as used by Amazon in connection with returns and refunds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Amazon objects to the definition of the defined term "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and ambiguous.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to show the job title, responsibilities, business units, departments, or divisions, direct reports, and superiors of the individuals listed in part A of Amazon's Initial

Disclosures and part A of Amazon's Electronically Stored Information ("ESI") Disclosures, for September 5, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Amazon objects to the definition of the defined term "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as it is overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of Interrogatory No. 1, for which Amazon already responded with this information.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon refers Plaintiffs to its response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 134:**

Documents sufficient to show the functions of the business unit in which the individuals listed in paragraph A of Amazon's Initial Disclosures work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Amazon objects to the definition of the defined term "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to the terms "functions" and "business unit" as vague and ambiguous.

Amazon objects to this Request as it is overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of Interrogatory No. 1, for which Amazon already responded with this information.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon refers Plaintiffs to its response to Interrogatory No. 1.

**<u>REQUEST FOR PRODUCTION NO. 135</u>:**

Documents sufficient to show or describe the process pursuant to which refunds are processed.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 135</u>:**

Amazon objects to this Request as vague, ambiguous, and overbroad.

Amazon objects to the phrase "process pursuant to which refunds are processed" as vague and ambiguous.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 47 and 74.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show the logistics of Amazon's return process when a physical item is returned by a customer and processed by Amazon, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**<u>REQUEST FOR PRODUCTION NO. 136</u>:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing operations processing details for physically returned items," as referenced in part B of Amazon's ESI Disclosures.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 136</u>:**

Amazon objects to the definition of the defined terms "relating to" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23, 24, 47, and 79.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced the data contained in the data table containing operations processing details for physically returned items as it relates to Plaintiffs' transactions referenced in the Consolidated Complaint. *See* AMZ_RETURN_00000295.

**<u>REQUEST FOR PRODUCTION NO. 137</u>:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing transportation-related details for returned items," as referenced in part B of Amazon's ESI Disclosures.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 137</u>:**

Amazon objects to the definition of the defined terms "relating to" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23, 24, and 79.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced the data contained in the data table containing transportation-related details for returned items as it relates to Plaintiffs' transactions referenced in the Consolidated Complaint. *See* AMZ_RETURN_00000296.

**REQUEST FOR PRODUCTION NO. 138:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing concession, transportation, and processing details for returned items that were refunded," as referenced in part B of Amazon's ESI Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Amazon objects to the definition of the defined terms "relating to" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 23, 24, 47, and 79.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon produced the data contained in the data table containing concession, transportation, and processing details for returned items that were refunded as it relates to Plaintiffs' transactions referenced in the Consolidated Complaint. *See* AMZ_RETURN_00000297.

**REQUEST FOR PRODUCTION NO. 139:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "customer service system with customer service contacts and communications," as referenced in part B of Amazon's ESI Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Amazon objects to the definition of the defined terms "relating to" and "Amazon" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as overbroad, vague, and ambiguous.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 72, 103, 107, 127, 129, 130, and 131.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents referenced in the Consolidated Complaint relating to Plaintiffs' customer service contacts and communications, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 140:**

Documents sufficient to Identify all entities authorized by you to accept Drop Off Returns during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Amazon objects to the definition of the defined terms "Identify," "You," and "Drop Off Returns" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as vague and overbroad.

Amazon objects to this Request because it is unduly burdensome and not proportional to the needs of this Action.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 37-40 and 42-44.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 141:**

Documents sufficient to Identify all third parties with whom you contracted to process Returned Items, Recharges, and refunds during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Amazon objects to the definition of the defined terms "Identify," "You," and "Recharges" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as overbroad and unduly burdensome.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production Nos. 69 and 70.

Amazon objects to this Request as it is duplicative of Interrogatory No. 2, for which Amazon already responded with this information.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon refers Plaintiffs to its response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 142:**

Documents concerning the decision to rename "Instant Refunds" to "Advanced Refunds."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Amazon objects to the definition of the defined terms "concerning," "Instant Refunds," and "Advanced Refunds" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request as it is duplicative of what Amazon agreed to produce for Request for Production No. 35.

Amazon objects to this Request as overbroad because it seeks information not relevant to the claims in this Action.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon will produce responsive, nonprivileged, nonprotected documents sufficient to show the contents of Amazon's "Refunds" webpage over the Relevant Period; changes made to the contents of the "Refunds" page over the Relevant Period; and the reasons for those changes, if any such documents exist, that are within Amazon's possession, custody, or control and that can be located after a reasonable search proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to show the process for and individuals involved in Your "determine[ation] [*sic*] during processing that the customer did not send back the correct item," leading You to "later re-charge the customer," as described in your Partial Motion to Dismiss at page 5 (Document 31 Filed 11/08/23).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Amazon objects to the defined terms "Your," "Customer," "You," and "Recharge" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request to the extent it seeks information protected by the duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show who was involved in the programming of Your Chatbots for topics concerning Refunds Denied or Recharges imposed on the basis that You did not receive a Returned Item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Amazon objects to the defined terms "Your," "Chatbot," "concerning," "Refunds Denied," "Recharges," and "You" on the bases identified in the Objections to Instructions and Definitions above and incorporates those bases herein.

Amazon objects to this Request to the extent it seeks to impose upon Amazon obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of

Civil Procedure, the Local Civil Rules of the Western District of Washington, caselaw, or any order from this Court.

Subject to and without waiving the foregoing objections, Amazon responds as follows:

Amazon is willing to meet and confer regarding the scope of this Request.

Dated: December 23, 2024

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Deena J.G. Feit*

Brian D. Buckley, WSBA No. 26423
Deena J.G. Feit, WSBA No. 29036
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Mary Griffin Sims (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

*Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I, Deena J.G. Feit, hereby certify that on December 23, 2024, I caused the foregoing **DEFENDANT AMAZON.COM, INC.'S OBJECTIONS AND RESPONSES to PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 78-144)** to be served electronically on the following parties:

Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
Nolan Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
andrewschapiro@quinnemanuel.com

Justin C. Griffin (*pro hac vice*)
Adam B. Wolfson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
justingriffin@quinnemanuel.com
adamwolfson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

Aaron M. Zigler (*pro hac vice*)
Mary Jane Fait (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
Lawrence V. Ashe (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street, Suite 333
Chicago, IL 60661
aaron@ziglerlawgroup.com
maryjane@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com

cc: Plfs_service_amazon_returns@ziglerlawgroup.com

Dated: December 23, 2024

*/s/ Deena J.G. Feit*
Deena J.G. Feit