THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-CV-1372-JNW

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

NOTING DATE: February 18, 2025



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 1

A. Organizational Structure and Custodians (RFPs 57-58) ..... 1

B. Documents Concerning Wrongful Denials of Refunds (RFPs 4-6, 30-31, 45, 48-52, 55, 72-73) ..... 2

C. Data Requests (RFPs 8-19, 20-22, 23-24, 25-26, 29, 30-33, 78) ..... 3

D. Amazon's Conditions of Use (RFP 7) ..... 4

E. Amazon's Statements Regarding Returns (RFP 46) ..... 4

F. Amazon's Knowledge Regarding Returns Issues (RFPs 48-50) ..... 4

G. Differences in Return or Refund Processing (RFP 54) ..... 5

H. Communications With Third Parties Regarding Returns (RFPs 59-60) ..... 5

I. Records Retention (RFPs 61-62) ..... 5

J. Documents Amazon Intends To Rely Upon (RFP 63) ..... 5

K. Fraudulent Return Conduct (RFPs 66-67) ..... 6

L. Relevance Redactions ..... 6

CONCLUSION ..... 6



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## TABLE OF AUTHORITIES

### Cases

*Doe v. Trump*,
329 F.R.D. 262 (W.D. Wash. 2018) .......... 6

*Oliver v. Amazon.com Servs., LLC*,
2023 WL 3322382 (E.D. Wis. May 8, 2023) .......... 5

*Reno v. W. Cab Co.*,
2019 WL 6310716 (D. Nev. Nov. 25, 2019) .......... 2

### Other Authorities

*Third Party*, Black's Law Dictionary (12th ed. 2024) .......... 5

## INTRODUCTION

Amazon's primary defense to Plaintiffs' motion to compel is that court intervention "is premature and unnecessary." Opp. 1. Neither is true. Amazon concedes that the parties have engaged in extensive meet-and-confers, and the parties failed to reach agreement. Further, Amazon's repeated refrain that it has "never refused" to make productions falls flat when *nine months* after Plaintiffs served their RFPs Amazon had *never agreed* to do so. Indeed, for the first time in its Opposition Amazon makes offers to produce several categories of documents it had never agreed to before. It seems Amazon is willing to "observe its discovery obligations" only *after* Plaintiffs are forced to file a motion to compel. But even these offers are limited to documents that Amazon unilaterally deems "relevant."

The Court should order Amazon to conduct a reasonable search of custodial and non-custodial sources and produce all responsive documents for the entire relevant period.

## ARGUMENT

### A. Organizational Structure and Custodians (RFPs 57-58)

Amazon has not committed to producing documents responsive to these Requests (nor represented it has none), claiming only that Amazon "does not centrally maintain historical corporate 'organizational charts' in the traditional sense…" Opp. 3-4, even though the Requests are not so-limited. Ex. D at 17.[1] Stunningly, Amazon now admits for the first time (in a footnote) that it "has an online internal directory that has a function to create charts" and that these charts reflect "current organizational information." Opp. 4 n.1. But Amazon has not produced this clearly responsive directory.

Select information provided in interrogatory responses about just the *six individuals* that Amazon *had already* identified as proposed custodians in its ESI disclosures (Opp. 4) is no substitute for producing *documents* responsive to a Request regarding all departments involved in returns, logistics, and customer support. Mot. 2-3. Amazon offers no support for its position that

[1] Amazon's representation that it previously agreed to produce responsive documents, Opp. 4, is not supported by Amazon's declaration, Sims Decl. ¶14, and contradicted by its correspondence, *see* Ex. D at 17; Ex. F at 9.

it may withhold documents based on Amazon's belief that other (limited) information it provided is "more comprehensive and useful." Opp. 4 n.1; *Reno v. W. Cab Co.*, 2019 WL 6310716, at *4 (D. Nev. Nov. 25, 2019) (parties may not "pick-and-choose [which] document to produce rather than providing all responsive documents").

Amazon contends that RFPs are not "the proper or most efficient way to identify potentially relevant custodians." Opp. 4. Plaintiffs have worked diligently to identify potentially relevant custodians through other means—such as meet-and-confers, interrogatories, and review of Amazon's minimal document production—but have been stonewalled. Amazon on the one hand refuses to respond to Plaintiffs' inquiries about Amazon's own proposed custodians, Mot. 2 (citing Anderson Decl. ¶¶14, 18), or add any additional custodians until it has completed its productions from the current custodians, Exs. I, J, but on the other has no intention of making material productions in advance of the substantial completion deadline. *See* Opp. 3 (arguing "Plaintiffs are not entitled to demand document productions from Amazon on any particular timeline of Plaintiffs' choosing"). Courts have ordered production of personnel lists based on job descriptions for the express purpose of identifying custodians. Mot. 2. The Court should do the same here.

**B. Documents Concerning Wrongful Denials of Refunds (RFPs 4-6, 30-31, 45, 48-52, 55, 72-73)**

Amazon previously agreed to produce responsive documents reflecting only situations "when the expected item is not returned." *See, e.g.*, Ex. F at 2, 4, 7-8, 11. Those are Amazon's own words, yet it now claims "that is not what Amazon said." Opp. 5. Contrary to Amazon's assertions, *id.*, the parties discussed this same limitation in a subsequent January 2, 2025 meet and confer, in the context of Amazon's interrogatory responses which contained similar language. Anderson Reply Decl. ¶4. And Amazon likewise refused to commit to making the more fulsome disclosure with respect to its interrogatory responses. *Id.* Only after Plaintiffs have moved to compel does Amazon say it will also produce "relevant" documents where the customer *had* returned the item. Opp. 5. The Court should order Amazon to produce all responsive documents—not just those Amazon determines to be "relevant"—by a reasonable set deadline.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**C. Data Requests (RFPs 8-19, 20-22, 23-24, 25-26, 29, 30-33, 78)**

Amazon fails to substantively engage with any of the arguments or authority cited in Plaintiffs' motion (at 3-6), instead arguing that Plaintiffs are not entitled to know the identities of putative class members or receive classwide data, despite Amazon having reversed course after months of discussions about producing a statistically significant sample of anonymized data.[2] Opp. 6. Amazon also incorrectly claims that Plaintiffs agreed to accept only a template of data fields and an initial sample, and never explained what sample size would be statistically significant. Opp. 6-7. In fact, following numerous meet-and-confers discussing production of a statistically significant sample, Plaintiffs requested a template and initial sample to "facilitate" discussion of the statistically significant sample size. Ex. D at 5. Amazon's response was to tell Plaintiffs' counsel to "Stop wasting my time," and produce only nine Plaintiffs' data. Mot. 4. Accordingly, Plaintiffs filed this Motion.

Amazon offers no response to the cases holding that a defendant's failure to agree to a reasonable sample size of data is "patently" unreasonable, warranting production of classwide data. Mot. 5. Instead, it has unilaterally decided that *just nine* named Plaintiffs' data constitute a sufficient "sample" for a nationwide class. Opp. 7. That is directly contradicted by the cases Plaintiffs cite. Mot. 5.[3]

This Court should order Amazon's production within 30 days, along with documents sufficient to explain the meaning of each of the fields (and their contents). To the extent Amazon

---

[2] Amazon's feigned confusion (Opp. 6) as to how data can be anonymized but still allow for identification of a given customer within and across datasets (such as by replacing customer names with a designated number), is not credible. Amazon puts out guidance as to how its customers can utilize its data anonymization capabilities by "changing personal identifiers in a dataset." *See Guidance for Data Anonymization on AWS*, Amazon.com, https://aws.amazon.com/solutions/guidance/data-anonymization-on-aws/ (last visited Feb. 17, 2025).

[3] Amazon is incorrect that RFPs 30-33 are unrelated to Plaintiffs' data requests. RFPs 30-31 seek processes and policies related to refunds and returns, which while certainly not limited to "data" can in part be reflected therein (for example, if data fields indicate grading of returns, etc.). Ex. A at 15. RFPs 32-33 relate to "a Customer's ability to track" shipments, including "data." *Id.*


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

has now "compiled definitions for" certain previously-produced tables' data fields (relating to the nine Plaintiffs' data), Opp. 7, there is no reason to delay that production.

**D. Amazon's Conditions of Use (RFP 7)**

Amazon previously asked Plaintiffs to clarify whether this Request seeks documents related to decisions made "programmatically," Anderson Reply Decl. ¶2, which Plaintiffs confirmed, Ex. D at 4—an answer Amazon now argues "made the RFP even less clear." Opp. 8. This is a prime example of the gamesmanship Plaintiffs have been forced to navigate. And while Amazon apparently does not understand what it means for Amazon to "apply" the conditions of use, it now admits it understands what it means to "interpret" them. *Id.* Amazon now proposes that if "[i]n [the] process" of "produ[cing]" certain other documents it "identifies relevant" documents responsive to this Request, they will be produced. This Court should instead order Amazon to conduct a reasonable search for responsive documents, to be produced by a reasonable set timeline.

**E. Amazon's Statements Regarding Returns (RFP 46)**

Amazon cannot credibly state that it "has never refused to produce these documents," Opp. 8, when in response to Plaintiffs' request that Amazon confirm it would do so (Ex. D at 13) Amazon *instead* responded: "Plaintiffs have not articulated why they are not able to access and obtain these documents themselves, given they seek public statements." Ex. F at 7.

Now Amazon agrees to produce only "relevant" responsive documents. This Court should order a full production of responsive documents by a reasonable set timeline.

**F. Amazon's Knowledge Regarding Returns Issues (RFPs 48-50)**

Contrary to Amazon's unsupported assertion, Opp. 9, Amazon never asked Plaintiffs to discuss these Requests further, nor did it ever indicate it was willing to produce all responsive documents. Ex. F at 7. Amazon *now* says it is reviewing "custodial" documents, and will produce only "relevant" responsive documents. Opp. 9. This Court should order Amazon produce responsive documents—not limited to "custodial" documents, nor to those Amazon unilaterally deems "relevant"—by a reasonable set deadline.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**G. Differences in Return or Refund Processing (RFP 54)**

Amazon had never committed in the nine months since receiving Plaintiffs' RFPs that it would produce responsive documents. Amazon need not "determine whether there are different practices across facilities," Opp. 9, in order to commit to producing responsive documents. The Court should order the production by a reasonable set deadline.

**H. Communications With Third Parties Regarding Returns (RFPs 59-60)**

Amazon does not dispute that these Requests seek relevant documents. Instead, it states that it cannot produce responsive documents because it does not know what the term "third parties" means. Opp. 10. This is not credible. *See Third Party*, Black's Law Dictionary (12th ed. 2024) ("Someone other than the principal parties in a matter; someone who is not a party to a lawsuit, agreement, or other transaction....").

**I. Records Retention (RFPs 61-62)**

Amazon does not dispute that RFPs 61-62 seek relevant and discoverable information. Mot. 9. These Requests are particularly relevant because Amazon has a history of "fail[ing] to take reasonable steps to preserve" ESI. *Oliver v. Amazon.com Servs., LLC*, 2023 WL 3322382, at *4 (E.D. Wis. May 8, 2023). The parties met and conferred on these Requests, to no avail. Ex. D at 18; Ex. F at 9. Only now does Amazon agree to "produce retention policies that relate to relevant categories of documents," Opp. 10, without clarifying what those "relevant categories" of documents are (or are not). The Court should compel Amazon to produce nonprivileged documents responsive to these Requests.

**J. Documents Amazon Intends To Rely Upon (RFP 63)**

Amazon's Opposition fails to take a position as to whether it will or will not produce documents responsive to this Request. Instead, it claims the Request is "premature," Opp. 10, but cites no cases and fails to distinguish the caselaw cited in Plaintiffs' Motion. It is unclear why Amazon needs depositions to be "scheduled" before it identifies responsive documents. Opp. 11. Nor is Amazon entitled to delay producing responsive documents under the guise of an offer to "supplement" later. Mot. 10. This Court should order Amazon to produce the responsive


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

documents it is currently aware of and going forward to comply with its ongoing duty to supplement in a timely manner.

**K. Fraudulent Return Conduct (RFPs 66-67)**

Amazon claims it "never said that it would not produce documents related" to this RFP, Opp. 11, when in fact Amazon refused to produce "documents reflecting how Amazon determines whether a return is fraudulent or what procedures Amazon follows after determining a return is fraudulent." Ex. F at 10. Now Amazon limits its offer to only documents related to its defenses and "documents sufficient to show how it detects fraudulent returns and its policies surrounding fraudulent returns." Opp. 11. But that is not a complete response to Plaintiffs' Requests (as narrowed). Ex. A at 21; Ex. D at 19. This Court should order fulsome production by a reasonable set deadline.

**L. Relevance Redactions**

Amazon consistently reserved a *general* right to "redact[] for relevance" at its unilateral discretion, Ex. F at 1, not only redactions limited to "personally or competitively sensitive" information. Opp. 11; Anderson Reply Decl. ¶3. Regardless, relevance redactions are improper, and the protective order offers sufficient protections. *Doe v. Trump*, 329 F.R.D. 262, 275-76 (W.D. Wash. 2018). Most troubling, Amazon represents to this Court that it "has not yet decided that it needs to redact any documents" and if it does "it will of course confer in good faith on any redactions and explain the rationale behind them." Opp. 11-12. In fact, Amazon has produced numerous documents with redactions, many of which identify *no* basis for the redactions. Anderson Reply Decl. ¶5.

**<u>CONCLUSION</u>**

Plaintiffs respectfully request the Court grant their Motion.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Dated: February 18, 2025

Respectfully submitted,

By: _/s/ Alicia Cobb_
Alicia Cobb, WSBA #48685
Nolan K. Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

By: _/s/ Aaron M. Zigler_
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661

Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 2,043 words, in compliance with the Local Civil Rules.

DATED: February 18, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED February 18, 2025.

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000