THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | No. 2:23-cv-1372-JNW<br><br>**REPLY DECLARATION OF NOLAN ANDERSON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

I, Nolan Anderson, hereby state as follows:

1. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiffs in the above-captioned action. I submit this Declaration in support of Plaintiffs' Motion to Compel Production of Documents based on personal knowledge and a review of the case file.

2. During the parties' July 24, 2024 meet and confer, Amazon asked whether RFP 7 seeks information regarding the application of Amazon's conditions of use with respect to specific transactions, or decisions made "programmatically." Plaintiffs explained that in the first instance they were seeking the latter.

3. In the July 24, 2024 meet and confer, the parties discussed two of Amazon's objections relating to redactions. As to Amazon's objection to Instruction No. 15 of Plaintiffs' First Requests for Production, *see* Ex. A at 2; Ex. C at 2, Amazon indicated it reserved a right to redact information it deems irrelevant. In the context of Amazon's objection to Plaintiffs' definition of the word "Identify" in their First Requests for Production, *see* Ex. A at 6-7; Ex. C at



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

4, Amazon stated that it might make limited redactions of employees' personal phone numbers or social security numbers along with information about specific customers.

4. Plaintiffs sent Amazon correspondence on December 17, 2024 regarding Amazon's interrogatory responses requesting that Amazon confirm it would not withhold information responsive to an interrogatory on the basis of Amazon's qualifier limiting its responses to information related only to the denial of refunds based on non-receipt of the expected item. In a January 2, 2025 meet and confer regarding those interrogatory responses, the parties discussed this issue, and Plaintiffs again asked Amazon if it was using this qualifier to withhold relevant information that otherwise would have been captured by the full scope of Plaintiffs' discovery requests, which concern instances where Amazon denies a refund based on non-receipt when in fact it has received a returned item. Amazon did not commit to responding to the full scope of Plaintiffs' interrogatories.

5. Amazon has produced documents containing redactions, where the basis for the redaction is not identified.

6. A true and correct copy of email correspondence between Nolan Anderson, Lawrence Ashe, Deena Feit, and Mary Griffin Sims regarding the selection of additional custodians, dated between January 30, 2025 and February 6, 2025, is attached as Exhibit I.

7. A true and correct copy of letter correspondence from Deena Feit to Nolan Anderson regarding the selection of additional custodians, dated February 12, 2025, is attached as Exhibit J.

Executed this 18th day of February, 2025, at Seattle, Washington.

*/s/ Nolan Anderson*
Nolan Anderson, WSBA #59691


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED February 18, 2025.

*/s/ Nolan Anderson*
Nolan Anderson, WSBA #59691


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000