THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | CASE NO.: 2:23-CV-01372-JNW <br><br> **JOINT DISCOVERY STATUS REPORT** |

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Pursuant to the case schedule entered by this Court on January 30, 2025 (Dkt. 84), the parties submit this Joint Report to the Court on the Status of Discovery.

## 1. Document Production

**Plaintiffs' Position:** While Plaintiffs have substantially completed document production months before the May 5, 2025 deadline—producing over 1,400 documents with only a handful of potentially privileged documents left to review—Amazon has produced only a small fraction of expected documents and appears unlikely to meet the agreed-upon deadline for substantial completion. And Amazon's relatively miniscule production to date is responsive to just a handful of Plaintiffs' document requests.

The disparity in the parties' progress towards substantial completion of document production is a product of Amazon's discovery tactics, which have delayed and obstructed Plaintiffs' discovery efforts. While Plaintiffs have endeavored to comply with their discovery obligations by clearly and unequivocally communicating their positions regarding Amazon's discovery requests, Amazon has withheld its positions regarding Plaintiffs' discovery requests, continuously citing the need to continue investigating or discussing those requests. It also appears that Amazon has withheld information regarding the existence of responsive documents, and Amazon has refused to produce documents that would facilitate discovery by identifying persons, entities, and sources likely to possess relevant information.

Most saliently, Amazon has refused to search for and produce documents regarding the organizational structure and personnel lists of relevant business units, which would allow Plaintiffs to identify custodians. Dkt. 81 at 2. For months, Amazon had repeatedly represented that it does not possess responsive documents, including organizational charts. *Id.* Then, only in response to Plaintiffs' motion to compel, Amazon admitted for the first time that it maintains a directory with responsive materials. Dkt. 87 at 4 n.1. After withholding this information from Plaintiffs for over eight months, Amazon disclosed it in a footnote, with no explanation for why it had not been produced previously. *Id.* And Amazon still has not committed to producing these documents. *Id.* Amazon's failure to produce this basic information, along with its refusal to even

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

1

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

engage in negotiations regarding additional custodians beyond the six that it unilaterally identified (Dkt. 87 at 4) continues to substantially delay progress in this matter.

This is just one example of Amazon's dilatory and lackluster discovery efforts. For many of Plaintiffs' other requests, despite several rounds of meet and confers and correspondence, Amazon only recently agreed to produce *certain* documents in response to Plaintiffs' motion to compel. Dkts. 81, 87, 89. In short, it appears that Amazon is willing to comply with its discovery obligations only under threat of court intervention. This underscores the need for court supervision and court-imposed deadlines for Amazon's document production.

**Amazon's Position:** Amazon has been fulfilling its discovery obligations, and Plaintiffs' statement is another unproductive attack on Amazon rather than a good-faith attempt to cooperatively engage in discovery. Amazon has produced more than 1,700 documents, which include documents from both non-custodial and custodial data sources. And Amazon continues to collect and produce discovery from across the business and multiple internal teams. Plaintiffs' requests are overbroad and unduly burdensome, often with minimal to no relevance to the claims. For example, Plaintiffs demanded all data related to certain returns, so Amazon's production included hundreds of data fields for the named Plaintiffs' orders. After receiving what they demanded, Plaintiffs then complained that they needed definitions, so Amazon agreed to compile descriptions for each of the data fields—even though it had no obligation to do so. Amazon has also produced customer service materials and screenshots from an Amazon customer service system, in addition to documents from six custodians. Regarding organizational documents, Amazon produced nineteen pages of written responses about its custodians, their teams (including a description of the teams), and their reporting lines, and Amazon has told Plaintiffs that it would be willing to discuss adding custodians, if needed, after Plaintiffs reviewed Amazon's productions. This is more than what Plaintiffs are entitled to or would have ever learned from the records they seek. Amazon has also been willing to engage with Plaintiffs on their other requests, but Plaintiffs have instead filed motions even when the parties are not at an impasse and Plaintiffs have not exhausted all alternatives to seeking Court relief. Plaintiffs' belief that "Amazon has produced only a small fraction of expected documents" is unsurprising because the baseline for that belief

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

2

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

is the more than 140 discovery requests Plaintiffs served on a vast range of topics, many of which are overbroad and irrelevant. Nevertheless, Amazon continues to review and produce documents on a rolling basis.

Meanwhile, Plaintiffs ignore their failure to comply with their own basic discovery obligations. Plaintiffs assert that they have "substantially completed document production," but most of what they have produced are automated communications from Amazon and exports of webpages (which they either should have had before bringing this lawsuit or were easily attainable). For requests where Amazon has sought discovery beyond these basic materials, Plaintiffs often claim the requests are not relevant or that they did not understand the reasons for Amazon's requests. And while Plaintiffs are quick to complain about the timing of Amazon's productions, as discussed below, only *today* did they start to produce documents from two of their counsel's own employees (Customers 1 and 2 in the Complaint) that should have been produced months ago.

Amazon continues to collect, review, and produce documents, and hopes to engage with Plaintiffs in a cooperative manner on both sides' discovery.

**2. Pending Motions**

Plaintiffs have filed a motion to compel the production of documents, which is fully briefed (Dkts. 81, 87, 89), and a motion to compel interrogatory responses, which will be fully briefed on March 13, 2025 (Dkt. 93).

Amazon has filed a motion to compel the production of documents, which will be fully briefed on March 24, 2025 (Dkt. 98).

**3. Anticipated Motions**

Plaintiffs anticipate filing the following motions:

- Motion to compel additional custodians
- Motion to compel production of documents

Amazon anticipates filing the following motions:

- Motion to seek discovery from former plaintiff

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

3

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

### 4. Search Terms

**Plaintiffs' Position:** Plaintiffs anticipate that the parties will need to negotiate additional search terms for Amazon's ESI based on previously unknown key terms identified in the limited documents that Amazon has produced to date. Because Amazon has produced only a limited subset of responsive documents, Plaintiffs expect that search term negotiations will be ongoing for some time.

**Amazon's Position:** On September 9, 2024, Amazon provided Plaintiffs eleven search strings that it proposed using for review, including terms internal to Amazon. Plaintiffs responded seven weeks later with forty search strings, some of which were clearly overbroad. Nevertheless, in the spirit of cooperation, Amazon accepted all of Plaintiffs search terms. Plaintiffs now state that they "anticipate that the parties will need to negotiate additional search terms" based on "previously unknown key terms." While Plaintiffs have not communicated this to Amazon, and Amazon maintains that its initial search terms along with Plaintiffs' broad search terms should capture responsive documents, it remains willing to confer with Plaintiffs.

### 5. Status of Third-Party Discovery

#### a. Subpoenas to Anonymous Amazon Customers Referenced in the Complaint:

**Plaintiffs' Position:** The Complaint contains allegations regarding two anonymous Amazon customers who experienced denials of refunds. Dkt. 58 at ¶¶ 35-70. These individuals are employees of Zigler Law Group and thus excluded from the class. *Id.* ¶ 144. Nevertheless, on November 8, 2024, Amazon served subpoenas on those individuals, who subsequently served responses and objections on November 22, 2024. Subject to those objections, they are reviewing documents and have begun producing responsive documents this week.

**Amazon's Position:** Amazon's subpoena requested the production of documents by December 4. On that date, Plaintiffs informed Amazon that they "gathered the documents responsive to the subpoena and we will produce them as soon as we are done with our review." After Plaintiffs failed to produce these documents for almost three months, Amazon inquired about

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

4

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

the status of this production, at which point, Plaintiffs said they planned to *begin* a rolling production.

### b. Subpoena to Nonparty Sumeet Srivastava:

**Plaintiffs' Position:** On February 10, 2025, Amazon served non-party Sumeet Srivastava with a subpoena to produce documents. Plaintiffs informed Amazon that they intended to file a protective order striking the subpoena. The parties met and conferred regarding Plaintiffs' planned motion, and Amazon withdrew its subpoena to Mr. Srivastava. The parties still disagree regarding whether Amazon may properly seek discovery from Mr. Srivastava.

**Amazon's Position:** Amazon maintains that discovery from a former plaintiff in the consolidated action is proper and relevant to Amazon's defenses against class certification. But to avoid a dispute over a protective order, Amazon will bring a motion to seek this discovery.

### 6. Discovery Deadlines

The Parties jointly agree to extend the substantial completion of document production, currently scheduled for May 5, 2025, by 46 days, to June 20, 2025. The Parties will submit a stipulated motion to the Court reflecting this agreement.

Dated: March 3, 2025                       Respectfully submitted,

By: */s/ Alicia Cobb*
Alicia Cobb, WSBA #48685
Nolan K. Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372
5
QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com


By: */s/ Aaron M. Zigler*
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*


By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA #26423
Deena Feit, WSBA # 59036
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (*pro hac vice*)

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

6

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Mary Griffin (*pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com

*Attorneys for Defendant Amazon.com, Inc.*

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

7

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2025, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

By:    */s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

JOINT DISCOVERY STATUS REPORT
CASE NO. 23-CV-1372

8

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000