THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

Case No.: 2:23-cv-1372-JNW

**AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES**

NOTE ON MOTION CALENDAR:
March 13, 2025

ORAL ARGUMENT REQUESTED



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. ARGUMENT .......... 2

A. Interrogatory No. 2: Identities Of Third-Party Contractors .......... 2

B. Interrogatory No. 3: Responsibility For Returns Determination .......... 3

C. Interrogatory No. 4: Business Units Involved In Return And Refund Policies .......... 4

D. Interrogatory No. 6: Individuals Responsible For Audits And Reviews .......... 5

E. Interrogatory No. 7: Individuals With Knowledge Of Erroneous Refunds And Denials Or Recharges .......... 5

F. Interrogatory No. 9: Individuals With Knowledge Regarding Designated Carriers .......... 6

G. Interrogatory No. 8: Factual Bases For Asserted Defenses .......... 6

H. Interrogatories Nos. 10 And 11: Details Regarding Amazon's Denial Of Plaintiffs' Refunds .......... 7

I. Interrogatory No. 5: Information About Refund Processes .......... 8

IV. CONCLUSION .......... 9



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*King v. Wadkins*,
No. 1:16-cv-00433, 2017 WL 2671075 (E.D. Cal. June 21, 2017) .......... 7

*Lambert v. McKay*,
No. C19-1829-BJR-SKV, 2022 WL 1801148 (W.D. Wash. June 1, 2022) .......... 3, 7

**STATUTES AND RULES**

Fed. R. Civ. P. 26 .......... 3

Fed. R. Civ. P. 33 .......... 1, 3, 6

## I. INTRODUCTION

Plaintiffs' motion to compel Amazon to respond to certain of Plaintiffs' Interrogatories (Dkt. 96) is premature and unnecessary. Amazon already agreed to supplement its Interrogatory responses, and the parties have not reached an impasse as to any issue. Plaintiffs' Interrogatories are extremely broad—covering many years and many teams, departments, or divisions within Amazon—and are often confusing or unnecessarily complicated. Contrary to Plaintiffs' assertion, Amazon has not refused to provide answers to Plaintiffs' questions, but rather has tried to understand what Plaintiffs are seeking and has been diligently investigating and producing relevant information. Amazon has again informed Plaintiffs that Amazon intends to supplement its responses and told Plaintiffs it would supplement them by March 21, 2025. And, consistent with the Federal Rules of Civil Procedure, Amazon will supplement its responses further as the case proceeds, if and as Amazon discovers new relevant information.

Plaintiffs are in no position to complain about the pace of discovery. Plaintiffs failed for many months to answer or supplement their own responses to Amazon's Interrogatories with very basic information that Plaintiffs would or should have collected before even filing suit. In short, discovery is proceeding apace and no more slowly than would be expected in any complex case. Most importantly, there is nothing that needs the Court's attention at this stage. Plaintiffs' motion should be denied in its entirety.

## II. BACKGROUND

On November 7, 2024, Plaintiffs served Amazon with 11 Interrogatories. Declaration of Mary Griffin Sims ("Sims Decl.") ¶ 2. Plaintiffs' Interrogatories contain multiple subparts and, as such, exceed the 25 interrogatories permitted under the Civil Rules. Fed. R. Civ. P. 33(a)(1); Sims Decl. ¶ 3. Contrary to Plaintiffs' claim, Amazon did not assert "boilerplate objections." Mot. at 2. (Plaintiffs *did* assert "General Objections" in their own Interrogatory responses. Sims Decl. ¶ 5, Ex. A (Excerpted Copy of Plaintiff Jill Cappel's Responses and Objections to Amazon's First Set of Interrogatories) at 1-3)). Amazon objected to each of Plaintiffs' Interrogatories, identifying the bases on which each request was objectionable. Sims Decl. ¶ 4. The parties exchanged correspondence about Plaintiffs' Interrogatories and Amazon's responses, and met and conferred


FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510

on December 20, 2024, and January 2, 2025. *Id.* ¶ 6. Amazon repeatedly informed Plaintiffs, orally and in correspondence, that the parties are not at an impasse with respect to Plaintiffs' Interrogatories and that Amazon is continuing to investigate and will supplement its responses, as necessary. Dkt. 95-3 (Feit Letter). On February 3 and 6, 2025, Amazon informed Plaintiffs that Amazon is working on supplementing its Interrogatory responses, and while it could not specify an exact date, it anticipated supplementing its responses over the next month or so. Sims Decl. ¶ 8. Two weeks later Plaintiffs filed this motion. On March 5, 2025, Amazon informed Plaintiffs that Amazon intends to supplement its Interrogatory responses on or before March 21, 2025. *Id.* ¶ 9, Ex. B (Amazon's March 5, 2025 correspondence) at 1.

Nor have Plaintiffs moved any more quickly to update their own discovery responses. On December 6, 2024— nearly six months after Amazon served Interrogatories and three months after Amazon met with Plaintiffs about their discovery deficiencies—Plaintiffs served supplemental and amended responses to Amazon's Interrogatories with basic information that Plaintiffs should already have collected before filing their complaint. Sims Decl. ¶ 10.

## III. ARGUMENT

Plaintiffs' motion is premature and unwarranted. As Amazon has consistently stated, it is continuing to investigate the issues raised in Plaintiffs' Interrogatories, will comply with its discovery obligations, and will continue to supplement its responses, as necessary.

### A. Interrogatory No. 2: Identities Of Third-Party Contractors

Interrogatory No. 2 seeks the identity of all third parties with whom Amazon contracted to process returned items, recharges, and refunds. Dkt. No. 94-1 at 8 (Plaintiffs' Interrogatories). Amazon responded by identifying a third party with whom it contracted to bring on workers who, among other things, processed returns. Dkt. 95 (Amazon's Objections and Responses) at 24-25. After Amazon served its response, Plaintiffs claimed that this Interrogatory "extends to third-party contractors that aid in issuing/reversing refunds or recharges, whether on site at Amazon's physical locations or through online connectivity." Dkt. 95-1 (Anderson Letter) at 2. While Amazon does not agree that all "third-party contractors" that might be remotely or peripherally involved with

refunds or recharges are relevant, Amazon agreed to investigate and supplement its response, if needed. Dkt. 95-3 at 2.

Now Plaintiffs claim that their Interrogatory also extends to "any carriers with whom Amazon contracts to *deliver* returned items from drop-off locations to its fulfillment centers" as well as third parties "*supplying and maintaining hardware and software* for processing returns and refunds, or *consulting* on reverse logistics." Mot. at 4 (emphasis added). That expanded scope extends well beyond the Interrogatory's request for third parties who "*process*" returned items—not transport, supply hardware or software, or consult on returns. Nonetheless, Amazon is willing to confer with Plaintiffs about these additional areas.

Furthermore, Amazon has not "refused to confirm either way" whether it contracted with other third parties. Mot. at 4. As Amazon has said, it is continuing to investigate this issue across Amazon and will supplement its responses if it identifies additional information. Dkt. 95-3 at 2.

Finally, Plaintiffs insinuate that Amazon is trying to keep its Interrogatory responses open indefinitely. Mot. at 4. Not so. Consistent with Civil Rules 33 and 26(e), Amazon answered the Interrogatories with the information it knew at the time, it is continuing to investigate the issues raised, and it intends to supplement its responses on or before March 21. *See Lambert v. McKay*, No. C19-1829-BJR-SKV, 2022 WL 1801148, at *4 (W.D. Wash. June 1, 2022) ("While a responding party is not generally required to conduct extensive research to answer an interrogatory, a reasonable effort to respond must be made. The responding party also has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction." (citations omitted)). Plaintiffs' cases are inapposite; in those cases, the responding party failed to provide any of the requested information or otherwise failed to confer in good faith. Mot. at 4-5. Plaintiffs cannot say Amazon failed to do so here.

**B. Interrogatory No. 3: Responsibility For Returns Determination**

Interrogatory No. 3 seeks the identity of who within Amazon has been responsible for determining during processing that a customer did not send back the correct item and how they make such determinations. Dkt. 94-1 at 8. On its face, this Interrogatory is vague as to whether Plaintiffs are seeking every worker involved in processing returns, those involved in deciding how

the returns system works, or anyone else. Amazon explained that the Worldwide Returns & Recommerce team manages the returns process, and, in a separate Interrogatory response, explained what the team does and which of the ESI custodians are on the team. Dkt. 95 at 6-7, 26. Amazon also explained that, if an advance refund is given, and Amazon then does not receive the expected item during the returns window, Amazon's system will recharge the customer for the expected item. *Id.* at 26. Amazon then explained how that determination is made. *Id.*

In subsequent correspondence, Plaintiffs stated that they were seeking names of individuals. Dkt. 95-1 at 2. Plaintiffs later stated that they "would consider limiting the Interrogatory to those in managerial positions." Dkt. 95-2 at 3. Amazon responded that if Plaintiffs would clarify what they are seeking, then Amazon could respond accordingly. Dkt. 95-3 at 3. Presumably, Plaintiffs do not expect the name of every grading associate who has worked at any Amazon facility for the past seven years, or every direct manager of every associate. Mot. at 5-6.

Now Plaintiffs state that "[a]t a minimum, "Amazon should be compelled to identify specific employees that made the relevant determination for the Plaintiffs' returns described in the Complaint." Mot. at 5-6. But the grading associates and their managers with respect to Plaintiffs' orders were already identified in data produced to Plaintiffs months ago, with columns identified as "grading_associate_name" and "grading_manager_name." Sims Decl. ¶ 11. After Plaintiffs complained they needed the meaning of the data fields, Amazon then produced column descriptions of this data, describing these columns as "Full name of the grading associate" and "Manager name of the grading associate." *Id.* Plaintiffs have not explained what more they think they need.

**C. Interrogatory No. 4: Business Units Involved In Return And Refund Policies**

Interrogatory No. 4 seeks all divisions, subdivisions, business departments, and teams, or Amazon entities involved in creating, implementing, enforcing, and modifying Amazon's return policies and the role each play. Dkt. 94-1 at 8. In its December 12, 2024 response, Amazon explained that Worldwide Returns & ReCommerce leads the drafting of returns policies. Dkt. 95

at 27. As Amazon told Plaintiffs, Amazon is continuing to investigate this Interrogatory and will supplement its response by March 21. Ex. B at 1.

**D. Interrogatory No. 6: Individuals Responsible For Audits And Reviews**

Interrogatory No. 6 seeks the identity of all persons who were responsible for conducting or supervising audits or reviews of Amazon's processes or policies for receiving, processing, inspecting, documenting, grading, accepting, or rejecting returned items. Dkt. 94-1 at 9. Amazon identified Jennifer Moore, Program Manager for Returns Repeatability, and Dinesh Palleneni, Principal Product Manager – Technology, as individuals responsible for conducting or supervising audits. Dkt. 95 at 30. Amazon explained that Ms. Moore oversees the strategy and execution of audits of the returns process, and Mr. Palleneni is responsible for reviewing and monitoring the data related to returns. *Id.* Amazon also explained that the Worldwide Returns & ReCommerce team regularly monitors its processes and data related to returns. *Id.* As Plaintiffs previously acknowledged, Ms. Moore has been involved in returns process improvement since 2020. Dkt. 95-1 at 4. And Mr. Palleneni has been responsible for reviewing and monitoring the data related to returns since 2022. *Id.* Amazon is continuing to investigate who else has been involved with audits and will supplement this response by March 21.

**E. Interrogatory No. 7: Individuals With Knowledge Of Erroneous Refunds And Denials Or Recharges**

Interrogatory No. 7 seeks the identities of all persons with material knowledge of Amazon's alleged acts of denying a refund or recharging a customer on the basis of non-receipt, when in fact the item was received. Dkt. 94-1 at 9. Amazon stated that Anil Kaligatla, Nicolette Kyte, and Dinesh Palleneni have knowledge related to denial of refunds based on non-receipt of the expected item. Dkt. 95 at 31. Plaintiffs now misconstrue and mischaracterize Amazon's position, claiming that "Amazon only offers individuals with knowledge of denial of refunds *based on items that were **not** returned.*" Mot. at 8. Amazon framed its response as "based on non-receipt," which reflects the language of Plaintiffs' proposed classes. *See* Dkt. 1 (Compl.) ¶ 143 ("denied refunds by Amazon on the basis of non-receipt" when records show return was received or return was provided to carrier). Amazon intends to supplement its response by

March 21, and the response will include individuals "with specific knowledge of denials of refunds on the basis of nonreceipt when in fact the item was returned." Mot. at 8-9.

### F. Interrogatory No. 9: Individuals With Knowledge Regarding Designated Carriers

Interrogatory No. 9 seeks the identities of all persons with material knowledge of Amazon's designated carriers' processes and policies for handling the delivery of returned items to Amazon's fulfillment centers, including a description of their roles and the dates they were in their roles. Dkt. 94-1 at 9. Amazon provided the names and titles of five individuals that have material knowledge of Amazon's processes and policies for handling the delivery of items returned to an Amazon fulfillment center. Dkt. 95 at 33-34. Plaintiffs argue that "the responses omit any individuals with knowledge between 2017 and 2022," Mot. at 9, even though one of the individuals Amazon identified had relevant roles in 2021 and 2022. Dkt. 95 at 34. In all events, as Amazon stated during the parties' meet-and-confer, it is continuing to investigate, and Amazon will supplement its response with additional individuals by March 21.

### G. Interrogatory No. 8: Factual Bases For Asserted Defenses

Interrogatory No. 8 seeks the factual basis of Amazon's defenses it intends to assert in response to Plaintiffs' allegations in the complaint. Dkt. 94-1 at 9. Amazon provided reasons why a refund may be denied and also pointed to the documents it had produced and continues to produce, stating that Amazon continues to investigate the case. Dkt. 95 at 32. Plaintiffs acknowledge that Amazon subsequently "identified by bates number three data tables it had produced." Mot. at 9. And Amazon did not "refuse[] to confirm whether or not other documents were covered by Amazon's invocation of Rule 33(d)." *Id.* As with Amazon's other responses, it is continuing to investigate (and produce documents) and will amend and supplement its response.

Plaintiffs argue that "Amazon's use of Rule 33(d) to answer this interrogatory is improper." Mot. at 8. It is not. Rule 33(d) "gives the party an option to make the records available and place the burden of research of the party who seeks the information" so long as "the burden of ascertaining the answer be substantially the same for both sides." Fed. R. Civ. P. 33(d), Advisory

Committee's Note to 1970 amendment; *see also Lambert,* 2022 WL 1801148, at *4 ("a responding party is not generally required to conduct extensive research to answer an interrogatory").

Plaintiffs' reliance on *King v. Wadkins*, No. 1:16-cv-00433, 2017 WL 2671075, at *4 (E.D. Cal. June 21, 2017) is misplaced; in that case, the responding party listed 14 exhibits without any explanation of what the exhibits were and how they were responsive to the interrogatory. Here, Amazon identified three data tables with Plaintiffs' data along with corresponding descriptions for two of them. And while Plaintiffs claim that the data tables are "not intelligible to non-Amazon employees," Plaintiffs fail to state what makes the data tables "not intelligible." Mot. at 10. Instead, Plaintiffs appear to complain about how voluminous the data tables are, but that is what Plaintiffs requested—transactional data about certain returns. Sims Decl. ¶ 12, Ex. C (Excerpted Copy of Plaintiffs' Requests for Production) at 1, 10, 14, and 23-25 (Plaintiffs' definitions and Requests for Production 23-24). And while Plaintiffs could ask relevant witnesses or custodians questions about these tables in depositions, Amazon still (in the spirit of cooperation) compiled hundreds of definitions for two of the tables and is working on completing definitions for the third. Sims Decl. ¶ 13. In all events, as stated, Amazon will amend its Interrogatory response by March 21, and will work with Plaintiffs should they continue to have questions.

### H. Interrogatories Nos. 10 And 11: Details Regarding Amazon's Denial Of Plaintiffs' Refunds

Interrogatory No. 10 seeks an explanation of why Amazon did not provide the refunds to Plaintiffs as alleged in the Complaint, and Interrogatory No. 11 seeks an explanation of the "system technical issue"; "mix-up"; "error"; "mistake[]"; and "mistake from the carrier end" that Amazon's customer service representatives mentioned as alleged in the Complaint. Dkt. 94-1 at 9-10.

In response to Interrogatory No. 10, Amazon explained that Plaintiffs were denied a refund or subsequently recharged because Amazon's records reflect that it did not receive the expected item or the correct quantity. Dkt. 95 at 35-36. Contrary to Plaintiffs' assertions that Amazon's response is "cursory" and "fails to describe each order's 'specific and unique facts,'" Amazon provided a separate response for each individual Plaintiff, pointing to the specific items Plaintiffs

requested to return and the quantity they requested to return and stating what Amazon's records reflect, including whether the expected item was received and what quantity was received. *Id.* Plaintiffs now seek additional information such as which records reflect that the items were not received, what those records say, whether the records are accurate, and how the records trigger refund denials or recharges. Mot. at 11. Moreover, Plaintiffs' motion completely ignores that Amazon produced the screenshots from an Amazon customer service system containing the details and records of Plaintiffs' orders and stating that the items at issue were not received. Sims Decl. ¶ 14.

Similarly, in response to Interrogatory No. 11, Amazon responded with the information reflected in Amazon's records. Dkt. 95 at 37. During the parties' meet-and-confer discussion, Amazon explained that it provided what its records included; since that discussion, Amazon has produced the screenshots from Amazon's customer service system described above. Sims Decl. ¶ 15. There is nothing for the Court to resolve on these issues. If Plaintiffs still seek information in response to their Interrogatories, Amazon is willing to confer on those issues.

**I. Interrogatory No. 5: Information About Refund Processes**

Interrogatory No. 5 seeks a description of the processes Amazon used in determining a customer's entitlement to and amount of a refund once an item is returned. Dkt. 94-1 at 9. In response, Amazon explained what happens when a return is dropped off, what happens during processing, and what happens if the expected item is not included with the return. Dkt. 95 at 27-28. Amazon also explained what happens if the expected item is not included with the return—and the return instead includes a different item or no item. *Id.* And Amazon stated that it may issue partial refunds, as detailed on its Refunds page, https://www.amazon.com/gp/help/customer/display.html?nodeId=GKQNF KFK5CF3C54B. *Id.* at 28.

Plaintiffs also seek a description of the process Amazon uses to determine the amount of the refund—partial or otherwise—to which a customer is entitled. Amazon identified its Refunds page (which it also produced in this litigation) as providing information about when a customer receives only a partial refund. In addition, Amazon said that it would amend its response if doing

so would provide additional clarity, which Amazon plans to do. Dkt. 95-3. Once again, this is a premature issue with nothing for the Court to resolve at this juncture.

## IV. CONCLUSION

For the above-stated reasons, the Court should deny Plaintiffs' Motion to Compel Interrogatory Responses in its entirety.

Dated: March 7, 2025

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*

Brian D. Buckley, WSBA No. 26423
Deena J.G. Feit, WSBA No. 59036
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Mary Griffin Sims (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com

*Counsel for Defendant*
AMAZON.COM, INC

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 2,992 words.

March 7, 2025

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510