THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-CV-1372-JNW

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL INTERROGATORY RESPONSES**

NOTING DATE: March 13, 2025



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

ARGUMENT .......... 1

A. The Court Should Compel Amazon to Fully Identify Amazon's Third Party Contractors (Interrogatory 2) .......... 1

B. The Court Should Compel Amazon to Fully Identify Individuals Responsible For Grading Returns (Interrogatory 3) .......... 2

C. The Court Should Compel Amazon to Fully Identify Business Units Involved In Return and Refund Policies, Individuals Responsible for Audits and Reviews, Individuals With Knowledge of Erroneous Refund Denials or Recharges, and Individuals With Knowledge Regarding Designated Carriers (Interrogatories 4, 6, 7, 9) .......... 3

D. The Court Should Compel Amazon to Provide the Factual Bases for its Asserted Defenses (Interrogatory 8) .......... 4

E. The Court Should Compel Amazon to Provide Details Regarding Amazon's Denial of Plaintiffs' Refunds (Interrogatories 10 and 11) .......... 5

F. The Court Should Compel Amazon to Provide Information About Refund Processes (Interrogatory 5) .......... 6

CONCLUSION .......... 6



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bryant v. Armstrong*,
285 F.R.D. 596 (S.D. Cal. 2012) .... 2, 3, 4, 6

*O'Connor v. Boeing N. Am., Inc.*,
185 F.R.D. 272 (C.D. Cal. 1999) .... 4, 5

*O.H. v. Secret Harbor*,
2024 WL 310281 (W.D. Wash. Jan. 26, 2024) .... 4

*Opico v. Convergent Outsourcing, Inc.*,
2019 WL 3067202 (W.D. Wash. July 12, 2019) .... 2, 3, 5

*Scanlon v. Curtis Int'l, Ltd.*,
2020 WL 7360543 (E.D. Cal. Dec. 15, 2020) .... 4

*V5 Techs. v. Switch, Ltd.*,
334 F.R.D. 297 (D. Nev. 2019) .... 2

## Rules

Fed. R. Civ. P. 33 .... 2, 3, 4, 5

Fed. R. Civ. P. 37(a)(4) .... 4, 6

## INTRODUCTION

Amazon's Opposition fails to address the substance of Plaintiffs' Motion or offer any coherent justification for its failure to provide even basic answers to Plaintiffs' interrogatories. Instead, Amazon tells the Court the Motion is "premature and unnecessary" because "Amazon already agreed to supplement" its responses. Opp. 1. But the contours of this elusive agreement to supplement remain a mystery. When Amazon first indicated its intent to supplement its responses more than five weeks ago, Amazon refused to tell Plaintiffs (i) which interrogatories it was planning to amend or supplement; (ii) the manner in which it would do so; or (iii) when. Mot. 3; Ex. F. Not until two days before its Opposition to this Motion was due did Amazon commit to a date certain for its supplementation, still without disclosing which Interrogatories it plans to supplement or how. *See id.*; Dkt. 103-2.

The only excuse Amazon proffers for its inadequate responses is that it is entitled to delay providing complete responses to interrogatories so long as it claims to be "continuing to investigate." Opp. 2. But Amazon provides no support for its position, which is contrary to law. Notably absent from Amazon's Opposition is any explanation of what meaningful steps Amazon has taken to investigate its responses, why those investigations have thus far failed to uncover responsive information, or why Amazon needed three-and-a-half additional months to provide basic answers. Amazon's conception of "diligent[] investigati[on]," Opp. 1, thus falls well short of what the Federal Rules require. Plaintiffs' Motion should be granted.

## ARGUMENT

### A. The Court Should Compel Amazon to Fully Identify Amazon's Third Party Contractors (Interrogatory 2)

Amazon's return and refund process starts from the moment a customer requests to return an item on Amazon's website, includes dropping the item off with a designated carrier, extends through Amazon's handling and sorting at its fulfilment centers, and often involves customer service agents. Dkt. 58 ¶¶ 22-34. On its face, Interrogatory 2 seeks the identity of all third parties involved in this process. Ex. A at 8. But Amazon identified just one entity that provided Amazon with temporary workers to process returns for only a portion of the relevant time period. Ex. B at


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

25. Although Amazon acknowledges it must make "a reasonable effort to respond," Opp. 3, Amazon does not appear to believe that reasonable efforts include "an affirmative duty to seek that information reasonably available to [it] from [its] employees," *Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (citation omitted). Information regarding Amazon's use of third-party contractors is well "within [Amazon's] immediate knowledge or possession." *Id.* But Amazon does not offer any explanation of the steps it has taken to investigate its responses or why it has needed months to provide a complete response to this Interrogatory.

In its Opposition, Amazon explains its deficient response by asserting (for the first time) that its interpretation of the word "process" does not include third parties involved in the return and refund "process"—such as third-party carriers that process returned items at drop-off locations. Opp. 3. While Amazon complains that Plaintiffs "expanded [the] scope" of the Interrogatory in its Motion, Amazons states that it is "willing to confer with Plaintiffs." *Id.* But the parties already met and conferred, and Plaintiffs already provided Amazon with a detailed explanation of the scope of the Interrogatory. Ex. E at 2. Amazon never expressed confusion, and simply claimed it was "continuing to investigate" its response. *Id.* Amazon states it will finally disclose the results of that investigation on March 21, 2025, Opp. 3, but does not confirm it intends to respond fully, or whether this response will be limited to Amazon's narrow definition of the phrase "process." The Court should order Amazon to respond in full.

### B. The Court Should Compel Amazon to Fully Identify Individuals Responsible For Grading Returns (Interrogatory 3)

Amazon claims it adequately responded to Interrogatory 3, but then supports that claim by pointing—in its *Opposition* brief—to its response to a different Interrogatory and to a produced document, neither of which is referenced in Amazon's response to Interrogatory 3. Opp. 4. This is improper. Fed. R. Civ. P. 33 ("Each interrogatory must…be answered *separately* and fully.") (emphasis added); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D. Nev. 2019) ("An interrogatory response must be complete in itself…[and] is improper if it merely references information contained in declarations, pleadings, or other discovery responses."); *Opico v.*

*Convergent Outsourcing, Inc.*, 2019 WL 3067202, at *3 (W.D. Wash. July 12, 2019) (party may not invoke Rule 33(d) when "[t]here is no reference to Rule 33(d) in [its] responses.").

Even were Amazon to amend its response to include that information, it would remain deficient. The cited data table lists only the names of "the grading associates and their managers with respect to [certain of] Plaintiffs' orders." Opp. 4. While Plaintiffs' Motion explained that this information should have been included "[a]t a minimum," that does not excuse Amazon from also identifying "high- or managerial-level individuals" that occupy relevant roles and the "job titles[] and departments" or groups of relevant individuals. Mot. 5-6. And Amazon's reference to Interrogatory 1 identifies four ESI custodians as being on the Worldwide Returns & Recommerce team, but there is no indication whether those individuals are, or have been, responsible for making the determinations that a customer did not send back the correct item—the information called for by Interrogatory 3. Ex. A at 8. Amazon's assertion that "Plaintiffs have not explained what more they think they need," Opp. 4, is false.

Finally, Amazon states in conclusory fashion that its response "explained how th[e] determination [that a customer returned an incorrect item] is made." Opp. 4. As Plaintiffs explained in their Motion (at 6), it does not. And Amazon's Opposition ignores the specific concerns raised by Plaintiffs regarding this part of Amazon's response.

### C. The Court Should Compel Amazon to Fully Identify Business Units Involved In Return and Refund Policies, Individuals Responsible for Audits and Reviews, Individuals With Knowledge of Erroneous Refund Denials or Recharges, and Individuals With Knowledge Regarding Designated Carriers (Interrogatories 4, 6, 7, 9)

Amazon does not dispute that its answers to Interrogatories 4, 6, 7, and 9 fell short of "fully" responding. Fed. R. Civ. P. 33(b); Opp. 4-6. Instead, Amazon has claimed for months that it "is continuing to investigate this Interrogatory," Opp. 5-6; Ex. E at 4-8, and finally commits to "supplement its response," but still does not explain how it plans to do so, Opp. 5-6. Amazon's delay tactics are improper, particularly where this information is plainly "within [Amazon's] immediate knowledge or possession." *Bryant*, 285 F.R.D. at 607 (citation omitted). Amazon had "an affirmative duty to seek that information reasonably available to [it] from [its] employees," *id.*, and "fully" answer Plaintiffs' Interrogatories. Fed. R. Civ. P. 33(b). Amazon has offered zero

explanation for why these Interrogatories necessitated months of investigation. Amazon's vague promises to continue investigating its responses are empty, and they serve only to delay progress in this litigation. Amazon's "incomplete…answer…*must* be treated as a failure to…answer." Fed. R. Civ. P. 37(a)(4) (emphasis added).

**D. The Court Should Compel Amazon to Provide the Factual Bases for its Asserted Defenses (Interrogatory 8)**

Amazon still has not supplemented its responses to Interrogatory 8 to identify a single responsive document under Fed. R. Civ. P. 33(d). Instead, it has identified *in subsequent letters between counsel* three data tables containing hundreds of data fields. Ex. E at 8. Such "subsequent statements…are unverified and made by defense counsel in letters" and therefore are "not in compliance with Rule 33." *Bryant*, 285 F.R.D. at 612. Thus, Amazon has provided no response to Interrogatory 8 that complies with Rule 33.

Further, Amazon concedes that invocation of Rule 33(d) is proper only where "the burden of ascertaining the answer [is] substantially the same for both sides." Opp. 6. But given the "hundreds" of data fields covered by the three data tables, *id.* at 7, the burden on Plaintiffs of trying to "locate and identify" responsive information is substantially higher than for Amazon—who already knows which field or fields support its defenses. *O.H. v. Secret Harbor*, 2024 WL 310281, at *6 (W.D. Wash. Jan. 26, 2024) (citation omitted). A responding party "may not use Rule 33(d) to avoid furnishing a response to the interrogatory where the answer is not apparent from the face of the documents." *Scanlon v. Curtis Int'l, Ltd.*, 2020 WL 7360543, at *7 (E.D. Cal. Dec. 15, 2020) (citation omitted). Instead, where "a complete answer to the interrogatory is not readily ascertainable from the documents" identified, *id.*, a responding party "has the duty to specify, by category and location, the records from which answers to interrogatories can be derived," *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999) (citation omitted). Amazon must identify the specific fields that are responsive to Interrogatory 8. *Id.* at 278 (party must "indicate the page or paragraphs that are responsive to the interrogatory") (cleaned up). Amazon does not commit to providing this information in its forthcoming amended responses. *See* Opp. 7.

### E. The Court Should Compel Amazon to Provide Details Regarding Amazon's Denial of Plaintiffs' Refunds (Interrogatories 10 and 11)

Amazon acknowledges that Interrogatory 10 seeks a detailed "explanation" of the claimed "specific and unique facts" Amazon relied upon to deny Plaintiffs' refunds. Opp. 7. But instead of providing that explanation, Amazon responded with a cursory sentence for each Plaintiff, apparently intended to address the "specific and unique facts" of their orders, stating only that "Amazon's records reflect that it" either "did not receive the expected item or the correct quantity" was not returned. *Id.* After noting that Amazon's response lacks any detail as to the referenced "records," Mot. 11, Amazon now faults Plaintiffs for "ignor[ing]" documents produced by Amazon the night before Plaintiffs filed the Motion, Opp. 7. But, Plaintiffs would have no way of knowing those documents were the records to which Amazon referred in its Interrogatory response served months earlier (which made no reference to any forthcoming documents). Nor is it clear from the face of the screenshots provided why Amazon denied the refunds.[1] That is precisely why Amazon may not invoke Rule 33(d) when "[t]here is no reference to Rule 33(d) in [its] responses." *Opico*, 2019 WL 3067202, at *3. The Court should order Amazon to respond fully to Interrogatory 10 by providing the purportedly "specific and unique facts" that caused Amazon to deny *each* of Plaintiffs' refunds. To the extent Amazon intends to amend its response to cite to these screenshots pursuant to Rule 33(d), the Court should order Amazon to explain which portion of the documents are responsive to this Interrogatory. *O'Connor*, 185 F.R.D. at 278.

Amazon also acknowledges that Interrogatory 11 seeks a detailed "explanation" for why its customer service representatives informed some Plaintiffs that their refunds were denied due to mistakes, errors, or technical issues. Opp. 7. Amazon claims it "responded with the information reflected in Amazon's records," *id.* at 8, but its response included no information at all about statements made by its customer service representatives, Ex. B at 37. Amazon's belated citation to incomplete screenshots from its systems—which do not include any notes—is even more

---

[1] Further, as Plaintiffs have raised with Amazon several times, the screenshots are incomplete and fail to include all of the fields in that system, which are likely to have further responsive information.

inadequate for Interrogatory 11. Again, Amazon had an "affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control," including its customer service agents. *Bryant*, 285 F.R.D. at 607. This Court should order Amazon to provide the full and detailed explanation called for in Interrogatory 11.

### F. The Court Should Compel Amazon to Provide Information About Refund Processes (Interrogatory 5)

Amazon offers no justification for its failure to fully respond to Interrogatory 5 by describing the process it uses to determine the amount of refund—partial or otherwise—to which a customer is entitled. Instead, Amazon notes that its response referred to its Refunds page, which describe certain *policies* for issuing partial refunds. Opp. 8. But this page does not explain the "*process*" *that Amazon uses* at its warehouses or elsewhere to determine the "amount of a refund once an item" is returned. Ex. A at 9. Amazon's "incomplete…answer…*must* be treated as a failure to…answer," Fed. R. Civ. P. 37(a)(4) (emphasis added).

## CONCLUSION

For the reasons above, Plaintiffs respectfully request the Court order that Amazon provide complete and detailed responses to Interrogatories 2-11 within 14 days of any such order.

Dated: March 13, 2025

Respectfully submitted,

By: /s/ Alicia Cobb

Alicia Cobb, WSBA #48685
Nolan K. Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700

Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

By: */s/ Aaron M. Zigler*
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.

DATED: March 13, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system, and caused the foregoing to be sent by email to counsel of record.

DATED March 13, 2025

*<u>/s/ Alicia Cobb</u>*
Alicia Cobb, WSBA #48685