THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | No. 2:23-CV-1372-JNW<br><br>**PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>NOTING DATE: March 24, 2025 |



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 1

A. Amazon's Requests For Documents And Communications Related To The Identification And Solicitation Of Putative Class Members Are Vague, Overbroad, Irrelevant, And Seek Privileged Information (RFPs 1-2) ..... 1

B. Information About And Documents Sufficient To Show All Amazon Accounts Used By Plaintiffs And Customers 1 & 2 Is Irrelevant, Overbroad, And Unduly Burdensome (Interrogatories 1-2; RFPs 3-4 And 18) ..... 6

C. Photographs Showing Plaintiffs' Returns Are Irrelevant And Unduly Burdensome (RFP 15) ..... 10

CONCLUSION ..... 10


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

## Cases

*Banks v. R.C. Bigelow, Inc.*,
2023 WL 4932894 (C.D. Cal. July 31, 2023) ... 4

*Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
410 F.3d 1104 (9th Cir. 2005) ... 5

*Bodner v. Oreck Direct, LLC*,
2007 WL 1223777 (N.D. Cal. Apr. 25, 2007) ... 4

*Busby v. JRHBW Realty, Inc.*,
513 F.3d 1314 (11th Cir. 2008) ... 5

*Don v. Unum Life Ins. Co. of Am.*,
2014 WL 12610140 (C.D. Cal. Oct. 24, 2014) ... 5

*DZ Reserve v. Meta Platforms, Inc.*,
96 F.4th 1223 (9th Cir. 2024) ... 8

*Ford v. Koutoulas*,
2025 WL 73007 (M.D. Fla. Jan. 10, 2025) ... 3

*Guido v. L'Oreal, USA, Inc.*,
2013 WL 3353857 (C.D. Cal. July 1, 2013) ... 5

*Hilsley v. Ocean Spray Cranberries, Inc.*,
2018 WL 6300479 (S.D. Cal. Nov. 29, 2018) ... 5

*In re Honda Idle Stop Litig.*,
347 F.R.D. 528 (C.D. Cal. 2024) ... 4

*Long v. Amazon.com Servs. LLC*,
2023 WL 6215362 (W.D. Wash. Sept. 25, 2023) ... 2, 8

*Lopez v. Peterson*,
2006 WL 2226071 (E.D. Cal. Aug. 3, 2006) ... 2, 7

*Nguyen v. Lotus by Johnny Dung Inc.*,
2019 WL 3064479 (C.D. Cal. June 5, 2019) ... 3

*Nucci v. Rite Aid Corp.*,
2020 WL 3187335 (N.D. Cal. June 14, 2020) ... 8

*Senne v. Kansas City Royals Baseball Corp.*,
315 F.R.D. 523 (N.D. Cal. 2016) ... 4


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Smith v. Allianz Serv. Co.*,
2022 WL 4596591 (C.D. Cal. June 10, 2022) .......... 4

*Steven Ades & Hart Woolery v. Omni Hotels Mgmt. Corp.*,
2014 WL 4627271 (C.D. Cal. Sept. 8, 2014) .......... 5

*Trosper v. Styker Corp.*,
2014 WL 4145448 (N.D. Cal. Aug. 21, 2014) .......... 4

*United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*,
870 F.2d 1450 (9th Cir. 1989) .......... 2

**Other Authorities**

Cal. Rules of Pro. Conduct r. 7.3 .......... 3

Ill. Rules of Pro. Conduct r. 7.3 .......... 3

Wash. Rules of Pro. Conduct r. 7.3 .......... 3


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## INTRODUCTION

After being called out on its own improper discovery tactics, *see* Dkts. 81, 89, 93, 106, Amazon appears to have scoured Plaintiffs' discovery responses in search of some grounds on which it, too, could file a motion to compel.[1] But unlike Plaintiffs' motions, which seek to compel the production of critical documents and information, Amazon's Motion seeks documents and information that are irrelevant, privileged, solely within *counsel*'s or *third-parties*' files (not Plaintiffs'), and unduly burdensome to collect. None of these documents have any bearing on Plaintiffs' claims or Amazon's defenses, and Amazon fails to articulate the relevance of the discovery it seeks. Where relevance is completely lacking, such discovery is clearly not proportional to the needs of the case. Amazon's Motion should be denied.

## ARGUMENT

### A. Amazon's Requests For Documents And Communications Related To The Identification And Solicitation Of Putative Class Members Are Vague, Overbroad, Irrelevant, And Seek Privileged Information (RFPs 1-2)

Amazon moves to compel the named Plaintiffs to produce documents in response to two vague, overbroad requests for production relating to the "identification" and "solicitation" of putative class members. Specifically, RFP 1 seeks "All documents and communications related to the identification of Putative class members," while RFP 2 seeks "All documents and communications related to the solicitation of Putative class members." Sims Ex. A at 5. The Court should deny Amazon's request.

Amazon's Motion ignores that the documents it seeks are unlikely to be found in the possession, custody, or control of Plaintiffs. Instead, Amazon apparently seeks documents in the possession of Plaintiffs' counsel (*e.g.*, online advertisements placed by counsel, communications between counsel and putative class members other than the named Plaintiffs, etc.). Amazon cites

[1] That likely explains why Amazon's introduction focuses on vague and unmeritorious complaints about Plaintiffs' productions having nothing to do with its Motion. For example, Amazon complains that Plaintiffs' productions "primarily consist[] of automated communications related to their orders or returns, or exports of webpages." Mot. 1. Of course, that makes sense in a case about Amazon's practices relating to returns and refunds, and promises Amazon made to consumers on its website, and where Amazon *requested Plaintiffs produce* such documents.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

nothing to support its position that *Plaintiffs' counsel* must search their own files for responsive documents that are not in the possession of the Plaintiffs—*vast* numbers of which would be subject to attorney work product or privilege protections.[2] *See Lopez v. Peterson*, 2006 WL 2226071, at *2 (E.D. Cal. Aug. 3, 2006) (rejecting argument that party must produce documents that his attorney has access to because "[t]he documents must be within the 'possession, custody or control of the party upon whom the request is served'" (citing Fed. R. Civ. P. 34(a))). Amazon's request should be denied on this basis alone.

Even were the Court to consider the relevance of the Requests, it should deny Amazon's motion. "On a motion to compel discovery, the moving party carries the 'initial burden of demonstrating relevance.'" *Long v. Amazon.com Servs. LLC*, 2023 WL 6215362, at *4 (W.D. Wash. Sept. 25, 2023) (citation omitted). Amazon fails to meet that burden.

*First*, although Amazon lumps RFPs 1 and 2 together (Mot. 1-3), its Motion fails entirely to provide *any* justification for the relevance of RFP 1. As reflected above, RFP 1 seeks "*All documents and communications related to the identification* of Putative class members." Sims Ex. A at 5 (emphasis added). The only explanation of relevance Amazon ever provided Plaintiffs was that Amazon needs such documents to "understand who falls within the proposed classes." Sims Ex. E at 2. But as Plaintiffs explained previously, the best way to determine who would fall within the proposed class would be to read the class definitions on the one hand, and compare it to Amazon's documents and data—not to search Plaintiffs' (or Plaintiffs' counsel's) files. *Id.* Further, it is *Amazon*—not Plaintiffs—who has in its sole possession the data that will inform "who falls within the proposed classes."[3] Nor is this any explanation for why Amazon needs "all

---

[2] For example, Amazon does not (because it cannot) argue that Plaintiffs have "the legal right to obtain [the] documents upon demand." *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

[3] Ironically, Amazon has objected to producing transaction data to Plaintiffs, which objections are the subject of Plaintiffs' Motion to Compel, Dkt. 81 (Pls.' Mot. to Compel) at 3-6, and Amazon has further specifically objected to producing information that would allow for identification of putative class members before a class is certified, Dkt. 82-3 (Amazon's Obj.'s and Responses) at 14 ("Amazon objects to the timing of this Request because the information sought is not relevant


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

documents and communications related to" the identification of putative class members—a vast and ambiguous overreach. The Court should deny Amazon's motion to compel as to RFP 1.

*Second*, RFP 2 seeks from Plaintiffs "*All documents and communications related to* the solicitation of Putative class members." Sims Ex. A at 5 (emphasis added). A "solicitation" is a term of art that means "a targeted communication initiated by or on behalf of a lawyer that is directed to a specific person and that offers to provide, or can reasonably be understood as offering to provide, legal services," and does not include a communication "directed to the general public," including "a billboard, an Internet banner advertisement, a website, or a television commercial." Wash. Rules of Pro. Conduct r. 7.3, cmt. [1]; *see also* Ill. Rules of Pro. Conduct r. 7.3, cmt. [1] (same); Cal. Rules of Pro. Conduct r. 7.3(e) & cmt. [1] (similar). Amazon's Motion clarifies that, despite the language of RFP 2, in fact Amazon wants more than "solicitations," it wants all documents "that were used *to inform potential class members*, *including* named Plaintiffs, about this litigation" and "documents about how the named Plaintiffs became involved with the case," including advertisements or other unidentified non-privileged correspondence. Mot. 1-2 (emphasis added).

Amazon claims this will provide insight into whether "Plaintiffs or Plaintiffs' counsel 'is the driving force behind this action,'" which Amazon asserts is relevant to the typicality and adequacy factors for class certification. *Id.* at 2 (citation omitted). That is wrong. *See Ford v. Koutoulas*, 2025 WL 73007, at *1-2 (M.D. Fla. Jan. 10, 2025) (denying motion to compel discovery related to "how Plaintiffs' counsel advertised this lawsuit" because it has no bearing on adequacy); *Nguyen v. Lotus by Johnny Dung Inc.*, 2019 WL 3064479, at *4 (C.D. Cal. June 5, 2019) (denying motion to compel where "[a]ny arguable, minimal relevance of documents concerning solicitations or demand letters by counsel…is more than offset by the burden and expense"). In fact, Amazon acknowledges that the key inquiry for determining adequacy is whether the named Plaintiffs "understand[] and control[] the major decisions of the case." Mot. 2

---

if a class is not certified"); Dkt. 87 (Amazon's Opp. to Mot. to Compel) at 6 (arguing "the identities of absent potential class members certainly are not relevant or appropriate at this stage").

(citation omitted). Documents informing Plaintiffs about this case, or showing how they became involved in this case (even if they exist, are not-privileged, and are in Plaintiffs' own possession), have no bearing on those issues. And communications between counsel and *other* putative class members *who have not elected to become named Plaintiffs*—in addition to not being likely to be in Plaintiffs' possession, custody, and control—have even less bearing on the typicality or adequacy of the named Plaintiffs.

Case after case has held that learning about a lawsuit through an attorney is insufficient to challenge adequacy. In *Senne v. Kansas City Royals Baseball Corp.*, the court distinguished the case relied upon by Amazon (*Bodner v. Oreck Direct, LLC*, cited at Mot. 2), and rejected the argument that adequacy was not satisfied just because "some named Plaintiffs…joined the case after receiving telephone calls or emails from [plaintiffs' counsel]." 315 F.R.D. 523, 572 (N.D. Cal. 2016), *on reconsideration in part*, 2017 WL 897338 (N.D. Cal. Mar. 7, 2017), *aff'd in part, rev'd in part and remanded*, 934 F.3d 918 (9th Cir. 2019). Here, like in *Senne*, there is no evidence that the named Plaintiffs are "ignoran[t] about the nature of the case" and no "air of impropriety surrounding [counsel's] conduct." *Id.* (citations omitted). Numerous other cases in this Circuit have distinguished *Bodner* on similar grounds. *See, e.g.*, *In re Honda Idle Stop Litig.*, 347 F.R.D. 528, 543 (C.D. Cal. 2024) (distinguishing *Bodner* and finding it irrelevant to adequacy that named plaintiffs joined the action after seeing social media advertisements about the case); *Banks v. R.C. Bigelow, Inc.*, 2023 WL 4932894, at *3 (C.D. Cal. July 31, 2023) (distinguishing *Bodner* and rejecting argument that "Plaintiffs cannot adequately represent the class because they were solicited to participate in a class action lawsuit via a website"); *Smith v. Allianz Serv. Co.*, 2022 WL 4596591, at *13 (C.D. Cal. June 10, 2022) ("Although the *Bodner* plaintiff and Plaintiff Smith both become involved in their cases by responding to attorney advertisements, Plaintiff Smith has demonstrated far more dedication to and knowledge about this litigation."); *Trosper v. Styker Corp.*, 2014 WL 4145448, at *13 (N.D. Cal. Aug. 21, 2014) (distinguishing *Bodner* and finding adequacy was met where "Plaintiff displays a basic understanding of the facts and the legal theories underlying this case" and there was no "showing of impropriety concerning class

counsel").[4] What these cases overwhelmingly stand for is that Plaintiffs learning about a case through an advertisement, website, or direct communication from counsel is no basis on which to challenge adequacy. Therefore, were there any non-privileged documents responsive to this Request in Plaintiffs' possession, they would not be relevant.[5]

In addition to being irrelevant, Amazon does not dispute that the vast majority, if not all, of the documents that could theoretically be responsive to this Request—*i.e.*, communications between the named Plaintiffs or other putative class members and class counsel—are protected by attorney-client privilege or work product protections. Instead, citing out-of-circuit authority, they argue that "[s]olicitation letters" are not protected by attorney-client privilege or work product protections. Mot. 2. But courts in this Circuit have held that privilege and work product protections extend to communications seeking to gather information from prospective class members, including "to a law firm which posted a questionnaire on the internet seeking information about potential class members for a class action which the law firm contemplated." *Don v. Unum Life Ins. Co. of Am.*, 2014 WL 12610140, at *2-3 (C.D. Cal. Oct. 24, 2014) (citing *Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 410 F.3d 1104, 1109 (9th Cir. 2005)). So, even assuming responsive documents exist, Amazon is incorrect that they would be discoverable. Regardless, any "solicitation letters" with putative class members who did not become named Plaintiffs are

---

[4] *See also Hilsley v. Ocean Spray Cranberries, Inc.*, 2018 WL 6300479, at *7 (S.D. Cal. Nov. 29, 2018) ("alleged solicitation of Plaintiff by her counsel does not make her an inadequate representative for the class"); *Steven Ades & Hart Woolery v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *9 (C.D. Cal. Sept. 8, 2014) ("assuming that [the named plaintiff] was solicited by counsel, that does not undermine a finding of adequacy" because "[t]here is nothing inherently improper with the recruitment of class representatives"); *Guido v. L'Oreal, USA, Inc.*, 2013 WL 3353857, at *8 (C.D. Cal. July 1, 2013) ("the fact that plaintiffs were solicited by counsel does not undermine a finding of adequacy" because "[t]here is nothing inherently improper with the recruitment of class representatives"); *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008) (alleged improper solicitation does not implicate adequacy).

[5] Contrary to Amazon's assertions (Mot. 2-3), it does not alter the calculus that employees of Plaintiffs' counsel also experienced wrongful recharges. As employees of class counsel, they are not members of the class, *see* Dkt. 58 (Consolidated Class Action Complaint) ¶ 144, and Ms. Zigler's investigation into the widespread nature of Amazon's violations of its return policies does not somehow undermine the Plaintiffs' legitimate claims.

unlikely to be in *Plaintiffs*' possession, and the "strained and conclusory relevance" of such documents does not "overcome the incredible burdens of having to scour *Plaintiffs' counsel's* files." Sims Ex. E. at 2. Amazon has provided no response to this argument. Amazon's Motion should be denied.

**B. Information About And Documents Sufficient To Show All Amazon Accounts Used By Plaintiffs And Customers 1 & 2 Is Irrelevant, Overbroad, And Unduly Burdensome (Interrogatories 1-2; RFPs 3-4 And 18)**

RFPs 3 and 4 and Interrogatory 2 purport to seek discovery *from the named Plaintiffs* about Customers 1 and 2—third parties who are not Plaintiffs (nor even putative class members), and who are employees of one of Plaintiffs' counsel's law firms.[6] Specifically, RFPs 3 and 4 seek "[d]ocuments sufficient to show the identity" of Customers 1 and 2, including, among other things, the "email address(es) associated with *any Amazon.com account*" Customers 1 and 2 have *ever* "used," and Interrogatory 2 requests that the *named Plaintiffs* provide a *sworn interrogatory response* that "[i]dentif[ies] (by first name, last name, email address, phone number, Account Holder name, and relationship between Customer and the Account Holder) all Amazon accounts *'Customer 1' and 'Customer 2'* used to initiate a return." Sims Exs. A at 6 (emphases added), B at 2. Likewise, RFP 18 seeks from each Plaintiff documents "sufficient to identify Amazon accounts *held by You or any Putative class member or* to which *You or any Putative class member had access*," while Interrogatory 1 asks Plaintiffs to identify the email address, and other identifying information, for any Amazon account each Plaintiff had *ever* "used to initiate a return." Sims Exs. A at 7, B at 2 (emphases added).[7] Plaintiffs provided responses and produced documents

---

[6] As noted in footnote 6, Customers 1 and 2 are excluded from the proposed class as "counsel's employees." Dkt. 58 (Consolidated Class Action Complaint) ¶ 144.

[7] Amazon's Motion and Proposed Order asks the Court to compel the identification of all Amazon accounts "used" by Plaintiffs and Customers 1 and 2, Mot. 5; Dkt. 98-1 (Proposed Order) at 2, but Amazon's Motion does not acknowledge that the Requests at issue are different than described: Interrogatories 1 and 2 do not seek the identity of "all Amazon accounts *used*" by Plaintiffs and Customers 1 and 2, but instead seeks those accounts that have been "used *to initiate a return*." Sims Ex. B at 4 (emphasis added). Likewise, RFP 18 does not seek documents sufficient to show Amazon accounts "used" by Plaintiffs, but rather seeks documents sufficient to identify accounts "*held by* You *or any Putative class member* or to which You *or any Putative class member had access*." Sims Ex. A at 7 (emphases added).

related to the Amazon accounts that Plaintiffs and Customers 1 and 2 used in connection with the transactions that are alleged in the Complaint.[8] The parties' dispute is over Amazon's insistence that Plaintiffs must *also* provide documents and information related to *other* Amazon accounts used by Plaintiffs and Customers 1 and 2 having no connection to those transactions. There are a number of reasons why Plaintiffs should not be compelled to do so.

*First*, for RFPs 3 and 4 and Interrogatory 2, Amazon provides no explanation or justification as to why the named Plaintiffs should have to verify under oath all Amazon accounts ever used by Customers 1 and 2 to initiate a return (whether or not they experienced a wrongful recharge on such returns), or to search for and produce documents related to those Amazon accounts. That is because there is none—Customers 1 and 2 are third parties, and not even putative class members. *See Lopez*, 2006 WL 2226071, at *2 ("No rule requires a party or a party's attorney to produce documents in the possession, custody o[r] control of a non-party" even assuming the party's attorney has access to those documents). The Court should deny Amazon's Motion as to RFPs 3-4 and Interrogatory 2 on this basis alone.[9]

*Second*, for each of these requests (RFPs 3, 4, and 18, and Interrogatories 1 and 2), Amazon has never persuasively articulated why documents and information related to Amazon accounts that were not used in connection with the transactions alleged in the Complaint are relevant, or

---

[8] In addition, Amazon also served subpoenas on Customers 1 and 2, seeking documents sufficient to show the name, phone number, address, and email address associated with their Amazon accounts, and Customers 1 and 2 produced responsive documents. There is no reason Amazon needs to seek duplicative or even additional information from *Plaintiffs*.

[9] To the extent Amazon continues to seek from Plaintiffs, through RFP 18, documents "sufficient to identify Amazon accounts held by…any Putative class members or to which…any Putative class member had access," Sims Ex. A at 7, that Request should be denied for the same reason. Moreover, in the meet-and-confer process, Amazon claimed that, through RFP 18, Plaintiffs should produce Amazon account information of family members or friends who are putative members of the class (to the extent the account information is in Plaintiffs' possession)—even though Plaintiffs may not know whether their friends or family members experienced the conduct that would cause them to fall within the proposed class definition. Sims Ex. J at 6 (RFP 18 extends to documents that "concern putative class members" if those documents are in Plaintiffs' possession, custody, or control). Amazon's Motion does not even attempt to address the relevance or burden associated with this portion of its Request, and to the extent Amazon continues to seek this information from Plaintiffs, the request should be rejected outright.

why any minimal relevance outweighs the burden of searching for and producing documents related to Amazon accounts potentially used one time twenty years ago (but which may never have been used to initiate a return, or experienced a wrongful recharge). *Long*, 2023 WL 6215362, at *4 (moving party has the burden to show the relevance of the discovery sought). In its Motion, Amazon contends that these other accounts are relevant because if Plaintiffs improperly returned items using *other* accounts, or abused Amazon's return policy, that somehow bears on those Plaintiffs' typicality and adequacy, and also on their "claims that they returned the correct item but were wrongfully charged for it." Mot. 4. Notably, none of these arguments would apply to accounts used by Customers 1 and 2 (or any other putative class member who is not a named Plaintiff)—typicality and adequacy are of no relevance to them. But even as to other Amazon accounts Plaintiffs themselves used (or had access to, if any), Amazon's articulation of relevance (even if it were meritorious) does not justify seeking every account Plaintiffs ever "used" or "had access" to (including accounts for which they never returned a product, or never experienced a wrongful recharge). In any event, whether Plaintiffs returned the correct item *in other instances through other accounts* has no bearing on whether they were wrongfully charged for the returns identified in the Complaint. Unsurprisingly, Amazon cites no cases supporting its claim that this discovery is proper.

Contrary to Amazon's unsupported assertion, these Requests do not seek discovery that would affect Plaintiffs' typicality. "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024) (citation omitted). "Merely because a named plaintiff's experience varied somewhat from that of each class member, their claims are not necessarily atypical if they were subject to a common practice or policy." *Nucci v. Rite Aid Corp.*, 2020 WL 3187335, at *17 (N.D. Cal. June 14, 2020) (citation omitted). To find that a named plaintiff is not typical, the court must conclude that the representative will be "preoccupied with unique defenses." *DZ Reserve*, 96 F.4th 1223 at 1238. Here, Plaintiffs base their claims, and their harm, on specific transactions identified in the Complaint. Amazon's defenses as to whether Plaintiffs were wrongfully recharged for those


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

specific items will be based on Amazon's records of the items it received from Plaintiffs, its analysis of those items, and its subsequent decisions. *See* Mot. 6. (Amazon's defenses are that "at least some of the Plaintiffs did not send back the item for which they received an advanced refund."). Whether Plaintiffs did or did not send back the correct item for a *different return* (related to a different account) will have no bearing on that analysis—particularly where Amazon did not consider that *different return and different account* when determining whether or not to deny the refund or recharge for the returns at issue in the Complaint.

Amazon's reliance on adequacy is even farther afield. A named plaintiff is inadequate if there is a conflict of interest with other class members, or if the named plaintiffs will not prosecute the action vigorously on behalf of the class. *Nucci*, 2020 WL 3187335, at *18. Amazon has identified no conflict that would result should Amazon discover that any particular Plaintiff had ever returned the wrong item. Similarly, there is no reason why Plaintiffs would not prosecute the action vigorously even if there were other situations where they returned the wrong item. Amazon cannot just throw out words like "typicality" and "adequacy" to embark on a fishing expedition without any legal analysis supporting its positions.

Amazon's additional contention that this information is relevant because some Plaintiffs used accounts under other names to make the purchases that are at issue in the Complaint, Mot. 4-5, is misguided. To the extent those accounts are relevant to the allegations in the Complaint, Plaintiffs produced information about them. For the reasons stated above, information about *other* accounts that Plaintiffs "used" or simply "had access" to—whether or not in their name, or under their email address, and whether or not there was ever a return or recharge initiated on that account—is not relevant.

*Finally*, Amazon states in conclusory fashion that "[i]dentifying all Amazon accounts should not be unduly burdensome for Plaintiffs to accomplish." Mot. 5. But Amazon seeks information about any account Plaintiffs had ever "access" to or ever "used" for any purposes. Looking for information on accounts that Plaintiffs may no longer use (or may never have used), is unduly burdensome considering their irrelevance. Amazon's Motion should be denied.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

### C. Photographs Showing Plaintiffs' Returns Are Irrelevant And Unduly Burdensome (RFP 15)

RFP 15 requests that Plaintiffs search for and produce to Amazon pictures they may or may not have taken of the items they returned to Amazon. Amazon contends that photographs identifying the item should be produced because they may disprove or support its defense that "at least some of the Plaintiffs did not send back the item for which they received an advanced refund." Mot. 6. But Amazon does not explain how the existence of pictures of the correct items would disprove or support those defenses—a picture of an item only proves that Plaintiffs were at some point in possession of the item that they purchased from Amazon, an issue that is not in dispute. Plaintiffs have not alleged that they received the wrong items to begin with, and a picture on Plaintiffs' camera roll of the item they purchased would not prove or disprove what was provided to the UPS or Kohl's drop off location in the particular box tied to a particular return.[10] Further, this Request appears intended to harass, as it would involve counsel searching through photos on Plaintiffs' phones—an incredibly invasive task unlikely to lead to the identification of any relevant evidence. Amazon's Motion should be denied.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny Amazon's Motion in its entirety.

Dated: March 18, 2025

Respectfully submitted,

By: */s/ Alicia Cobb*
Alicia Cobb, WSBA #48685
Nolan K. Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100

[10] This is particularly true for Plaintiffs who returned multiples of the same item, where Amazon concedes that at least one of the identical items were returned. *See, e.g.*, Dkt. 58 (Consolidated Class Action Complaint) ¶ 80-91.

aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

By: */s/ Aaron M. Zigler*
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 3,998 words, in compliance with the Local Civil Rules.

DATED: March 18, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED March 18, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000