UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | CASE NO. C23-1372 JNW<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiffs' Motion to Seal. (Dkt. No. 91.) Having reviewed the Motion, Defendant's Response (Dkt. No. 104), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiffs have filed a Motion to Seal, asking the Court for leave to file under seal their Motion to Compel and certain supporting materials that contain or refer to information that Defendant Amazon has designated as confidential under the Protective Order. (Dkt. No. 91.) Plaintiffs take no position on whether Amazon "has good cause to file this information under seal." (Id. at 1.) And Plaintiffs explain that though they attempted to meet and confer with

Amazon before filing the Motion to Seal, Amazon offered to meet and confer five days after Plaintiffs intended to file their Motion to Compel. (Id.) Amazon has filed a response, in which it identifies limited portions of each document that it believes should be kept under seal. (Dkt. No. 104.) Amazon has filed proposed copies of the Motion to Compel and supporting materials that can be publicly viewed with redactions (see Dkt. No. 105), though it maintains that two documents should be kept entirely under seal.

## ANALYSIS

### A.     Legal Standard

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. But here, the good cause standard applies because the Motion to Compel does not appear to relate to the merits of the case. See id. Under the "good cause" standard, the Court may seal materials "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including, as is relevant here, from requiring disclosure of "a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 26(c)(1)(G).

### B.     Failure to Meet and Confer

The Court notes that the Parties here failed to meet and confer, as required by Local Civil Rule 5(g) and there is no proper certification. This alone would be grounds to deny the Motion. But from the records provided, it appears that both Parties share some blame. On the one hand the Court agrees with Plaintiffs that Amazon did not reasonably make itself available to meet and confer. But on the other hand, Plaintiffs failed to identify any reason why they did not simply

1  wait to file the Motion to Seal until after meeting and conferring, particularly since the discovery
2  motion deadline related to class certification runs until June 2, 2025. (See Dkt. No. 84.) So while
3  Amazon shares the blame for the failure to meet and confer, Plaintiffs here ultimately jumped the
4  gun. Because the Motion to Seal concerns documents Amazon has designated as confidential and
5  because it asks the Court to seal them, the Court finds that it would be unfair to Amazon to
6  simply deny the Motion to Seal because Plaintiffs did not wait to meet and confer. And Amazon
7  has taken efforts consistent with the Local Rules to narrow the volume of material it wishes to
8  seal—a topic that would have been discussed during a meet and confer. LCR 5(g)(1). As such,
9  the Court considers the merits of the Motion to Seal.

10  Going forward, the Parties must promptly meet and confer to discuss the filing of
11  materials under seal, as is required by Local Civil Rule 5(g). While Plaintiffs here filed the
12  Motion without completing a meet and confer, Amazon unreasonably delayed in making itself
13  available to meet and confer on this narrow issue. The Court expects the Parties to complete a
14  meet and confer regarding sealing within no more than two business days of a request. Failure to
15  comply with this requirement may result in sanctions.

**C.  Good Cause to Seal Records**

Amazon asks the Court to seal a variety of high-level information regarding how it processes returns, the individuals who oversee the process and their reporting lines, the internal groups and external providers who are involved, the reasons certain items identified in the Complaint were not refunded, and call scripts used regarding returns. (See Dkt. No. 93, 95; Resp. at 1-4.) Amazon explains that this is confidential and sensitive proprietary and commercial information whose revelation could harm its competitive standing and cause it to suffer a commercial harm. (Resp. at 5-6.) The Court finds good cause to seal these materials under Rule

26(c), as Amazon has explained in enough detail why the revelation of this material would cause it to suffer commercial harms. The Court GRANTS the Motion and maintains the materials UNDER SEAL.

## CONCLUSION

The Court finds good cause to seal the materials that Amazon has requested to be sealed. The Court therefore GRANTS the Motion and Orders the Clerk to maintain the records filed at Docket Entries 93 and 95 under seal. The Court notes that Amazon has filed publicly-viewable versions of these records at Docket Entry 105.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 8, 2025.

Marsha J. Pechman
United States Senior District Judge