UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *IN RE*: AMAZON RETURN POLICY LITIGATION | CASE NO. 2:23-cv-1372<br><br>ORDER DENYING MOTION TO DISMISS |

# 1. INTRODUCTION

This matter comes before the Court on Defendant Amazon.com, Inc.'s Partial Motion to Dismiss Plaintiffs' claims for money had and received, unjust enrichment, promissory estoppel, and conversion. Dkt. No. 62. Having reviewed the papers submitted in support of and opposition to the motion, and the relevant legal authorities, the Court DENIES the motion for the reasons stated below.

# 2. BACKGROUND

This case involves Amazon's "advanced refund policy," which is a portion of its overall return policy. Under the advanced refund policy, a consumer will receive a refund before Amazon physically receives the returned item. Dkt. No. 58

(amended complaint) at 5–6. For instance, a consumer may drop off an item for return shipping at one of Amazon's designated return kiosks and receive a refund at that point. *Id*. at 6. But if the item does not make it back to Amazon, Amazon will re-charge the consumer's credit card on file for the item's full price. *Id*. at 6.

Plaintiffs allege that they properly returned their items and received advanced refunds, but Amazon subsequently charged them again anyway. *Id*. at 3. Plaintiffs have sued Amazon for breach of contract, violating the duty of good faith and fair dealing, violating the Washington Consumer Protection Act, money had and received, unjust enrichment, promissory estoppel, and conversion. *Id*. at 37–39. Amazon moves to dismiss Plaintiffs' quasi-contract claims and conversion claim. Having reviewed the record, the pleadings, and the relevant law, the Court is fully informed and denies the motion for the reasons below.

### 3.  DISCUSSION

#### 3.1  Legal standard.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts that "plausibly give rise to an entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). On a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support their claims." *McGary v. Portland*, 386 F.3d 1259, 1261 (9th Cir.

2004) (quotation omitted). On a motion to dismiss, courts must take the complaint's factual allegations as true and construe them "in the light most favorable to the nonmoving party." *Arias v. Raimondo*, 860 F.3d 1185, 1189 (9th Cir. 2017); Fed. R. Civ. P. 12(b)(6).

### 3.2 The independent duty doctrine does not bar Plaintiffs' conversion claim.

Amazon argues that Plaintiffs' conversion claim is barred by Washington's independent duty doctrine because the duty to refund arises solely from the contract, not from an independent tort duty. The Court rejects this argument for several reasons.

"The independent duty doctrine is 'an analytical tool used by the court to maintain the boundary between torts and contract.'" *Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 969 (Wash. 2012) (quoting *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1263 (Wash. 2010)). The doctrine provides that "'[a]n injury … is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract.'" *Id.* (quoting *Eastwood*, 241 P.3d at 1263). The Washington Supreme Court has specifically limited the application of the independent duty doctrine. In *Elcon Construction*, the court stated it had "applied the [independent duty] doctrine to a narrow class of cases, primarily limiting its application to claims arising out of construction on real property and real property sales," and "directed lower courts not to apply the doctrine" beyond these contexts "unless and until [the Washington Supreme Court] has, based upon

considerations of common sense, justice, policy and precedent, decided otherwise." *Id.* at 970.

This case, involving consumer purchases rather than real property or construction, falls outside the scope of cases in which the Washington Supreme Court has authorized application of the independent duty doctrine.

And even assuming the independent duty doctrine were to apply in this context, the duty not to wrongfully take or retain another's property exists independently of any contractual relationship. Washington tort law establishes an independent duty not to steal—or convert—the belongings of another; it does so by providing a common-law cause of action for conversion. *See Fuji Food Prods. Inc. v. Occidental, LLC*, 2018 WL 6310090, at *4 ("The tort of conversion involves willfully interfering with the property of another without lawful justification, resulting in the deprivation of the owner's right to possess his property."). Thus, if the plaintiff establishes conversion, then liability and remedies flow from the common law tort of conversion, even if the plaintiff can show that she is entitled to the same remedies on a contract theory. *Id.* at *6. As a result, the independent legal duty doctrine does not preclude the plaintiff's conversion claim. *Id.*

Amazon cites an unpublished Washington Court of Appeals opinion, *Fuji Food Products, Inc. v. Occidental, LLC*, for the proposition that "the independent-duty doctrine barred a conversion claim . . . [where] the duty not to steal somebody else's property related to the contractual duty arising out of the parties' lease." Dkt. No. 62 at 12 (citing *Fuji Food Prods.*, 2018 WL 6310090, at *6). Contrary to Amazon's characterization, *Fuji Food* actually supports Plaintiffs' position, as the

ORDER DENYING MOTION TO DISMISS - 4

court there held that a conversion claim was not barred by the independent duty doctrine because "the duty not to steal someone else's property is related to, but independent of, any duties in the parties' [contract]." *Fuji Food Prods.*, 2018 WL 6310090, at *6–7. Thus, the Washington Court of Appeals confirmed that a plaintiff may seek recovery for "the same damages in tort and in contract" if the remedy stems from a different source of law—an independent legal duty. *Id*. ("The fact that Fuji sought the same damages in tort and contract is not the relevant inquiry.").

Amazon's other cited cases do not compel a different result. Those cases either applied the independent duty doctrine in contexts explicitly approved by the Washington Supreme Court, or they contradicted *Elcon*'s clear directive limiting the doctrine's application. This Court is bound by the Washington Supreme Court's guidance on Washington law.

Plaintiffs have adequately alleged that Amazon stole money directly from their bank accounts and continues to possess it unlawfully. These allegations state a plausible claim for conversion that exists independently of the parties' contractual relationship.

Accordingly, the Court denies Amazon's motion to dismiss the conversion claim.

**3.3     Plaintiffs may plead inconsistent claims in the alternative.**

Amazon moves to dismiss Plaintiffs' claims for unjust enrichment, promissory estoppel, and money had and received, arguing these quasi-contract claims cannot coexist with Plaintiffs' breach of contract claim. Dkt. No. 62 at 9 (collecting cases).

While it is true that a party to a valid express contract is generally bound by the provisions of that contract and may not disregard it to bring an action on an implied contract relating to the same matter, *Chandler v. Washington Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943), this principle does not mandate dismissal at the pleading stage when claims are expressly pleaded in the alternative.

Rule 8 of the Federal Rules of Civil Procedure explicitly permits parties to "state as many separate claims… as it has, regardless of consistency," Fed. R. Civ. P. 8(d)(3), and to state claims "alternatively or hypothetically," Fed. R. Civ. P. 8(d)(2). *See also Marks v. UMG Recordings, Inc.*, Case No. 22-55453, 2023 WL 4532774, at *4 (9th Cir. July 13, 2023) (holding that under Fed. R. Civ. P. 8(d)(3), the plaintiff "was entitled to plead his recission-and-frustration-based declaratory relief claims in the alternative if his claim for breach of an implied contract failed, even though these claims were inconsistent with his breach of contract theory").

Here, Plaintiffs have expressly plead their quasi-contract claims in the alternative:

> Should it be determined for any reason that the parties' contract is invalid, subject to avoidance, does not cover the parties' dispute, or is otherwise ineffective to regulate the parties' obligations, Plaintiffs allege this Count in the alternative to Counts I and II and in accordance with Fed. R. Civ. P. 8(d)(2).

[CITATION].

Under Rule 8(d)(2), "[i]f a party makes alternative statements," like Plaintiffs did here, then "the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Amazon's reliance on cases dismissing quasi-contract claims is misplaced because those cases typically involve situations where: (1) the litigation

ORDER DENYING MOTION TO DISMISS - 6

had progressed beyond the pleading stage; (2) the plaintiff failed to plead the claims in the alternative; or (3) the court had definitively determined that a valid, enforceable contract governed the parties' dispute. None of these circumstances exists here. Amazon does not challenge the sufficiency of Plaintiffs' primary contract claims under Rule 12(b)(6).

Amazon argues that Plaintiffs must affirmatively plead that the contract is invalid. This argument misunderstands the nature of alternative pleading. Plaintiffs need not take contradictory positions about the contract's validity; they need only preserve alternative legal theories in case developments during discovery reveal that the contract is invalid, unenforceable, or fails to address some aspect of the parties' dispute.

Accordingly, the Court denies Amazon's motion to dismiss the quasi-contract claims.

### 4. CONCLUSION

In sum, Amazon's partial motion to dismiss (Dkt. No. 62) is DENIED. The Parties are ORDERED to submit an updated Joint Status Report by Monday, May 12, 2025.

Dated this 29th day of April, 2025.

Jamal N. Whitehead
United States District Judge