THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-CV-1372-JNW

**PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION TO COMPEL INTERROGATORY RESPONSES**

NOTING DATE: August 7, 2025



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................ 1

BACKGROUND ........................................................ 1

ARGUMENT ........................................................ 3

A. The Court Should Deny Amazon's Motion To Compel Because Plaintiffs Have Adequately Responded To Interrogatory Nos. 9 and 10 ........................................................ 3

1. Plaintiffs Fully Answered Interrogatory No. 9 Subject To Valid Objections ........................................................ 3

2. Plaintiffs Fully Answered Interrogatory No. 10 Subject To Valid Objections ........................................................ 4

CONCLUSION ........................................................ 9



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Ashworth, Inc. Sec. Litig.*,
213 F.R.D. 385 (S.D. Cal. 2002) ........ 8

*Aspin v. Allstate Prop. & Cas. Ins. Co.*,
2020 WL 1523250 (W.D. Wash. Mar. 30, 2020) ........ 8

*Becker v. Washington State Univ.*,
165 Wash.App. 235 (Wash. Ct. App. 2011) ........ 5

*Burger King Corp. v. Grais*,
1992 WL 44406 (N.D. Ill. Feb. 28, 1992) ........ 5, 6

*Butler v. State Farm Mut. Auto. Ins. Co.*,
2015 WL 11714664 (W.D. Wash. July 23, 2015) ........ 9

*Fagerstrom v. Amazon.com, Inc.*,
141 F. Supp. 3d 1051 (S.D. Cal. 2015) ........ 8

*FTC v. Kroger Co.*,
2024 WL 2805295 (D. Or. May 31, 2024) ........ 7

*Freedom Found. v. Dep't of Labor & Indus.*,
2020 WL 3403051 (W.D. Wash. June 19, 2020) ........ 4, 6, 9

*GP Asset Holdings, LLC v. Rosslaw, PLLC*,
2025 WL 880757 (S.D. Cal. Feb. 12, 2025) ........ 8

*Halverson v. Univ. of Utah Sch. of Med.*,
2007 WL 9783233 (D. Utah Apr. 23, 2007) ........ 7, 8

*Heilman v. Vojkufka*,
2011 WL 677877 (E.D. Cal. Feb. 17, 2011) ........ 4

*Hoffman v. Jones*,
2017 WL 5900086 (E.D. Cal. Nov. 30, 2017) ........ 4

*Houston v. Centene Mgmt. Co., LLC*,
2019 WL 7971713 (S.D. Fla. Oct. 20, 2019) ........ 5

*Leyva v. Allstate Fire & Cas. Ins. Co.*,
2022 WL 2046220 (W.D. Wash. June 7, 2022) ........ 8

*Lloyd v. Powell*,
2010 WL 3489940 (W.D. Wash. Aug. 30, 2010) ........ 4

*Montgomery v. Wal-Mart Stores, Inc.*,
2015 WL 11233384 (S.D. Cal. July 17, 2015) .......... 6, 7

*Pac. Indem. Co. v. Bloedel Timberlands Dev., Inc.*,
624 P.2d 734 (Wash. Ct. App. 1981) .......... 3

*Perez v. Guardian Roofing LLC*,
2016 WL 1408027 (W.D. Wash. Apr. 11, 2016) .......... 7

*Philips v. Deutsche Bank Nat. Tr. Co.*,
2011 WL 482839 (W.D. Tex. Feb. 7, 2011) .......... 5

*Redfin Corp. v. iPayOne.com, LLC*,
2018 WL 1397482 (W.D. Wash. Mar. 20, 2018) .......... 8

*Satchell v. Fedex Express*,
2006 WL 2884318 (N.D. Cal. Oct. 10, 2006) .......... 4

*Schumacher v. Principal Life Ins. Co.*,
2010 WL 11680588 (N.D. Ind. Jan. 20, 2010) .......... 3, 6

*SEC v. Ripple Labs, Inc.*,
2021 WL 5336970 (S.D.N.Y. Oct. 21, 2021) .......... 7

*SEC v. Volkswagen Aktiengesellschaft*,
2023 WL 1793870 (N.D. Cal. Feb. 7, 2023) .......... 8

*United States ex rel. Smith v. Boeing Co.*,
2008 WL 2475750, at *1 (D. Kan. June 17, 2008) .......... 8

*Smith v. TFI Fam. Servs., Inc.*,
2019 WL 266234 (D. Kan. Jan. 18, 2019) .......... 6

*Trevino v. Burke*,
2024 WL 199006, at *2 (E.D. Cal. Jan. 17, 2024), *R&R adopted* 2024 WL 923431 (E.D. Cal. Mar. 4, 2024) .......... 4

*Vanguard Logistics v. Robinson*,
2024 WL 1171654 (C.D. Cal. Mar. 6, 2024) .......... 8

**Other Authorities**

Alexa Ashworth, *et al.*, 10A Fed. Proc., L. Ed. § 26:537 .......... 6

Fed. R. Civ. P. 26(b)(3)(B) .......... 7

## INTRODUCTION

Amazon seeks an order compelling Plaintiffs—ten laypersons who purchased and returned items on Amazon.com—to state in writing, under oath, which of Amazon's standard form policies constitute legally binding contracts and which sentences in those contracts Amazon breached by refusing to refund, or by retrocharging, Plaintiffs for their returns. This is a textbook example of discovery that improperly seeks the disclosure of purely legal conclusions and opinions. Indeed, Amazon admits that it seeks information concerning the existence, nature, and scope of its own policies, not the factual basis for Plaintiffs' breach of contract claims. Nevertheless, Plaintiffs' responses identified the promise they claim Amazon broke—*i.e.*, to refund the purchase price and applicable taxes and fees for eligible items that were retained or returned in accordance with Amazon's instructions by not making a full refund to Plaintiffs—and the policies containing those promises. Amazon cannot credibly claim it does not have the information necessary to defend against Plaintiffs' breach of contract claim.

Amazon's effort to manufacture confusion by claiming that each Plaintiff "purchased different products on Amazon's website at different times, then returned the products at different times and through various means" (Mot. 1) should be rejected, as the relevant policies make materially identical promises throughout the class period and apply to all of Plaintiffs' and putative class members' purchases and returns, regardless of the product purchased or the manner through which the items were returned. The Court should deny Amazon's Motion.

## BACKGROUND

Plaintiffs allege Amazon induced them to purchase items on its website by promising that Plaintiffs could return those items within 30 days for a full refund. Dkt. 116 ("FACC") ¶¶ 1-2; *see also id.* ¶¶ 1 n.1 (citing Amazon's "Returns Policies" page), 24 n.4 (citing Amazon's "Conditions of Use"), 33 n.13 (citing Amazon's "Refunds Policy" page). In reliance on those promises, Plaintiffs purchased items from Amazon, and complied with Amazon's policies when returning those items, yet were denied refunds or were retrocharged when Amazon (incorrectly) claimed the products were



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

not returned. *Id.* ¶¶ 83-224.[1] Pursuant to this practice, Amazon has unlawfully retained both the returned items and Plaintiffs' money. *Id.* ¶¶ 45, 237-372. Plaintiffs allege that Amazon's failure to provide refunds in accordance with their policies breaches the parties' contract and the implied duty of good faith, violates Washington's Consumer Protection Act, and constitutes money had-and-received, unjust enrichment, promissory estoppel, and conversion. *Id.* ¶¶ 237-372.

On May 15, 2024, Amazon moved to dismiss the claims for money had-and-received, unjust enrichment, promissory estoppel, and conversion, arguing that "[a]s the Complaint makes clear, Amazon's returns policies create binding contracts between Amazon and the customer, which govern returns, refunds, and re-charges." Dkt. 62 ("MTD") at 2.[2] Amazon asserted that its Conditions of Use, which "incorporate by reference Amazon's returns policies," make up the contract between Amazon and its customers. *Id.* at 3. Notably, *Amazon did not move to dismiss the claims for breach of contract*, and *at no point claimed it was unaware of which documents constituted the contract* between the parties, or which promises Plaintiffs alleged Amazon breached. To the contrary, Plaintiffs' very first document requests sought production of documents sufficient to show Amazon's return policies, refund policies, and Conditions of Use during the relevant time period, and Amazon agreed to produce the requested documents. Dkt. 82-3 at 6-13 (RFP Nos. 1-6).

On February 13, 2025, Amazon served Plaintiffs with two interrogatories seeking legal positions and conclusions regarding the existence, validity, and scope of contracts between Amazon and the Plaintiffs. Specifically, Interrogatory No. 9 asks Plaintiffs to "[i]dentify each contract or contracts that You allege Amazon breached," and Interrogatory No. 10 asks Plaintiffs to "[i]dentify all terms of the contract or contracts that You allege Amazon breached, and explain in detail how Amazon breached those terms." Dkt. 147-1. Plaintiffs objected to those interrogatories because they inappropriately call for legal conclusions and the disclosure of privileged information. Dkt. 147-2. In an effort to avoid unnecessary motion practice, Plaintiffs supplemented their answers to identify

---

[1] Amazon's assertion that the FACC "allege[s] contractual breaches only in vague generalities" (Mot. 2) is belied by even a quick reading of the complaint.

[2] The Court denied Amazon's motion to dismiss in its entirety. Dkt. 112.



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

Amazon's Conditions of Use and Return and Refund Policies as contracts Amazon breached. Dkt. 147-5. Additionally, Plaintiffs explained that "Amazon breached its promises in the [those documents] to refund the purchase price and applicable taxes and fees for eligible items that were retained or returned in accordance with Amazon's instructions by not making a full refund to Plaintiff." *Id.* At the July 9, 2025 meet and confer about Plaintiffs' supplemental responses, Amazon was unable to persuasively articulate why this response was inadequate. On July 17, 2025, Amazon filed the instant motion.

## ARGUMENT

### A. The Court Should Deny Amazon's Motion To Compel Because Plaintiffs Have Adequately Responded To Interrogatory Nos. 9 and 10

Despite Plaintiffs' legitimate objections to Interrogatory Nos. 9 and 10, Plaintiffs provided Amazon with supplemental responses in an effort to avoid unnecessary motion practice.

#### 1. Plaintiffs Fully Answered Interrogatory No. 9 Subject To Valid Objections

Interrogatory No. 9 asks Plaintiffs to "[i]dentify each contract or contracts that you allege Amazon breached." Dkt. 147-1. Plaintiffs properly objected that such information calls for a legal conclusion and seeks information protected by the attorney-client or work product privilege,[3] but consistent with the detailed allegations in the FACC, *see, e.g.* FACC ¶¶ 1 n.1, 24 n.4, 33 n.13, 238–48, 305–16, Plaintiffs also responded that Amazon's conduct breached its Conditions of Use, its Return Policy, and its Refunds Policy, and identified where those policies are currently publicly available. *See, e.g.*, Dkt. 147-5. Amazon contends this response is inadequate because it does not "explain[] whether these current terms governed Plaintiffs' specific transactions at issue in the complaint." Mot. 6. In other words, Amazon faults Plaintiffs for not answering a different—although also plainly legal—question: whether the relevant contract for a particular return is the one that existed at the time of purchase, at the time of return, or the current version. "If [Amazon] intended to seek factual information regarding the [dates of purchases or returns], [it] could have more carefully drafted an interrogatory to obtain that information." *Schumacher v. Principal Life Ins. Co.*,

[3] "The interpretation of a *term*" of a contract "is a question of law." *Pac. Indem. Co. v. Bloedel Timberlands Dev., Inc.*, 624 P.2d 734, 736 (Wash. Ct. App. 1981) (emphasis added).



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

2010 WL 11680588, at *2 (N.D. Ind. Jan. 20, 2010).[4] A party cannot seek to compel information it "did not ask" for. *Trevino v. Burke*, 2024 WL 199006, at *2 (E.D. Cal. Jan. 17, 2024) (declining "to compel information that was not put at issue in the first instance"), *R&R adopted* 2024 WL 923431 (E.D. Cal. Mar. 4, 2024); *Hoffman v. Jones*, 2017 WL 5900086, at *7 (E.D. Cal. Nov. 30, 2017) (same), *R&R adopted*, 2018 WL 497370 (E.D. Cal. Jan. 22, 2018); *Satchell v. Fedex Express*, 2006 WL 2884318, at *5 (N.D. Cal. Oct. 10, 2006) (same); *Heilman v. Vojkufka*, 2011 WL 677877, at *14 (E.D. Cal. Feb. 17, 2011) (same), *R&R adopted* 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011). In any event, Amazon does not deny that it has promised "free, convenient returns" throughout the relevant time period. Dkt. 70 at 3; MTD 2. Amazon is well-aware of the dates of Plaintiffs' purchases and returns and the corresponding contract language.

Instead, Amazon apparently seeks Plaintiffs' legal conclusions regarding which (materially identical) version of its returns and refunds policies govern particular returns, "an issue that is purely legal and beyond [Plaintiffs'] knowledge or experience." *Id.* Therefore, the additional information Amazon apparently seeks is not properly sought via interrogatory. The Court should sustain Plaintiffs' objections and deny the Motion. *Freedom Found. v. Dep't of Labor & Indus.*, 2020 WL 3403051, at *3 n.2 (W.D. Wash. June 19, 2020) (sustaining objection that "essentially asked for legal conclusion on one of the central constitutional issues of this case" because interrogatory "does not merely ask for the 'application of law to fact,' but instead impermissibly seeks 'admission of a conclusion of law'" (citation omitted)); *Lloyd v. Powell*, 2010 WL 3489940, at *2 (W.D. Wash. Aug. 30, 2010) ("[a] party need not provide legal conclusions in responses to discovery requests").

**2. Plaintiffs Fully Answered Interrogatory No. 10 Subject To Valid Objections**

Interrogatory No. 10 asks Plaintiffs to "[i]dentify all terms of the contract or contracts that You allege Amazon breached, and explain in detail how Amazon breached those terms." Dkt. 147-1. Plaintiffs properly objected that such information calls for a legal conclusion and seeks information protected by the attorney-client or work product privilege, but also responded,

[4] Although such an interrogatory would have been a waste of resources given that information is available both in the FACC and in Amazon's own records.

consistent with the detailed allegations in the FACC, *see* FACC ¶¶ 1 n.1, 24 n.4, 33 n.13, 238–48, 305–16, that Amazon breached "promises in the Conditions of Use, Return Policy, and Refunds Policy to refund the purchase price and applicable taxes and fees for eligible items that were retained or returned in accordance with Amazon's instructions by not making a full refund to Plaintiff." Dkt. 147-5. In other words, Plaintiffs identified the terms that they alleged Amazon breached (*i.e.*, promises in three specific documents to refund the purchase price and applicable taxes and fees for eligible items that were retained or returned in accordance with Amazon's instructions) and explained how Amazon breached those terms (*i.e.*, by not making a full refund). Plaintiffs' answers, in conjunction with their detailed FACC, provide Amazon with more than enough detail to understand Plaintiffs' claims and mount defenses. Indeed, in filings and meet and confers Amazon has explained that it understands Plaintiffs' contract claims and has never indicated that it needs a more definite statement of the claims.[5] MTD at 1–2; Dkt. 70 (Amazon informing the Court that "Plaintiffs bring this putative class action based on Amazon's purported breach of its returns policies."). Therefore, Amazon is wrong that Plaintiffs did not "identify any specific contractual provisions that they contend were purportedly breached" and "simply refer vaguely to generalized 'promises' that they believe Amazon made." Mot. 6 (emphasis omitted).

Instead, Amazon appears to believe that it is entitled to a particular level of detail in response to its interrogatory. This is wrong for a number of reasons. *First*, courts have held that interrogatories requesting plaintiffs to "[i]dentify specifically the particular provisions in the [contract] which [plaintiff] contends impose personal individual liability upon the defendants" improperly "requires plaintiff to reveal its legal theory of recovery by citing specific contractual provisions." *Burger King Corp. v. Grais*, 1992 WL 44406, at *1 (N.D. Ill. Feb. 28, 1992) (denying motion to compel

---

[5] In fact, Amazon (at 4-5) relies on cases that addressed these issues in dispositive motions, not interrogatories. *See e.g.*, *Houston v. Centene Mgmt. Co., LLC*, 2019 WL 7971713, at *3 (S.D. Fla. Oct. 20, 2019) (motion to dismiss); *Philips v. Deutsche Bank Nat. Tr. Co.*, 2011 WL 482839, at *1 (W.D. Tex. Feb. 7, 2011) (motion to dismiss, or in the alternative, motion for more definite statement); *Becker v. Washington State Univ.*, 165 Wash.App. 235, 246 (Wash. Ct. App. 2011) (summary judgment). Amazon did not move to dismiss the breach of contract claim and has not yet moved for summary judgment.



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

interrogatory that "calls for a legal conclusion, and the mental impressions and work product of [plaintiff's] attorneys"); *see also Freedom Found.*, 2020 WL 3403051, at *3 n.2 ("interrogatories may not seek the legal conclusions upon which the opposing party hopes to base a part of his case [at] trial." (cleaned up)); *Schumacher*, 2010 WL 11680588, at *2 (denying motion to compel response to interrogatory seeking the "consideration given" for the contract at issue because "[c]onsideration is a legal term, requiring specialized legal knowledge regarding the complicated issues of contract formation," and therefore "th[e] interrogatory…improperly seeks a legal rather than a factual conclusion"). Amazon's interrogatories are indistinguishable from those in *Burger King*, and Amazon's Motion to compel further detail that would necessarily implicate legal conclusions and the mental impressions of Plaintiffs' attorneys should be denied.

*Second*, Amazon is a sophisticated entity that unilaterally drafted the language contained in the policies that govern the parties' transactions. In contrast, Plaintiffs are laypersons who purchased and returned goods from Amazon.com. For Plaintiffs, describing the existence, nature, and scope of binding legal agreements is "an issue that is purely legal and beyond [their] knowledge or experience." *Schumacher*, 2010 WL 11680588, at *2. Plaintiffs are not trained in the law, let alone the intricacies of Washington contract law, and any further information provided in response would necessarily reflect the mental impressions of Plaintiffs' counsel and privileged communications between Plaintiffs and their counsel. "Rule 33 authorizes interrogatories to parties to lawsuits, not to their attorneys." *Id.* at *1 (citation omitted)). Therefore, "it is both 'pointless and unfair to require laymen to swear to statements embodying the legal theories of their attorneys,…the assertion and discussion of legal theories, and the classification of facts in support thereof, should be by the lawyers and in whatever pre-trial procedures the Court may require." *Id.*; *see also*, *e.g.*, *Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233384, at *8 (S.D. Cal. July 17, 2015) (rejecting interrogatory that "calls for a legal conclusion in that it would require Plaintiff, a layperson, to isolate facts supporting his" claims); *Smith v. TFI Fam. Servs., Inc.*, 2019 WL 266234, at *13 (D. Kan. Jan. 18, 2019) ("an interrogatory seeking pure legal conclusions is not permissible, the theory being that it is pointless to ask a layperson to expound legal theories" (citation omitted)); Alexa Ashworth, *et al.*, 10A Fed. Proc., L. Ed. § 26:537 (same). In fact, the federal rules direct courts to "protect against


QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Accordingly, "the interrogatories impermissibly request attorney work product." *FTC v. Kroger Co.*, 2024 WL 2805295, at *2 (D. Or. May 31, 2024).

Further, where an interrogatory "calls for a legal conclusion" and the requesting party "is equally well-positioned to evaluate" the legal issues, courts in this district will not compel the responding party to answer. *Perez v. Guardian Roofing LLC*, 2016 WL 1408027, at *4 (W.D. Wash. Apr. 11, 2016). Amazon "hardly needs [Plaintiffs] to disclose what" terms of its own policies are relevant to this dispute. *Id.* The existence, nature, and scope of the contracts at issue is a "question of law, that the parties will litigate and, when appropriately raised, this Court will resolve." *Id.* In other words, Amazon should use the appropriate mechanisms available to it, such as dispositive or pretrial motions, if it believes Plaintiffs cannot prove their breach of contract claims.

*Third*, the cases on which Amazon relies do not compel a different result. For example, *SEC v. Ripple Labs, Inc.*, 2021 WL 5336970 (S.D.N.Y. Oct. 21, 2021), was not a consumer breach of contract case and so the court did not "compel plaintiffs to detail the specific contractual provisions that they claim were breached." Mot. 5. There, the defendant asked the SEC (a government agency with specific expertise) to identify the terms in a contract that the SEC contends created an "expectation of profits," and the SEC objected on the grounds that in determining whether a transaction is subject to federal securities laws, it was not limited to statements made in "contracts." *Ripple Labs*, 2021 WL 5336970, at *1. The court simply held that an objection based on a disagreement as to legal theories was not a basis to refuse to respond to a factual question. *Id.* Here, Plaintiffs' objection here is not based on differing legal theories, but the fact that the information Amazon seeks is itself seeking to compel laypersons to describe legal conclusions and theories.

*Halverson v. University of Utah School of Medicine* is not persuasive for several reasons. The court ordered the plaintiff to identify contract provisions even though it expressly "acknowledge[d]" that the plaintiff was not trained in the law and therefore could not answer the interrogatory. *Halverson*, 2007 WL 9783233, at *1. That is contrary to on-point caselaw from this Circuit. *See, e.g.*, *Montgomery*, 2015 WL 11233384, at *8 (rejecting interrogatory that "calls for a

legal conclusion" from layperson). Furthermore, the *Halverson* court also acknowledged that the information sought was likely to be in the possession of the plaintiff's counsel yet incorrectly concluded such information is not protected by the work product doctrine. 2007 WL 9783233, at *2. That conclusion is also contrary to the weight of authority in this Circuit. *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (rejecting motion to compel interrogatory that "would necessarily reveal counsel's opinions regarding the relative importance of" information sought); *SEC v. Volkswagen Aktiengesellschaft*, 2023 WL 1793870, at *2 (N.D. Cal. Feb. 7, 2023) (rejecting motion to compel interrogatory where responding party's counsel "would need to rely on their own impressions and opinions to answer the…interrogatory" because "[t]his type of information is virtually undiscoverable" (citation omitted)). And, ultimately, the *Halverson* court only ordered the plaintiff to "identify the *factual basis*" for the contract claim. 2007 WL 9783233, at *2 (emphasis added). This Court should thus accord no weight to *Halverson*.

For similar reasons, *United States ex rel. Smith v. Boeing Co.*, is inapposite because that case involved a "qui tam action" in which "relators [were] current or former Boeing employees" with inside information regarding Boeing's contractual duties. 2008 WL 2475750, at *1 (D. Kan. June 17, 2008). Relators thus had a unique capability to identify the legal instruments called for by the interrogatory at issue. In contrast, Amazon's policies here represent "a standard form contract" of "adhesion…prepared by Amazon and presented to Plaintiffs as a condition of using Amazon's services, i.e., on a 'take it or leave it' basis." *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1068 (S.D. Cal. 2015). Plaintiffs have no unique, insider insight into Amazon's terms and conditions.

And the cases Amazon cites from this Circuit simply confirm the uncontested proposition that interrogatories may seek only the "acts and facts" supporting Plaintiffs' claims. *See Leyva v. Allstate Fire & Cas. Ins. Co.*, 2022 WL 2046220, at *2 (W.D. Wash. June 7, 2022) (compelling factual basis for breach); *Redfin Corp. v. iPayOne.com, LLC*, 2018 WL 1397482, at *3 (W.D. Wash. Mar. 20, 2018) (same); *Vanguard Logistics v. Robinson*, 2024 WL 1171654, at *7 (C.D. Cal. Mar. 6, 2024); *Aspin v. Allstate Prop. & Cas. Ins. Co.*, 2020 WL 1523250, at *2 (W.D. Wash. Mar. 30, 2020) (compelling disclosure of "acts" that allegedly violated statute); *GP Asset Holdings, LLC v.*



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

*Rosslaw, PLLC*, 2025 WL 880757, at *6 (S.D. Cal. Feb. 12, 2025) (limiting disclosure of potentially privileged information to "only factual information"); *Butler v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11714664, at *2-3 (W.D. Wash. July 23, 2015) (granting motion "*only insofar as the interrogatories address the factual basis* for [the] claims" and denying "motion to the extent that the interrogatories and requests for production call for disclosure of legal analysis" (emphasis added)). But here, contrary to Amazon's contention (Mot. 7), this interrogatory does not seek facts—it seeks a legal conclusion and attorney mental impressions as to which documents are contractual and which terms of those documents Amazon breached. *See Freedom Found*, 2020 WL 3403051, at *3 n.2.

## CONCLUSION

For the foregoing reasons, the Court should deny Amazon's Motion.

Dated: August 1, 2025

Respectfully submitted,

By: */s/ Alicia Cobb*

Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
Nolan K. Anderson, WSBA #59691

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel.: (206) 905-7075
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com
nolananderson@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel.: (312) 705-7400
Fax: (312) 705-7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3621
Fax: (213) 443-3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

By: */s/ Aaron M. Zigler*
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street, Suite 333
Chicago, IL 60661
Tel.: (312) 673-8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 3,260 words, in compliance with the Local Civil Rules.

DATED: August 1, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED: August 1, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685



QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000