THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

Case No.: 2:23-cv-01372-JNW

**AMAZON'S REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**

NOTING DATE: August 7, 2025

**ORAL ARGUMENT REQUESTED**



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................ 1

II. ARGUMENT ........................................................ 2

A. Plaintiffs failed to provide complete responses to Interrogatory No. 9. ........ 2

B. Plaintiffs failed to provide complete responses to Interrogatory No. 10. ........ 3

C. Plaintiffs' "legal conclusion" and privilege objections are meritless. ........ 4

D. Plaintiffs must provide information in their counsel's possession. ........ 5

III. CONCLUSION ........................................................ 6

## TABLE OF AUTHORITIES


Page(s)

**CASES**

*Burger King Corp. v. Grais,*
No. 90 C 6562, 1992 WL 44406 (N.D. Ill. Feb. 28, 1992) .......... 4

*Butler v. State Farm Mut. Auto. Ins. Co.*,
No. C14-1653-JCC, 2015 WL 11714664 (W.D. Wash. July 23, 2015) .......... 5

*Freedom Found. v. Dep't of Lab. & Indus.*,
No. 19-CV-05937-RBL, 2020 WL 3403051 (W.D. Wash. June 19, 2020) .......... 4

*FTC v. Kroger Co.*,
No. 3:24-CV-00347-AN, 2024 WL 2805295 (D. Or. May 31, 2024) .......... 5

*Gen-Probe Inc. v. Becton, Dickinson & Co.*,
No. 09CV2319 BEN NLS, 2011 WL 9510 (S.D. Cal. Jan. 3, 2011) .......... 6

*Halverson v. Univ. of Utah Sch. of Med.*,
No. 2:06-cv-00228-DAK-PMW, 2007 WL 9783233 (D. Utah Apr. 23, 2007) .......... 2, 5, 6

*Hickman v. Taylor*,
329 U.S. 495 (1947) .......... 6

*Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*,
No. CV 16-09068-DMG (JDE), 2018 WL 6071081 (C.D. Cal. Sept. 13, 2018) .......... 6

*Lloyd v. Powell,*
No. C09-5734 BHS/KLS, 2010 WL 3489940 (W.D. Wash. Aug. 30, 2010) .......... 4

*McClellan v. Kern Cty. Sheriff's Off.*,
No. 1:10-cv-0386-LJO-MJS (PCS), 2015 WL 4598871 (E.D. Cal. July 28, 2015) .......... 3, 4

*Pac. Indem. Co. v. Bloedel Timberlands Dev., Inc.*,
28 Wn. App. 466, 624 P.2d 734 (1981) .......... 5

*Schumacher v. Principal Life Ins. Co.,*
No. 3:09-CV-279 CAN, 2010 WL 11680588 (N.D. Ind. Jan. 20, 2010) .......... 2, 4

*Smith v. TFI Fam. Servs., Inc.*,
No. 17-02235-JWB-GEB, 2019 WL 266234 (D. Kan. Jan. 18, 2019) .......... 4

*StonCor Grp., Inc. v. Campton*,
No. C05-1225JLR, 2006 WL 314336 (W.D. Wash. Feb. 7, 2006) .......... 3

*Trevino v. Burke*,
No. 2:21-cv-01415-DJC-JDP (PC), 2024 WL 199006 (E.D. Cal. Jan. 17, 2024), *report and recommendation adopted*, No. 2:21-cv-01415-DJC-JDP (PC), 2024 WL 934431 (E.D. Cal. Mar. 4, 2024) ....... 2

*Williams v. Lawson*,
No. C21-5536 MJP, 2023 WL 4642823 (W.D. Wash. July 20, 2023) ....... 3

*Zunum Aero, Inc. v. Boeing Co.*,
No. C21-0896JLR, 2022 WL 17904317 (W.D. Wash. Dec. 23, 2022) ....... 3

**STATUTES AND RULES**

Fed. R. Civ. P. 33 ....... 1, 3, 4

**OTHER AUTHORITIES**

8B Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 2177 (3d ed. 2025 update) ....... 6

Fed. R. Civ. P. 33 Advisory Committee's Note to 1970 Amendment ....... 4



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
206-389-4510

## I. INTRODUCTION

Amazon's motion to compel demonstrated that Plaintiffs failed to adequately respond to interrogatories that seek highly relevant information about Plaintiffs' claims that Amazon breached contractual obligations to pay refunds. Because assessing each Plaintiff's contract claims starts by identifying which contract term(s) were allegedly breached, and how, Amazon served interrogatories asking for this information. In response, Plaintiffs obfuscated and deflected—vaguely referring to Amazon's conditions of use, return policies, and refund policies, along with unspecified "promises" that Amazon allegedly broke.

In their opposition, Plaintiffs offer four arguments to try to justify their deficient responses. Each fails.

*First*, Plaintiffs seek to recast the interrogatories, arguing that Amazon did not ask Plaintiffs to identify specific contracts. This argument is belied by the interrogatories themselves, including Interrogatory No. 9, which asks Plaintiffs to identify "*each contract or contracts*" that Amazon purportedly breached.

*Second*, Plaintiffs argue that Amazon can figure out which terms are at issue by reading the complaint. Not so. The complaint does not specify the contracts at issue for any particular Plaintiff, nor the terms that any Plaintiff believes Amazon breached. In any event, it is well settled that simply referring to a complaint is not a valid interrogatory answer, particularly where, as here, the interrogatory answer does not even reference any part of the complaint.

*Third*, Plaintiffs argue that the interrogatories improperly seek "legal conclusions" and privileged or work product information. Wrong again. Rule 33 expressly states that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." That is precisely what these interrogatories seek. Consistent with this long-standing rule, courts routinely require plaintiffs to identify the basic facts supporting their claims.

*Fourth*, Plaintiffs maintain that they cannot adequately respond because they are "laypersons." But it is well established that a party cannot refuse to answer an interrogatory on the ground that the information is known by the party's attorney (rather than the party itself).

Ultimately, none of Plaintiffs' arguments hold up. The Court should grant Amazon's motion to compel.

## II. ARGUMENT

### A. Plaintiffs failed to provide complete responses to Interrogatory No. 9.

Plaintiffs effectively concede that they did not respond to Interrogatory No. 9, which asks which contract(s) Amazon allegedly *breached*. Opp. at 3-4. Plaintiffs state that they "identified where [Amazon's] policies are currently located" and that which actual contract(s) Amazon allegedly breached is a "different … question." *Id.* at 3. But the interrogatory asks Plaintiffs to identify "*each* contract or contract" that they allege Amazon breached, including "*the specific documents* comprising or reflecting the contract(s)." Dkt. 147-1 (Amazon's Interrogatories) at 3 (emphasis added). Each Plaintiff must identify the specific contracts that Amazon allegedly breached for each return—not force Amazon to guess as to the scope or substance of the contract claims. *See Halverson v. Univ. of Utah Sch. of Med.*, No. 2:06-cv-00228-DAK-PMW, 2007 WL 9783233, at *1-2 (D. Utah Apr. 23, 2007) (ordering plaintiffs to "identify the specific provisions of any contract between the parties that Defendants allegedly breached").

Unsurprisingly, Plaintiffs' cited cases are all inapplicable. In those cases, the party sought to compel information that was expressly different from what the interrogatories requested. For example, in *Schumacher v. Principal Life Insurance Co.*, the interrogatory asked a defendant about which state's *law* governed a contract, which the court explained did not encompass information regarding the parties' alleged *residency*. No. 3:09-CV-279 CAN, 2010 WL 11680588, at *2 (N.D. Ind. Jan. 20, 2010). And in *Trevino v. Burke*, the plaintiff sought to compel the defendant to provide the *names* of a warden and captain, when the interrogatory asked about their *responsibilities*. No. 2:21-cv-01415-DJC-JDP (PC), 2024 WL 199006, at *2 (E.D. Cal. Jan. 17, 2024), *report and recommendation adopted*, No. 2:21-cv-01415-DJC-JDP (PC), 2024 WL 923431 (E.D. Cal. Mar. 4, 2024); *see also* Opp. at 4 (citing similar cases).

Plaintiffs also attempt to excuse their defective responses by stating that "Amazon is well-aware of the dates of Plaintiffs' purchases and returns and the corresponding contract language."

Opp. at 4. That may be, but only Plaintiffs can identify what *they contend* are the relevant agreements that Amazon allegedly breached.

Moreover, "information" being "equally available" to the other party is not a basis for refusing to respond. *Williams v. Lawson*, No. C21-5536 MJP, 2023 WL 4642823, at *2 (W.D. Wash. July 20, 2023) (finding such objections have "routinely been found to be meritless."). For example, in *Zunum Aero, Inc. v. Boeing Co.*, the plaintiff resisted answering interrogatories because Boeing "already knows what Zunum's trade secrets are." No. C21-0896JLR, 2022 WL 17904317, at *5 n.12 (W.D. Wash. Dec. 23, 2022) (citation omitted). The court explained that this argument "lacks merit." *Id.* (collecting cases). The same is true here. The Court should compel Plaintiffs to provide complete responses to Interrogatory No. 9.

**B. Plaintiffs failed to provide complete responses to Interrogatory No. 10.**

Plaintiffs' responses to Interrogatory No. 10, which asks Plaintiffs to identify all contract terms that Amazon allegedly breached and how, are also inadequate. Rather than identify any actual term from any contract, Plaintiffs generally refer to Amazon's current "promises in the Conditions of Use, Return Policy, and Refunds Policy." Dkt. 147-5 (Plaintiffs' Supp. Resps.) at 3. This hand-waving comes nowhere close to identifying the specific contract terms each Plaintiff contends Amazon breached.

Plaintiffs' opposition is more vagueness. Plaintiffs claim, without support, that their "answers in conjunction with their detailed FACC, provide Amazon with more than enough detail to understand Plaintiffs' claims and mount defenses." Opp. at 5. But even if the complaint had provided specificity on the purported contracts or contractual terms (it does not), each Plaintiff's response "should be complete in itself and should not refer to the pleadings." *Zunum*, 2022 WL 17904317, at *5 (quoting *StonCor Grp., Inc. v. Campton*, No. C05-1225JLR, 2006 WL 314336, at *1 n.3 (W.D. Wash. Feb. 7, 2006)). "Rule 33(b)(3) requires *each* interrogatory to be answered *separately and fully*." *McClellan v. Kern Cty. Sheriff's Off.*, No. 1:10-cv-0386-LJO-MJS (PCS), 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (finding plaintiff's interrogatory responses "insufficient because they refer either to his complaint or to responses to previous interrogatories"). Plaintiffs cannot compensate for deficient responses by claiming that their

complaint somehow fills in the required information. *See id.* The Court should compel Plaintiffs to provide a complete response to Interrogatory No. 10.

**C. Plaintiffs' "legal conclusion" and privilege objections are meritless.**

In defending their responses, Plaintiffs reiterate their "legal conclusion" and privilege objections. Opp. at 4-9. These are meritless. As for Plaintiffs' "legal conclusion" objection, Rule 33 is clear that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Indeed, "requests for opinions or contentions that call for the application of law to fact ... can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment. And as Amazon's motion explained, identifying the factual basis for a breach of contract claim is a classic example of an application of law to fact that the rules expressly permit. Mot. at 4-7.

None of Plaintiffs' cases change this outcome. *Burger King Corp. v. Grais* did not involve a request to identify a contract term that was allegedly breached. No. 90 C 6562, 1992 WL 44406, at *1 (N.D. Ill. Feb. 28, 1992). Instead, the interrogatory asked for the basis for "impos[ing] personal individual liability upon the defendants." *Id.*[1] *Freedom Foundation v. Department of Labor & Industries* involved an interrogatory seeking an explanation of why the defendant denied an allegation that a government workspace was "a public forum." No. 19-CV-05937-RBL, 2020 WL 3403051, at *3 n.2 (W.D. Wash. June 19, 2020). That question was a "central constitutional issue[] of this case," *see id.*, a legal question clearly different from the issue of which contractual terms are at issue in a contract case. Likewise, *Lloyd v. Powell* involved the purely legal question of whether a defendant "has a due process right to a medical follow-up." No. C09-5734 BHS/KLS, 2010 WL 3489940, at *2 (W.D. Wash. Aug. 30, 2010); *see also Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at *12 (D. Kan. Jan. 18, 2019) (interrogatory asking defendant to assign a "percentage to which [it] assigns fault"); *Schumacher*, 2010 WL 11680588, at *2 ("Consideration is a legal term, requiring specialized legal knowledge regarding the

[1] To the extent that this 30-year-old uncited decision suggests that a party need not identify the provision at issue in a contract case, it is contrary to Rule 33 and well-established caselaw.

complicated issues of contract formation."). None of these cases suggest that a plaintiff in a contract case need not identify the terms that a defendant allegedly breached.

Plaintiffs' privilege-based objections are also meritless. Amazon seeks the identification of contracts and contractual terms—not counsel's impressions or confidential communications. *See, e.g.*, *Halverson*, 2007 WL 9783233, at *1 (rejecting argument that identification of contractual provisions involves "the type of information based on 'mental impressions, tentative opinions, and preliminary trial strategy'"). The fact that "Plaintiff's counsel has obviously reached the legal conclusion that Defendant[] breached a contract [it] had with Plaintiff[s] … does not automatically make privileged all of the factual information upon which the conclusion is based." *Id.* at *2.

Plaintiffs' cited case does not suggest otherwise. *See FTC v. Kroger Co.*, No. 3:24-CV-00347-AN, 2024 WL 2805295, at *1 (D. Or. May 31, 2024) (discussing market share *calculations* and *methodologies* that "are likely to reveal or provide insights into the mental processes of the attorney in the analysis and preparation of this case"). Nor does the fact that the *interpretation* of a contractual term is "a question of law" mean that *identifying* a term implicates any privileged information in an interrogatory response. Opp. at 3 & n.3 (quoting *Pac. Indem. Co. v. Bloedel Timberlands Dev., Inc.*, 28 Wn. App. 466, 468, 624 P.2d 734, 736 (1981)). Plaintiffs' "legal conclusion" and privilege objections fail.

### D. Plaintiffs must provide information in their counsel's possession.

Finally, Plaintiffs claim that they are "laypersons" who "are not trained in the law" and that "any further information provided in response would necessarily reflect the mental impressions of Plaintiffs' counsel and privileged communications between Plaintiffs and their counsel." Opp. at 6; *see also id.* at 7 ("the information Amazon seeks is itself seeking to compel laypersons to describe legal conclusions and theories"). This strained argument fails for all the same reasons as their "legal conclusion" and privilege objections: the interrogatory involves "the factual basis" for a claim, not "disclosure of legal analysis." *See Butler v. State Farm Mut. Auto. Ins. Co.*, No. C14-1653-JCC, 2015 WL 11714664, at *2-3 (W.D. Wash. July 23, 2015); *see also Halverson*, 2007 WL 9783233, at *1-2.

Moreover, it is no excuse that Plaintiffs themselves allegedly do not know which contract terms are at issue. It is well established that "a party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." *Hickman v. Taylor*, 329 U.S. 495, 504 (1947). That is, "[a] party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2177 (3d ed. 2025 update). Consistent with this principle, courts routinely require parties to provide facts in their counsel's possession. *See, e.g.*, *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, No. CV 16-09068-DMG (JDE), 2018 WL 6071081, at *2 (C.D. Cal. Sept. 13, 2018) (granting motion to compel and explaining that "at a minimum, counsel … have access to responsive information"); *Gen-Probe Inc. v. Becton, Dickinson & Co.,* No. 09CV2319 BEN NLS, 2011 WL 9510, at *1 (S.D. Cal. Jan. 3, 2011) ("The fact that the responses to these factual inquiries are in the possession of … outside counsel does not shield them from discovery").

As the *Halverson* court explained, regardless of an individual plaintiff's background, "Plaintiff's counsel's training is in law," and "Plaintiff's counsel should be able to identify the specific provisions of any contract between the parties that Defendants allegedly breached." 2007 WL 9783233, at *1. That reasoning squarely applies here. The Court should compel Plaintiffs to provide complete responses to the interrogatories.

## III. CONCLUSION

For these reasons, and those in Amazon's motion, Amazon respectfully requests that the Court grant Amazon's motion to compel.

Dated: August 7, 2025

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Deena J.G. Feit*

Brian D. Buckley, WSBA No. 26423
Deena J.G. Feit, WSBA No. 59036
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510

Facsimile: 650.938.5200
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Mary Griffin Sims (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com

Moez M. Kaba (admitted *pro hac vice*)
Katharine Ross (admitted *pro hac vice*)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: 213.788.4340
Email: mkaba@hueston.com
kross@hueston.com

Brandon C. Marsh (admitted *pro hac vice*)
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: 949.788.4340
Email: bmarsh@hueston.com

*Attorneys for Defendant Amazon.com, Inc.*

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this brief contains 2,089 words.

Dated: August 7, 2025

FENWICK & WEST LLP

By: */s/ Deena J.G. Feit*
Deena J.G. Feit, WSBA No. 59036