UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *IN RE:* AMAZON RETURN LITIGATION | CASE NO. 2:23-cv-1372<br><br>ORDER ON MOTION TO SEAL |

This matter comes before the Court on Plaintiffs' Motion to Seal. Dkt. No. 118. Having reviewed the motion, the praecipe, Dkt. No. 131, Defendant Amazon's response, Dkt. No. 135, and all other supporting materials, the Court GRANTS the motion.

The Parties ask the Court to seal an unredacted version of Plaintiffs' Motion to Compel, Dkt. No. 19, and the declaration of Nolan Anderson, Dkt. No. 132, which contains 62 exhibits. Plaintiffs have filed a publicly viewable, redacted version of the motion, *see* Dkt. No. 122, and a separate version of the Anderson declaration that includes both redacted exhibits and exhibits that the parties now seek to maintain fully under seal, *see* Dkt. No. 131 (declaration and exhibits).

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test

ORDER ON MOTION TO SEAL - 1

applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id*. If not, then the good cause standard will apply. Here, because the materials sought to be sealed were filed in support of a non-dispositive motion that does not relate to the merits of the case, the Parties need only show good cause to keep the materials sealed. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

The Court is satisfied that there is good cause to seal and redact the documents at issue. The information which the Parties seek to maintain under seal or otherwise redacted relates to sensitive commercial information regarding Amazon's internal policies, the disclosure of which would harm Amazon. This information is pervasive throughout Exhibit Nos. 10–12, 18, 20–21, 24–26, 31, 33–34, 36, 38, 41, 49, 51, 53–56, 59–62 so much so that those documents must be sealed in full to prevent the potential harm. And the Court recognizes that the redactions included in Exhibit Nos. 9, 14, 15, 17, 27, 29, 30, 39, 40, 43, 44, 46, 52, and 58 satisfy the district's requirement for the Parties to consider whether the harm can be avoided through a less restrictive alternative than sealing documents in full. *See* LCR 5(g)(3)(B)(iii). As such, the Court finds good cause and GRANTS the Motion to Seal and ORDERS that Docket Entries 119, 120, 121, and 132 remain SEALED.

Dated this 27th day of October, 2025.

Jamal N. Whitehead
United States District Judge