# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by the Parties, in the case captioned In re: Amazon Return Policy Litig., Case No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington (the "Action"). Specifically, this Settlement Agreement is by and between Plaintiffs Laura Abbott, Jill Cappel, Michelle Estep, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, Katherine Vojtko, Vince Vojtko, and Dianne Walton-Williams ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class defined below, and Defendant Amazon.com, Inc. ("Amazon" or "Defendant," and, together with Plaintiffs, the "Parties"). The Parties shall submit this Settlement Agreement to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS, these cases arise from Plaintiffs' allegations that certain of Amazon's return policies and practices violate Washington consumer protection and other laws;

WHEREAS, Defendant denies each and every one of the allegations of wrongful conduct and damages made by the Plaintiff, Defendant has asserted numerous defenses to Plaintiffs' claims, Defendant disclaims any wrongdoing or liability whatsoever, and Defendant further denies that this matter satisfies the requirements to be tried as a class action under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs filed their original complaint in this action on September 5, 2023 (Dkt. 1);

WHEREAS, following the filing of additional lawsuits making similar allegations and competing leadership applications, the Hon. Jamal N. Whitehead appointed Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP as Co-Lead Interim Class Counsel for the putative classes ("Class Counsel");

WHEREAS, on March 25, 2024, Plaintiffs filed their Consolidated Complaint (Dkt. 58);

WHEREAS, Defendant in the Action moved for partial dismissal of certain claims of the Plaintiffs on May 15, 2024 (Dkt. 62);

WHEREAS, the Court denied Defendant's partial motion to dismiss on April 29, 2025 (Dkt. 112);

WHEREAS, on May 23, 2025, Plaintiffs filed their First Amended Consolidated Complaint (Dkt. 116), to which Amazon's response is not yet due;

WHEREAS, this Settlement Agreement has been reached after the Parties engaged in extensive discovery, exchanged substantial documents and information, and it is the product of sustained, arms-length settlement negotiations and formal mediation;

WHEREAS, both before and after the Court denied Defendant's motion to dismiss, counsel for the Parties met and conferred several times regarding Plaintiffs' allegations, Defendant's defenses, discovery matters, and potential resolution of the Action;

WHEREAS, the Parties eventually mediated the dispute with the assistance of Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises (PADRE), reached an agreement in principle to resolve the Action, and agreed to specify the conditions of Settlement in this Settlement Agreement, to be filed with the Court for approval;

WHEREAS, Plaintiffs and Defendant recognize that a final resolution through the litigation process would require protracted adversarial litigation and appeals; substantial risk, uncertainty, and expense; the distraction and diversion of the Defendant's personnel and resources, and the expense of possible future litigation raising similar or duplicative claims; and Plaintiffs, Defendant, and their counsel have agreed to resolve this matter as a class action settlement according to the terms of this Settlement Agreement; and

WHEREAS, Class Counsel have and will continue to take reasonable confirmatory discovery, to the extent that additional information is reasonably required to support the terms of the Settlement Agreement.

NOW, THEREFORE, without: (1) any admission or concession of the lack of merit of the Action by Plaintiffs; or (2) any admission or concession of liability, wrongdoing, or the lack of merit of any defense or Rule 23 argument by Defendant, it is hereby stipulated and agreed by the undersigned on behalf of Plaintiffs, the Settlement Class, and Defendant that this matter and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval, as required by Rule 23 of the Federal Rules of Civil Procedure, on the terms and conditions set forth herein.

The recitals above are true and accurate and are a part of this Settlement Agreement.

## 1. DEFINITIONS

### 1.1. "Action"

"Action" refers to the consolidated consumer litigation titled *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.), including and limited to all underlying consumer cases that were consolidated.

### 1.2. "Amazon"

"Amazon" means Amazon.com, Inc.

### 1.3. "CAFA Notice Date"

The CAFA Notice Date means the date on which the Settlement Administrator sends notice of this Settlement that meets the requirements of 28 U.S.C. § 1715 on the appropriate federal and state officials which shall be no later than **ten (10) calendar days** after the Preliminary Approval Deadline.

### 1.4. "Claim"

A "Claim" is a Settlement Class Member's request for reimbursement or payment under this Settlement Agreement.

**1.5.  "Claim Form"**

"Claim Form" refers to a form used to make a Claim under this Settlement, substantially in the form attached hereto as Exhibit 1.

**1.6.  "Claimant"**

A "Claimant" is a Settlement Class Member or other person or entity eligible to make a Claim pursuant to this Settlement Agreement.

**1.7.  "Claims Deadline"**

"Claims Deadline" means the date that falls 60 days after the Settlement Notice Date.

**1.8.  "Class Counsel"**

"Class Counsel" means the Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP.

**1.9.  "Class Data"**

"Class Data" includes, for each customer account that is part of the Class Data, and to the extent available, the name or identity of the account holder, postal and email address(es), phone number(s), and, for transactions at issue, the dollar values, order numbers, ASINs, and reason for retrocharge or refund denial.

**1.10.  "Class Released Claims"**

"Class Released Claims" means all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever arising before the Effective Date, whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued, which he or she ever had or now has under state or federal law, common law, or under any other principle of law or equity resulting from, arising out of, or related to any and all allegations in any complaint, including the First Amended Consolidated Complaint (ECF No. 116) in this action, including Defendant's actions, practices, or policies related to returns, refunds, and/or retrocharges.

**1.11.  "Court"**

"Court" means the United States District Court for the Western District of Washington.

**1.12.  "Defendant"**

"Defendant" means Amazon.com, Inc.

**1.13.  "Effective Date"**

"Effective Date" shall mean and refer to the earliest date on which all of the following events shall have occurred: The Settlement is approved in all respects by the Court in this case as required by Fed R. Civ. P. 23(e); the Court enters a Judgment that terminates this action and satisfies the requirements of Federal Rule of Civil Procedure 58; and the deadline(s) for appeal, alteration, or amendment of the Court's approval of this Settlement and entry of the Final Order and Judgment has or have expired or, if appealed, approval of this Settlement has been affirmed by the court of last resort to which such appeal has been taken, the court has issued a mandate regarding such affirmance, and such affirmance has become no longer subject to further review (e.g., Fed. R. App.

P. 40) or appeal (e.g., U.S. Sup. Ct. R. 13) (including because the deadlines for reconsideration and further appeal have expired) or the appeal is voluntarily dismissed. (Fed. R. App. P. 42). For purposes of this definition, the term "appeal" includes all writ proceedings.

1.14. **"Email Notice"**

"Email Notice" means the notice to be emailed to Settlement Class Members substantially in the form of Exhibits 2 & 3.

### 1.15. **"Exclusion Deadline"**

The "Exclusion Deadline" means the date **sixty (60) calendar days** after the Settlement Notice Date.

### 1.16. **"Execution Date"**

"Execution Date" means the date on which this Settlement Agreement has been signed by all parties.

### 1.17. **"Final Approval Hearing"**

"Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement Agreement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement Agreement, and where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to designate Plaintiffs as the representatives of the Settlement Class; (c) determine whether to designate Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement Agreement; (e) rule on Class Counsel's Application for a Fee and Expense Award; (f) rule on Class Representatives' Application for Class Representative Service Awards; and (g) consider whether to enter the Final Approval Order and Judgment.

### 1.18. **"Final Approval Order and Judgment"**

"Final Approval Order and Judgment" means the order and judgment issued by the Court granting final approval of this Settlement Agreement and dismissing with prejudice Plaintiffs' claims, confirming certification of the Settlement Class, and making such other findings and determinations as the Court deems necessary and appropriate to approve the Settlement.

### 1.19. **"Final Funding Date"**

"Final Funding Date" means the date on which Defendant pays the sum of three hundred four million five hundred thousand United States dollars (US$304,500,000) into the Settlement Fund which shall be no later than **thirty (30) calendar days** after the Effective Date.

### 1.20. **"Initial Funding Date**

"Initial Funding Date" means the date on which Defendant pays the sum of five million United States dollars (US$5,000,000) into the Settlement Fund which shall be no later than **thirty (30) calendar days** after the Court's Preliminary Approval Order.

**1.21.** **"Long Form Notice"**

"Long Form Notice" refers to the notice substantially in the same form as Exhibit 6.

**1.22.** **"Parties" or "Party"**

"Parties" (or "Party" individually) means Plaintiffs and/or Defendant.

**1.23.** **"Preliminary Approval Deadline"**

The "Preliminary Approval Deadline" means the date Class Counsel presents this Settlement Agreement to the Court for review and seeks entry of the Preliminary Approval Order which shall be no later than January 23, 2026.

**1.24.** **"Preliminary Approval Order"**

"Preliminary Approval Order" means the Court's order, proposed in the form attached hereto as Exhibit 7, preliminarily certifying the Settlement Class for settlement purposes, preliminarily approving the proposed Settlement, approving and directing the Settlement Class notice plan, appointing a Settlement Administrator, and appointing Class Counsel.

**1.25.** **"Press Release"**

"Press Release" means notice in a form substantially similar to Exhibit 8.

**1.26.** **"Released Parties"**

"Released Parties" means Amazon.com, Inc. and each of its past, present, and future employees, parents, subsidiaries, affiliate corporations, including but not limited to each such entity's members, officers, directors, employees, agents, personal representatives, contractors, vendors, resellers, suppliers, insurers, attorneys, and assigns.

**1.27.** **"Reminder Email Notice"**

"Reminder Email Notice(s)" means notice in a form substantially similar to Exhibits 4 & 5.

**1.28.** **"Settlement" and "Settlement Agreement"**

"Settlement" means the settlement into which the Parties have entered to resolve the Action, the terms of which are as set forth in this "Settlement Agreement," including all attached Exhibits.

**1.29.** **"Settlement Administrator"**

"Settlement Administrator" means the settlement administrator selected by Plaintiffs' counsel, subject to Court approval, Angeion Group.

**1.30.** **"Settlement Class"**

The "Settlement Class" is defined as follows:

> All persons who initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to the time the Class Data is prepared, and who (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

Excluded from the Settlement Class are: Defendant; Defendant's employees and agents; any judge conducting proceedings in this action and the judge's parents, spouses and children as well as any other member of the judge's family residing in the judge's household; counsel of record in this Action; individuals and entities who validly and timely opt-out; the legal representatives, heirs, successors and assigns of any excluded person and the United States government; and any purchases from Amazon affiliates and subsidiaries, except where those (i) purchases occur on Amazon.com and (ii) returns are handled through Amazon's fulfillment channels.

### 1.31. "Settlement Class Members" [1]

"Settlement Class Members" means all persons who had transactions at issue in the Settlement Class.

### 1.32. "Settlement Fund"

1.32.1. "Settlement Fund" means the escrow account at a federally insured financial institution created and funded by Amazon in the amount of $309.5 million as part of this Settlement as set forth in Section 13.13.

1.32.2. The "Gross Settlement Fund" shall mean the total funds paid into the Settlement Fund, including interest.

1.32.3. The "Net Settlement Fund" shall mean the funds remaining, including interest, in the Settlement Fund after payment of the administrative expenses contemplated by this Agreement, Court-awarded attorneys' fees, costs, and service awards.

### 1.33. "Settlement Notice Date"

"Settlement Notice Date" means the date on which the Settlement Administrator first sends the Settlement Class notice as set forth in Section 5.5.3.1, which shall take place no later than **forty-five (45) calendar days** after issuance of the Court's Preliminary Approval Order.

### 1.34. "Settlement Subclass A"

"Settlement Subclass A" means all persons whose transactions are included in Settlement Subclass A.

### 1.35. "Settlement Subclass B"

"Settlement Subclass B" means all persons who had transactions at issue in the Settlement Class other than the transactions included in "Settlement Subclass A."

### 1.36. "Supplemental Class Data"

"Supplemental Class Data" means data reflecting the amount of refund, if any, provided by Amazon for each transaction identified in the Class Data.

---

[1] The Parties understand and agree that by identifying Settlement Class Members, including members of Settlement Subclass A and Settlement Subclass B, and agreeing to payments as part of this Settlement, Amazon does not concede that any Settlement Class Members are entitled to any refunds or other monies, other than for the express and sole purpose of settling this matter, and as specified in this Settlement Agreement.

## 2.  REPRESENTATIONS AND WARRANTIES

2.1    Defendant represents that it has all requisite corporate power and authority to execute, itself or by Defendant's counsel, to deliver and perform this Agreement and to consummate the transactions contemplated herein, that the execution, delivery and performance of this Agreement have been duly authorized by all necessary corporate action, and that this Agreement has been duly and validly executed as aforesaid and constitutes its legal, valid and binding obligation.

2.2    Defendant represents that its good faith estimate of the scope of the Settlement Subclass A transactions covered by the Settlement and the associated releases provided herein, includes:

Approximately $81 million of transaction values in Settlement Subclass A that are eligible for full refunds to be paid out of the Settlement Fund, in addition to interest payments as described below.

Approximately $604 million of transaction values as described in Section 4.2 below, regarding which (1) Amazon has already issued approximately $570 million in refunds and (2) Settlement Subclass A class members will also receive interest payments from the Settlement Fund.

2.3    Defendant represents that its good faith estimate of the most likely potential claim pool for Settlement Subclass B is approximately $400 million.[2]

2.4    Class Counsel believe this Settlement resolves all consumer suits of which they are aware related to Amazon's actions, practices, or policies related to returns, refunds, and/or retrocharges.

2.5    Class Counsel represent and warrant that they have no other agreements with other counsel regarding any Settlement Class Members, including any agreements with respect to referring, soliciting, or encouraging any Settlement Class Members to request to be excluded (or "opt out") from this Settlement Agreement.

## 3.  CERTIFICATION FOR SETTLEMENT PURPOSES

3.1    For the sole purpose of effectuating this Settlement, Defendant stipulates to: (1) certification of the Settlement Class defined in Section 1.30 and (2) to the appointment of Plaintiffs as the Class Representatives for the Settlement Class, and to the appointment of Quinn Emanuel Urquhart & Sullivan LLP and Zigler Law Group, LLC as Co-Lead Class Counsel for the Settlement Class.

3.2    No later than January 23, 2026, Class Counsel shall present this Settlement Agreement to the Court for review and seek entry of the Preliminary Approval Order (the "Preliminary Approval Deadline").

## 4.  SETTLEMENT CONSIDERATION

In consideration for the Settlement Agreement, entry of judgment, and dismissal, and for the mutual releases provided herein, Defendant agrees to provide the following consideration to

---

[2] This categorization is for descriptive purposes only and not an admission or acknowledgement that anyone in this group has a valid, timely, or legitimate claim.

the Settlement Class. The consideration described below includes monetary and non-monetary benefits provided or implemented during the pendency of the Action and preserved, completed, or enhanced through this Settlement, without any admission of liability.

**4.1.  The Settlement Fund**

4.1.1.  Defendant will pay a total of $309.5 million into a non-reversionary common fund as described in Section 13.13. Defendant shall fund the Settlement Fund as follows: (a) within **thirty (30) calendar days** after the Court's Preliminary Approval Order, Defendant shall pay the sum of five million United States dollars (US$5,000,000) into the Settlement Fund; and (b) within **thirty (30) calendar days** after the Effective Date, Defendant shall pay the sum of three hundred four million five hundred thousand United States dollars (US$304,500,000) into the Settlement Fund.

4.1.2.  Except as otherwise provided in Section 4.2.1, in no event will Defendant be required to pay anything more than $309.5 million, as described above, in connection with the Settlement.

**4.2.  Additional Monetary Benefits to Settlement Class**

4.2.1.  After this litigation was filed, Defendant identified certain customer refunds that were potentially unpaid and, in 2025, elected to implement a process to pay those refunds, including by paying some refunds for which Amazon could not confirm the money was owed. These refunds include (1) refunds not completed due to a payment processing issue; and (2) refunds not completed where Amazon does not have sufficient confirmation that the correct item(s) were returned as required. As of December 1, 2025, Defendant has issued approximately $570 million in these refunds pursuant to this process, with approximately $34 million of refunds remaining unpaid (the "Remaining Unpaid Refunds").[3] The refunds described in this subsection address some of the same categories of unpaid returns that are the subject of Plaintiffs' claims in this Action. As part of the consideration provided under this Settlement, Defendant has agreed to make reasonable efforts to complete payment of these Remaining Unpaid Refunds to Settlement Class Members outside of the Settlement Fund unless Amazon has a good faith belief that there is suspected fraud or abuse, or that such payment conflicts with Amazon's compliance or other legal obligations. Amazon will not claw back any amounts paid according to the process discussed in this paragraph, unless such claw back is requested by the account holder; or Amazon has a good faith belief that there is suspected fraud or abuse, or that such action is necessary for Amazon's compliance or other legal obligations.

4.2.2.  To the extent Amazon is unable to complete such payments (due to, for example, closed accounts) by the date Plaintiffs file the motion for final approval of the Settlement, the Settlement Administrator will make reasonable efforts to complete such payments from the Settlement Subclass A Common

---

[3] The calculation of eligible refunds is based on data through September 2025. The amount of paid refunds is through December 1, 2025.

Fund. These efforts are intended to ensure that Settlement Class Members receive the full benefit of the refund payments described in Section 4.2.1 as part of the relief secured through this Settlement. For this purpose, Amazon will provide the Supplemental Class Data no later than 15 days after the Final Approval Order and Judgment is filed.

### 4.3.    Non-Monetary Relief

**4.3.1.**    In an effort to improve its return and refund practices, Amazon has implemented or will implement, by no later than the Effective Date, reasonable processes as follows:

**4.3.1.1.**    Regular monitoring to ensure returns processed by Amazon are processed within the timelines contained in the Amazon Return Policy.[4] Amazon will maintain such measures for eighteen months after the Effective Date.

**4.3.1.2.**    In order to promote the completion of accurate and timely processing of refunds, review and troubleshoot technical issues that prevented refunds from processing or resulted in erroneous retrocharges (for returns processed by Amazon). Amazon will maintain such measures for eighteen months after the Effective Date.

**4.3.1.3.**    For circumstances where customers initiate returns, but their approved refunds are still not completed after thirty days because of a payment processing issue, processes for automatic re-processing of the refunds. For circumstances where the automatic re-processing remains ineffective, processes for manual re-processing of the refunds. Amazon will maintain such measures for eighteen months after the Effective Date.

**4.3.1.4.**    For customers who initiate returns that are processed by Amazon, notify customers by sending them a message when a refund is approved or denied. Amazon will maintain such measures for twenty-four months after the Effective Date.

**4.3.1.5.**    For returns processed by Amazon, take reasonable steps to refund customers who initiate returns, but which return has not completed the grading process within 90 days, provided that Amazon has a reasonable belief that such returns are not fraudulent, abusive, or otherwise improper. Amazon will maintain such measures for twelve months after the Effective Date.

**4.3.1.6.**    For returns processed by Amazon, send a message to customers in cases where customers initiate returns, but which return has not finished the grading process within 90 days. Such notification will inform customers, in sum or substance, that their returns have not been processed and that they should contact Amazon with any questions. Amazon will maintain such measures for twenty-four months after the Effective Date.

---

[4] In this Settlement Agreement, "customer who initiates a return" or similar language means a customer for whom Amazon's records indicate the customer has initiated the return in accordance with Amazon's instructions.

4.3.2.   Each of the measures and terms described above is subject to reasonable modification based on unforeseen operational limitations (e.g., natural disasters, epidemics, pandemics, wars, and other events that impact Amazon's supply chain and other operations), Amazon's good faith belief that there is suspected fraud or abuse, or Amazon's compliance or other legal obligations. For example, suspected fraud, abuse, or otherwise improper conduct by persons initiating returns may require different measures than those described above. Each of the measures described above is further subject to material compliance, and human, technological, or system errors will not cause a violation of this Section.

## 5. NOTICE TO THE CLASS

### 5.1. Settlement Administrator

5.1.1.   In Plaintiffs' motion for preliminary approval of this Settlement, Plaintiffs will propose that the Court approve Plaintiffs' selection of the Settlement Administrator, Angeion Group.

5.1.2.   The Settlement Administrator's responsibilities shall include, but are not limited to: using commercially reasonable methods to determine email addresses for Settlement Class Members, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement Agreement, processing and reviewing Claims, determining the amount of payments to be made to Settlement Class Members, sending payments to Settlement Class Members, mailing of required CAFA notices, ensuring the safety and security of Settlement Class Member data transferred to the Settlement Administrator from Amazon for purposes of effectuating notice and payments,[5] and any other tasks reasonably required to effectuate the Settlement.

5.1.3.   In connection with the motion for final approval of the Settlement, the Settlement Administrator shall provide a sworn declaration setting forth compliance with the notice plan set forth in this Settlement Agreement and providing such information as may be requested by Class Counsel, Defendant, or the Court.

5.1.4.   The Escrow Agent may pay the Settlement Administrator's actual costs of notice and Settlement administration from the Settlement Fund to the Settlement Administrator without further order of the Court. In no event will monies paid to the Settlement Administrator be returned or repaid to any Plaintiffs, Class Counsel, or Defendant or any other person or entity who or which funds the Settlement.

### 5.2. CAFA Notice

The Settlement Administrator shall serve notice of this Settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, and serve it on the appropriate federal and state officials no later than

---

[5] This includes but is not limited to complying with Amazon's data security requirements, participating in a security review, and remediating any deficiencies identified through Amazon's security review.

**ten (10) calendar days** after the Preliminary Approval Deadline. The costs for preparing and mailing the notices shall be paid out of the Settlement Fund.

**5.3.    Notice Deadline**

5.3.1.    No later than **forty-five (45) calendar days** after issuance of the Court's Preliminary Approval Order, Class Counsel shall cause notice to the Class to be disseminated by the Email Notice, the Press Release, and the dedicated Settlement Website. The form and substance of all notices provided to Settlement Class Members shall be subject to approval from the Court.

**5.4.    Notice Content**

5.4.1.    The Settlement Administrator will use its expertise to develop an Email and Long Form Notice of this settlement and interactive website. The notice program will be multilingual.

**5.5.    Class Notice Methods**

5.5.1.    Defendant will provide the Class Data to the Settlement Administrator no later than **twenty-one (21) calendar days** after Plaintiffs file their motion for preliminary approval of the Settlement.

5.5.2.    For purposes of providing notice to Settlement Class Members, Settlement Class membership will be determined solely by reference to the Class Data.

**5.5.3.    Email Notice**

5.5.3.1.    Within **forty-five (45) calendar days** of the Court's Preliminary Approval Order, Class Counsel shall cause the Settlement Administrator to provide the Email Notice by email to the last known email for each account in the Class Data.

5.5.3.2.    The Email Notice will contain a hyperlink to the dedicated Settlement Website which will contain the Long Form Notice and a procedure to submit a Claim and elect a payment method.

5.5.3.3.    Upon receiving confirmation of undelivered email, the Settlement Administrator will send the Email Notice to any alternate email associated with the Amazon account in question, to the extent alternate email addresses are provided in the Class Data.

5.5.3.4.    The Settlement Administrator will send at least three Reminder Email Notices.

5.5.3.5.    The Settlement Administrator will provide to Class Counsel and Defendant's counsel weekly updates on payment success rates and returned mail.

**5.5.4.    Settlement Website**

5.5.4.1.    The Settlement Administrator shall create and maintain a dedicated Settlement Website—the content and domain name of such are subject to prior approval by Defendant and Class Counsel —which will contain: (i) instructions on how to obtain payments from the Settlement Fund;

(ii) instructions on how to contact the Settlement Administrator for assistance with Claims; (iii) the Long Form Notice; (iv) this Settlement Agreement; (v) any orders issued in this Action approving or disapproving of the proposed Settlement, including any orders approving of the Settlement preliminarily or finally; (vi) Plaintiffs' motion for attorneys' fees, costs and service award(s); (vii) procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Approval Order has been entered, when the Effective Date is expected or has been reached, and when payment will likely be mailed; (viii) the Claim Form; and (ix) any other information the Parties determine is relevant to the Settlement (the "Settlement Website").

5.5.4.2.    The Settlement Website shall provide Settlement Class Members a mechanism by which Claimants can submit Claims electronically and to elect methods of payment, including PayPal, Venmo, Zelle, ACH, prepaid card, Amazon credit or check.

5.5.4.3.    The Settlement Administrator shall make the Settlement Website available on the same day Plaintiffs file the motion for preliminary approval of the Settlement, and shall terminate the Settlement Website either: (1) **sixty (60) calendar days** after all funds in the Settlement Fund have been distributed and after the deadline for all Settlement Class Members to negotiate their checks has passed; or (2) **thirty (30) calendar days** after the date on which the Settlement is terminated.

**5.5.5.    Press Release**

5.5.5.1.    On the Settlement Notice Date, and again **thirty (30) calendar days** after the Settlement Notice Date, the Settlement Administrator shall issue the Press Release publicizing the existence of the Settlement Website.

**5.5.6.    Class Member Inquiries**

5.5.6.1.    The Settlement Administrator shall maintain a dedicated toll-free telephone number for Class members to call. The telephone numbers shall be listed on the Email Notice, Long Form Notice, and the dedicated Settlement Website.

5.5.6.2.    The Settlement Administrator shall be prepared to respond to questions regarding the status of submitted Claims, how to submit a Claim, and other aspects of this Settlement.

5.5.6.3.    If individuals, including Settlement Class Members and those who believe that they may be Settlement Class Members, contact Defendant regarding this Settlement, Defendant may refer such individuals to the Settlement Administrator.

5.5.6.4.    The Settlement Administrator shall provide an option for Claimants to indicate a preference for communication via regular U.S. mail instead of email.

5.5.6.5.    The Settlement Administrator will use various tools to review public social media conversation about the settlement in real time. Where appropriate, the Settlement Administrator will provide a response.

5.5.7.    Nothing in this Settlement Agreement restricts or limits Amazon's ability to respond to customers' inquiries concerning their transactions, including transactions at issue in the Settlement. Nothing in this Settlement Agreement restricts or limits Class Counsel's ability to communicate with their clients or Settlement Class Members.

## 6.  PAYMENTS AND CLAIMS ADMINISTRATION

### 6.1.  Claims Submissions

6.1.1.    Settlement Subclass A funds will be distributed to Settlement Subclass A class members without the necessity of filing a Claim. However, Settlement Subclass A class members will be asked to select a preferred payment method.

6.1.2.    Settlement Subclass B funds will be distributed to Settlement Subclass B class members who show to the Claims Administrator, including through submission of a Claim Form, that they more likely than not are members of the Settlement Class, based on the evidence presented.

6.1.3.    To be considered, all Claims must be submitted by the Claims Deadline.

6.1.4.    Claims submitted pursuant to this Settlement Agreement may be submitted, at the election of the Claimant, by U.S. mail or through the dedicated Settlement Website. The mailing address to which Claimants may submit Claims, as well as Claimants' right to submit their Claims through the Settlement Website, shall be stated prominently in each of the following locations: the Long Form Notice, the Email Notice, and the Settlement Website.

### 6.2.  Claims Processing

6.2.1.    Upon receipt of a Claim, the Settlement Administrator shall review the Claim in its sole discretion to determine whether it is more likely than not that a Claimant is a member of the Settlement Class, based on the evidence presented. For valid Claims, the Settlement Administrator shall determine the amount of the payout from the Settlement Fund.

6.2.2.    It is the intent of the Parties that no person or entity committing or attempting to commit fraud or deceit shall receive any compensation as a result of this Settlement, including through fraudulent or otherwise incorrect Claims.

6.2.3.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent Claims, including, without limitation, employing reasonable procedures to screen Claims for abuse or fraud and deny Claims where there is evidence of abuse or fraud, including by cross-referencing approved Claims with the Class Data.

6.2.4.    The Settlement Administrator shall determine whether a Claim is approved and shall reject Claims that fail to (a) comply with the Claim instructions or the terms of this Agreement, or (b) provide full and complete information.  The

Settlement Administrator will have the discretion to undertake, or cause to be undertaken, further verification and investigation by inquiring further of the Settlement Class Member, including the nature and sufficiency of any Claim. The Settlement Administrator may contact any person who has submitted a Claim to obtain additional information necessary to verify the Claim.

6.2.5.     Claims must be submitted by the Settlement Class Member, except for Claims submitted by an authorized individual on behalf of a Settlement Class Member that is a minor, an incapacitated person, or a deceased individual. All other Claims will be rejected without opportunity to provide additional information or challenge the Settlement Administrator's determination.

6.2.6.     The Settlement Administrator shall notify Claimants of any Claims that the Settlement Administrator determines do not provide sufficient information to both establish the Claimant's membership in the Settlement Class and enable a payout from the Settlement Fund to the Claimant. The Settlement Administrator must make all such notifications promptly. In so notifying Claimants, the Settlement administrator shall notify the Claimant of:

6.2.6.1.     Any deficiency in required documentation and shall reasonably specify what documents and/or information, if any, are still needed for Claims determination and/or payment;

6.2.6.2.     The basis for the Settlement Administrator's decision to deny a Claim, including the specific deficiencies in the Claim's supporting documentation, if any; and

6.2.6.3.     The Claimant's right to attempt to cure any deficiency, including any deficiency that led to the Settlement Administrator's denial of a Claim.

6.2.7.     The Settlement Administrator will provide instructions for appealing the Settlement Administrator's decision in the Long Form Notice, on the dedicated Settlement Website, and in communications to Claimants.

6.2.8.     In response to receiving a notice of a rejected Claim, Claimants may:

6.2.8.1.     Attempt to cure the deficiency stated as justification for denying a Claim, by submitting the information and/or documentation identified by the Settlement Administrator as lacking in the Claim, within **fourteen (14) calendar days** of the written notice. After an attempt to cure, the Settlement Administrator must issue a final determination communication to the Claimant within **ninety (90) calendar days** of the Claims Deadline; or

6.2.8.2.     Appeal the Settlement Administrator's decision within **fourteen (14) calendar days** of the written notice by transmitting a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator; or

6.2.8.3.     Accept the determination by the Settlement Administrator, which acceptance will be presumed if no cure attempt or appeal is received by the

Settlement Administrator within **twenty-one (21) calendar days** of the date the Settlement Administrator provides notice of its determination.

6.2.9.    The Settlement Administrator's decision as to the validity of any Claim shall be final. Other than as described above, neither the Parties nor the Settlement Administrator will have any further obligation to send notice to the Settlement Class Members of the Settlement or of the determination as to validity of Claims.

6.2.10.    Class Counsel and counsel for Defendant shall have the right, but no obligation, to review and comment on all Claims submissions, determinations, and appeals, obtain information and documents from the Settlement Administrator to assist the administration of Claims and appeals, and confer with the Settlement Administrator regarding determinations of Claims and appeals.

## 6.3.    Claims Reporting

On a weekly basis beginning 30 days after the Settlement Notice Date, the Settlement Administrator shall provide Class Counsel and Defendant's counsel with a report regarding Claims received, each Claim's status, and any final determinations made. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's counsel with a copy of any final determination notice sent and all other documentation associated with the Claim. By no later than **ninety (90) calendar days** after the Claims Deadline (and subject to reasonable extensions agreed to by Class Counsel depending on Claims volume), the Settlement Administrator shall report to Defendant and Class Counsel the total number and value of all approved Claims.

## 6.4.    Distribution from the common fund

The Common Fund will be used to pay all remaining relief to Settlement Class Members, costs of administration of the settlement, and Plaintiffs' costs, service awards, and attorneys' fees. After deductions for the administrative expenses contemplated by this Agreement and Court-awarded attorneys' fees, costs, and service awards, if any, the sums remaining in the Settlement Fund (the "Net Settlement Fund") will be divided and distributed as follows:

6.4.1.    **Settlement Subclass A Common Fund:** A common fund of 92.7% of the Net Settlement Fund, divided among all Settlement Subclass A members, through direct payments of the unpaid transaction amounts plus an amount proportional to potential prejudgment interest at issue.[6]

6.4.2.    **Settlement Subclass B Common Fund:** A common fund of 7.3% of the Net Settlement Fund, divided among all Settlement Subclass B members who submit Claim Forms to the administrator showing more likely than not their

---

[6] For avoidance of doubt, note that all transactions discussed in Section 4.2.1 are included in Settlement Subclass A, and the Settling Parties acknowledge that the total amount of these transaction values (estimated as approximately $604 million) may change. In addition, the Settling Parties understand that the total unpaid transaction amounts for Subclass A are less than the amount of the Subclass A common fund. Thus, all Settlement Class Members with transactions under Section 4.2.1 will receive automatic interest payments from the common fund for Settlement Subclass A. Within 30 days of the Preliminary Approval Order, Plaintiffs shall provide the Settlement Administrator with a methodology for calculating interest payments for each Settlement Class Member, which the Settlement Administrator will then use to calculate the partial interest payments that each Settlement Class Member who receives a payment shall receive.

membership in the Settlement Subclass B and entitlement to a payment, through direct payments in an amount proportional to the unpaid transaction amounts and potential prejudgment interest at issue.

6.5.    To the extent a Settlement Class Member is a member of both Settlement Subclass A and Settlement Subclass B, such person will be entitled to receive payouts from both of the Settlement Subclass A and B common funds, which payouts may be added together to be paid in a single payment.

6.6.    The Settlement Administrator's decisions as to the amount of payment to be made to any and all Settlement Class Members shall be final.

6.7.    **Thirty (30) calendar days** after the Final Funding Date, the Settlement Administrator shall be authorized to distribute the Net Settlement Fund to Class Members in accordance with this Section of this agreement.

6.7.1.    Before commencing any distributions to the Settlement Class Members, the Settlement Administrator shall determine the funds necessary to cover the costs of notice and administration that the Settlement Administrator has already incurred, and reasonably expects to incur, in completing the distribution and notice plan as well as a detail of the proposed distributions to Settlement Class Members. The Settlement Administrator shall submit that detail to Class Counsel for approval. Once approved, the Settlement Administrator should withhold the estimated amount of expenses from further distribution from the Settlement Fund to cover costs of notice and administration.

6.7.2.    For each payment under this Settlement Agreement, the Settlement Administrator shall send to the Settlement Class Members a digital payment, such as PayPal, Venmo, Zelle, ACH, prepaid card, Amazon credit, or a check, pursuant to the Class member's stated preference.

6.7.3.    For those Settlement Subclass A Members that do not select a preferred payment method by one hundred and five (105) calendar days after the date the Court grants final approval of the Settlement, the Settlement Administrator will attempt to match the Class Member to active Zelle users and will send a Zelle digital payment to those who match. Those who do not match to Zelle users ("Unmatched Settlement Subclass A Members") will then receive three "second chance" emails from the Settlement Administrator requesting the Class Member provide their preferred payment method to the Settlement Administrator. If, after these emails, an Unmatched Settlement Subclass A Member does not provide a workable payment method, the Settlement Administrator will select an alternative reasonable means of issuing payment, including check, Amazon credit, PayPal, or another alternative means. If all the aforementioned attempted payments to Unmatched Settlement Subclass A Members are not effective, the funds at issue will be distributed pursuant to Section 6.8 below.

6.7.4.    Settlement Class Members who receive paper checks shall have ninety (90) calendar days after checks are mailed to negotiate their checks. Settlement Class

Members who do not negotiate their check within forty-five (45) calendar days will receive one second chance email reminder.

6.7.5.    The Settlement Administrator will provide to Class Counsel and Defendant's counsel weekly updates on the status of disbursements and cashed checks.

6.7.6.    **One hundred and twenty (120) calendar days after, and again one hundred and eighty (180) days after**, all initial payments are sent to Class members, the Settlement Administrator shall provide a full accounting of the actual and estimated future costs of settlement administration, and inform Class Counsel and Defendant of the remaining value of any monies in the Settlement Fund as well as the amount of any intended distribution under Section 6.8.

6.8.    **Residual Funds:** In the event that unclaimed funds remain in the Settlement Fund after the Settlement Administrator has exhausted all commercially reasonable methods of effectuating payments to Settlement Class Members, the Settlement Administrator shall distribute any remaining amounts in the Settlement Fund as an additional payment to each Settlement Class Member who received payment so long as the amount remaining in the Settlement Fund is sufficient to pay for the costs of the redistribution. Should redistribution be infeasible due to the amounts remaining in the fund being insufficient to satisfy the above criteria, or should amounts remain in the fund even after redistribution, the Settlement Administrator shall donate any residual amounts to a cy pres recipient to be agreed between the Parties and approved by the Court. Any cy pres recipient shall agree to use the funds for non-litigation purposes. If the Parties cannot agree on a cy pres recipient, the Court shall select a cy pres recipient.

6.9.    The Settlement Administrator will pay any and all Amazon credits from the $309.5 million common fund, without any need for involvement, assistance, or oversight from Amazon.    Amazon has the right, but no obligation, to effectuate or assist the effectuation of payments of Amazon credits from the Settlement Fund.

6.10.    The Settlement Administrator shall destroy any and all copies of the Class Data within the later of thirty (30) calendar days after (1) the final disbursement of monies from the Settlement Fund to a Settlement Class Member; and (2) the 90-day period for negotiation of all checks sent to Settlement Class Members has expired. In addition, if the settlement is terminated for any reason, the Settlement Administrator shall immediately destroy any and all copies of the Class Data.

6.11.    The Parties acknowledge and agree that any and all provisions, rights, or benefits conferred by any law of any state or territory of the U.S., or any principle of common law, that provides for how residual amounts in a Settlement fund should be distributed, including, but not limited to, California Code of Civil Procedure section 384(b), are not applicable to this Settlement Agreement. Although the Parties expressly agree that this Settlement is not governed by California Code of Civil Procedure section 384(b) or other similar laws and does not create as settlement fund nor any "unpaid residue," the Class Representatives on behalf of themselves and the Class members nonetheless expressly acknowledge and agree that, to the extent permitted by law, they are waiving any protections of California Code of Civil Procedure section 384(b) and of any comparable statutory or common law provision of any other jurisdiction.

6.12.    The Parties acknowledge and agree that the forms of compensation set forth in this Section do not constitute gift cards, gift certificates, or member rewards cards under any federal and/or state laws.

6.13.    Nothing in this Settlement Agreement shall be read to prevent Defendant from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, that provides consideration to Settlement Class Members without regard to the Class members' entitlement to relief under the Settlement Agreement.

## 7.    ATTORNEYS' FEES AND SERVICE PAYMENTS

7.1.    No later than **fourteen (14) calendar days** prior to the deadline for requests for exclusion and objections, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses for their representation of the Settlement Class, as well as for any service awards. The Settlement Administrator shall post this application to the Settlement Website within one day of filing with the Court.

7.2.    Of the amount paid into a Settlement Fund pursuant to Section 4.1.1, Class Counsel may choose to seek up to $100,000,000 as its attorneys' fees in this action, subject to Court approval. If the Court awards Class Counsel less than this amount, any remainder shall become part of the Net Settlement Fund to distributed to the Settlement Subclasses in accordance with the distribution plan set forth Section 6.4.

7.3.    Of the amount paid into a Settlement Fund pursuant to Section 4.1.1, Class Counsel may seek up to $1,000,000 as cost reimbursement in this action, subject to Court approval. If the Court awards Class Counsel less than this amount, any remainder shall become part of the Net Settlement Fund to distributed to the Settlement Subclasses in accordance with the distribution plan set forth Section 6.4.  The amount of costs and other expenses requested by Class Counsel shall not exceed Class Counsel's actually incurred costs and other expenses.

7.4.    Class Representatives may each choose to seek a service award of $7,500 for their efforts on behalf of the class payable from Class Counsel's fee award.

7.5.    Plaintiffs agree not to challenge the Settlement or enforcement of the Settlement in any way based on the amounts the Court decides to award for attorneys' fees, costs, or service awards.

7.6.    Any Court-approved service award, as well as Class Counsel's Court-awarded attorneys' fees and costs, as awarded by the Court, as well as any and all additional costs associated with the Settlement, including to administer the Settlement, shall be paid by the Escrow Agent from the Settlement Fund no later than **ten (10) business days** after the Final Funding Date.

## 8.    MUTUAL RELEASE AND SETTLEMENT AGREEMENT ENFORCEMENT

### 8.1.    The Settlement Class's Release

8.1.1.    In exchange for the consideration detailed in this Settlement Agreement, each member of the Settlement Class who has not validly excluded himself or herself from the Settlement Class, on behalf of themselves and their respective spouses,

heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf, acknowledge full satisfaction of, and will be conclusively deemed to have fully, finally, and forever settled, released, and discharged, all the Released Parties of and from all Class Released Claims. For purposes of clarity, but not limitation, this release includes any form of equitable relief, actual damages, statutory damages, and/or punitive damages sought from the Released Parties. Plaintiffs' release pursuant to this Settlement includes their release of all individual and class claims that they assert in this action. For the avoidance of doubt, this release will not apply to any claims relating to the enforcement of this Settlement Agreement, nor to any claims currently asserted in other currently pending matters as of October 20, 2025 unless and to the extent such claims include Class Released Claims.

**8.1.2.** Subject to the Court's approval, the Settlement Class Members will be bound by the Settlement Agreement, and all Class Released Claims will be dismissed with prejudice and released as against the Released Parties, even if the Settlement Class Member never received actual notice of the Settlement prior to the Final Approval Hearing, never made a Claim, or never received or cashed a check or other payment in connection with this Settlement.

## 8.2. Defendant's Release

**8.2.1.** Upon the Effective Date, Defendant will release as against Class Representatives and all other Settlement Class Members, any and all claims arising out of the institution, prosecution, or Settlement of the claims against the Defendant, except for claims relating to the enforcement of this Settlement Agreement.

## 8.3. Waiver of Unknown Claims; General Release.

**8.3.1.** Each Settlement Class Member acknowledges that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Action and the Class Released Claims, but it is their intention to, and they do fully, finally, and forever settle and release any and all Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts, whether known or unknown. Settlement Class Members and Class Counsel understand and acknowledge the significance of this waiver and/or of any other applicable federal or state law relating to limitations on releases with respect to the Class Released Claims.

**8.3.2.** Settlement Class Members and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code § 1542, and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that might apply to the fullest extent permitted by law related to all unknown claims.

8.3.3.    Each Settlement Class Member acknowledges that they are familiar with principles of law such as § 1542 of the Civil Code of the State of California which provides that:

*A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

8.3.4.    This Settlement Agreement provides a specific release of the Class Released Claims, not a general release in the sense contemplated by these laws. To the extent applicable, the Settlement Class Members hereby waive the provisions, rights, and benefits of § 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that might apply to the fullest extent permitted by law related to all unknown claims. The Settlement Class Members hereby affirm that this waiver is knowing and voluntary.

**8.4.    Binding Release.**

8.4.1.    Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection with such shall affect the dismissal of the Action, the res judicata effect of the Final Approval Order, the foregoing releases, or any other provision of the Final Approval Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

**8.5.    Releases Not Effective Against Opt-Outs.**

This Settlement Agreement, including the release in the preceding paragraphs does not affect the rights of Settlement Class Members who timely and properly request exclusion from the Settlement Class.

## 9.    SETTLEMENT APPROVAL PROCESS

**9.1.    Intention to Complete Settlement**

9.1.1.    The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby. Plaintiffs shall draft all preliminary approval and final approval papers.

**9.2.    Preliminary Court Approval**

9.2.1.    No later than January 23, 2026, Class Counsel shall present this Settlement Agreement to the Court for review and seek entry of the Preliminary Approval Order certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and directing notice of the Settlement in the manners listed herein.

9.2.2.    No later than **fourteen (14) calendar days** before the Final Approval Hearing, the Settlement Administrator shall provide Declarations for the Court, attesting that notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or as otherwise required by the Court.

9.2.3.    Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Action or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent Defendant from opposing class certification or seeking de-certification of the preliminarily-certified Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason, or if any of the conditions exist that permit Defendant to terminate this Settlement Agreement as described herein.

### 9.3.    Final Court Approval

9.3.1.    Once the Court enters its Preliminary Approval Order, counsel for the Parties shall use their best efforts to promptly obtain entry of a Final Approval Order and Judgment that:

9.3.1.1.    Finds the Settlement Agreement to be fair, reasonable, and adequate;

9.3.1.2.    Finds that the Settlement Class notice given constitutes the best notice practicable;

9.3.1.3.    Approves the releases specified above as binding and effective as to all Settlement Class Members who have not properly excluded themselves from the Settlement Class;

9.3.1.4.    Directs that judgment be entered on the terms stated herein; and

9.3.1.5.    Provides that the Court will retain jurisdiction over the Parties and Settlement Class Members to enforce the terms of the final order and judgment.

9.3.2.    Specifically, the Parties shall jointly seek entry by the Court of a Final Approval Order.

9.3.3.    Upon entry of the Final Approval Order and Judgment, this Action shall be dismissed, on its merits and with prejudice.

## 10. REQUESTS FOR EXCLUSION

10.1.    The provisions of this Section shall apply to any request by a Settlement Class Member for exclusion from the Settlement Class.

10.2.    All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a request for exclusion. Such requests must be made in writing (by mail or through the Settlement Website).

10.3.    The Settlement Website will contain an opt-out form online, or Settlement Class Members may send a letter via U.S. mail (or an express mail carrier) stating that they want to "opt-out of" or "be excluded from" the Settlement and identifying the following

information: (i) the Settlement Class Member's name, address, telephone number, and e-mail address(es) associate with the Class Member's Amazon account; and (ii) a specific and clear statement of the Settlement Class Member's desire to be excluded from the Settlement Agreement and from the Settlement Class, such as a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *In re: Amazon Return Policy Litig.*, Case No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington" and be received by the Settlement Administrator no later than the date designated for such purpose in the Notice. The failure to provide each required element may result in rejection of a request for exclusion. Exclusion requests cannot be made via phone or email.

10.4.    Exclusion requests made by mail should be sent to:

| Settlement Administrator |
| :---: |
| Amazon Return Policy Litigation<br>Attn: Opt Outs<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

10.5.    Except as otherwise provided in this paragraph, each request for exclusion must be signed by the individual seeking exclusion, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a request for exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted. Except for requests for exclusion submitted by a Settlement Class Member or by an authorized individual on behalf of a Settlement Class Member that is a minor, an incapacitated person, or a deceased individual, all requests for exclusion will be rejected without opportunity to provide additional information or challenge the Settlement Administrator's determination.

10.6.    All requests for exclusion must be postmarked or submitted electronically by no later than the Exclusion Deadline.

10.7.    Failure to comply with the requirements stated above and to timely submit the request for exclusion will result in the Settlement Class Member being bound by the terms of the Settlement Agreement.

10.8.    Any Settlement Class Member who submits a timely request for exclusion shall be barred from filing an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

10.9.    The Settlement Administrator will provide to Class Counsel and Defendant's counsel copies of all requests for exclusions along with the amount of the Settlement Class Member's potential Claim weekly after the Settlement Notice Date.

10.10.  No later than **twenty-one (21) calendar days** after the Exclusion Deadline, the Settlement Administrator shall report to Class Counsel and Defendant's counsel the total number of valid requests for exclusion and total transactional values at issue in the valid requests for exclusion.

10.11. No later than **fourteen (14) calendar days** before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel and Defendant's counsel a declaration attesting to all the valid opt-outs received and the value of their Claims, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

10.12. Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class Members. Class Counsel also recognize that a large number of requests for exclusion could threaten the viability of this Agreement. Class Counsel therefore agree that they will not seek to represent Settlement Class Members who seek to be excluded from the Settlement.

## 11. OBJECTIONS

11.1. Any Settlement Class Member who intends to object to this Settlement Agreement must file the objection with the Court in accordance with Federal Rule of Civil Procedure 5(d) no later than **sixty (60) calendar days** from the Settlement Notice Date, and must concurrently serve the objection on the Settlement Administrator. Plaintiffs' motion for preliminary approval of this Settlement will contain this term in the proposed Preliminary Approval Order.

| Settlement Administrator |
| :---: |
| Amazon Return Policy Litigation<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

11.2. To state a valid objection to the Settlement Agreement, an objecting Settlement Class Member must provide the following information in the written objection under penalty of perjury: (i) the case name and number, *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.); (ii) the Settlement Class Member's full name, current address, current telephone number; and each email address associated with the objector's Amazon account and purchase at issue; (iii) the basis for their good faith belief that they are a Settlement Class Member; (iv) a statement of all objection(s), including all factual and legal grounds for the position, including a statement as to whether the objection(s) apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) copies of any documents, exhibits, or other materials the objector wishes to submit in support; (vi) the name, address, telephone number, and email address of any lawyer(s) representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection, as well as a statement as to whether the lawyer(s) intends to submit a request for fees, and all factual and legal support for that request; (vii) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Settlement Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the identity of any witnesses the objector may

call to testify; and (x) the wet signature of the Settlement Class Member objecting, in addition to the signature of any attorney representing the objector in connection with the objection, and date of the objection.

11.3.    If the objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Settlement Class Member must so state in the objection. Any Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement Agreement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

11.4.    The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel or counsel for Defendant to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location or by remote video conference, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to appear for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

11.5.    Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

11.6.    These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

11.7.    Any Settlement Class Member who fails to file and serve timely a written objection containing all of the information listed in Sections 11.2 and 11.3 above, including notice of his, her, or their intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement Agreement and shall be foreclosed from seeking any review of the Settlement Agreement and any of its terms by any means, including but not limited to an appeal.

11.8.    The Settlement Administrator will provide to Class Counsel and Defendant's counsel copies of objections within two business days of receipt of objections.

## 12. TERMINATION

### 12.1.    Plaintiffs' Right to Terminate

12.1.1.    Plaintiffs' willingness to settle this Action on the terms contained herein is dependent upon achieving finality in this Action and the desire to avoid the expense of this and other litigation. Consequently, Plaintiffs have the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Defendant if:

12.1.1.1.  Plaintiffs, in good faith, believe that Amazon has not provided sufficient data, or the data proves materially inaccurate, incomplete, or misleading; or

12.1.1.2.  Plaintiffs in good faith believe that the "most likely potential claim pool" for Subclass B exceeds 200% of approximately $400 million as Plaintiffs' estimate of the most likely Subclass B claim pool, or the total amount of transactions at issue in Subclass A exceeds 120% of the approximately $81 million of transactions described in Section 2.2 above.

12.1.2.  Plaintiffs' right of termination is waived unless Plaintiffs exercise this termination right by notice in writing to Defendant served by January 12, 2026, or the Parties mutually agree in writing to extend this time.

12.1.3.  The decision by any court, including any appellate court, not to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses, or for service awards, shall not be grounds for the Plaintiffs, the Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement.

**12.2.  Defendant's Right to Terminate**

12.2.1.  Defendant's willingness to settle this Action on a class action basis and to agree to the accompanying preliminary certification of the Settlement Class is dependent upon achieving finality in this Action and the desire to avoid the expense of this and other litigation. Consequently, Defendant has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Plaintiffs or to members of the Settlement Class if any of the following conditions occurs:

12.2.1.1.  the total ███████████ ███████ potential claims (exclusive of any requests for exclusion by any person or business who is not eligible to submit a request for exclusion because they are already not a Settlement Class Member or otherwise excluded from the Settlement Class). The Parties will make every effort to keep this ██████ threshold confidential, including by seeking Court approval to file under seal;

12.2.1.2.  any court narrows the scope of releases provided under this Settlement Agreement;

12.2.1.3.  a Plaintiff or Class Counsel commit a material breach of the Settlement Agreement before entry of the Final Approval Order; or

12.2.1.4.  the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement.

12.2.2.  Defendant's right of termination is waived unless Defendant exercises this termination right by notice in writing to Plaintiffs served within **thirty (30) calendar days** of the later of (1) the date on which Defendant's Counsel are correctly notified in writing that the termination condition has been met or (2) the date by which the termination condition has become final, including

through the expiration of time for appeal or reconsideration. The Parties may, however, mutually agree to extend this time.

12.2.2.1.   Defendant's right of termination under Section 12.2.1.1 is waived unless exercised within thirty (30) calendar days of the later of (1) the Settlement Administrator providing Amazon's counsel with the report identified in Section 10.10; and (2) the Settlement Administrator providing Amazon's counsel with any further report revising the total number or value of valid requests for exclusion.

**12.3.   Effect of Termination**

12.3.1.   The Escrow Agent shall, within **fourteen (14) calendar days** of receiving written notice of Defendant exercising its termination right, repay to Defendant the sums remaining in the Settlement Fund (including interest accrued thereon) less the sums of the notice, administrative, and any other Court-approved costs or payments actually paid or due and payable from the Settlement Fund as of the date on which Termination Notice is received (the "Termination Refund"), and this Agreement shall thereupon terminate.

12.3.2.   In the event of such a termination, Defendant will not be deemed to have consented to certification of any class, and will retain all rights to oppose, appeal, or otherwise challenge, legally or procedurally, class certification or any other issue in this case. Likewise, the participation in the Settlement by any Plaintiff or Class Member cannot be raised as a defense to their claims.

**12.4.   Effect of Failure of District Court or Appellate Court Approval**

12.4.1.   If the court denies preliminary or final approval of this Settlement, or, if the Preliminary Approval Order or the Final Approval Order and Judgment is vacated or reversed in whole or in part by any court, including any appellate court, then, unless the Parties agree in writing otherwise, this Agreement shall terminate five (5) business days after the later of (1) the order denying preliminary or final approval, or vacating, reversing, or materially modifying the Preliminary Approval Order or the Final Approval Order and Judgment has become final following the expiration of all deadlines to reconsider and appeal the order; and (2) if the Parties have agreed in writing to attempt to renegotiate the Agreement, a Party notifies all other Parties that the attempted renegotiation is terminated.

12.4.2.   If the Agreement terminates under Section 12.4.1, the Escrow Agent shall, within **fourteen (14) calendar days** of the termination date, repay to Defendant the Termination Refund.

12.4.3.   If, for any reason, the Action fails to meet the requirements necessary to reach Final Judgment or the Effective Date, then no class will be deemed certified as a result of this Agreement, and the Action for all purposes will revert to its status as if no settlement negotiations had taken place or settlement agreement reached. In such event, Defendant will not be deemed to have consented to certification of any class, and will retain all rights to oppose, appeal, or otherwise challenge, legally or procedurally, class certification or any other

issue in this case. Likewise, if, for any reason, the Action fails to meet the requirements necessary to reach the Effective Date, then the participation in the Settlement by any Plaintiff or Class Member cannot be raised as a defense to their claims.

12.4.4.    It shall not be deemed a failure to enter the Order Granting Final Approval, or provide any basis for any termination of this Agreement, for the Court to deny, all or in part, the attorneys' fees and cost award requested by Class Counsel. In such case, this Agreement shall be deemed valid and enforceable, notwithstanding the Court's order awarding less than the requested amount of attorneys' fees and costs. However, Class Counsel shall retain all rights of appellate review to such an order without affecting the finality of any award to the Settlement Class.

## 13. MISCELLANEOUS

### 13.1.    Choice of Law

13.1.1.    This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Washington without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

### 13.2.    Not Evidence

13.2.1.    The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. The Settlement, whether or not it shall become final, and any and all negotiations, communications, discussions, filings, acts performed or documents prepared in connection with it, shall not be:

13.2.1.1.    offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Plaintiffs or defense asserted by Defendant, of the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing on the part of Plaintiffs or Defendant;

13.2.1.2.    offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the validity of any legal claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing, fault, liability, or omission of Defendant or the Released Parties in any proceeding in any court, administrative agency, or other tribunal;

13.2.1.3.    offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission with respect to a decisions by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is finally approved by the Court, then Plaintiff or Defendant may refer to it to enforce their rights hereunder; or construed as an admission or concession by Plaintiff, the Settlement Class, or Defendant that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Action.

13.2.2.   For the avoidance of doubt, the Settlement will not, and should not, be construed as an admission of liability or wrongdoing on the part of Defendant. Defendant denies any and all wrongdoing or liability. In addition, Defendant does not concede that the Settlement Class could be certified in a contested motion under Rule 23 of the Federal Rules of Civil Procedure. Defendant reserves the right to oppose class certification, or to seek decertification of any conditionally certified class, if this Settlement is not finally approved or is not upheld on appeal

13.2.3.   This provision shall survive the expiration or voiding of the Settlement Agreement.

### 13.3.   Headings

The headings and subheadings of the Sections and subsections of this Settlement Agreement are included for convenience only and shall not be deemed to affect the meaning or interpretation of this Settlement Agreement.

### 13.4.   Effect of Exhibits

The exhibits and appendices to this Settlement Agreement are an integral part of the Settlement Agreement and are expressly incorporated and made a part of this Settlement Agreement.

### 13.5.   Entire Agreement

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by all the Parties.

### 13.6.   Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, with the exception of release in Section 8, this Settlement Agreement shall continue in full force and effect without said provision, unless Defendant exercises its right to terminate under Section 12.2.

### 13.7.   Arm's-Length Negotiations

13.7.1.   The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length.

13.7.2.    All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

13.7.3.    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

## 13.8.    Parties' Costs

Except as otherwise provided for herein, Plaintiffs and the Defendant shall be solely responsible for their or its own costs and expenses.

## 13.9.    Confidentiality of Discovery Materials and Information

13.9.1.    The Parties, their counsel, and any retained or consulting experts in this Action, agree that they remain subject to the Court's Protective Order (Dkt. No. 77), as appropriate. Within **sixty (60) calendar days** of the Effective Date, each Party will confirm in writing to all other parties that it has destroyed materials provided during discovery, confirmatory discovery, and as part of settlement negotiations, including all copies, extracts, and summaries thereof, not filed with the Court. Discovery materials include, for example, written discovery responses, produced documents, and deposition transcripts.

## 13.10.    Communications with Customers, Businesses, And Members of the Public

13.10.1.    Defendant reserves the right to communicate with its customers, business contacts, investors, regulators and other government agencies, and members of the public about the Settlement Agreement in the ordinary course of its business.

## 13.11.    Public Statements

13.11.1.    The Parties and their counsel agree to keep the substance of this Settlement Agreement confidential until the date on which the Settlement Agreement is filed with the Court, provided that this Section shall not prevent Defendant from disclosing such information, prior to the date on which the Agreement is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, investors, insurers, or attorneys, nor shall it prevent the Parties and their counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the Settlement Agreement; provided further that Defendant may disclose publicly the terms of the Settlement Agreement that it deems necessary to meet its regulatory obligations or fiduciary duties; and provided further that Plaintiffs may disclose the terms to their expert(s).

**13.12. Good Faith**

13.12.1.    The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this Settlement Agreement in good faith and an expeditious manner.

**13.13. Establishment and Governance of the Settlement Fund**

13.13.1.    Within **seven (7) calendar days** after the Court's Preliminary Approval Order, Class Counsel, in conjunction with the Settlement Administrator, shall establish an escrow account at a federally insured financial institution (the "Financial Institution"), which shall be considered a common fund created because of the Action.

13.13.2.    The Settlement Administrator shall promptly notify Class Counsel and Defendant's Counsel of the date of the establishment of the account and shall provide Defendant's Counsel with sufficient information about the account to enable deposits required by this Agreement and ensure that the account was appropriately established.

13.13.3.    A party, mutually agreed upon in writing by the Parties, will serve as escrow agent (the "Escrow Agent") for the account whose fees and expenses shall be paid from the Settlement Fund and considered a cost of administration of the Settlement Fund.

13.14.    The Settlement Administrator shall direct the Escrow Agent to make distributions from the Settlement Fund only in accordance with this Settlement Agreement or orders of this Court.

13.14.1.1.    The Settlement Administrator shall not authorize any funds to be distributed or paid by the Escrow Agent to Settlement Class Members or to the Administrator without written confirmation from Class Counsel and from Defendant's counsel. The Escrow Agent may pay court authorized awards to Class Counsel and the Plaintiffs in accordance with the Court's orders.

13.14.1.2.    Interest earned, if any, on the Settlement Fund shall be attributed to the Settlement Fund as a whole and distributed pro rata to Settlement Class Members, in the event this Settlement Agreement is not terminated by the Defendant or otherwise and the Effective Date otherwise occurs. The Settlement Fund will be used to make distributions only to Settlement

Class Members, pay attorneys' fees, costs, and service awards, taxes and to pay the Settlement Administrator.

13.14.1.3. At all times, Defendant maintains the right to request and obtain from the Escrow Agent a full statement of all payments into and out of the Settlement Fund.

## 13.15. Settlement Fund Tax Status

13.15.1. The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the fiduciary responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

13.15.2. For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the respective fund as provided herein.

13.15.3. All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Section (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns ("Tax Expenses")), shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including

the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out this Section.

### 13.16.  Continuing Jurisdiction

13.16.1.  The administration of the Settlement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, enforce, and implement the Settlement Agreement. The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement and allowing for discovery related to objectors.

13.16.2.  Upon issuance of the Final Approval Order and Judgment: (i) the Settlement Agreement shall be the exclusive remedy for Settlement Class Members; (ii) Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Members for reasons related to the Action; and (iii) Settlement Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Released Parties.

### 13.17.  Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to Court dates).

### 13.18.  Service of Notice

13.18.1.  Except for the Settlement Class notice plan, as provided for in Section 5 above, all other notices or formal communications under this Settlement Agreement shall be in writing and shall be given, with a copy by (1) email; (2) hand delivery; (3) registered or certified mail, return receipt requested, postage pre-paid; or (4) overnight courier to counsel for the Party to whom notice is directed, at the following addresses:

As to Plaintiffs:                Aaron Zigler
                                 ZIGLER LAW GROUP, LLC
                                 308 S. Jefferson Street | Suite 333
                                 Chicago, IL 60661
                                 Telephone: (312) 535-5995
                                 Email: aaron@ziglerlawgroup.com

                                 Andrew Schapiro
                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                 191 N. Wacker Dr., Suite 2700

Chicago, IL 60606
Telephone: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com

As to Defendant:

Moez Kaba
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Email: mkaba@hueston.com


Amazon.com, Inc.
Attn: General Counsel
P.O. Box 81226
Seattle, WA 98108-1226
Email: contracts-legal@amazon.com
Fax: (206) 266-7010

13.18.2.  Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

## 13.19.  No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

## 13.20.  Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Plaintiffs, the Settlement Class, the Defendant, the Released Parties, and their respective successors and assigns.

## 13.21.  Counterparts

13.21.1.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

13.21.2.  This Settlement Agreement shall be effective upon its execution by Class Counsel, Defendant, and Defendant's counsel, except for those provisions that require Court-approval to be effective, and those provisions shall become effective upon their approval by the Court.

### 13.22.  Authorization to Enter Settlement Agreement

13.22.1.    The individual signing this Settlement Agreement on behalf of the Defendant represents he or she is fully authorized by the Defendant to enter into, and to execute, this Settlement Agreement on its behalf.

13.22.2.    Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of all Plaintiffs, and to enter into, and to execute, this Settlement Agreement on behalf of Plaintiffs and the Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be executed, as of the day(s) set forth below.

Dated:    1/23/2026                          By: _____

Aaron M. Zigler
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com

Andrew H. Schapiro
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
andrewschapiro@quinnemanuel.com

Adam Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S Figueora Street, 10th Floor
Los Angeles, CA 90017
213.443.3000
adamwolfson@quinnemanuel.com

*Interim Co-Lead Class Counsel and
Counsel for Plaintiffs*

Dated:    1/23/2026                          For Defendant AMAZON.COM, INC.:

By: _____

Print Name: Alexis Collins

Title: VP & Associate General Counsel

# Exhibit 1

| Your claim must be submitted online or **postmarked by:** [DEADLINE] | *In re: Amazon Return Policy Litigation*<br><br>Case No. 2:23-cv-01372-JNW<br>United States District Court for the Western District of Washington<br><br>**CLAIM FORM** | AMZ-CLAIM |
| --- | --- | --- |

## GENERAL INSTRUCTIONS

This is the official Claim Form for the *In re: Amazon Return Policy Litigation* class action settlement.

The Settlement Class is defined as: All persons who initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to the time the Class Data is prepared, and who (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

This Claim Form is for **Settlement Subclass B members**. The notice of the Settlement emailed to Settlement Class Members identified whether they were in Settlement Subclass B. If you are not sure if you are a Settlement Subclass B member, you may contact the Settlement Administrator for assistance.

Amazon Return Policy Litigation
c/o Settlement Administrator
Attn: Claim Form Submissions
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: «Email Address»

## INFORMATION AND/OR DOCUMENTATION REQUIREMENTS

Complete each section of the Claim Form. You must provide the information and/or documentation requested in Section II – Details About Your Amazon Returns. The requisite information and/or documentation are listed in the chart below your Amazon Return transactions.

### SUBMITTING YOUR CLAIM FORM

Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

Mail your completed Claim Form (including any supporting documentation) to the Settlement Administrator, so it is postmarked no later than «the Claim Form Deadline».

Amazon Return Policy Litigation
Attn: Claim Forms
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**QUESTIONS? VISIT WWW.RETURNSETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

| Your claim must be submitted online or **postmarked by:** [DEADLINE] | **In re: Amazon Return Policy Litigation**<br><br>**Case No. 2:23-cv-01372-JNW**<br>**United States District Court for the Western District of Washington**<br><br>**CLAIM FORM** | **AMZ-CLAIM** |
|---|---|---|

## I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Please provide your name and contact information below. It is your responsibility to notify the Settlement Administrator if you contact information changes after you submit your Claim Form.

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID

## II. DETAILS ABOUT YOUR AMAZON RETURNS

The chart below includes details about your Amazon returns based on Amazon's records.

| Order # | Date Refund Requested | Refund Amount Requested | Refund Rejection Reason |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

In order to verify your claim, you must provide the required information and/or documentation associated with each Refund Rejection Reason listed above.

| Refund Rejection Reason | Information and/or Documentation Required |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Note: The Settlement Administrator may request supplemental information in order to verify your claim. Failure to provide information and/or documentation requested by the Settlement Administrator will result in the denial of your claim.

**QUESTIONS? VISIT WWW.RETURNSETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

| Your claim must be submitted online or **postmarked by:** [DEADLINE] | *In re: Amazon Return Policy Litigation*<br><br>Case No. 2:23-cv-01372-JNW<br>United States District Court for the Western District of Washington<br><br>CLAIM FORM | AMZ-CLAIM |
|---|---|---|

## III. PAYMENT SELECTION

Please select **one** of the following payment options:

☐ PayPal   ☐ Venmo   ☐ Zelle   ☐ Virtual Prepaid Card   ☐ Amazon Account Credit

Please provide the email address or phone number associated with your PayPal, Venmo, Zelle, or Amazon account, or email address for the Virtual Prepaid card: _____

## IV. CERTIFICATION

I swear and affirm under penalty of perjury that I am a Settlement Class Member, and the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____     _____     _____
Signature                              Printed Name                              Date

**QUESTIONS? VISIT WWW.RETURNSETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

# Exhibit 2

TO: «Settlement Class Member Email Address»
FROM: _____ Settlement Administrator
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT – IN RE: AMAZON RETURN POLICY LITIGATION

«FIRST NAME» «LAST NAME»
Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»

## IMPORTANT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

> ### You Have Been Identified as a Settlement Class Member and Will Automatically Receive a Payment from a Class Action Settlement Involving Amazon.com.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

***Para ver este aviso en español, visite www.ReturnSettlement.com.***

- A Settlement has been reached to resolve a class action lawsuit against Amazon.com ("Amazon" or "Defendant"), relating to allegations that certain of Amazon's return policies and practices violate Washington consumer protection and other laws. The case is *In re: Amazon Return Policy Litigation,* No. 2:23-cv-01372-JNW (W.D. Wash.).

- Amazon denies Plaintiffs' allegations and denies any wrongdoing. Amazon has, however, agreed to settle the lawsuit so that it may, among other things, avoid additional litigation burdens and expenses. The Court has not made any finding that Amazon has engaged in any wrongdoing or misconduct of any kind, or is liable in any way. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to individual claims brought by Plaintiffs. This Notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit. If the Parties had not reached a settlement, Amazon would have continued to vigorously defend the lawsuit, and it also would have opposed any attempt to have this case certified as a class action.

- Your legal rights are affected whether or not you act. ***Please read this Notice carefully***.

### WHO IS IN THE SETTLEMENT?

You are a Settlement Class Member if you initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to «the time the Class Data is prepared», and you (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return

You have been identified as a member of **Settlement Subclass A** and will automatically receive a payment under the Settlement.

**Click here** to view more information about the Settlement Class and Settlement Subclasses.

### WHAT DOES THE SETTLEMENT PROVIDE?

After this litigation was filed, Defendant identified certain customer refunds that were potentially unpaid and, in 2025, elected to implement a process to pay those refunds, including by paying some refunds for which Amazon could not confirm the money was owed. These refunds include (1) refunds not completed due to a payment processing issue; and (2) refunds not completed where Amazon does not have sufficient confirmation that the correct item(s) were returned as required. As part of the consideration provided under this Settlement, Defendant

has agreed to make reasonable efforts to complete payment of these refunds to Settlement Class Members outside of the Settlement Fund, and will also pay an additional $309.5 million into a non-reversionary Common Fund. The Common Fund will be used for distribution to the Settlement Class in accordance with the plan of distribution as well as all payments to the Settlement Administrator, and all remaining costs and expenses associated with the Settlement, including any attorneys' fees and incentive awards (subject to Court approval).

**Click here** to view more information about the plan of distribution.

In addition, in an effort to improve its return and refund practices, Amazon has implemented or will implement certain reasonable processes. To read more about these processes, **click here**.

## HOW DO I GET A PAYMENT?

Settlement Subclass A members will automatically receive a payment under the Settlement. To select your preferred method of payment, click below:

<div style="border:2px solid">

**CLICK HERE**
**TO SELECT A PAYMENT**
**METHOD**

</div>

The deadline to select a payment method is ==Month Day, 20YY==.

## WHAT ARE MY OTHER OPTIONS?

If you want to keep your right to sue or continue to sue Amazon on your own about the legal issues in this lawsuit, then you must mail a written **Request for Exclusion** to the Settlement Administrator, postmarked by ==Month Day, 20YY==. You may also submit your Request for Exclusion online at www.ReturnSettlement.com.

If you stay in the Settlement (*i.e.*, don't exclude yourself), you may submit your written objection to the Settlement Administrator no later than ==DEADLINE==.

**Complete details about how to exclude yourself from or object to the Settlement are available at www.ReturnSettlement.com.**

If you **do nothing**, you will still automatically get a payment from the Settlement; however, you will not be permitted to continue to assert Released Claims in any other lawsuit against Amazon about the legal issues resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

The Court has appointed lawyers from the Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP as Class Counsel to represent you and the other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense, or you can represent yourself.

Class Counsel may choose to seek up to $100,000,000 as its attorneys' fees in this action, subject to Court approval. Class Counsel may also seek up to $1,000,000 as cost reimbursement in this action, subject to Court approval. The Class Representatives may each choose to seek a service award of $7,500 each for their efforts on behalf of the class, payable from Class Counsel's fee award.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing at TIME on DATE, at ADDRESS. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and costs. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take. Note: The date and time of the Fairness Hearing are subject to change by Court Order. Any changes will be posted on www.ReturnSettlement.com.

## HOW DO I GET MORE INFORMATION?

### THIS NOTICE IS ONLY A SUMMARY.

For more information, visit www.ReturnSettlement.com, call toll-free 1-XXX-XXX-XXXX or scan the QR code:



For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

*Unsubscribe*

Docusign Envelope ID: 1178ECA6-AE72-46C7-82A2-388B64238EFC

# Exhibit 3

TO: «Settlement Class Member Email Address»
FROM: _____ Settlement Administrator
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT – IN RE: AMAZON RETURN POLICY LITIGATION

---

«FIRST NAME» «LAST NAME»
Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»

### IMPORTANT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

> **You Have Been Identified as a Potential Settlement Class Member and May be Eligible to Receive a Payment from a Class Action Settlement Involving Amazon.com.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

*Para ver este aviso en español, visite www.ReturnSettlement.com.*

- A Settlement has been reached to resolve a class action lawsuit against Amazon.com ("Amazon" or "Defendant"), relating to allegations that certain of Amazon's return policies and practices violate Washington consumer protection and other laws. The case is *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.).

- Amazon denies Plaintiffs' allegations and denies any wrongdoing. Amazon has, however, agreed to settle the lawsuit so that it may, among other things, avoid additional litigation burdens and expenses. The Court has not made any finding that Amazon has engaged in any wrongdoing or misconduct of any kind, or is liable in any way. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to individual claims brought by Plaintiffs. This Notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit. If the Parties had not reached a settlement, Amazon would have continued to vigorously defend the lawsuit, and it also would have opposed any attempt to have this case certified as a class action.

- Your legal rights are affected whether or not you act. ***Please read this Notice carefully***.

### WHO IS IN THE SETTLEMENT?

You are a Settlement Class Member if you initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to «the time the Class Data is prepared», and you (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

You have been identified as a potential member of **Settlement Subclass B** and are eligible to submit a Claim Form to potentially receive a payment from the Settlement.

**Click here** to view more information about the Settlement Class and Settlement Subclasses.

### WHAT DOES THE SETTLEMENT PROVIDE?

After this litigation was filed, Defendant identified certain customer refunds that were potentially unpaid and, in 2025, elected to implement a process to pay those refunds, including by paying some refunds for which Amazon could not confirm the money was owed. These refunds include (1) refunds not completed due to a payment processing issue; and (2) refunds not completed where Amazon does not have sufficient confirmation that the correct item(s) were returned as required. As part of the consideration provided under this Settlement, Defendant

has agreed to make reasonable efforts to complete payment of these refunds to Settlement Class Members outside of the Settlement Fund, and will also pay an additional $309.5 million into a non-reversionary Common Fund. The Common Fund will be used for distribution to the Settlement Class in accordance with the plan of distribution as well as all payments to the Settlement Administrator, and all remaining costs and expenses associated with the Settlement, including any attorneys' fees and incentive awards (subject to Court approval).

**Click here** to view more information about the plan of distribution.

In addition, in an effort to improve its return and refund practices, Amazon has implemented or will implement certain reasonable processes. To read more about these processes, **click here**.

## HOW DO I GET A PAYMENT?

Settlement Subclass B members must fill out and submit an eligible Claim Form to qualify for a payment.

**CLICK HERE**
**TO SUBMIT YOUR CLAIM**

Alternatively, you may visit www.ReturnSettlement.com to submit your Claim Form online by ==Month Day, 20YY== or to download a Claim Form to submit by mail postmarked by ==Month Day, 20YY==.

## WHAT ARE MY OTHER OPTIONS?

If you want to keep your right to sue or continue to sue Amazon on your own about the legal issues in this lawsuit, then you must mail a written **Request for Exclusion** to the Settlement Administrator, postmarked by ==Month Day, 20YY==. You may also submit your Request for Exclusion online at www.ReturnSettlement.com.

If you stay in the Settlement (*i.e.*, don't exclude yourself), you may submit your written objection to the Settlement Administrator no later than ==**DEADLINE**==.

**Complete details about how to exclude yourself from or object to the Settlement are available at www.ReturnSettlement.com.**

If you **do nothing**, you will not get a payment from the Settlement and you will not be permitted to continue to assert Released Claims in any other lawsuit against Amazon about the legal issues resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

The Court has appointed lawyers from the Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP as Class Counsel to represent you and the other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense, or you can represent yourself.

Class Counsel may choose to seek up to $100,000,000 as its attorneys' fees in this action, subject to Court approval. Class Counsel may also seek up to $1,000,000 as cost reimbursement in this action, subject to Court approval. The Class Representatives may each choose to seek a service award of $7,500 for their efforts on behalf of the class, payable from Class Counsel's fee award.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing at TIME on DATE, at ADDRESS. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and costs. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take. Note: The date and time of the Fairness Hearing are subject to change by Court Order. Any change will be posted on www.ReturnSettlement.com.

## HOW DO I GET MORE INFORMATION?

### THIS NOTICE IS ONLY A SUMMARY.

For more information regarding the settlement, visit www.ReturnSettlement.com, call toll-free 1-XXX-XXX-XXXX or scan the QR code:



For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

*Unsubscribe*

Docusign Envelope ID: 1178ECA6-AE72-46G7-82A2-388B64238EFC

# Exhibit 4

TO: «Settlement Class Member Email Address»
FROM: _____ Settlement Administrator
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT – IN RE: AMAZON RETURN POLICY LITIGATION

---

«FIRST NAME» «LAST NAME»
Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»

---

### IMPORTANT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**You Have Been Identified as a Settlement Class Member and Will Automatically Receive a Payment from a Class Action Settlement Involving Amazon.com.**

**The Deadline to Select Your Payment Method is Fast-Approaching.
Select Your Payment Method Today!**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

**Para ver este aviso en español, visite www.ReturnSettlement.com.**

You were previously sent notice about the class action settlement *In re: Amazon Return Policy Litigation,* No. 2:23-cv-01372-JNW (W.D. Wash.). According to the Defendant's records, you are a Settlement Class Member, and you are eligible to receive a payment.

### HOW DO I GET A PAYMENT?

You have been identified as a member of Settlement Subclass A and will automatically receive a payment under this Settlement. You do not have to submit a Claim Form; however, you should select the method by which you want to receive your Settlement payment.

### CLICK HERE
### TO SELECT A PAYMENT METHOD

The deadline to select a payment method is **Month Day, 20YY**. If you do not select a payment method by this date, the Settlement Administrator will attempt to make a payment by matching you to Zelle users and making a payment to your Zelle account. If these payment attempts are unsuccessful, the Settlement Administrator will email you reminder emails and, if you still have not selected a payment method, attempt payment via other reasonable means.

### HOW DO I GET MORE INFORMATION?

For more information, you can visit www.ReturnSettlement.com, contact the Settlement Administrator, or scan the QR code:

Amazon Return Policy Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: Email Address
Call Toll-Free: 1-XXX-XXX-XXXX

QR Code

For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE.**

*Unsubscribe*

Docusign Envelope ID: 1178ECA6-AE72-46C7-82A2-388B64238EFC

# Exhibit 5

TO: «Settlement Class Member Email Address»
FROM: _____ Settlement Administrator
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT – IN RE: AMAZON RETURN POLICY LITIGATION

---

«FIRST NAME» «LAST NAME»
Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»

### IMPORTANT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

> **You Have Been Identified as a Potential Settlement Class Member and May be Eligible to Receive a Payment from a Class Action Settlement Involving Amazon.com.**
>
> **The Deadline to Submit a Claim Form is Fast-Approaching. Submit Your Claim Today!**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

***Para ver este aviso en español, visite www.ReturnSettlement.com.***

You were previously sent notice about the class action settlement *In re: Amazon Return Policy Litigation,* No. 2:23-cv-01372-JNW (W.D. Wash.). According to the Defendant's records, you are a Settlement Class Member in Settlement Subclass B, and you are eligible to submit a Claim Form to receive a payment.

| HOW DO I GET A PAYMENT? |
| --- |

> ### CLICK HERE
> ### TO SUBMIT YOUR CLAIM

You can also visit www.ReturnSettlement.com to download a Claim Form to submit by mail. The completed Claim Form must be submitted online or mailed, **postmarked** by Month Day, 20YY.

| HOW DO I GET MORE INFORMATION? |
| --- |

For more information, you can visit www.ReturnSettlement.com, contact the Settlement Administrator, or scan the QR code:

Amazon Return Policy Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: Email Address
Call Toll-Free: 1-XXX-XXX-XXXX



For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE.**

*Unsubscribe*

# Exhibit 6

# Notice of Proposed Class Action Settlement

### *In re: Amazon Return Policy Litigation*
## No. 2:23-cv-01372-JNW (W.D. Wash.)

*The United States District Court for the Western District of Washington authorized this notice.*

**Para ver este aviso en español, visite www.ReturnSettlement.com.**

A Settlement has been reached to resolve a class action lawsuit against Amazon.com, Inc. ("Amazon" or "Defendant"), relating to allegations that certain of Amazon's return policies and practices violate Washington consumer protection and other laws. The case is *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.).

Amazon denies Plaintiffs' allegations and denies any wrongdoing. Amazon has, however, agreed to settle the lawsuit so that it may, among other things, avoid additional litigation burdens and expenses. The Court has not made any finding that Amazon has engaged in any wrongdoing or misconduct of any kind, or is liable in any way. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to individual claims brought by Plaintiffs. This Notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit. If the Parties had not reached a settlement, Amazon would have continued to vigorously defend the lawsuit, and it also would have opposed any attempt to have this case certified as a class action.

Your legal rights are affected whether or not you act. ***Please read this Notice carefully***.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM** <br> **DEADLINE: DATE** | Settlement Subclass A members will automatically receive a payment under the Settlement and do not need to submit a Claim Form. Settlement Subclass B members must submit an eligible Claim Form in order to receive a payment under the Settlement. To learn more about the Settlement Subclasses, *see* **Question 5**. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT** <br> **DEADLINE: DATE** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Defendant and Released Parties, for the claims this Settlement resolves. <br><br> If you exclude yourself, you will give up the right to receive any payment from the Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** <br> **DEADLINE: DATE** | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved. You will still be bound by the Settlement if it is approved. If you exclude yourself from the Settlement, you cannot object to it. <br><br> If you object, you will still receive a payment if you are a Subclass A member. Subclass B members can object but must still submit an eligible Claim Form in order to receive a payment. |
| **GO TO THE FINAL APPROVAL HEARING** <br> **DATE** | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are <u>not</u> required to attend the Final Approval Hearing. |

| **DO NOTHING** | If you are a Settlement Subclass A member and do nothing, the Settlement Administrator will attempt to send payment directly to you, and you will give up your rights to sue Defendant and Released Parties for the legal claims this Settlement resolves. If you are a Settlement Subclass B member and you do nothing, you will not receive a payment from the Settlement and you will give up your rights to sue Defendant and Released Parties for the legal claims this Settlement resolves. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Class Member payments will be provided unless the Court approves the Settlement, and it becomes final.

# BASIC INFORMATION

| 1. | **Why did I get this Notice?** |
|---|---|

The Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to receive those benefits.

The case is known as *In re: Amazon Return Policy Litigation,* No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington (the "Action").

The individuals who filed this Action, Laura Abbott, Jill Cappel, Michelle Estep, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, Katherine Vojtko, Vince Vojtko, and Dianne Walton-Williams, are called the "Plaintiffs" or "Class Representatives", and the company they sued, Amazon.com ("Amazon") is the Defendant.

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiffs allege that certain of Amazon's return policies and practices violate Washington consumer protection and other laws. Visit www.ReturnSettlement.com to view Plaintiffs' allegations in the First Amended Consolidated Complaint.

Defendant denies each and every one of the allegations of wrongful conduct and damages made by the Plaintiff. Defendant has asserted numerous defenses to Plaintiffs' claims. Defendant disclaims any wrongdoing or liability whatsoever, and Defendant further denies that this matter satisfies the requirements to be certified or tried as a class action under Rule 23 of the Federal Rules of Civil Procedure.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called the "Plaintiffs", or "Class Representatives" sue on behalf of all people who have similar claims. Together, all of these people are called a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4. | **Why is there a Settlement?** |
|---|---|

The Plaintiffs and Defendant disagree over the legal claims made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Plaintiffs or Defendants (collectively referred to as the "Parties").

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

2

Plaintiffs and Defendant recognize that a final resolution through the litigation process would require protracted adversarial litigation and appeals; substantial risk, uncertainty, and expense; the distraction and diversion of the Defendant's personnel and resources, and the expense of possible future litigation raising similar or duplicative claims; and Plaintiffs, Defendant, and their counsel have agreed to resolve this matter as a class action settlement according to the terms of the Settlement Agreement.

Visit www.ReturnSettlement.com to view the Settlement Agreement.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5.    How do I know if I am part of the Settlement?

You are a Settlement Class Member if you initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to «the time the Class Data is prepared», and you (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

There are two Settlement Subclasses (A and B) as explained in the Settlement documentation. For further information, please visit the Settlement Website at www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.

### 6.    Are there exceptions to individuals or transactions included in the Settlement Class?

Yes, excluded from the Settlement Class are: Defendant; Defendant's employees and agents; any judge conducting proceedings in this action and the judge's parents, spouses and children as well as any other member of the judge's family residing in the judge's household; counsel of record in this Action; individuals and entities who validly and timely opt-out; the legal representatives, heirs, successors and assigns of any excluded person and the United States government; and any purchases from Amazon affiliates and subsidiaries, except where those (i) purchases occur on Amazon.com and (ii) returns are handled through Amazon's fulfillment channels.

### 7.    What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, or which Settlement Subclass you are a member of, visit the Settlement Website at www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX. You may also email the Settlement Administrator at EMAIL.

## THE SETTLEMENT CLASS MEMBER BENEFITS

### 8.    What does the Settlement provide?

After this litigation was filed, Defendant identified certain customer refunds that were potentially unpaid and, in 2025, elected to implement a process to pay those refunds, including by paying some refunds for which Amazon could not confirm the money was owed. These refunds include (1) refunds not completed due to a payment processing issue; and (2) refunds not completed where Amazon does not have sufficient confirmation that the correct item(s) were returned as required. As part of the consideration provided under this Settlement, Defendant has agreed to make reasonable efforts to complete payment of these refunds to Settlement Class Members outside of the Settlement Fund, and will also pay an additional $309.5 million into a non-reversionary Common Fund.

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

3

The Common Fund will be used for distribution to the Settlement Class in accordance with the plan of distribution as well as all payments to the Settlement Administrator, and all remaining costs and expenses associated with the Settlement, including any attorneys' fees and incentive awards (subject to Court approval). After deductions for the administrative expenses contemplated by the Settlement Agreement and Court-awarded attorneys' fees, costs, and service awards, if any, the sums remaining in the Settlement Fund (the "Net Settlement Fund") will be divided and distributed as follows:

- **<u>Settlement Subclass A Common Fund</u>**: A common fund of 92.7% of the Net Settlement Fund, divided among all Settlement Subclass A members, through direct payments of the unpaid transaction amounts plus an amount proportional to potential prejudgment interest at issue.

- **<u>Settlement Subclass B Common Fund</u>**: A common fund of 7.3% of the Net Settlement Fund, divided among all Settlement Subclass B members who submit claims to the administrator showing more likely than not their membership in the Settlement Subclass B and entitlement to a payment, through direct payments in an amount proportional to the unpaid transaction amounts and potential prejudgment interest at issue.

- To the extent a Settlement Class Member is a member of both Settlement Subclass A and Settlement Subclass B, such person will be entitled to receive payouts from both of the Settlement Subclass A and B common funds, which payouts may be added together to be paid in a single payment.

| 9. | Are there other Settlement Benefits? |
|----|--------------------------------------|

Yes, in an effort to improve its return and refund practices, Amazon has implemented or will implement, by no later than the Effective Date, reasonable processes as follows:

- Regular monitoring to ensure returns processed by Amazon are processed within the timelines contained in the Amazon Return Policy. Amazon will maintain such measures for eighteen months after the Effective Date.

- In order to promote the completion of accurate and timely processing of refunds, review and troubleshoot technical issues that prevented refunds from processing or resulted in erroneous retrocharges (for returns processed by Amazon). Amazon will maintain such measures for eighteen months after the Effective Date.

- For circumstances where customers initiate returns, but their approved refunds are still not completed after thirty days because of a payment processing issue, processes for automatic re-processing of the refunds. For circumstances where the automatic re-processing remains ineffective, processes for manual re-processing of the refunds. Amazon will maintain such measures for eighteen months after the Effective Date.

- For customers who initiate returns that are processed by Amazon, notify customers by sending them a message when a refund is approved or denied. Amazon will maintain such measures for twenty-four months after the Effective Date.

- For returns processed by Amazon, take reasonable steps to refund customers who initiate returns, but which return has not completed the grading process within 90 days, provided that Amazon has a reasonable belief that such returns are not fraudulent, abusive, or otherwise improper. Amazon will maintain such measures for twelve months after the Effective Date.

- For returns processed by Amazon, send a message to customers in cases where customers initiate returns, but which return has not finished the grading process within 90 days. Such notification will inform customers, in sum or substance, that their returns have not been processed and that they should contact

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

4

Amazon with any questions. Amazon will maintain such measures for twenty-four months after the Effective Date.

Each of the measures and terms described above is subject to reasonable modification based on unforeseen operational limitations (*e.g.*, natural disasters, epidemics, pandemics, wars, and other events that impact Amazon's supply chain and other operations), Amazon's good faith belief that there is suspected fraud or abuse, or Amazon's compliance or other legal obligations.

**10.    What am I giving up to receive Settlement Class Member Benefits or to stay in the Settlement Class?**

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendant and the other Released Parties about the legal issues in this Action, resolved by this Settlement, and released by the Settlement Agreement. The specific rights you are giving up are called Released Claims (*see* next question).

**11.    What are the Released Claims?**

The Class Released Claims includes all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever arising before the Effective Date, whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued, which he or she ever had or now has under state or federal law, common law, or under any other principle of law or equity resulting from, arising out of, or related to any and all allegations in any complaint, including the First Amended Consolidated Complaint in this action, including Defendant's actions, practices, or policies related to returns, refunds, and/or retrocharges.

Complete information about the Class Released Claims and Released Parties is provided in the Settlement Agreement, available at www.ReturnSettlement.com.

## HOW TO GET SETTLEMENT CLASS MEMBER BENEFITS— SUBMITTING A CLAIM FORM

**12.    How do I make a claim to receive a payment in this Settlement?**

**Settlement Subclass A** members will automatically receive a payment under the Settlement and do <u>not</u> need to submit a Claim Form. Settlement Subclass A members should visit www.ReturnSettlement.com to select their preferred method of payment before DATE.

**Settlement Subclass B** members can visit www.ReturnSettlement.com to submit a claim online or to download a full Claim Form to complete and return it by mail. Claim Forms must be submitted online by **DATE**. Claim Forms submitted by mail must be postmarked no later than **DATE**.

Settlement Subclass B Members can also request a Claim Form by calling toll-free 1-XXX-XXX-XXXX or by writing to the Settlement Administrator:

MAIL: Amazon Return Policy Litigation, Attn: Claim Request, 1650 Arch St., Ste. 2210, Philadelphia, PA 19103
EMAIL: «Email Address»

**13.    Where do I send my completed Claim Form?**

Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.

5

Completed Claim Forms, along with any supporting documentation must be mailed to the Settlement Administrator at:

<div align="center">

Amazon Return Policy Litigation
c/o Settlement Administrator
Attn: Claim Form Submissions
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

</div>

Remember, Claim Forms submitted by mail must be postmarked no later than DATE.

| 14. | What happens if my contact information changes after I submit a Claim Form? |
|---|---|

If you need to update your contact information after you submit a Claim Form, you may notify the Settlement Administrator of any changes by writing to the Settlement Administrator via mail or email. Please include your Notice ID number with any written requests to assist the Settlement Administrator in identifying you.

| 15. | When and how will I receive a Settlement payment? |
|---|---|

Payments will be issued by the Settlement Administrator after the Settlement is approved and becomes Final. Payments will be issued via the payment method selected on the Claim Form or via the payment method selected by Settlement Subclass A members. It is your responsibility to inform the Settlement Administrator of any updates to your payment information after the submission of your Claim Form or payment selection form.

The Settlement approval process may take time and there may be appeals that must be resolved before any Settlement Class Member payments can be issued. Please be patient and check www.ReturnSettlement.com for updates.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

Yes, the Court has appointed the Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action, or you can represent yourself.

| 17. | How will Class Counsel be paid? |
|---|---|

Class Counsel may choose to seek up to $100,000,000 as its attorneys' fees in this action. Class Counsel may also seek up to $1,000,000 as cost reimbursement in this action. The Class Representatives may each choose to seek a service award of $7,500 for their efforts on behalf of the class, payable from Class Counsel's fee award. The Court may award less than these amounts.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any rights you may have to sue or continue to sue the Defendant and/or the Released Parties on your own based on the claims raised in this Action or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from— or "opting out" of—the Settlement. Any Settlement Class Member who does not file a timely Request for

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

6

Exclusion in accordance with the instructions below will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

### 18.    How do I get out of the Settlement?

Settlement Class Members who do not want to remain in the Settlement must submit written requests for exclusion ("opt out") via the Settlement Website's online opt out form or by mailing the written request to the Settlement Administrator.

The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and e-mail address(es) associate with the Class Member's Amazon account, and include a specific and clear statement of the Settlement Class Member's desire to be excluded from the Settlement Agreement and from the Settlement Class, such as a statement substantially to the effect that: "I request to be excluded from the Settlement Class in In re: Amazon Return Policy Litig., Case No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington".

The failure to provide each required element may result in rejection of a request for exclusion. Exclusion requests cannot be made via phone or email.

The opt-out request must be mailed so it is ***received*** by the Settlement Administrator at the address below no later than **DEADLINE**:

<div align="center">

Amazon Return Policy Litigation
Attn: Opt Outs
P.O. Box 58220
Philadelphia, PA 19102
www.ReturnSettlement.com

</div>

Each request for exclusion must be signed by the individual seeking exclusion and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a request for exclusion on behalf of any other person within the Settlement Class.

**"Mass" or "class" exclusion requests shall not be permitted**. Except for opt outs submitted by an authorized individual on behalf of a Settlement Class Member that is a minor, an incapacitated person, a deceased individual, or those expressly permitted by the terms of this agreement will be rejected without opportunity to provide additional information or challenge the Settlement Administrator's determination.

Any Settlement Class Member who submits a timely request for exclusion shall be barred from filing an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

### 19.    If I exclude myself, can I still receive Settlement Class Member Benefits?

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You are only eligible to receive a Settlement Class Member payment if you remain in the Settlement (remember Settlement Subclass B members must also submit an eligible Claim Form in order to receive a payment).

### 20.    If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant and the Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against the Defendant or any of the other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

| 21. | How do I tell the Court that I do not like the Settlement? |
|---|---|

Any Settlement Class Member who intends to object to this Settlement Agreement must file the objection with the Court no later than DEADLINE and must concurrently serve the objection on the Settlement Administrator.

| Court | Settlement Administrator |
|---|---|
| [Court Address] | Amazon Return Policy Litigation<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

To state a valid objection to the Settlement Agreement, an objecting Settlement Class Member **must** provide the following information in the written objection under penalty of perjury:

 i. the case name and number, *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.);

 ii. the Settlement Class Member's full name, current address, current telephone number; and each email address associated with the objector's Amazon account and purchase at issue;

 iii. the basis for their good faith belief that they are a Settlement Class Member;

 iv. a statement of all objection(s), including all factual and legal grounds for the position, including a statement as to whether the objection(s) apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

 v. copies of any documents, exhibits, or other materials the objector wishes to submit in support;

 vi. the name, address, telephone number, and email address of any lawyer(s) representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection, as well as a statement as to whether the lawyer(s) intends to submit a request for fees, and all factual and legal support for that request;

 vii. a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

 viii. the identity of all counsel (if any) who will appear on behalf of the Settlement Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection;

 ix. the identity of any witnesses the objector may call to testify; and

 x. the wet signature of the Settlement Class Member objecting, in addition to the signature of any attorney representing the objector in connection with the objection, and date of the objection.

If the objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Settlement Class Member must state that in the objection. Any Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement Agreement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel

or counsel for Defendant to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location or by remote video conference, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to appear for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

Any Settlement Class Member who fails to file and serve timely a written objection containing all of the information listed above, including notice of his, her, or their intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement Agreement and shall be foreclosed from seeking any review of the Settlement Agreement and any of its terms by any means, including but not limited to an appeal.

| **22.** | **What is the difference between objecting and requesting exclusion?** |
| --- | --- |

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Requesting exclusion (opting out) is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

| **23.** | **When and where will the Court decide whether to approve the Settlement?** |
| --- | --- |

The Court will hold a Final Approval Hearing on **DATE & TIME** in Courtroom **X**, located at **ADDRESS**.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class, so please check www.ReturnSettlement.com for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement, Class Counsel's application for Attorneys' Fees and Costs, and a Service Award for the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

| **24.** | **Do I have to come to the Final Approval Hearing?** |
| --- | --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit a timely and complete objection, the Court will consider it, and you do not have to come to Court to talk about it.

| **25.** | **May I speak at the Final Approval Hearing?** |
| --- | --- |

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (*see* Question 21).

## IF YOU DO NOTHING

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

**26.     What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or any of the other Released Parties about the legal issues in this Action and released by the Settlement Agreement.

If you are a member of Settlement Subclass A and do nothing, you will automatically receive a payment under the Settlement.

If you are a member of Settlement Subclass B and do nothing, you will <u>not</u> receive a payment under the Settlement.

## GETTING MORE INFORMATION

**27.     How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please review the Settlement Agreement available at www.ReturnSettlement.com. For more information, you may also contact the Settlement Administrator or scan the QR code below:

<div align="center">

Amazon Return Policy Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: Email Address
Toll-Free: 1-XXX-XXX-XXXX

</div>



For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

<div align="center">

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

</div>

**Questions? Visit www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.**

10

# Exhibit 7

Docusign Envelope ID: 1178EGA6-AE72-46G7-82A2-388B64238EFC

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    IN RE: AMAZON RETURN POLICY          CASE NO. 2:23-cv-1372
     LITIGATION
9
                                          **[PROPOSED] ORDER ON
10                                        PLAINTIFFS' MOTION FOR
                                          PRELIMINARY APPROVAL**
11

12

13      WHEREAS, Plaintiffs Laura Abbott, Jill Cappel, Michelle Estep, Maria

14   Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, Katherine Vojtko,

15   Vince Vojtko, and Dianne Walton-Williams ("Plaintiffs" or "Class Representatives"),

16   individually and as representatives of the Settlement Class defined below, and

17   Defendant Amazon.com, Inc. ("Amazon" or "Defendant," and, together with Plaintiffs,

18   the "Parties") entered into a Settlement Agreement (ECF. No.___), which, together,

19   with the exhibits thereto, sets forth the terms and conditions for a proposed

20   resolution of this Action and for its dismissal with prejudice;

21      WHEREAS, this Court has reviewed the Settlement entered into by the

22   Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

23      WHEREAS, this Court preliminarily finds, for the purpose of settlement only,

24   that the Settlement Class meets all the prerequisites of Federal Rule of Civil

25   Procedure 23(a) for class certification—numerosity, commonality, typicality, and

26   adequacy—and meets the requirements of Federal Rule of Civil Procedure 23(b)(3)—

27   predominance of common issues, and superiority;

28      **GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL - 1

Preliminary Certification of Settlement Class for Purpose of Settlement Only and Appointment of Class Counsel and Settlement Class Representatives

1.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in Paragraph 1.29 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons who initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to the time the Class Data is prepared, and who (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

2.      Excluded from the Settlement Class are: Defendant; Defendant's employees and agents; any judge conducting proceedings in this action and the judge's parents, spouses and children as well as any other member of the judge's family residing in the judge's household; counsel of record in this Action; individuals and entities who validly and timely opt-out; the legal representatives, heirs, successors and assigns of any excluded person and the United States government; and any purchases from Amazon affiliates and subsidiaries, except where those (i) purchases occur on Amazon.com and (ii) returns are handled through Amazon's fulfillment channels.

3. The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class as defined above meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); and that the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Class under Rule 23(a)(3).

4. In addition, the Court preliminarily finds, for purposes of settlement only, that the Class Counsel and Settlement Class Representatives will fairly and adequately represent the interests of the Settlement Class under Rule 23(a)(4), have done so, and meet the requirements of Rule 23(g) and, therefore, appoints them as Class Counsel and Settlement Class Representatives under Rules 23(c)(1)(B) and 23(g).

5. If the Settlement Agreement is terminated or not finally approved by this Court, or if such final approval is not upheld, reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the Settlement Class) shall be vacated, null and void, and of no force or effect; the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in reaching settlement or in connection with settlement, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with

the Court, including that the Parties shall be entitled to make any arguments for or against certification for litigation purposes.

6.    The Settlement Class Representatives are appointed as adequate representatives of the Settlement Class. Class Counsel are appointed as counsel for the Settlement Class.

## NOTICE TO SETTLEMENT CLASS

7.    By _____ __, 2026, [(45) calendar days after the issuance of this Order], Class Counsel shall cause notice to the Class to be disseminated by the Email Notice, the Press Release, and the dedicated Settlement Website.

8.    By _____ __, 2026, [(30) calendar days after the issuance of this Order], Defendant shall pay the sum of five million United States dollars (US$5,000,000) into the Settlement Fund.

9.    The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion Group shall establish the Settlement Fund as a Qualified Settlement Fund as for U.S. federal income tax purposes as set forth in Section 13.15 of the Settlement Agreement; supervise and administer the notice procedures, establish and operate the settlement website, administer the claims processes, and distribute payments according to the processes and criteria set forth in the Settlement Agreement; and fully perform all other duties as provided in the Settlement Agreement, as well as any additional duties that are reasonably necessary to facilitate the settlement pursuant to the Settlement Agreement's terms.

10.    The Court approves the Notice Plan and Class Notice provided for in the Settlement Agreement and its exhibits complies with 28 U.S.C. § 1715 and all other

provisions of the Class Action Fairness Act of 2005. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all Settlement Class Members who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.  As is provided in the Settlement Agreement, the Settlement Administrator shall send the agreed upon Notices to the Settlement Class Members in accordance with the notice plan set forth in the Settlement Agreement. The Court also approves the Parties' Notices and Claim Form, which are attached to the Settlement Agreement. To the extent the Parties or the Settlement Administrator determines that ministerial changes to the Notices or Claim Form are necessary before disseminating them to the Settlement Class, they may make such changes without further application to the Court.

11.    Settlement Class Members who wish to make a claim must do so by submitting a Claim Form by _____, __ 2026 [sixty days after the Notice Date], (the "Claims Submission Deadline"), in accordance with the instructions contained therein and pursuant to the terms of the Settlement Agreement. The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Fund in accordance with the Settlement Agreement.

12.    Any Settlement Class Member who seeks to be excluded from the Settlement Class must do so by _____, __ 2026 [sixty days after the Notice Date], submit a written request for exclusion through the settlement website by sending a letter via U.S. mail (or an express mail carrier) stating that they want to "opt-out of"

or "be excluded from" the Settlement and identifying the following information: (i) the Settlement Class Member's name, address, telephone number, and e-mail address(es) associate with the Class Member's Amazon account; and (ii) a specific and clear statement of the Settlement Class Member's desire to be excluded from the Settlement Agreement and from the Settlement Class, such as a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *In re: Amazon Return Policy Litig.,* Case No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington" and be received by the Settlement Administrator no later than the date designated for such purpose in the Notice. The failure to provide each required element may result in rejection of a request for exclusion.  Exclusion requests cannot be made via phone or email. Each request for exclusion must be signed by the individual seeking exclusion, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a request for exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.  Any Settlement Class Member who submits a timely and valid request for exclusion shall be barred from filing an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under this Settlement Agreement. Any Settlement Class Member who does not file a timely request for exclusion, or otherwise does not follow the procedure described in the Settlement Agreement, shall be bound by all subsequent proceedings, orders, and judgments in this action.

13.     Settlement Class Members who wish to object to the Settlement must file the objection with the Court in accordance with Fed. R. Civ. P. 5(d) by _____, __ 2026 [sixty days after the Notice Date], (the "Objection Deadline"), and must concurrently serve the objection on the Settlement Administrator.  To state a valid objection to the Settlement Agreement, an objecting Settlement Class Member must provide the following information in the written objection under penalty of perjury: (i) the case name and number, In re: Amazon Return Policy Litigation, No. 2:23-cv-01372-JNW (W.D. Wash.); (ii) the Settlement Class Member's full name, current address, current telephone number; and each email address associated with the objector's Amazon account and purchase at issue; (iii) the basis for their good faith belief that they are a Settlement Class Member; (iv) a statement of all objection(s), including all factual and legal grounds for the position, including a statement as to whether the objection(s) apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) copies of any documents, exhibits, or other materials the objector wishes to submit in support; (vi) the name, address, telephone number, and email address of any lawyer(s) representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection, as well as a statement as to whether the lawyer(s) intends to submit a request for fees, and all factual and legal support for that request; (vii) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Settlement Class Member objecting at the Final Approval Hearing and all persons (if

[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL - 7

any) who will be called to testify in support of the objection; (ix) the identity of any witnesses the objector may call to testify; and (x) the wet signature of the Settlement Class Member objecting, in addition to the signature of any attorney representing the objector in connection with the objection, and date of the objection. If the objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Settlement Class Member must so state in the objection. Any Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement Agreement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing. The filing of an objection allows Class Counsel and counsel for Defendant to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location or by remote video conference, and to obtain any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to appear for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose. Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B). These procedures and requirements for objecting are intended to ensure the efficient

administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

## FINAL APPROVAL HEARING

14.     The Final Approval Hearing shall be held by the Court on _____, __ 2026, beginning at _____, [No sooner than 164 days after the Notice Date to determine whether the requirements for certification of the Settlement Class have been met; to determine whether the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; to consider whether Class Counsel's motion or application for an Attorneys' Fees and Expenses Award and application for the Service Awards; and to determine whether final judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Settlement Class Representatives and all other Settlement Class Members should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members (except to those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

15.     Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a notice of intention to appear in the body of the objector's objection. Objectors who fail to submit or include such timely notice of

intention to appear may not speak at the Final Approval Hearing without permission of the Court.

16.    By _____, __ 2026, [(46) days after the Notice Date] Class Counsel shall file all papers in support of the application for Attorneys' Fees and in support of an Expenses Award and/or for Service Awards. All opposition papers shall be filed by _____, __ 2026, [(74) days after the Notice Date] and any reply papers shall be filed by _____, __ 2026 [(102) days after the Notice Date].

17.    By _____, __ 2026 [(122) days after the Notice Date], Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. Any reply papers regarding objections to the settlement and to update the Court regarding notice and administration shall be filed by _____, __ 2026 [one hundred and fifty (150) days after the Notice Date].

18.    Class Counsel's motion or application for Attorneys' Fees and an Expenses Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's motion for Attorneys' Fees and an Expenses Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

19.    Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

20.    Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against

Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

21.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____          _____

Hon. Jamal N. Whitehead

U.S. District Judge

# Exhibit 8

**Settlement Administrator Angeion Group Announces Proposed Class Action Settlement Involving Amazon.com**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**Philadelphia, PA, Month DD, 202Y –** A Settlement has been proposed in class action litigation against Amazon.com ("Amazon"). This class action alleges that certain of Amazon's return policies and practices violate Washington consumer protection and other laws. Amazon denies Plaintiffs' allegations and denies any wrongdoing. Amazon has, however, agreed to settle the lawsuit so that it may, among other things, avoid additional litigation burdens and expenses. The Court has not made any finding that Amazon has engaged in any wrongdoing or misconduct of any kind, or is liable in any way. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to individual claims brought by Plaintiffs. This notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit. If the Parties had not reached a settlement, Amazon would have continued to vigorously defend the lawsuit, and it also would have opposed any attempt to have this case certified as a class action.

The Court will decide whether to approve the proposed Settlement. If approved, the Settlement will resolve the litigation entitled *In re: Amazon Return Policy Litigation,* No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington (the "Action").

**Who is included in the Settlement?** You are a Settlement Class Member if you initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to «the time the Class Data is prepared», and you (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

There are two Settlement Subclasses (A and B) as explained in the Settlement documentation. For further information, please visit the Settlement Website at www.ReturnSettlement.com or call toll-free 1-XXX-XXX-XXXX.

**What does the Settlement provide?** After this litigation was filed, Defendant identified certain customer refunds that were potentially unpaid and, in 2025, elected to implement a process to pay those refunds, including by paying some refunds for which Amazon could not confirm the money was owed. These refunds include (1) refunds not completed due to a payment processing issue; and (2) refunds not completed where Amazon does not have sufficient confirmation that the correct item(s) were returned as required. As part of the consideration provided under this Settlement, Defendant has agreed to make reasonable efforts to complete payment of these refunds to Settlement Class Members outside of the Settlement Fund, and will pay an additional $309.5 million into a non-reversionary Common Fund, which will be used for distribution to the Settlement Class in accordance with the plan of distribution as well as all payments to the Settlement Administrator, and all remaining costs and expenses associated with the Settlement, including any attorneys' fees and incentive awards (subject to Court approval).

In addition, under the Settlement Amazon will provide other non-monetary relief. Visit www.ReturnSettlement.com for complete details on the Settlement benefits.

**How do I get a payment?**
Members of Settlement Subclass A will automatically receive a payment under the Settlement but should visit www.ReturnSettlement.com before **DEADLINE** to select their preferred payment method.

<u>Members of Settlement Subclass B</u> must submit a Claim Form in order to receive a payment under the Settlement. Visit www.ReturnSettlement.com to submit a Claim Form online on or before **DEADLINE** or to download a Claim Form to complete and return by mail to the Settlement Administrator.

**Your other options.** If you want to keep your right to sue or continue to sue Amazon on your own about the legal issues in this lawsuit, you must exclude yourself from the settlement by **DEADLINE**. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may file an objection or other comment no later than **DEADLINE**. More information about these options is available at www.ReturnSettlement.com.

**Do I have a lawyer in the case?** Yes, the Court has appointed the Zigler Law Group, LLC and Quinn Emanuel Urquhart & Sullivan, LLP as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

Class Counsel may choose to seek up to $100,000,000 as its attorneys' fees in this action. Class Counsel may also seek up to $1,000,000 as cost reimbursement in this action.  The Class Representatives may each choose to seek a service award of $7,500 for their efforts on behalf of the class, payable from Class Counsel's fee award. The Court may award less than these amounts.

**The Court's hearing.** The Court will hold a Final Approval Hearing on DATE & TIME in Courtroom X, located at ADDRESS. The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class, so please check www.ReturnSettlement.com for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement, Class Counsel's application for Attorneys' Fees and Costs, and a Service Award for the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**How Do I Get More Information? This notice is only a summary.** For more information, including the full notice, claim form and Settlement Agreement visit www.ReturnSettlement.com, scan the QR code or contact the Settlement Administrator:



Amazon Return Policy Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: Email Address
Toll-Free: 1-XXX-XXX-XXXX

For more information regarding the status of your Amazon returns and refunds, you can visit "Your Transactions" on Amazon.com.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

**Media Contact:**
Angeion Marketing
marketingteam@angeiongroup.com

SOURCE: ANGEION GROUP