UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY
LITIGATION

CASE NO. 2:23-cv-1372

ORDER ON MOTION TO SEAL

This matter comes before the Court on Plaintiffs' motion to seal. Dkt. No. 168. Plaintiffs seek to seal two filings: the unredacted Declaration of John Holton, Dkt. No. 169, and Exhibit A to that declaration, an unredacted copy of the parties' Settlement Agreement, Dkt. No. 170. The Holton Declaration contains quotations from and references to documents that Defendant Amazon produced in discovery and designated as confidential. The unredacted Settlement Agreement includes the dollar value of timely and valid opt-out requests that would trigger Amazon's right to terminate the settlement—a figure that both parties seek to keep confidential.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id.* Plaintiffs invoke the good cause standard. The Court finds the compelling interest test more appropriate given that

ORDER ON MOTION TO SEAL - 1

the proposed Settlement Agreement and the declaration supporting it are more than tangentially related to the merits of the case. *See Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at \*7 (N.D. Cal. Sept. 4, 2018) ("Preliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the 'compelling reasons' standard applies.").

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation modified). The Court may seal records only if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation modified).

The Court is satisfied that there are compelling interests in keeping the unredacted Holton Declaration and unredacted Settlement Agreement under seal. Because the Holton Declaration quotes and references confidential information, its unredacted disclosure may cause Amazon (the producing party) to be commercially disadvantaged or prejudiced. Dkt. No. 77 at 2 (Stipulated Protective Order defining confidential material). The unredacted Settlement Agreement includes the total value of timely and valid opt-out requests that would trigger Amazon's termination

ORDER ON MOTION TO SEAL - 2

right, a figure third parties could use for the improper purpose of obstructing the settlement. *See Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) ("'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

Accordingly, the Court GRANTS Plaintiffs' motion to seal the unredacted Holton Declaration and Settlement Agreement. Dkt. No. 168. The Court ORDERS Plaintiffs to file redacted versions on the docket within 14 days of this order.

Dated this 29th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ON MOTION TO SEAL - 3