THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-cv-1372-JNW

**DECLARATION OF AARON M. ZIGLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO WEILER'S MOTION TO INTERVENE**

I, Aaron M. Zigler, hereby state as follows:

1.      I am the founder of Zigler Law Group, LLC, and, together with Quinn Emanuel Urquhart & Sullivan, LLP, I serve as Court-appointed Co-Lead Interim Class Counsel for the putative class in this action. Dkt. 56. I am admitted to practice before this Court *pro hac vice*. I submit this declaration in support of Plaintiffs' Opposition to Erin Weiler's Motion to Intervene and to Deny Preliminary Approval (Dkt. 183). I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2.      I submit this declaration principally to correct the impression left by Weiler's motion that the parties and their counsel were unwilling to engage with her counsel or to answer questions about whether her claims are covered by the proposed Settlement. That is not so as to Plaintiffs' counsel.

3.      On March 3, 2026, at approximately 3:00 p.m. Central time, my co-counsel Adam Wolfson and I participated in a Teams Videoconference with Joel D. Smith and Yeremey O. Krivoshey of Smith Krivoshey, P.C., counsel for Ms. Weiler. The call was professional and cordial.

ZIGLER DECLARATION
CASE NO. 2:23-CV-1372-JNW

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

4.    Mr. Smith and Mr. Krivoshey began the call by stating that they had no interest in upsetting or disrupting the proposed Settlement in this action, and they asked me to agree that Ms. Weiler's claims are not covered by the Settlement's release.

5.    I told them that I disagreed. I explained that Ms. Weiler's claims are covered by the Settlement, and I directed them specifically to the claims of named Plaintiff Laura Abbott—who alleges that Amazon refunded her less than the full amount it owed her on a returned item. I explained that partial refunds of the kind Ms. Weiler alleges are among the transactions reflected in the data at issue in this litigation.

6.    I told Mr. Smith and Mr. Krivoshey that I would be glad to speak with them again and to answer any questions they had about the Settlement or the scope of its release. Neither Mr. Krivoshey, Mr. Smith, nor any other counsel for Ms. Weiler ever contacted me with any follow-up question.

7.    The transactions at issue in this litigation, and the data Plaintiffs and their expert reviewed in valuing the case, include partial-refund transactions of the type Ms. Weiler alleges. *See* Dkt. 169, Holton Decl. ¶¶69, 81; Dkt. 171-1, Schapiro & Zigler Decl.

Executed this 4th day of June, 2026, at Chicago, Illinois.

/s/ Aaron M. Zigler
Aaron M. Zigler

ZIGLER DECLARATION
CASE NO. 2:23-CV-1372-JNW

-2-

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED June 4, 2026.

*/s/ Nolan Anderson*
Nolan Anderson, WSBA #59691