**EXHIBIT 4**

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | Case No.: 2:23-cv-1372-JNW<br><br>**DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: June 20, 2024<br><br>ORAL ARGUMENT REQUESTED |



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

# TABLE OF CONTENTS

PAGE

INTRODUCTION ..... 1

BACKGROUND ..... 2

A. Amazon's Policies Govern Returns, Refunds, And Re-charges. ..... 2

B. Amazon's Returns Policies Disclose That Customers May Be Re-Charged. ..... 3

LEGAL STANDARD ..... 4

ARGUMENT ..... 4

A. Plaintiffs' Money-Had-And-Received, Unjust Enrichment, And Promissory Estoppel Claims Fail In Light Of The Parties' Express Contract. ..... 4

B. Plaintiffs' Conversion Claim Fails Under The Independent Duty Doctrine ..... 7

CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**CASES** — **PAGE(S)**

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1998) .....4

*Bardy v. Cardiac Sci. Corp.*,
No. C13-0778JLR, 2013 WL 5588313 (W.D. Wash. Oct. 10, 2013).....5, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....4

*Chandler v. Wash. Toll Bridge Auth.*,
17 Wn.2d 591, 137 P.2d 97 (1943).....4

*Coast Trading Co. v. Parmac, Inc.*,
21 Wn. App. 896, 587 P.2d 1071 (1978).....5

*Eastwood v. Horse Harbor Found., Inc.*,
170 Wn.2d 380, 241 P.3d 1256 (2010).....8

*Fuji Food Prods., Inc., v. Occidental, LLC*,
No. 76152-8-1, 2018 WL 6310090 (Wash. Ct. App. Dec. 3, 2018).....8

*Garner v. Amazon.com, Inc.*,
603 F. Supp. 3d 985 (W.D. Wash. 2022).....6

*Harris v. US. BankCorp.*,
No. 2:19-cv-00291-BJR, 2019 WL 5536402 (W.D. Wash. Oct. 25, 2019) .....7

*Hunt v. Zuffa, LLC*,
No. 19-17529, 2021 WL 4355728 (9th Cir. Sept. 24, 2021) .....6

*In re Amazon Serv. Fee Litig.*,
No. 2:22-cv-00743-TL, 2023 WL 8472724 (W.D. Wash. Dec. 7, 2023).....6

*Mastaba, Inc. v. Lamb Weston Sales, Inc.*,
23 F. Supp. 3d 1283 (E.D. Wash. 2014).....5

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010).....7

*Nauman v. General Motors, LLC*,
No. C21-5150-BHS, 2021 WL 4502666 (W.D. Wash. Oct. 1, 2021) .....7

*Olympic Tug & Barge, Inc. v. Lovel Briere LLC*,
No. C22-1530-JLR, 2023 WL 2864570 (W.D. Wash. Apr. 10, 2023).....8

*PCF Ins. Servs. of the West, LLC v. Fritts*,
No. C23-1468-JCC, 2024 WL 1299954 (W.D. Wash. Mar. 27, 2024) .....7, 8

*Pierce v. NovaStar Mortg., Inc.*,
422 F. Supp. 2d 1230 (W.D. Wash. 2006)....................4

*Timaero Ireland Ltd. v. Boeing Co.*,
No. C21-488-RSM, 2023 WL 3435309 (W.D. Wash. May 12, 2023)....................7

*TinyBuild LLC v. Nival Int'l Ltd.*,
No. C19-0805-TSZ, 2020 WL 13803810 (W.D. Wash. May 18, 2020)....................8

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*,
252 F. App'x 123 (9th Cir. 2007)....................6

*Westcott v. Wells Fargo Bank, N.A.*,
862 F. Supp. 2d 1111 (W.D. Wash. 2012)....................5

*Wodja v. Wash. State Emps. Credit Union*,
No. C15-5694-BHS, 2016 WL 3218832 (W.D. Wash. June 9, 2016)....................5

**STATUTES**

Washington Consumer Protection Act....................1

**RULES**

Fed. R. Civ. P. 8....................4, 6, 7

Fed. R. Civ. P. 11....................6

Fed. R. Civ. P. 12(b)(6)....................4

# INTRODUCTION

This is a contract dispute related to Amazon's returns policies. Plaintiffs are Amazon customers who took advantage of an innovative and convenient feature that allowed them to receive advance refunds for product returns before Amazon had received the products. Amazon's returns policies specify that, for returns that qualify for advance refunds, Amazon will issue a refund when the customer drops off the product at a designated return location, before Amazon has received and processed the returned item. Under its policies, Amazon may later re-charge the customer (i.e., reverse the refund) if Amazon determines that the customer did not send back the correct item. Plaintiffs allege that Amazon breached its own policies by charging Plaintiffs for products that they had timely returned. Plaintiffs seek to assert claims on behalf of two nationwide classes.

Along with their claims for breach of contract, violation of the duty of good faith, and violation of Washington's Consumer Protection Act, Plaintiffs have tacked on common-law claims for money had and received, unjust enrichment, promissory estoppel, and conversion. Those common-law claims fail at the pleading stage and must be dismissed.

*First*, Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims sound in quasi-contract and cannot survive in light of Plaintiffs' breach of contract claim. It is well settled that implied- or quasi-contract claims—including money had and received, unjust enrichment, and promissory estoppel—are not viable alternatives to a breach of contract claim. Plaintiffs do not dispute that they are bound by Amazon's returns policies, which constitute valid, express contracts; indeed, they are suing to enforce those contracts. Nor do Plaintiffs dispute the terms of Amazon's policies, including the terms governing when Amazon may re-charge customers for a returned item. Because Plaintiffs' quasi-contract and implied-contract claims cannot survive as alternatives to their breach of contract claim, those claims must be dismissed.

*Second*, the independent duty doctrine bars Plaintiffs' conversion claim. Washington law is clear that when a duty arises under a contract, and in the absence of a tort duty arising *independently* of the contract, a plaintiff may not pursue a conversion claim. Here, Amazon's obligation to provide refunds for returns arises *solely* from Amazon's contractual returns policies,

and Plaintiffs do not contend otherwise. Indeed, the Complaint makes clear that those contracts expressly govern returns, refunds, and the circumstances in which Amazon may re-charge customers for returned items. Thus, the only alleged breach is of a purely *contractual* duty, and therefore Plaintiffs' conversion claim must also be dismissed.

## BACKGROUND

### A. Amazon's Policies Govern Returns, Refunds, And Re-charges.

Amazon offers online retail services. *See* Dkt. No. 58, Consolidated Compl. ("Compl.") ¶ 15. Amazon seeks to make buying online as easy as possible, including by offering "free, convenient returns on most items delivered in the U.S." *Id.* ¶ 20. For purposes of this motion only, Amazon accepts as true the allegations in the Complaint.

To return an item to Amazon, customers navigate to "Your Orders" on the amazon.com website and select the item they wish to return or click a link in the order confirmation email from Amazon. Compl. ¶ 22. After the customer completes the return request in Amazon's Online Return Center, the customer chooses a pick-up or drop-off location. *Id.* ¶ 22. If a customer chooses to have an item picked up, Amazon or a designated carrier will collect the item. *Id.* If the customer opts to "drop off" the item, Amazon emails the customer a quick response ("QR") code that the customer presents with the item to be returned, which can be dropped off at any of over 18,000 locations, including Amazon stores, Whole Foods Markets, and UPS Stores. *See id.* ¶¶ 23-24. Customers can return items to Amazon returns kiosks or simply hand items to an associate at the drop-off location without a box or label. *Id.* ¶ 25. The associate will then scan the return QR code and pack and ship the product back to Amazon, free of charge to the customer. *Id.* ¶ 25. In some cases, for eligible items, Amazon provides a refund when the customer drops off the product at a designated drop-off location, before Amazon receives and inspects the item. *Id.* ¶¶ 27-28.

As the Complaint makes clear, Amazon's returns policies create binding contracts between Amazon and the customer, which govern returns, refunds, and re-charges. *See* Compl. ¶ 1 n.1 (and materials incorporated by reference). Plaintiffs acknowledge that they assented to those contracts, and accepted the terms of Amazon's returns policies, by purchasing items "offered and conveyed by Amazon." *Id.* ¶ 160.

**B. Amazon's Returns Policies Disclose That Customers May Be Re-Charged.**

Amazon's advance-refund feature is generous and customer-friendly. And Amazon's returns policies disclose that "if Amazon does not receive the returned item within the return window, Amazon reserves the right to re-charge the customer the total sale price of the item." Compl. ¶ 3. Amazon also discloses that sometimes it may re-charge a customer for a returned item before the return has been processed and then later refund the customer once the item has been processed. *Id.* ¶ 37 n.18 ("[I]f the item has already been sent back to us and you have received an email asking you return it or have been charged for [the] item, we will reverse the charge as soon as the return is processed by us."). When a customer clicks on the "Refunds" hyperlink in the "About Our Returns Policies" page (*id.* ¶ 7), they are directed to a separate "Refunds" page, which discloses that customers may be re-charged for a returned product if they fail to comply with Amazon's return policies, such as by returning the wrong item. *See* https://www.amazon.com/gp/help/customer/display.html/?nodeId=GKQNFKFK5CF3C54B (Amazon Refunds).

Amazon notifies customers of these policies before they make a purchase. During the purchase process, Amazon includes its general return policy, and any specific instructions for the given product, prominently on the right-side bar beneath the "Add to Cart" button. *See* Compl. ¶¶ 35-37. Moreover, by using Amazon's services, customers agree to the Amazon Conditions of Use ("COUs"). *See id.* ¶ 152 n.19. The COUs, in turn, incorporate by reference Amazon's returns policies. Customers are also reminded of Amazon's returns policies when they receive a refund confirmation after they drop off their returned item to a designated drop-off location. *Id.* Figure 13; *see also id.* ¶¶ 42, 54, 73, 94 (explaining that Plaintiffs received an email within hours of drop-off, noting that "[t]his is an advanced refund. If we don't receive the item listed above, we may charge your original payment method.").

Plaintiffs acknowledge that, when they dropped off returned items and received a return confirmation and initial refund for the purchase price of the items, they received clear disclosures of Amazon's terms. Compl. ¶¶ 42, 54, 73. Before re-charging a customer for a returned item, Amazon also sends the customer a reminder that their items have not been received or processed.

*See, e.g.*, *id.* ¶ 44 (emailing customer "Return Reminder," explaining "[w]e've issued your refund in advance, but still expect to receive the return. Send the item back by Thu, Jun 8 to avoid being charged again."); *see also id.* ¶¶ 56, 65, 75, 101, 135.

Plaintiffs also acknowledge that, in circumstances where Amazon does not receive the returned item, Amazon emails customers to notify them of the re-charge, and that the re-charge will be reversed if the item is ultimately received. Compl. ¶¶ 47, 59, 66, 77, 84, 95, 119, 125. Amazon also offers customers the opportunity to dispute such re-charges. *Id.* ¶¶ 48, 61, 67.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted where there is either a lack of a legally cognizable theory or a lack of sufficient facts alleged under a cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1998). To survive a motion to dismiss, a complaint must present factual allegations sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also* Fed. R. Civ. P. 8. Allegations must include enough facts to state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 547. "[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pierce v. NovaStar Mortg., Inc.*, 422 F. Supp. 2d 1230, 1233 (W.D. Wash. 2006) (quoting *Pareto v. FDIC*, 139 F. 3d 696, 699 (9th Cir. 1998)).

## ARGUMENT

### A. Plaintiffs' Money-Had-And-Received, Unjust Enrichment, And Promissory Estoppel Claims Fail In Light Of The Parties' Express Contract.

Plaintiffs' quasi-contract and implied-contract claims—i.e., money had and received, unjust enrichment, and promissory estoppel—must all be dismissed because Plaintiffs have pled the existence (and alleged breach) of express contracts governing the same rights and obligations and have not pled any facts suggesting that the contracts are unenforceable or invalid. Under Washington law, "a party to a valid express contract is bound by the provisions of that contract and may not disregard the same and bring an action on an implied contract relating to the same matter." *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97, 103 (1943); *see*

*also Wodja v. Wash. State Emps. Credit Union*, No. C15-5694-BHS, 2016 WL 3218832, * 4 (W.D. Wash. June 9, 2016) (granting motion to dismiss money-had-and-received and unjust enrichment claims).

Money had and received, unjust enrichment, and promissory estoppel are quasi-contract and implied-contract claims and therefore cannot survive in the face of an express contract. *See Wodja,* 2016 WL 3218832 at * 4 (describing money-had-and-received and unjust enrichment claims as "quasi-contract or implied contract claims."); *Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111, 1116 (W.D. Wash. 2012) (describing promissory estoppel as an equitable doctrine that does not apply where a contract governs). Such claims provide for recovery only in the *absence* of a contractual relationship. A money-had-and-received claim "arises ***independently of the express agreement*** or intent of the parties, where the facts are such that the holder of another's funds would be 'unjustly enriched' if the law did not ***presume*** a promise to pay." *Coast Trading Co. v. Parmac, Inc.*, 21 Wn. App. 896, 902, 587 P.2d 1071, 1075 (1978) (emphases added). Similarly, "[u]njust enrichment is the method of recovery for the value of the benefit retained ***absent any contractual relationship*** because notions of fairness and justice require it." *Mastaba, Inc. v. Lamb Weston Sales, Inc.*, 23 F. Supp. 3d 1283, 1295 (E.D. Wash. 2014) (emphasis added) (citing *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258, 1262 (2008)). And the "'doctrine of promissory estoppel does not apply where a contract governs' the conduct at issue." *Bardy v. Cardiac Sci. Corp.*, No. C13-0778JLR, 2013 WL 5588313, *6 (W.D. Wash. Oct. 10, 2013) (quoting *Spectrum Glass Co., v. Pub. Util., Dist. No. 1 of Snohomish Cnty.*, 129 Wn. App. 303, 119 P.3d 854, 861 (2005)).

Here, Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims concern rights and obligations under their express contracts with Amazon. Plaintiffs allege that their *contracts* with Amazon entitled them to refunds for returned products and allowed for re-charges only in certain circumstances. Compl. ¶¶ 159, 225 (Amazon's "terms and conditions impose a duty on Amazon to refund to Plaintiffs the purchase price and applicable taxes and fees for merchandise returned to Amazon in accordance with the terms and conditions and Amazon's instructions."); *id.* ¶¶ 163, 229 ("Amazon breached its duty under the terms of the parties' contract

by failing to provide refunds for items that were returned in accordance with Amazon's instructions"). And even if Plaintiffs had not alleged the existence of a contract, there can be no dispute that they entered into a contract with Amazon every time they purchased an item in the amazon.com store and accepted Amazon's COUs, which incorporate Amazon's returns policies. Courts routinely bind consumers to terms and transactions through online "clickwrap" agreements, including the terms and agreements that apply to Amazon's products and services. *See, e.g.*, *In re Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, 2023 WL 8472724, *3-4 (W.D. Wash. Dec. 7, 2023) (finding that plaintiff was bound by Amazon's COUs based on purchases from Amazon's website); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 996 (W.D. Wash. 2022) (finding that users consented to Amazon's COUs where "[b]oth screens notify the user that by continuing, he or she agrees to Amazon's Conditions of Use and Privacy Notice, which are made available via hyperlink."). Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims rest on precisely the same obligations, and incorporate the same factual allegations, as the breach of contract claims. *See* Compl. ¶¶ 155, 191, 198, 205, 221, 257, 264, 271. Accordingly, the existence of the parties' contract dooms Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims as a matter of law.

Nor can Plaintiffs salvage their quasi- and implied-contract claims with throwaway allegations that they plead these counts "in the alternative." Plaintiffs allege that "[s]hould it be determined for any reason that the parties' contract is invalid, subject to avoidance, does not cover the parties' dispute, or otherwise ineffective to regulate the parties' obligations, Plaintiffs allege this Count in the alternative" to Counts I, II, VIII, and IX. *See* Compl. ¶¶ 192, 199, 206, 258, 265, 272. While a party generally may plead inconsistent claims in the alternative, under Federal Rule of Civil Procedure 8(d), a plaintiff cannot plead the existence of a valid, enforceable contract and still maintain quasi-contract and implied-contract claims unless the plaintiff "allege[s] or contend[s] that the [] pertinent agreement is invalid." *Hunt v. Zuffa, LLC*, No. 19-17529, 2021 WL 4355728, *1 (9th Cir. Sept. 24, 2021). In other words, Rule 8 "has its limits" and, consistent with a pleader's Rule 11 obligations, a "***pleader may assert contradictory statements of fact only when legitimately in doubt***." *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F.

App'x 123, 126 (9th Cir. 2007) (emphasis added) (citation omitted) (affirming dismissal of alternative quasi-contract claims in light of breach of contract claim because plaintiff "does not allege that the contract is void, rescinded, or otherwise unenforceable").

Accordingly, courts in this district routinely dismiss quasi-contract and implied-contract claims when a plaintiff fails to affirmatively plead that a contract is invalid or unenforceable. *See, e.g.*, *PCF Ins. Servs. of the West, LLC v. Fritts*, No. C23-1468-JCC, 2024 WL 1299954, *5 (W.D. Wash. Mar. 27, 2024) (dismissing unjust enrichment claim and explaining that such claim could be brought in the alternative only where the complaint alleges a "plausible factual basis" to conclude that the "contract may be unenforceable"); *Timaero Ireland Ltd. v. Boeing Co.*, No. C21-488-RSM, 2023 WL 3435309, *6 (W.D. Wash. May 12, 2023) (rejecting plaintiff's attempt to assert unjust enrichment and quantum meruit in the alternative, explaining that "neither unjust enrichment nor quantum meruit can survive dismissal because there is a valid express contract [], and the parties do not dispute the validity of that contract"); *Nauman v. General Motors, LLC*, No. C21-5150-BHS, 2021 WL 4502666, *6 (W.D. Wash. Oct. 1, 2021) (dismissing with prejudice unjust enrichment claim brought in the alternative because the parties did not dispute the existence of a contract); *Bardy*, 2013 WL 5588313 at *6 (dismissing promissory estoppel claim where the parties did not dispute the validity of the contract); *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1187 (W.D. Wash. 2010) (acknowledging Rule 8's permissive standard but dismissing unjust enrichment claim brought in the alternative because "[p]laintiffs have not pled the unenforceability of the severability provision of the contract").

In sum, Plaintiffs have alleged and relied on the existence of a valid contract with Amazon that covers the only subject matter of this dispute and have not alleged that the contract is invalid or unenforceable. The Court should therefore dismiss Plaintiffs' money-had-and-received, unjust enrichment, and promissory estoppel claims with prejudice.

**B. Plaintiffs' Conversion Claim Fails Under The Independent Duty Doctrine.**

Plaintiffs' conversion claim is barred by Washington's independent-duty doctrine. Under that doctrine, a party is limited to contract remedies unless there is an independent tort duty. *Harris v. US. BankCorp.*, No. 2:19-cv-00291-BJR, 2019 WL 5536402, * 8 (W.D. Wash. Oct. 25, 2019).

"An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of a contract …. When no independent tort duty exists, tort does not provide a remedy." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 389, 241 P.3d 1256, 1262 (2010).

Where a complaint fails to identify an independent tort duty, a conversion claim must be dismissed. *See, e.g., PCF Ins. Servs. of the West*, 2024 WL 1299954 at *4 (dismissing conversion claim when the plaintiffs failed to provide any "meaningful explanation establishing the existence of [a] supposed 'duty'" outside the contract); *Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, No. C22-1530-JLR, 2023 WL 2864570, *7 (W.D. Wash. Apr. 10, 2023) (dismissing conversion claim without leave to amend where plaintiffs' possession of disputed property arose solely from an agreement); *TinyBuild LLC v. Nival Int'l Ltd.*, No. C19-0805-TSZ, 2020 WL 13803810, *1 (W.D. Wash. May 18, 2020) (dismissing conversion claim with prejudice where the "duty that defendant might have to relinquish the [disputed property] to plaintiff arises solely from the parties' contract, and in the absence of an independent tort duty, plaintiff may not pursue a conversion claim"); *Fuji Food Prods., Inc., v. Occidental, LLC*, No. 76152-8-1, 2018 WL 6310090, *6 (Wash. Ct. App. Dec. 3, 2018) (holding that the independent-duty doctrine barred a conversion claim because the duty not to steal someone else's property related to the contractual duty arising out of the parties' lease).

Here, Plaintiffs' conversion claim alleges no independent duty to provide advance refunds for returned items. Compl. ¶¶ 214-217, 280-283. Rather, Plaintiffs allege that the parties' *contract* created that duty. They allege that Amazon's "***terms and conditions*** impose a duty on Amazon to refund to Plaintiffs the purchase price and applicable taxes and fees for merchandise returned to Amazon in accordance with the terms and conditions and Amazon's instructions." *Id.* ¶¶ 159, 225 (emphasis added). Amazon's returns policies, which are part of the parties' contract, lay out Amazon's duties and obligations with respect to returns and refunds. *See also id.* (breach of contract claim alleging that "Amazon offered its performance subject to" the terms and conditions). In fact, if Amazon had a no-return policy, Plaintiffs would have no right to refunds, advance or otherwise. Thus, outside of Amazon's contract with Plaintiffs, the Complaint identifies no independent duty to Plaintiffs. The Court should therefore dismiss Plaintiffs' conversion claims.

## CONCLUSION

For the reasons set forth above, Amazon respectfully requests that the Court dismiss with prejudice Plaintiffs' claims for money-had-and-received, unjust enrichment, promissory estoppel, and conversion.

Dated: May 15, 2024

FENWICK & WEST LLP

By: /s/ *Brian D. Buckley*

Brian D. Buckley, WSBA No. 26423
Deena J.G. Feit, WSBA No. 59036
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
dfeit@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Mary Griffin Sims (admitted *pro hac vice*)
Samantha Ong (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

*Counsel for Defendant*
AMAZON.COM, INC

Case 2:23-cv-01372-JNW Document 60 Filed 05/15/24 Page 14 of 15

**CERTIFICATION OF CONFERRAL**

Pursuant to the Court's Chambers Procedures for Civil Cases § 5.6, Amazon certifies that it met and conferred with Plaintiffs during a video conference on May 2, 2024, prior to the filing of this Motion.

May 15, 2024

FENWICK & WEST LLP

By: *<u>/s/ Brian D. Buckley</u>*
Brian D. Buckley, WSBA No. 26423

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rules 7(e), I certify that this memorandum contains 3,116 words.

May 15, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*

Brian D. Buckley, WSBA No. 26423