**EXHIBIT 8**

# Exhibit A

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

CASE NO.: 2:23-CV-01372-JNW

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT AMAZON.COM, INC.**



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Pursuant to Federal Rules of Civil Procedure 26(b) and 34, Plaintiffs Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, and Vince Vojtko, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby request that Defendant produce the **Documents** described below for inspection and copying within thirty (30) days at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 1109 First Avenue, Suite 210, Seattle, WA 98101 or at a place and time as may be agreed to by counsel. Each request is to be read in accordance with the Instructions and Definitions that follow:

**INSTRUCTIONS**

1. Unless otherwise stated below, the definitions, rules of construction, and principles set forth in Federal Rules of Civil Procedure 26 and 34, and Local Rule 26, shall apply to these Requests.

2. In complying with these Requests, you are required to produce all **Documents** (as defined below) that can be located by a reasonable and diligent search of materials within **Your** possession, custody, or control, or for which any of **Your** officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on **Your** behalf has the practical ability to obtain.

3. Unless otherwise stated in a specific Request and without waiving any rights to seek discovery for earlier or later time periods in connection with these or any other discovery requests at any time, these Requests seek responsive information and **Documents** authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, **Concerning**, or in effect during the **Relevant Period**.

4. Unless otherwise stated in a specific Request and without waiving any rights to seek discovery for narrower or broader geographic areas in connection with these or any other discovery requests at any time, these Requests seek responsive information and **Documents Concerning** purchases and returns in the United States and its territories.



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

5. **Documents** shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of the Request in response to which it is being produced.

5. These Requests should not be interpreted to call for multiple copies of a **Document**. A **Document** with handwritten notes, editing marks, etc., shall not be deemed a duplicate to one without such notes or marks.

6. **Documents**, including electronically stored information (ESI), should be produced pursuant to the ESI Protocol agreed to by the Parties and/or ordered by the Court.

7. Where a Request calls for one or more **Documents** as to which you would claim any privilege or protection as a ground for nonproduction, identify each such **Document** and provide the following information:

a. the type of **Document** (i.e., letter, memorandum, email, chart, photograph, etc.);

b. a description of the **Document** sufficient to identify it without revealing the information for which the privilege is claimed;

c. the nature of the privilege or protection that you claim precludes production;

d. the name, the title (or position), and the occupation of the author of the **Document**, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

e. the date of the **Document**;

f. the location of the **Document**;

g. the custodian of the **Document**;

h. for electronic files, the metadata associated with that **Document**; and

i. any additional facts on which **You** would base **Your** claim of privilege.

8. If any portion of a **Document** (as the term is described below) is responsive to any Request, the entire **Document** should be produced.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

9. If you object to any Request, in whole or in part, state the grounds of **Your** objection with specificity in accordance with Federal Rule of Civil Procedure 34 and produce all **Documents** called for by the portion of the Request to which You do not object.

10. If there are no **Documents** responsive to a particular Request, please state so in **Your** response.

11. If **You** encounter any ambiguity in construing a Request, or any definition or instruction relevant to a Request, **You** should set forth the matter deemed ambiguous and the construction **You** adopted to respond to the Request.

12. In the event any **Document** responsive to these Requests has been lost, discarded or destroyed, that **Document** is to be identified by stating as completely as possible: (a) the authors or creators of the **Document**; (b) all **Persons** who received copies of the **Document**, including the **Document's** indicated and blind copy recipients; (c) the present **Custodian** of the **Document**; (d) the date of the **Document**; (e) the **Document's** date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (f) the **Persons** authorizing and carrying out such destruction or discard.

13. Unless otherwise noted, the Requests contained herein call for the search for, collection and production of all responsive **Documents** that you have the practicable ability to obtain. If, after an initial production, you obtain or become aware of additional **Documents** that are responsive to these Requests, you are required to promptly produce such additional **Documents**.

14. **Documents** produced pursuant to these Requests should be produced as they are kept in the ordinary course of business, including electronically stored information. Electronic materials, information, and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

15. **Documents** in electronic form, including, but not limited to, e-mail, should be produced in color in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines and speaker notes, and Plaintiffs reserve the right to make a reasonable request for the

production of any **Documents** in native format. An associated load file linking the images to the corresponding Document should be provided. All metadata associated with any electronically stored information shall be produced in text format linked to the associated Document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in Document-level text files. Alternatively, **Documents** in electronic form may be produced in a manner consistent with any e-discovery stipulation that is filed in this Action.

## DEFINITIONS

For the purposes of these Requests, the following definitions apply to the following bolded and capitalized terms. Notwithstanding any definition below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

1. "**Action**" or "**this Action**" means *In re: Amazon Return Policy Litigation*, Case No. 2:23-cv-01372-JNW, filed in the United States District Court for the Western District of Washington (Seattle).

2. "**Advanced Refunds**" and "**Instant Refunds**" shall be construed in any way Amazon has construed those terms on its Refunds webpage (e.g., the page found at the following address on April 22, 2024: https://www.amazon.com/gp/help/customer/display.html/ref=help_ search_1-1?ie=UTF8&nodeId=GKQNFKFK5CF3C54B), and shall include any previous uses of "**Advanced Refunds**" and "**Instant Refunds**" as used by **You** in the normal course of business on the same or similar webpages in the past, and any future uses employed during the course of this litigation.

3. "**Advanced Replacement/Exchanges**" shall be construed in any way Amazon has construed those terms on its Refunds webpage (e.g., the page found at the following address on April 22, 2024: https://www.amazon.com/gp/help/customer/display.html/ref=help_ search_1-1?ie=UTF8&nodeId=GKQNFKFK5CF3C54B), and shall include any previous uses of "**Advanced Replacement/Exchanges**" as used by **You** in the normal course of business on the


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

same or similar webpages in the past, and any future uses employed during the course of this litigation.

4. "**Amazon**" or "**You**" or "**Your**" means the Defendant Amazon.com, Inc., its officers, directors, members, current and former employees, partners, corporate parents, subsidiaries, affiliates, predecessors, successors in interest, agents, representatives, any other legal entities, whether foreign or domestic, that are owned or controlled by or acting on the behalf of Amazon, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or part by Amazon. For the avoidance of doubt, Amazon includes all current and former names under which Amazon operated.

5. "**Amazon Stores Dropoff Location**" shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to Amazon stores with "no box or label needed."

6. "**All**" means "**all**," including "**any**."

7. "**Any**" means "**any**," including "**all**."

8. "**Charge Confirmation Email**" means any email Amazon sent informing an Amazon customer that Amazon was recharging them for a returned item because Amazon had yet to receive the returned item or using language to similar effect. An example of a Charge Confirmation Email is in Paragraph 84 of the Complaint.

9. "**Chatbot**" means any automated customer service chatroom function, including but not limited to the Amazon Messaging Assistant, provided by **You** through which **Your** customers can exchange messages with an automated computer program, as opposed to exchanging unique messages typed in real time by a living customer service representative.

10. "**Communication**" or "**Communications**" means the transmittal of information in the form of facts, ideas, inquiries or otherwise. A **Communication** is a **Document**.

11. "**Complaint**" means the Consolidated Complaint filed by Plaintiffs in Case Number 23-cv-1372 at Dkt. 58 in the United States District Court for the Western District of Washington, or any subsequent amendments thereto.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

12. "**Concerning**," "**Regarding**," "**Showing**," "**Relating To**," and/or "**Related To**" mean without limitation: containing, constituting, stating, setting forth, recording, describing, reflecting, interpreting, indicating, identifying, relating to, referring to, evidencing, confirming, supporting, contradicting, controverting, or in any way pertaining to.

13. "**Conditions of Use**" means Amazon's Conditions of Use, located online at https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM on April 22, 2024, and it includes previous and future iterations during the **Relevant Period**.

14. "**Custodian**" means a **Person** who possesses **Documents** that will be searched for possible production in this **Action**.

15. "**Denied a Refund**" or "**Denying a Refund**" means failing to issue a requested refund to a **Customer** due to a purported failure of the **Customer** to comply with **Your** policies or instructions. **"Refund Denied"** used as a noun means the total amount of money that the Customer would be entitled to receive had the **Returned Item** been received and processed through **Your Fulfillment Center.**

16. **"Designated Carrier"** means any individual or entity authorized by **You** to receive or accept **Returned Items** and/or authorized by **You** to transport those items to **Your** facilities for processing during the **Relevant Period**.

17. "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "**Documents** or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "**Documents**" include "**Communications**."

18. "**Fulfillment Center**" shall be construed in accordance with Amazon's use on its Conditions of Use webpage and in accordance with Amazon's use in the normal course of business throughout the **Relevant Period**, and it includes all premises where returns are or were processed during the **Relevant Period**.

19. "**Identify**" or "**Identity**" means to provide:


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

a. in the case of a natural person, the person's full name, phone number, email address, last known address, last known place of employment, and title or position;

b. in the case of a person other than a natural person, its name, the address of its principal place of business or operation (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the type of document, the title of the document, the general subject matter, the author(s), the title or position of the author(s), the addressee(s), recipient(s), the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it formed, the identity of all parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

20. "**Including**" means including, but not limited to.

21. "**Kohl's Dropoff Location**" shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to Kohl's stores with "no box or label needed."

22. “**Or**” and “**And**” shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these interrogatories. The term “**Or**” shall mean “**And**” and vice-versa, as necessary to bring within the scope of the following interrogatories all information or **Documents** that would be excluded absent this definition.

23. “**Person,**” “**Persons,**” “**People**” or “**Customers**” means any natural person, entity, organization, partnership, association, corporation, legal representative, trustee, receiver, or any other form of business, governmental, public, or charitable entity with a shipping address in the United States and its territories.

24. “**Plaintiffs**” mean Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, and Vince Vojtko, and any respective officers, directors, employees, agents, attorneys, representatives, or any other person acting or purporting to act on their behalf.

25. “**Pre-Receipt Refund Program**” means “**Advanced Refunds,**” “**Advanced Replacement/Exchanges,**” “**Instant Refund,**” “**Refunds at First Scan,**” and any other term, program, or process under which **You** would issue full or partial refunds to **Customers** prior to receiving and processing the **Returned Item** at an Amazon **Fulfillment Center**.

26. “**Pre-Receipt Refund**” means a refund issued in accordance with “**Advanced Refunds**,” “**Advanced Replacement/Exchanges**,” “**Instant Refund**,” “**Refunds at First Scan**,” and any other term, program, or process under which **You** would issue full or partial refunds to **Customers** prior to receiving the **Returned Item** at an Amazon **Fulfillment Center**.

27. “**Post-Receipt Refund Program**” means any term, program, or process under which **You** would issue full or partial refunds to **Customers** only after receiving the **Returned Item** at an Amazon **Fulfillment Center**.

28. “**Post-Receipt Refund**” means a refund issued in accordance with **Your** term, program or process where **You** would issue full or partial refunds to **Customers** only after receiving the **Returned Item** at an Amazon **Fulfillment Center**.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

29. "**Public Statements**" mean any communication, whether written, verbal, or visual, made in the public forum or that is easily accessible by members of the general public.

30. "**Putative Class**" means all **People** who fall within either of the class definitions contained within the **Complaint** in this **Action**:

a. Class 1 (Received at Fulfillment Center Class): All Amazon consumers who returned merchandise in the United States and were denied refunds by Amazon on the basis of non-receipt of the return when Amazon's records show the return was actually received by Amazon at its designated fulfillment center.

b. Class 2 (Received by Designated Carrier Class): All Amazon consumers who attempted to obtain a refund for merchandise in the United States and were denied refunds by Amazon on the basis of non-receipt when the return was provided to an Amazon-designated carrier in accordance with Amazon's instructions.

31. **"Recharge," "Recharging"** and "**Recharged**" means the act of charging a **Customer's** payment method some or all of the previously refunded amount (or the previously shipped replacement/exchange order) due to a purported failure of the Customer to comply with Your policies or instructions.

32. "**Refunds at First Scan**" shall be construed in any way Amazon has construed those terms on its Refunds webpage (e.g., the page found at the following address on April 22, 2024: https://www.amazon.com/gp/help/customer/display.html/ref=help_ search_1-1?ie=UTF8&nodeId=GKQNFKFK5CF3C54B), and shall include any previous uses of "**Refunds at First Scan**" as used by **You** in the normal course of business on the same or similar webpages in the past, and any future uses employed during the course of this litigation.

33. "**Refund Confirmation Email**" means any email Amazon sent telling an Amazon customer that Amazon issued a refund for an item the customer returned, or using language to similar effect. An example of a Refund Confirmation Email is in Paragraph 88 of the Complaint.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

34. "**Relevant Period**" means the time period between September 5, 2017, and the present.

35. "**Returned Item**" means both (1) merchandise which a Customer requested a refund and **You** instructed the **Customer** to return the merchandise to you and (2) merchandise which a Customer requested a refund and **You** instructed the **Customer** to keep or discard the merchandise and represented **You** would issue a refund.

36. "**Return Reminder Email**" means any email Amazon sent telling, or using substantially similar language telling, an Amazon customer that Amazon issued a refund in advance of receiving the returned item, Amazon was still expecting to receive the return, and the customer still needed to send the item back by a specific date to avoid Amazon charging them again for the item. Examples of Return Reminder Emails are in Paragraphs 101 and 135 of the Complaint.

37. "**Staples Dropoff Location**" shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to Staples stores with "no box or label needed."

38. "**Transactional Data**" means all data captured by **You** in connection with the purchase or return of merchandise from **You** or through **Your** website, including but not limited to, items and quantity of items purchased; dates and times captured in the purchase and return process (including, for example, date and time of purchase, return request by customer, return drop off by customer, refund, recharge, receipt, and processing of return); the place where the purchase and return occurred; the price of the item(s) bought or returned; the payment method(s) employed; the purchase and refund amount; the method and location of the return; the **Fulfillment Center**(s) that processed the purchase and return; the results of any inspection of the merchandise; the reason(s) why a return was accepted or rejected; and the customer service centers and personnel involved in the transaction.

39. "**UPS Access Point**" shall be construed in accordance with the option Amazon provides to its customers to return items purchased to Amazon designated UPS Access Point Locations.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

40. “**UPS Pickup**” shall be construed in accordance with the option Amazon provides to its customers to have UPS pick up returned items purchased at Amazon at a designated pickup address.

41. “**UPS Store Dropoff Location**” shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to UPS stores with “no box or label needed.”

42. “**Whole Foods Dropoff Location**” shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to Whole Foods stores with “no box or label needed.”

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

**Documents** sufficient to show **Your** return policies during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 2:**

**Documents** sufficient to show **Your** refund policies during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 3:**

**Documents** sufficient to show **Your Conditions of Use** during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 4:**

**Documents Concerning Your** return policies for items bought from, facilitated, or fulfilled by **You**, including any change(s) made to **Your** return policies during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 5:**

**Documents Concerning Your** refund policies for items bought from, facilitated, or fulfilled by **You**, including any change(s) made to **Your** refund policies during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 6:**

**Documents Concerning Your Conditions of Use** for items bought from, facilitated, or fulfilled by **You**, including any change(s) made to **Your Conditions of Use** during the Relevant Period.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 7:**

**Documents Concerning** the application of **Your Conditions of Use** to returns or refunds of items bought from, facilitated, or fulfilled by **You** during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 8:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** but (2) the **Returned Item** was delivered to **Your Designated Carrier**.

**REQUEST FOR PRODUCTION NO. 9:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** but (2) the **Returned Item** was delivered to **Your Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 10:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** (2) when **You** instructed the **Customer** to keep or discard the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 11:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** but (2) the **Returned Item** was delivered to **Your Designated Carrier**.

**REQUEST FOR PRODUCTION NO. 12:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** but (2) the **Returned Item** was delivered to **Your Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 13:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** (2) when **You** instructed the **Customer** to keep or discard the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 14:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item,** (2) the **Returned Item** was delivered to **Your Designated Carrier** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 15:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item,** (2) the **Returned Item** was delivered to **Your Fulfillment Center** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 16:**

**Documents** sufficient to **Identify** the **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** (2) when **You** instructed the **Customer** to keep or discard the **Returned Item** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 17:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item,** (2) the **Returned Item** was delivered to **Your Designated Carrier** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 18:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item,** (2) the **Returned Item** was delivered to **Your Fulfillment Center** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 19:**

**Documents** sufficient to **Identify** the number of **Customers** who during the **Relevant Period** were (1) **Denied a Refund** or **Recharged** on the basis that **You** did not receive the


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**Returned Item** (2) when **You** instructed the **Customer** to keep or discard the **Returned Item** and (3) **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 20:**

**Documents** sufficient to **Identify** the cumulative dollar amount of **Refunds Denied** and **Recharges** on the basis that **You** did not receive the **Returned Item,** less any subsequent refunds to **Customers,** for **Returned Items** that were delivered to **Your Designated Carrier**.

**REQUEST FOR PRODUCTION NO. 21:**

**Documents** sufficient to **Identify** the cumulative dollar amount of **Refunds Denied** and **Recharges** on the basis that **You** did not receive the **Returned Item,** less any subsequent refunds to **Customers,** for **Returned Items** that were delivered to **Your Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 22:**

**Documents** sufficient to **Identify** the cumulative dollar amount of **Refunds Denied** and **Recharges** on the basis that **You** did not receive the **Returned Item,** less any subsequent refunds to **Customers,** for **Returned Items** that **You** instructed the **Customer** to keep or discard.

**REQUEST FOR PRODUCTION NO. 23:**

**Transactional Data** for each **Returned Item** during the **Relevant Period** for which the Customer was **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** and **You** did not subsequently issue a refund.

**REQUEST FOR PRODUCTION NO. 24:**

**Transactional Data** for each **Returned Item** during the **Relevant Period** for which the Customer was **Denied a Refund** or **Recharged** on the basis that **You** did not receive the **Returned Item** and **You** subsequently issued a refund.

**REQUEST FOR PRODUCTION NO. 25:**

**Documents** sufficient to **Identify Customers** to whom **You** sent a **Return Reminder Email** during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 26:**

**Documents** sufficient to **Identify Customers** to whom **You** sent a **Charge Confirmation Email** after a **Returned Item** was delivered to **Your Designated Carrier** during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 27:**

**Documents Concerning Your** policies and procedures for refunding **Recharges** erroneously imposed on the basis that **You** did not receive the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 28:**

**Documents Concerning Your** policies and procedures for providing refunds to **Customers** erroneously **Denied a Refund** on the basis that **You** did not receive the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 29:**

**Documents** and **Transactional Data Concerning** the frequency with which **You** subsequently provide refunds to **Customers** who were **Denied a Refund** or were **Recharged** on the basis that **You** did not receive the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 30:**

**Documents Concerning Your** processes and policies for receiving, processing, inspecting, documenting, grading, accepting, or rejecting **Returned Items** at **Your Fulfillment Centers**.

**REQUEST FOR PRODUCTION NO. 31:**

**Documents concerning** the process and procedure by which **You** determine or confirm that a **Returned Item** was received (or not received) at **Your Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 32:**

**Documents Concerning** a **Customer**'s ability to track the shipment of a **Returned Item** to **Your Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 33:**

**Documents Concerning** shipment tracking data associated with or related to **Returned Items**, including but not limited to the retention of such data**.**

**REQUEST FOR PRODUCTION NO. 34:**

**Documents Concerning** any audits or reviews of **Your** processes or policies for receiving, processing, inspecting, documenting, grading, accepting or rejecting **Returned Items** at **Your Fulfillment Centers**.

**REQUEST FOR PRODUCTION NO. 35:**

**Documents Concerning** the content of the "Refunds" page of **Your** website, including but not limited to **Your** decision(s) to add, remove or change the terms and phrases "Instant Refund," "Refunds at First Scan," "Advanced Refunds," "Advanced Replacement/Exchanges," and "Please note that refunds will be reduced for returned items, such as for signs of customer use or damage, or missing parts, accessories, or manuals."

**REQUEST FOR PRODUCTION NO. 36:**

**Documents Concerning Your** understanding of the ease or burden to **Customers** in complying with **Your** returns or refund policies.

**REQUEST FOR PRODUCTION NO. 37:**

**Documents Concerning Your** process and policies and UPS's process and policies for handling **Returned Items** delivered to a **UPS Store Dropoff Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 38:**

**Documents Concerning Your** process and policies and UPS's process and policies for handling **Returned Items** delivered to a **UPS Access Point Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 39:**

**Documents Concerning Your** process and policies and UPS's process and policies for handling **Returned Items** received through **UPS Pickup**, including but not limited to employee training materials.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 40:**

**Documents Concerning Your** process and policies and UPS's process and policies for handling **Returned Items** received by UPS that are not subsequently received at **Your Fulfillment Center**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 41:**

**Documents Concerning Your** process and policies for handling **Returned Items** delivered to an **Amazon Stores Dropoff Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 42:**

**Documents Concerning Your** process and policies and Kohl's process and policies for handling **Returned Items** delivered to a **Kohl's Dropoff Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 43:**

**Documents Concerning Your** process and policies and Staples's process and policies for handling **Returned Items** delivered to a **Staples Dropoff Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 44:**

**Documents Concerning Your** process and policies and Whole Foods's process and policies for handling **Returned Items** delivered to a **Whole Foods Dropoff Location**, including but not limited to employee training materials.

**REQUEST FOR PRODUCTION NO. 45:**

**Documents Concerning** the volume and statistical frequency of: (1) returns, (2) **Instant Refunds**, (3) **Refunds at First Scan**, (4) **Advanced Refunds**, (5) **Advanced Replacement/Exchanges**, (6) **Recharges** (or **Refunds Denied**) on the basis that **You** did not receive the **Returned Item**, (7) **Recharges** (or **Refunds Denied**) on the basis of the **Returned Item**'s condition, and (8) **Recharges** (or **Refunds Denied**) on the basis of the **Returned Item** being the wrong item.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 46:**

**Documents Concerning Your Public Statements Concerning Your** Refund and Returns policies, including those for **Instant Refunds**, **Refunds at First Scan**, **Advanced Refunds**, **Advanced Replacement/Exchanges**, and partial refunds.

**REQUEST FOR PRODUCTION NO. 47:**

**Documents Concerning Your** returns management processes, or returns logistics, including, but not limited to, **Documents Concerning** the step-by-step process **You** undertake once a **Customer** requests to return merchandise, logical diagrams of computerized return and refund processes, and computer code underlying the return and refund processes.

**REQUEST FOR PRODUCTION NO. 48:**

**Documents Concerning Your** knowledge of **Your** acts of **Denying a Refund** or **Recharging** a **Customer** on the basis that **You** did not receive a **Returned Item** when the **Returned Item** was delivered to **Your Fulfillment Center**, including and not limited to, how **You** became aware of the practice, when **You** became aware of the practice, who discovered the practice, why the practice occurred or may occur, the cost to **Customers** as a result of the practice, the cost to **You** to correct the practice, and what steps **You** have planned or undertaken to correct the practice.

**REQUEST FOR PRODUCTION NO. 49:**

**Documents Concerning Your** knowledge of **Your** acts of **Denying a Refund** or **Recharging** a **Customer** on the basis that **You** did not receive a **Returned Item** when the **Returned Item** was delivered to **Your Designated Carrier**, including and not limited to, how **You** became aware of the practice, when **You** became aware of the practice, who discovered the practice, why the practice occurred or may occur, the cost to **Customers** as a result of the practice, the cost to **You** to correct the practice, and what steps **You** have planned or undertaken to correct the practice.

**REQUEST FOR PRODUCTION NO. 50:**

**Documents Concerning Your** knowledge of **Your** acts of **Denying a Refund** or **Recharging** a **Customer** on the basis that **You** did not receive a **Returned Item** when **You**

instructed the **Customer** to keep or discard the **Returned Item,** including and not limited to, how **You** became aware of the practice, when **You** became aware of the practice, who discovered the practice, why the practice occurred or may occur, the cost to **Customers** as a result of the practice, the cost to **You** to correct the practice and what steps **You** have planned or undertaken to correct the practice.

**REQUEST FOR PRODUCTION NO. 51:**

**Documents Concerning Customer** surveys, complaints or other feedback **Concerning Refunds Denied** or **Recharges** imposed on the basis that **You** did not receive a **Returned Item**.

**REQUEST FOR PRODUCTION NO. 52:**

**Documents Concerning** instructions, guidance or training of **Your** employees or agents concerning Customer complaints, questions or inquiries **Concerning Refunds Denied** or **Recharges** imposed on the basis that **You** did not receive a **Returned Item**.

**REQUEST FOR PRODUCTION NO. 53:**

**Documents Concerning** the programming of **Your Chatbots Concerning Refunds Denied** or **Recharges** imposed on the basis that **You** did not receive a **Returned Item**.

**REQUEST FOR PRODUCTION NO. 54:**

**Documents Concerning** any differences in return handling or refund practices by state, region, or **Fulfillment Center**.

**REQUEST FOR PRODUCTION NO. 55:**

**Documents Concerning Your Public Statements** to **Customers** regarding returns, receipt or non-receipt of returns, returns lost in transit, returns of the wrong item, return fraud, refunds, and recharges.

**REQUEST FOR PRODUCTION NO. 56:**

**Documents Concerning Your** costs related to processing of returns, refunds, recharges, handling of complaints, and correction of recharges for already returned merchandise.

**REQUEST FOR PRODUCTION NO. 57:**

**Documents** sufficient to show the organization, structure, and personnel, including divisions, departments, segments, units, or sub-divisions that are or were responsible for or involved in **Your** returns processing, logistics or customer support.

**REQUEST FOR PRODUCTION NO. 58:**

Organizational charts and personnel lists on which any **Person** named in **Your** initial disclosures or any **Custodian** appears.

**REQUEST FOR PRODUCTION NO. 59:**

**Documents** and **Communications Concerning** communications between **You** and third parties other than **Your** attorneys concerning **Your** practice of **Denying a Refund** or **Recharging** a **Customer** on the basis that **You** did not receive a **Returned Item** when the **Returned Item** was delivered to **Your Fulfillment Center, Your Designated Carrier, and/or** when **You** instructed the **Customer** to keep or discard the **Returned Item**. Such **Documents** and **Communications** include, but are not limited to, discussions specifically referencing the claims in this **Action** shared with third parties other than **Your** attorneys.

**REQUEST FOR PRODUCTION NO. 60:**

**Documents** and **Communications Concerning** this **Action** shared with third-parties other than **Your** attorneys.

**REQUEST FOR PRODUCTION NO. 61:**

**Documents concerning Your** record retention and preservation policies and practices, including **Your** retention or document management policies, including any changes made to these policies during the **Relevant Period**.

**REQUEST FOR PRODUCTION NO. 62:**

**Documents** concerning any departure or variance from **Your** policies, procedures, and practices relating to the retention or destruction of **Documents** that would otherwise be called for by these Requests.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 63:**

**Documents** upon which **You** intend to rely or introduce into evidence at any deposition, hearing, motions, or otherwise use at trial in this **Action**.

**REQUEST FOR PRODUCTION NO. 64:**

**Documents** identified in, relied upon, or used in responding to any interrogatory served upon **You** in this **Action**.

**REQUEST FOR PRODUCTION NO. 65:**

**Documents Concerning** the **Plaintiffs'** claims in this **Action**.

**REQUEST FOR PRODUCTION NO. 66:**

**Documents Concerning Your** knowledge of, and **Your** proposed and anticipated responses to fraudulent returns conduct by **Your Customers**, including, but not limited to, any policy changes you have contemplated or implemented to reduce losses associated with fraudulent returns.

**REQUEST FOR PRODUCTION NO. 67:**

**Documents Concerning Your** knowledge of, and **Your** proposed and anticipated responses to, fraud organizations, such as those **You** refer to as REKK and Artemis Refund Group, including, but not limited to, any policy changes you have contemplated or implemented to reduce losses associated with organized fraudulent returns.

**REQUEST FOR PRODUCTION NO. 68:**

**Documents** sufficient to **Identify Your Fulfillment Centers** servicing **Customers** in the United States, including but not limited to, address, zip code, city, state, and geographical coverage area.

**REQUEST FOR PRODUCTION NO. 69:**

**Documents** sufficient to **Identify** third-parties responsible for, or assisting in, the processing of **Returned Items**, **Recharges**, or refunds for merchandise sold or fulfilled by **You**.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 70:**

**Documents Concerning** the internal policies of third-parties responsible for, or assisting in, the processing of **Returned Items**, **Recharges**, or refunds for merchandise sold or fulfilled by **You Concerning** the processing of **Returned Items**, **Recharges**, or refunds for **You**.

**REQUEST FOR PRODUCTION NO. 71:**

**Documents Concerning** any decision or discussion to audit, review, alter, or change Your policies or procedures for processing **Returned Items**, **Recharges** or refunds at **Your Fulfillment Centers** or customer services centers.

**REQUEST FOR PRODUCTION NO. 72:**

**Documents** sufficient to identify the **Transactional Data** relied upon by **Your** employees or agents when handling **Customer** complaints, questions or inquiries **Concerning Recharges** or **Refunds Denied** on the basis that **You** did not receive the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 73:**

**Documents Concerning** instructions, guidance, or training of **Your** employees or agents for accessing **Customer** information when handling **Customer** complaints, questions or inquiries **Concerning Recharges** or **Refunds Denied** on the basis that **You** did not receive the **Returned Item**.

**REQUEST FOR PRODUCTION NO. 74:**

**Documents** sufficient to identify all hardware and software used by **You** to support **Your** returns management processes, or returns logistics, including but not limited to hardware and software used by **You** once a **Customer** returns a product, logical diagrams of computerized return and refund processes and computer code underlying the return and refund processes.

**REQUEST FOR PRODUCTION NO. 75:**

**Documents Concerning** the quantity, quality, speed or efficiency of **Your** return processing process, procedures, or handling, including, but not limited to, **Documents Concerning** the cause of any failure to meet desired goals, and suggestions to change the return processing process or procedures.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 76:**

**Documents Concerning** employee incentives or benefits that consider the quantity, quality, speed or efficiency of processing, approving, rejecting or reselling **Returned Items**.

Dated: April 23, 2024

By: */s/ Alicia Cobb*

Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C Griffin (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP (LA)
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
213-443-3621
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com

Aaron M. Zigler (*pro hac vice*)
Nidya S Gutierrez (*pro hac vice*)
Mary Jane Fait (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com

nidya@ziglerlawgroup.com
maryjane@ziglerlawgroup.com

*Attorneys for Plaintiffs and the Putative Class*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2024, a true and correct copy of the foregoing was furnished by U.S. mail to:

*Counsel for Defendant Amazon.com, Inc.*
Brian D. Buckley, WSBA No. 26423
FENWICK & WEST (WA)
401 Union Street, 5th Floor
Seattle, WA 98101
Tel: 206.389.4510
Fax: 206.389.4511
bbuckley@fenwick.com

Jedediah Wakefield (*admitted pro hac vice*)
Mary Griffin (*admitted pro hac vice*)
Samantha Ong (*admitted pro hac vice*)
FENWICK & WEST (SF)
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300
Fax: 415.281.1350
jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

By: *<u>/s/ Alicia Cobb</u>*
Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100