**EXHIBIT 9**

# Exhibit E

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | CASE NO.: 2:23-CV-01372-JNW<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT AMAZON.COM, INC.** |


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Pursuant to Federal Rules of Civil Procedure 26(b) and 34, Plaintiffs Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, and Vince Vojtko, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby request that Defendant produce the **Documents** described below for inspection and copying within thirty (30) days at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 1109 First Avenue, Suite 210, Seattle, WA 98101 or at a place and time as may be agreed to by counsel. Each request is to be read in accordance with the Instructions and Definitions that follow:

## INSTRUCTIONS

1. Unless otherwise stated below, the Definitions, rules of construction, and principles set forth in Federal Rules of Civil Procedure 26 and 34, and Local Rule 26, shall apply to these Requests.

2. In complying with these Requests, you are required to produce all **Documents** (as defined below) that can be located by a reasonable and diligent search of materials within **Your** possession, custody, or control, or for which any of **Your** officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on **Your** behalf has the practical ability to obtain.

3. Unless otherwise stated in a specific Request and without waiving any rights to seek discovery for earlier or later time periods in connection with these or any other discovery requests at any time, these Requests seek responsive information and **Documents** authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, **Concerning**, or in effect during the **Relevant Period**.

4. Unless otherwise stated in a specific Request and without waiving any rights to seek discovery for narrower or broader geographic areas in connection with these or any other discovery requests at any time, these Requests seek responsive information and **Documents Concerning** purchases and returns in the United States and its territories.

5. **Documents** shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of the Request in response to which it is being produced.

5. These Requests should not be interpreted to call for multiple copies of a **Document**. A **Document** with handwritten notes, editing marks, etc., shall not be deemed a duplicate to one without such notes or marks.

6. **Documents**, including electronically stored information (ESI), should be produced pursuant to the ESI Protocol agreed to by the Parties and/or ordered by the Court.

7. Where a Request calls for one or more **Documents** as to which you would claim any privilege or protection as a ground for nonproduction, identify each such **Document** and provide the following information:

a. the type of **Document** (i.e., letter, memorandum, email, chart, photograph, etc.);

b. a description of the **Document** sufficient to identify it without revealing the information for which the privilege is claimed;

c. the nature of the privilege or protection that you claim precludes production;

d. the name, the title (or position), and the occupation of the author of the **Document**, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

e. the date of the **Document**;

f. the location of the **Document**;

g. the custodian of the **Document**;

h. for electronic files, the metadata associated with that **Document**; and

i. any additional facts on which **You** would base **Your** claim of privilege.

8. If any portion of a **Document** (as the term is described below) is responsive to any Request, the entire **Document** should be produced.

9. If you object to any Request, in whole or in part, state the grounds of **Your** objection with specificity in accordance with Federal Rule of Civil Procedure 34 and produce all **Documents** called for by the portion of the Request to which You do not object.

10. If there are no **Documents** responsive to a particular Request, please state so in **Your** response.

11. If **You** encounter any ambiguity in construing a Request, or any Definition or Instruction relevant to a Request, **You** should set forth the matter deemed ambiguous and the construction **You** adopted to respond to the Request.

12. In the event any **Document** responsive to these Requests has been lost, discarded or destroyed, that **Document** is to be identified by stating as completely as possible: (a) the authors or creators of the **Document**; (b) all **Persons** who received copies of the **Document**, including the **Document's** indicated and blind copy recipients; (c) the present **Custodian** of the **Document**; (d) the date of the **Document**; (e) the **Document's** date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (f) the **Persons** authorizing and carrying out such destruction or discard.

13. Unless otherwise noted, the Requests contained herein call for the search for, collection, and production of all responsive **Documents** that you have the practicable ability to obtain. If, after an initial production, you obtain or become aware of additional **Documents** that are responsive to these Requests, you are required to promptly produce such additional **Documents**.

14. **Documents** produced pursuant to these Requests should be produced as they are kept in the ordinary course of business, including electronically stored information. Electronic materials, information, and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

15. **Documents** in electronic form, including, but not limited to, e-mail, should be produced in color in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines and speaker notes, and Plaintiffs reserve the right to make a reasonable request for the production

of any **Documents** in native format. An associated load file linking the images to the corresponding Document should be provided. All metadata associated with any electronically stored information shall be produced in text format linked to the associated Document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in Document-level text files. Alternatively, **Documents** in electronic form may be produced in a manner consistent with any e-discovery stipulation that is filed in this Action.

**DEFINITIONS**

For the purposes of these Requests, the following Definitions apply to the following bolded and capitalized terms. Notwithstanding any Definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

1. "**Action**" or "**this Action**" means *In re: Amazon Return Policy Litigation*, Case No. 2:23-cv-01372-JNW, filed in the United States District Court for the Western District of Washington (Seattle).

2. "**Advanced Refunds**" and "**Instant Refunds**" shall be construed in any way Amazon has construed those terms on its Refunds webpage (e.g., the page found at the following address on April 22, 2024: https://www.amazon.com/gp/help/customer/display.html/ref=help_search_1-1?ie=UTF8&nodeId=GKQNFKFK5CF3C54B), and shall include any previous uses of "**Advanced Refunds**" and "**Instant Refunds**" as used by **You** in the normal course of business on the same or similar webpages in the past, and any future uses employed during the course of this litigation.

3. "**Amazon**" or "**You**" or "**Your**" means the Defendant Amazon.com, Inc., its officers, directors, members, current and former employees, partners, corporate parents, subsidiaries, affiliates, predecessors, successors in interest, agents, representatives, any other legal entities, whether foreign or domestic, that are owned or controlled by or acting on the behalf of **Amazon**, and all predecessors and successors in interest to such entities, and any entity owned in

whole or in part by, affiliated with, or controlled in whole or part by **Amazon**. For the avoidance of doubt, **Amazon** includes all current and former names under which **Amazon** operated.

4. "**All**" means "**all**," including "**any**."

5. "**Any**" means "**any**," including "**all**."

6. "**Charge Confirmation Email**" means any email Amazon sent informing an Amazon customer that Amazon was recharging them for a returned item because Amazon had yet to receive the returned item or using language to similar effect. An example of a Charge Confirmation Email is in Paragraph 84 of the Complaint.

7. "**Chatbot**" means any automated customer service chatroom function, including but not limited to the Amazon Messaging Assistant, provided by **You** through which **Your** customers can exchange messages with an automated computer program, as opposed to exchanging unique messages typed in real time by a living customer service representative.

8. "**Communication**" or "**Communications**" means the transmittal of information in the form of facts, ideas, inquiries or otherwise. A **Communication** is a **Document**.

9. "**Complaint**" means the Consolidated Complaint filed by Plaintiffs in **this Action** at Dkt. 58 in the United States District Court for the Western District of Washington, or any subsequent amendments thereto.

10. The terms "**concerning**," "**regarding**," "**showing**," "**relating to**," and/or "**related to**" mean without limitation: containing, constituting, stating, setting forth, recording, describing, reflecting, interpreting, identifying, related to, referring to, evidencing, confirming, supporting, contradicting, controverting, or in any way pertaining to, in whole or in part, that subject to which it refers or that contention to which it refers. For the avoidance of doubt, these terms are used as broadly as in **Amazon's** discovery requests. *See* Amazon's Requests for Production to Plaintiffs (June 12, 2024) at 3, ¶ 11 (defining "regarding," "relating to," and "related to" as "concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request").

11. "**Conditions of Use**" means **Amazon's** Conditions of Use, located online at amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM on April 22, 2024, and it includes previous and future iterations during the **Relevant Period**.

12. "**Custodian**" means a **Person** who possesses **Documents** that will be searched for possible production in this **Action**.

13. "**Denied a Refund**" or "**Denying a Refund**" means failing to issue a requested refund to a **Customer** due to a purported failure of the **Customer** to comply with **Your** policies or instructions. "**Refund Denied**" used as a noun means the total amount of money that the Customer would be entitled to receive had the **Returned Item** been received and processed through **Your Fulfillment Center.**

14. "**Designated Carrier**" means any individual or entity authorized by **You** to receive or accept **Returned Items** and/or authorized by **You** to transport those items to **Your** facilities for processing during the **Relevant Period**.

15. "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "**Documents** or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. "**Documents**" include "**Communications**."

16. "**Drop Off Returns**" shall be construed in accordance with the option Amazon provides to its customers to return items purchased at Amazon to stores with "no box or label needed."

17. "**Fulfillment Center**" shall be construed in accordance with **Amazon's** use on its **Conditions of Use** webpage and in accordance with **Amazon's** use in the normal course of business throughout the **Relevant Period**, and it includes all premises where returns are or were processed during the **Relevant Period**.

18. "**Identify**" or "**Identity**" means to state or a statement of:

a. in the case of a natural person, the person's full name, phone number, email address, last known address, last known place of employment, and title or position;

b. in the case of a person other than a natural person, its name, the address of its principal place of business or operation (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the type of document, the title of the document, the general subject matter, the author(s), the title or position of the author(s), the addressee(s), recipient(s), the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

19. "**Including**" means including, but not limited to.

20. "**Or**" and "**And**" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests. The term "**Or**" shall mean "**And**" and vice-versa, as necessary to bring within the scope of the following Requests all information or **Documents** that would be excluded absent this definition.

21. "**Person**," "**Persons**," "**People**," or "**Customer(s)**" means any natural person, entity, organization, partnership, association, corporation, legal representative, trustee, receiver, or any other form of business, governmental, public, or charitable entity with a shipping address in the United States and its territories.

22. "**Plaintiffs**" mean Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, and Vince Vojtko, and

any respective officers, directors, employees, agents, attorneys, representatives, or any other person acting or purporting to act on their behalf.

23. "**Putative Class**" means all **People** who fall within either of the class definitions contained within the **Complaint** in this **Action**:

a. Class 1 (Received at Fulfillment Center Class): All Amazon consumers who returned merchandise in the United States and were denied refunds by Amazon on the basis of non-receipt of the return when Amazon's records show the return was actually received by Amazon at its designated Fulfillment Center.

b. Class 2 (Received by Designated Carrier Class): All Amazon consumers who attempted to obtain a refund for merchandise in the United States and were denied refunds by Amazon on the basis of non-receipt when the return was provided to an Amazon-designated carrier in accordance with Amazon's instructions.

24. "**Recharge(s)**" means the act of charging a **Customer's** payment method some or all of the previously refunded amount (or the previously shipped replacement/exchange order) due to a purported failure of the Customer to comply with Your policies or instructions.

25. "**Refund Confirmation Email**" means any email Amazon sent telling an Amazon customer that Amazon issued a refund for an item the customer returned, or using language to similar effect. An example of a Refund Confirmation Email is in Paragraph 88 of the Complaint.

26. "**Relevant Period**" means the time period between September 5, 2017, and the present.

27. "**Returned Item**" means both (1) merchandise for which a **Customer** requested a refund and **You** instructed the **Customer** to return the merchandise to **You** and (2) merchandise for which a **Customer** requested a refund and **You** instructed the **Customer** to keep or discard the merchandise and represented **You** would issue a refund. As the parties have discussed at meet and confers, given that the **Designated Carrier** only scans a QR code and receives an unopened package or an unpackaged item, either of those scenarios should be considered a "Returned Item"

when that term is used in connection with Requests relating to a **Designated Carrier**. Whereas if the Requests refer to a **Fulfillment Center** or receipt from a **Customer**, a **Returned Item** encompasses the scenario where **Amazon** receives an item or a package containing an item where **Amazon** has not made an affirmative determination that the item was not the item originally ordered by the **Customer**. Plaintiffs do not seek information related to returns where **Amazon** knows the **Customer** returned or attempted to return an incorrect item.

28. "**Return Reminder Email**" means any email Amazon sent telling, or using substantially similar language telling, an Amazon customer that Amazon issued a refund in advance of receiving the returned item, Amazon was still expecting to receive the return, and the customer still needed to send the item back by a specific date to avoid Amazon charging them again for the item. Examples of Return Reminder Emails are in Paragraphs 101 and 135 of the Complaint.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO 78

Documents sufficient to show the meaning of each of the columns and fields in data productions Amazon makes to Plaintiffs in this litigation.

### REQUEST FOR PRODUCTION NO 79:

Documents sufficient to show tracking data of each specific item described in the below Requests that were returned by Laura Abbott, Jill Cappel, Michelle Estep, Sima Hernandez, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, or Vince Vojtko.

### REQUEST FOR PRODUCTION NO 80:

Documents sufficient to show Your tracking information which enabled "Pamela Mae T." to "confirm[] that [You] mistakenly charged [Laura Abbott] for [an] order that was already returned" and that You made an "error," as stated in the "Message From Customer Service" dated June 14, 2023, referenced at paragraph 78 of the Amended Complaint.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO 81:**

Documents sufficient to show Pamela Mae T.'s request to refund $13.13 to Laura Abbott's Card, as stated in the "Message From Customer Service" dated June 14, 2023, referenced at paragraph 78 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 82:**

Documents sufficient to show the basis for and information received causing You to send an email to Jill Cappel on January 28, 2023 stating that her "return is now complete," as referenced at paragraph 82 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 83:**

Documents sufficient to show the basis for and information received causing You to charge Jill Cappel's credit card for $22.99 and to send Ms. Cappel a Charge Confirmation Email, as referenced at paragraphs 83 and 84 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 84:**

Documents sufficient to show Your record of the receipt of curtain set(s) or a package dropped off by Michelle Estep on or about October 3, 2023 at the Amazon Store in Long Beach, California, as referenced at paragraph 87 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 85:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Michelle Estep on or about October 3, 2023, which item is referenced at paragraphs 86–91 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 86:**

Documents sufficient to show the basis for and information received causing you to email Michelle Estep on or about October 3, 2023 confirming Your receipt of two curtain sets, as referenced at paragraph 87 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 87:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Michelle Estep on or about October 3, 2023 confirming her return was complete, as referenced at paragraph 88 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 88:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Michelle Estep on or about November 7, 2023 as a reminder to return one of the curtain sets, as referenced at paragraph 89 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 89:**

Documents sufficient to show the basis for and information received causing You to charge Michelle Estep $12.56 on or about November 23, 2023, as referenced at paragraph 90 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 90:**

Documents sufficient to show Your record of the receipt of a Ziploc Bag Organizer or package dropped off by Sima Hernandez on or about January 17, 2023 at a Kohl's store, as referenced at paragraph 94 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 91:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Sima Hernandez on or about January 17, 2023, which item is referenced at paragraphs 92–96 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 92:**

Documents sufficient to show the basis for and information received causing you to email Sima Hernandez on or about January 17, 2023 confirming Your receipt of a Ziploc Bag Organizer, as referenced at paragraph 94 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 93:**

Documents sufficient to show the basis for and information received causing You to charge Sima Hernandez $54.32 on or about March 8, 2023, as referenced at paragraph 95 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 94:**

Documents sufficient to show Your record of the receipt of a Bedding Set or package dropped off by Maria Khangi on or about August 4, 2023 at a Kohl's store, as referenced at paragraph 99 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 95:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Maria Khangi on or about August 4, 2023, which item is referenced at paragraphs 97–103 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 96:**

Documents sufficient to show the basis for and information received causing you to email Maria Khangi on or about August 4, 2023 confirming Your receipt of a Bedding Set, as referenced at paragraph 99 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 97:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Maria Khangi on or about August 4, 2023 as a reminder to return the Bedding Set, as referenced at paragraph 101 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 98:**

Documents sufficient to show the basis for and information received causing You to send Maria Khangi a Charge Confirmation Email and then charge Maria Khangi $41.64 on or about September 23, 2023, as referenced at paragraph 102 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 99:**

Documents sufficient to show Your record of the receipt of a Reptile Light or package dropped off by Joshua Soto Lopez on or about September 23, 2023 at a Kohl's store, as referenced at paragraphs 106 and 107 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 100:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Joshua Soto Lopez on or about September 23, 2023, which item is referenced at paragraphs 104–115 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 101:**

Documents sufficient to show the basis for and information received causing you to email Joshua Soto Lopez on or about September 23, 2023 confirming that the return was complete and further confirming a refund, as referenced at paragraph 107 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 102:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Joshua Soto Lopez on or about October 28, 2023 as a reminder to return a Reptile Light, as referenced at paragraph 109 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 103:**

Documents sufficient to show the identity of Your representative and the information the representative accessed indicating that the status of Joshua Soto Lopez's item had not been updated in the Fulfillment Center as returned due to an "error," as referenced at paragraph 110 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 104:**

Communication(s) between Joshua Soto Lopez and Amazon, as referenced at paragraphs 110 and 112 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 105:**

Documents sufficient to show what Your representative did to purportedly "fix[]" the "error," as referenced at paragraph 110 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 106:**

Documents sufficient to show the basis for and information You received causing You to attempt to Recharge Joshua Soto Lopez $17.33 on or about November 12, 2023, as referenced at paragraph 111 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 107:**

Documents sufficient to show the identity of Your representative and the information the representative consulted in order to tell Joshua Soto Lopez that the attempt to Recharge that took place on or about November 12, 2023 "might be the mistake from the carrier," as referenced at paragraph 112 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 108:**

The "detailed note of this conversation" prepared by Your representative, as referenced at paragraph 112 of the Amended Complaint.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO 109:**

Documents sufficient to show, with respect to the "highlight[ing]" referenced in paragraph 112 of the Amended Complaint, (a) the substance of what was "highlighted" regarding Joshua Soto Lopez's issue "to the concern team," (b) who the sender(s) and recipient(s) of that "highlight[ing]" were, (c) the date of that "highlight[ing]," and (d) what steps were taken in response to that "highlight[ing]."

**REQUEST FOR PRODUCTION NO 110:**

Documents sufficient to show Your representative's "successful[] initiat[ion]" of a "refund back to [Joshua Soto Lopez's] card," as referenced at paragraph 112 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 111:**

Documents sufficient to show the basis for and information received causing You to send Joshua Soto Lopez a Charge Confirmation Email and then charge Joshua Soto Lopez $17.33 on or about November 17, 2023, as referenced at paragraph 113 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 112:**

Documents sufficient to show Your record of the receipt of a dress or package dropped off by Melissa Urbancic on or about August 16, 2022 at a UPS Store, as referenced at paragraph 118 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 113:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Melissa Urbancic on or about August 16, 2022, which item is referenced at paragraphs 116–120 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 114:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Melissa Urbancic on or about August 16, 2022 confirming her return was complete, as referenced at paragraph 118 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 115:**

Documents sufficient to show the basis for and information received causing You to send Melissa Urbancic a Charge Confirmation Email and then charge Melissa Urbancic $23.75 on or about October 5, 2022, as referenced at paragraph 119 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 116:**

Documents sufficient to show Your record of the receipt of an elbow brace or package dropped off by Heriberto Valiente on or about January 12, 2022 at a UPS Store, as referenced at paragraph 122 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 117:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Heriberto Valiente on or about January 12, 2022, which item is referenced at paragraphs 121–126 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 118:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Heriberto Valiente on or about January 12, 2022 confirming his return was complete, as referenced at paragraph 122 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 119:**

Documents sufficient to show the basis for and information received causing You to send Heriberto Valiente a Refund Confirmation Email on or about February 8, 2022 confirming that You received the elbow brace and again confirming that the return was complete, as referenced at paragraph 123 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 120:**

Documents sufficient to show the basis for and information received causing You to email Heriberto Valiente on or about February 16, 2022 informing him that You had not yet received the elbow brace, as referenced at paragraph 124 of the Amended Complaint.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO 121:**

Documents sufficient to show the basis for and information received causing You to send Heriberto Valiente a Charge Confirmation Email on or about March 4, 2022 and charging him $19.97, as referenced at paragraph 125 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 122:**

Documents sufficient to show Your record of the receipt of a package dropped off by Vince Vojtko on or about August 27, 2023 at a CVS, as referenced at paragraph 131 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 123:**

Documents sufficient to show Your return center and Fulfillment Center processing of the package dropped off by Vince Vojtko on or about August 27, 2023 and received by Amazon on or about August 29, 2023, which item is referenced at paragraphs 127–142 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 124:**

Documents sufficient to show the basis for and information received causing You to send a Refund Confirmation Email to Vince Vojtko on or about August 27, 2023 confirming his return was complete, as referenced at paragraph 132 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 125:**

Documents sufficient to show the basis for and information received causing You to send a Return Reminder Email to Vince Vojtko on or about October 1, 2023 as a reminder to return the Hood Lock, as referenced at paragraph 135 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 126:**

Documents sufficient to show the basis for and information received causing You to send Vince Vojtko a Charge Confirmation Email on or about October 16, 2023 and charging him $19.30, as referenced at paragraphs 136 and 137 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 127:**

Documents sufficient to show the identity of Your representative "Harikrishnan" and the information the representative consulted in order to tell Vince Vojtko that You received the item,


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

that Mr. Vojtko would not be charged for it, and that the $19.30 was added to his Amazon gift card, as referenced at paragraph 138 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 128:**

Communication(s) between Vince Vojtko and Amazon, as referenced at paragraphs 138 and 140 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 129:**

Documents sufficient to show the information Amazon Customer Service consulted in order to determine that Vince Vojtko was "mistakenly charged," as referenced at paragraph 139 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 130:**

Documents sufficient to show the identity of Your representative and the information the representative accessed to confirm that Amazon's $19.30 charge was in error, as referenced at paragraph 141 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO 131:**

Documents sufficient to show the basis for and information in the Knowledge Center concerning the processing of returns and the issuance of refunds.

**REQUEST FOR PRODUCTION NO 132:**

Documents sufficient to show the meaning of the term "retrocharge" as used by Amazon in connection with returns and refunds.

**REQUEST FOR PRODUCTION NO 133:**

Documents sufficient to show the job title, responsibilities, business units, departments, or divisions, direct reports, and superiors of the individuals listed in part A of Amazon's Initial Disclosures and part A of Amazon's Electronically Stored Information ("ESI") Disclosures, for September 5, 2017 to the present.

**REQUEST FOR PRODUCTION NO 134:**

Documents sufficient to show the functions of the business unit in which the individuals listed in paragraph A of Amazon's Initial Disclosures work.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO 135:**

Documents sufficient to show or describe the process pursuant to which refunds are processed.

**REQUEST FOR PRODUCTION NO 136:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing operations processing details for physically returned items," as referenced in part B of Amazon's ESI Disclosures.

**REQUEST FOR PRODUCTION NO 137:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing transportation-related details for returned items," as referenced in part B of Amazon's ESI Disclosures.

**REQUEST FOR PRODUCTION NO 138:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "data table containing concession, transportation, and processing details for returned items that were refunded," as referenced in part B of Amazon's ESI Disclosures.

**REQUEST FOR PRODUCTION NO 139:**

All data relating to the Plaintiffs' transactions referenced in the Amended Complaint contained in the "customer service system with customer service contacts and communications," as referenced in part B of Amazon's ESI Disclosures.

**REQUEST FOR PRODUCTION NO 140:**

Documents sufficient to Identify all entities authorized by you to accept Drop Off Returns during the Relevant Period.

**REQUEST FOR PRODUCTION NO 141:**

Documents sufficient to Identify all third parties with whom you contracted to process Returned Items, Recharges, and refunds during the Relevant Period.

**REQUEST FOR PRODUCTION NO 142:**

Documents concerning the decision to rename "Instant Refunds" to "Advanced Refunds."


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**REQUEST FOR PRODUCTION NO 143:**

Documents sufficient to show the process for and individuals involved in Your "determine[ation] during processing that the customer did not send back the correct item," leading You to "later re-charge the customer," as described in your Partial Motion to Dismiss at page 5 (Document 31 Filed 11/08/23).

**REQUEST FOR PRODUCTION NO 144:**

Documents sufficient to show who was involved in the programming of Your Chatbots for topics concerning Refunds Denied or Recharges imposed on the basis that You did not receive a Returned Item.

Dated: November 21, 2024

By: *__/s/ Alicia Cobb__*

Alicia Cobb, WSBA #48685
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C Griffin (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP (LA)
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
213-443-3621
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com

Aaron M. Zigler (*pro hac vice*)

Lawrence Ashe (*pro hac vice*)
Nidya S Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Attorneys for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 21, 2024, a true and correct copy of the foregoing was furnished by electronic mail to:

*Counsel for Defendant Amazon.com, Inc.*
Brian D. Buckley, WSBA No. 26423
Deena Feit, WSBA No. 59036
FENWICK & WEST (WA)
401 Union Street, 5th Floor
Seattle, WA 98101
Tel: 206.389.4510
Fax: 206.389.4511
bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice*)
Mary Griffin (*pro hac vice*)
Samantha Ong (*pro hac vice*)
FENWICK & WEST (SF)
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300
Fax: 415.281.1350
jwakefield@fenwick.com
mgriffin@fenwick.com
song@fenwick.com

By: /s/ Alicia Cobb
Alicia Cobb, WSBA #48685
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7000
Fax: 206.905.7100