**EXHIBIT 11**

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: AMAZON RETURN POLICY LITIGATION

No. 2:23-CV-1372-JNW

**PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES**

NOTING DATE: March 13, 2025

**PUBLIC VERSION**



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Case 2:23-cv-01372-JNW Document 206 Filed 12/02/25 Page 2 of 19

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................ 3

A. Legal Standard ........................................................................................ 3

B. The Court Should Compel Amazon to Fully Respond to Interrogatories Seeking the Identity of Relevant Individuals and Entities (Interrogatories 2, 3, 4, 6, 7, 9) ........................................................................................ 3

1. Interrogatory 2: Identities of third-party contractors ........................ 4

2. Interrogatory 3: Identities of individuals responsible for grading returns ........................................................................................ 5

3. Interrogatory 4: Business units involved in return and refund policies ........................................................................................ 6

4. Interrogatory 6: Individuals responsible for audits and reviews ........ 7

5. Interrogatory 7: Individuals with knowledge of erroneous refund denials or recharges ........................................................................ 7

6. Interrogatory 9: Individuals with knowledge regarding designated carriers ........................................................................................ 9

C. The Court Should Compel Amazon to Provide the Factual Bases For Its Asserted Defenses (Interrogatory 8) ........................................................ 9

D. The Court Should Compel Amazon to Provide Details Regarding Amazon's Denial of Plaintiffs' Refunds (Interrogatories 10 and 11) .................. 10

E. The Court Should Compel Amazon to Provide Information About Refund Processes (Interrogatory 5) ........................................................ 11

CONCLUSION ........................................................................................................ 12




QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Case 2:23-cv-01372-JNW Document 206-1 Filed 02/20/25 Page 3 of 19

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Applied Micro Cirs. Corp. Sec. Litig.*,
2004 WL 7400885 (S.D. Cal. Aug. 5, 2004) .......... 5

*Champion Power Equip. v. Firman Power Equip.*,
2024 WL 4988388 (D. Ariz. Dec. 5, 2024) .......... 8

*City of Spokane v. Monsanto Co.*,
2017 WL 3613985 (E.D. Wash. Feb. 21, 2017) .......... 5, 6

*Durand v. Stonehouse Ct. Assocs., LLC*,
473 F. App'x 667 (9th Cir. 2012) .......... 3

*El Dorado Irrigation Dist. v. Traylor Bros.*,
2005 WL 8176673 (E.D. Cal. Aug. 17, 2005) .......... 5

*Freedom Found. v. Sacks*,
2020 WL 2219247 (W.D. Wash. May 7, 2020) .......... 6

*Giovanni v. Alu, Inc.*,
2009 WL 10694968 (D. Or. Dec. 30, 2009) .......... 5

*Grigsby v. YMCA of Greater Seattle*,
2023 WL 3761945 (W.D. Wash. June 1, 2023) .......... 3

*King v. Cnty. of Los Angeles*,
2012 WL 13124268 (C.D. Cal. Aug. 24, 2012) .......... 5

*King v. Wadkins*,
2017 WL 2671075 (E.D. Cal. June 21, 2017) .......... 10

*Lockheed Martin Idaho Techs. Co. v. Lockheed Martin Advanced Env't Sys., Inc.*,
2002 WL 1934134 (D. Idaho June 6, 2002) .......... 3

*Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*,
256 F.R.D. 678 (C.D. Cal. 2009) .......... 3, 9, 11

*Nguyen v. Lowe's Home Centers, LLC*,
2015 WL 12672153 (S.D. Cal. Nov. 19, 2015) .......... 4

*Simplicity Int'l v. Genlabs Corp.*,
2010 WL 11515455 (C.D. Cal. Mar. 15, 2010) .......... 5


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Tuggle v. City of Tulare*,
2021 WL 2003196 (E.D. Cal. May 19, 2021) .................... 6

*White v. Relay Res.*,
2020 WL 758114 (W.D. Wash. Feb. 14, 2020) .................... 4

*Wolfclan v. Pierce Cnty.*,
2024 WL 4449931 (W.D. Wash. Oct. 9, 2024) .................... 5

**<u>Other Authorities</u>**

Federal Rule of Civil Procedure Rule 11 .................... 9

Federal Rule of Civil Procedure Rule 26(b)(1) .................... 3

Federal Rule of Civil Procedure Rule 33 .................... *passim*

## INTRODUCTION

Amazon has refused to provide basic answers to interrogatories, with the apparent belief that it can help itself to endless extensions of time to respond through vague commitments that it is "continuing to investigate." But more than three months after Plaintiffs served their first set of interrogatories, that "investigation" has not borne fruit. Plaintiffs therefore seek this Court's intervention.

This lawsuit arises out of Amazon's unfair, deceptive, and false promises to customers that they can return purchased items and receive refunds. Instead of issuing the promised refunds, Amazon has unlawfully retained both the returned items and its customers' money. The interrogatories for which Plaintiffs seek sufficient answers go to multiple aspects of these claims.

*First*, Plaintiffs served six interrogatories seeking the identities of individuals and entities with discoverable information at, within, and who contract with Amazon. Amazon's approach to these interrogatories was to provide responses that were either too broad or too narrow, and always with incomplete information. In some cases, Amazon solely identified an Amazon division that includes hundreds of employees. In other cases, Amazon identified only one or two employees that do not even cover the relevant time period, let alone the subject matter requested. Neither is proper.

*Second*, Plaintiffs seek the factual bases for Amazon's defenses. Amazon relied on Federal Rule of Civil Procedure Rule 33(d) to answer this interrogatory, but did not specify which, if any, of its produced documents provided the requested information. Then, after the parties' meet and confer, Amazon separately directed Plaintiffs to three spreadsheets with hundreds of indecipherable data fields, and refused to provide any additional information. Amazon's use of Rule 33(d) is thus improper, particularly because Amazon has not produced any documents or provided any information that would render the three large spreadsheets decipherable to Plaintiffs.

*Third*, Plaintiffs seek information about the reasons for Amazon's denials of Plaintiffs' refunds, and the bases for admissions by its customer service representatives that such denials were erroneous—interrogatories going to the core of Plaintiffs' claims. Amazon offers only a

Case 2:23-cv-01372-JNW Document 96-1 Filed 01/21/25 Page 6 of 19

[redacted] But this response does not fully answer the relevant interrogatories, as is required by Rule 33(b)(3).

*Finally*, Plaintiffs served an interrogatory seeking information about how Amazon makes determinations regarding entitlement to refunds, including for partial refunds. Amazon refused to explain how it calculates refund amounts and provided no reason why this information was not reasonably available to it.

This Court should order Amazon to provide complete answers to Interrogatories 2-11, and to do so within 14 days of the Court's order.

**BACKGROUND**

Plaintiffs allege that Amazon has violated its agreements with consumers regarding returns and refunds. Dkt. 58 ("Compl.") ¶¶1-4. Plaintiffs purchased items from Amazon, and complied with Amazon's policies when returning those items, yet were re-charged for those products when Amazon (incorrectly) claimed the products were not returned. *Id.* ¶¶71-142. According to Amazon's own representatives, Amazon's practice of unlawfully re-charging customers who have properly returned products is related to some kind of "system technical issue"; "mix-up"; "error"; "mistake[]"; or "mistake from the carrier end." *Id.* ¶¶48, 61, 68, 78, 110, 112. Indeed, Amazon's limited production to date confirms it claims that refunds are [redacted] Ex. H.[1]

On November 7, 2024, Plaintiffs served Amazon with 11 interrogatories seeking, among other things, the identities of individuals and entities with discoverable information, the processes related to the creation, implementation, and enforcement of Amazon's return policies, the reasons and causes for Amazon's denials of Plaintiffs' refunds, and the factual bases of Amazon's defenses. *See* Ex. A. Amazon served boilerplate objections and incomplete responses on December 12, 2024. *See generally* Ex. B. The parties exchanged correspondence about the deficiencies in Amazon's responses, Exs. C, D, E, and met and conferred on December 20, 2024

[1] All citations to "Ex." refer to Exhibits attached to the Declaration of Nolan Anderson.

and January 2, 2025, Anderson Decl. ¶¶5-12. Despite these efforts, the parties were not able to reach agreement on most of the interrogatories. *Id.*

On February 4, 2025, Amazon vaguely informed Plaintiffs that it "intends to amend/supplement" the objections and responses "over the next month or so," but in response to Plaintiffs' inquiry refused to explain which response (or responses) it intended to "amend/supplement," or in what manner it intended to "amend/supplement" them. Ex. F.

**ARGUMENT**

**A. Legal Standard**

An interrogatory may relate to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 33(a)(2). "A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully…." Fed. R. Civ. P. 33(b)(3). Any party objecting to discovery "must show why discovery should not be allowed by clarifying, explaining, and supporting its objections." *Grigsby v. YMCA of Greater Seattle*, 2023 WL 3761945, at *1 (W.D. Wash. June 1, 2023) (citation omitted).

**B. The Court Should Compel Amazon to Fully Respond to Interrogatories Seeking the Identity of Relevant Individuals and Entities (Interrogatories 2, 3, 4, 6, 7, 9)**

Interrogatories 2, 3, 4, 6, 7, and 9 seek information regarding individuals, business divisions, and entities that are likely to possess discoverable information generally regarding Amazon's policies and procedures for processing returns and issuing refunds. These Interrogatories seek "the information required to address the parties' claims and defenses and identify witnesses for depositions and ongoing discovery," which "is routinely requested and provided by parties in civil contract disputes" like this one. *Lockheed Martin Idaho Techs. Co. v. Lockheed Martin Advanced Env't Sys., Inc.*, 2002 WL 1934134, at *3 (D. Idaho June 6, 2002); *see also Durand v. Stonehouse Ct. Assocs., LLC*, 473 F. App'x 667, 669 (9th Cir. 2012) (failure to identify "potential witness in…interrogatory responses prejudice[s]" a party and is "not

substantially justified"). These interrogatories are particularly critical because Amazon has refused to produce organizational charts, personnel lists, and other organizational or departmental documents that would permit Plaintiffs to identify custodians with discoverable information, and because nearly *nine months* after Plaintiffs served their document requests, Amazon admits that it has withheld responsive documents that would allow Plaintiffs to begin to understand the scope of different individuals' roles at the company. *See* Dkt. 87 at 4 n.1. Yet, Amazon provided only partial and incomplete answers to these Interrogatories too. Such "incomplete" responses "must be treated as a failure to" answer. Fed. R. Civ. P. 37.

1. Interrogatory 2: Identities of third-party contractors

Interrogatory 2 seeks the identities of "all third parties with whom [Amazon] contracted to process Returned Items, Recharges, and refunds during the Relevant Period." Ex. A at 8. [redacted] Ex. B at 25. Plaintiffs sought confirmation that Amazon [redacted]—but Amazon refused to confirm either way, or to provide a date by which it would provide such confirmation. Exs. C at 2, E at 2. This is improper and inadequate.

For example, Amazon failed to identify in its response any carriers with whom Amazon contracts to deliver returned items from drop-off locations to its fulfillment centers. *See, e.g.*, Compl. ¶¶24, 63, 93. If Amazon contracts with other third parties to process refunds—including providing customer services, supplying and maintaining hardware and software for processing returns and refunds, or consulting on reverse logistics—Amazon should have disclosed that information too. But Amazon refused to put forth any basis for omitting these third parties from its response, vaguely stating that it was "continuing to investigate," and would supplement its response if it uncovered additional third parties. Ex. E at 2. Amazon cannot keep its interrogatory responses open indefinitely pending some abstract, continuing investigation. *See White v. Relay Res.*, 2020 WL 758114, at *3 (W.D. Wash. Feb. 14, 2020) ("a reasonable effort to respond [to the Interrogatory] must be made" and ordering a party to respond to interrogatory where its responses are "obstructive and dilatory"); *Nguyen v. Lowe's Home Centers, LLC*, 2015

WL 12672153, at *2 (S.D. Cal. Nov. 19, 2015) ("A party may not simply delay answering interrogatories until shortly before trial when all facts are known and theories finalized."); *Simplicity Int'l v. Genlabs Corp.*, 2010 WL 11515455, at *3 (C.D. Cal. Mar. 15, 2010) (rejecting responding party's excuse that it is "continuing to investigate this matter and has not concluded its investigation"); *El Dorado Irrigation Dist. v. Traylor Bros.*, 2005 WL 8176673, at *1 (E.D. Cal. Aug. 17, 2005) ("[T]he 'duty' to supplement is not a 'right' to act with less than best efforts."). The Court should order Amazon to fully answer this interrogatory, or else confirm there are no other third parties that are covered by this interrogatory.

2. Interrogatory 3: Identities of individuals responsible for grading returns

Interrogatory 3 seeks the identities, job titles, and departments of persons within Amazon that are responsible for determining that a customer did not send back the correct item, leading to a re-charge, and seeks a description of how such determinations are made. Ex. A at 8. In response, Amazon vaguely states that [redacted], a business unit consisting of hundreds of employees, [redacted] Ex. B at 26. But identifying the high-level business unit that [redacted] is insufficient, if there are high- or managerial-level individuals within that department with discoverable information. *Cf. Wolfclan v. Pierce Cnty.*, 2024 WL 4449931, at *4 (W.D. Wash. Oct. 9, 2024) (finding disclosure of three departments to be inadequate and ordering disclosure of individual employees). Courts routinely find this type of interrogatory proper. *In re Applied Micro Cirs. Corp. Sec. Litig.*, 2004 WL 7400885, at *2 (S.D. Cal. Aug. 5, 2004) (explaining interrogatories requesting a list of employees with relevant knowledge are permitted); *Giovanni v. Alu, Inc.*, 2009 WL 10694968, at *4 (D. Or. Dec. 30, 2009) (compelling disclosure of all employees where responding party failed to "meaningfully respond"); *King v. Cnty. of Los Angeles*, 2012 WL 13124268, at *2 (C.D. Cal. Aug. 24, 2012) (ordering disclosure of job descriptions).

Amazon "cannot avoid its duty to investigate and completely respond to [these] interrogatories simply because it is an entity with many employees" or many contractors. *City of Spokane v. Monsanto Co.*, 2017 WL 3613985, at *5 (E.D. Wash. Feb. 21, 2017). At a minimum, Amazon should be compelled to identify specific employees that made the relevant determination

for the Plaintiffs' returns described in the Complaint. Further, to the extent it is Amazon's position that there are "too many" employees to list (a claim it has not substantiated in any way and per *City of Spokane* is not a basis to refuse to respond), that does not relieve it of its obligation to otherwise respond to the interrogatory, by listing the job titles of the people who are responsible for making the relevant determinations. *See, e.g.*, Fed. R. Civ. P. 33 (responding party must answer "to the extent" the interrogatory "is not objected to"); *Freedom Found. v. Sacks*, 2020 WL 2219247, at *1 (W.D. Wash. May 7, 2020) (compelling disclosures because "a party must participate in discovery to the extent possible, not hang its hat on broad objections as an excuse for withholding information").

Nor does Amazon explain how the relevant determination is made. Instead, it states only that it is determined by the [redacted] Ex. B at 26. But that is insufficient to inform someone who does not work in an Amazon returns processing facility of what exactly Amazon means. [redacted] An adequate interrogatory response must provide such context to make it intelligible and fully responsive. *Tuggle v. City of Tulare*, 2021 WL 2003196, at *5 (E.D. Cal. May 19, 2021) (compelling responses where responding party failed to provide the detailed explanation called for in the interrogatory).

3. <u>Interrogatory 4: Business units involved in return and refund policies</u>

Interrogatory 4 seeks a description of "all divisions, subdivisions, business departments and/or teams, or Amazon entities involved in creating, implementing, enforcing, and/or modifying [Amazon's] Returns Policies…and the role each plays." Ex. A at 8. In response Amazon stated only that [redacted] Ex. B at 27. This response is incomplete. [redacted] is a business unit with hundreds of employees and several subdivisions. *See id.* at 6-8. But Amazon fails to specify which subdivisions or teams within [redacted] play which role. And although Amazon purports to identify the (overarching) division that *leads* the drafting of the relevant

policies, it does not identify units or teams that are otherwise involved in the drafting process. Nor does it identify any business units or teams involved in implementing or enforcing those policies. Amazon claims to be "continuing to investigate this Interrogatory," Ex. E at 4, but cannot avoid providing a fulsome response by indefinitely investigating a simple request.

4. Interrogatory 6: Individuals responsible for audits and reviews

Interrogatory 6 seeks the identity of "all Persons who were responsible for conducting and/or supervising audits or reviews of [Amazon's] processes or policies for receiving, processing, inspecting, documenting, grading, accepting or rejecting Returned Items at Your Fulfillment Centers during the Relevant Period, including by describing their role(s), and the dates during which they were so involved." Ex. A at 9. Despite its vast network of fulfillment centers and return acceptance kiosks across the country, Amazon identified only *two individuals* in response to this Interrogatory, [redacted] Ex. B at 30.

Plaintiffs raised concerns that these two employees are the only ones who were responsible for conducting or supervising audits or reviews of Amazon's processes relating to returns during the relevant period (*i.e.*, going back to 2017), particularly given that, according to Amazon, [redacted] Ex. B at 13-14, 16-18. Again, as with other interrogatories, Amazon tried to avoid complying with its discovery obligations by stating it is "continuing to investigate." Ex. E at 6. The Court should order Amazon to fully answer this interrogatory.

5. Interrogatory 7: Individuals with knowledge of erroneous refund denials or recharges

Interrogatory 7 seeks the identity of "all Persons with material knowledge of [Amazon's] acts of Denying a Refund or Recharging a Customer on the basis that [Amazon] did not receive a Returned Item, when in fact the Returned Item was delivered to Your Fulfillment Center or


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Case 2:23-cv-01372-JNW Document 196 Filed 12/02/25 Page 12 of 19

Designated Carrier." Ex. A at 9. Amazon unilaterally determined it could answer the interrogatory by listing three people it had already disclosed in its initial disclosures—[redacted]—who according to Amazon have [redacted] Ex. B at 31. The response does not purport to list *all* people with knowledge of any relevant "acts," as the interrogatory requires. Further, the interrogatory specifically asks about knowledge of situations where a customer was denied a refund or recharged *even though the item was returned (i.e., the situation forming the basis of this lawsuit)*, but Amazon only offers individuals with knowledge of denial of refunds *based on items that were **not** returned*. That is not what was asked, and Amazon's failure to answer this interrogatory is improper.

At the parties' meet and confer, Amazon could not confirm that it had even attempted to identify individuals with knowledge of instances *where in fact the returned item was returned*. Anderson Decl. ¶11. Instead, Amazon's position was that it was not obligated to conduct such an investigation, because Amazon disagrees that it has a pattern and practice of erroneously denying refunds or recharging a customer. Ex. B at 30-31. But the interrogatory is not so limited; it seeks persons with knowledge about any "acts" of Amazon erroneously denying a refund or recharging a customer, not just of a "practice" of Amazon doing so. Ex. A at 9. Further, Amazon does not, and cannot, credibly claim such errors never occur. In fact, the limited documents Amazon has produced indicate [redacted] Ex. G. Certainly whoever prepared that document, or anyone involved in determining that such guidance was necessary, have knowledge of "[Amazon's] acts of Denying a Refund or Recharging a Customer on the basis that [Amazon] did not receive a Returned Item, when in fact the Returned Item was delivered to Your Fulfillment Center or Designated Carrier." Amazon cannot simply re-write the interrogatory as seeking only information helpful to its defense. *See Champion Power Equip. v. Firman Power Equip.*, 2024 WL 4988388, at *1 (D. Ariz. Dec. 5, 2024) ("There is no 'bad information' exception to the obligation to respond to discovery requests."). This Court should order Amazon to identify


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*all* persons described in Interrogatory 7, including those with specific knowledge of denials of refunds on the basis of nonreceipt when in fact the item was returned.

6. Interrogatory 9: Individuals with knowledge regarding designated carriers

Interrogatory 9 seeks the identity of "all Persons with material knowledge of [Amazon] Designated Carriers' processes and policies for handling delivery of Returned Items to [Amazon] Fulfillment Centers during the Relevant Period, including by describing their role(s), and the dates during which they were so involved." Ex. A at 9. Amazon responded by identifying five individuals, most of whom were only recently promoted or hired into relevant roles. Ex. B at 33-34. The responses omit any individuals with knowledge between 2017 and 2022. *Id.* Like many of the interrogatories above, Amazon's only response was that "it is continuing to investigate this Interrogatory." Ex. E at 8. The Court should order Amazon to fully answer this interrogatory to cover the entire relevant time period.

**C. The Court Should Compel Amazon to Provide the Factual Bases For Its Asserted Defenses (Interrogatory 8)**

Interrogatory 8 seeks "the factual basis of any and all defenses which [Amazon] intend[s] to assert to Plaintiffs' allegations in the Complaint." Ex. A at 9. "[R]equiring a defendant to answer a contention interrogatory…[regarding] its affirmative defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires parties have some factual basis for their claims and allegations." *Nat'l Acad. of Recording Arts & Scis.*, 256 F.R.D. 678, 682.

Amazon provided [redacted] and then cited to "Fed. R. Civ. P. 33(d)" without identifying any documents in particular. Ex. B at 32. At the parties' meet and confer and in subsequent correspondence, Amazon identified by bates number three data tables it had produced, but refused to confirm whether or not other documents were covered by Amazon's invocation of Rule 33(d), and did *not* amend its interrogatory response to identify the data tables. Anderson Decl. ¶6, 9; Ex. E at 8. Critically, Amazon's use of Rule 33(d) to answer this Interrogatory is improper. A party may respond to an interrogatory by pointing to specific documents (by bates number) only "if the burden of deriving or ascertaining the answer

will be substantially the same for either party" and the records are specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d); *see also id.* Advisory Committee's Note to 1970 amendment ("A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records."). Here, the three data tables which Amazon has cited in correspondence—*but not in its interrogatory responses*—are large Excel spreadsheets that contain hundreds of data fields and are not intelligible to non-Amazon employees. Anderson Decl. ¶6. Plaintiffs asked Amazon to identify the specific data fields from those spreadsheets that support its defenses. Anderson Decl. ¶6; Ex. D at 5-6. Amazon refused. *Id.*; Ex. E at 8.

Amazon's citation to these large data tables improperly places the burden on Plaintiffs to sift through hundreds of unknown data fields only to speculate as to which data points Amazon believes provide the factual bases for its defenses. *See King v. Wadkins*, 2017 WL 2671075, at *4 (E.D. Cal. June 21, 2017) (faulting producing party for "merely list[ing] several exhibits, without any indication of what they are or how they are responsive to" interrogatories). Amazon has therefore failed to provide "sufficient detail to enable" Plaintiffs to identify the factual bases of Amazon's defenses "as readily" as Amazon could. Fed. R. Civ. P. 33(d). This Court should reject Amazon's attempt to abuse Rule 33(d) and order Amazon to respond to Interrogatory 8 by describing the factual bases of its defenses and identifying which portions of the referenced data tables Amazon believes support those facts.

### D. The Court Should Compel Amazon to Provide Details Regarding Amazon's Denial of Plaintiffs' Refunds (Interrogatories 10 and 11)

Interrogatory 10 seeks a detailed explanation for why Amazon "did not provide the refunds to Plaintiffs as alleged in paragraphs 79, 85, 91, 96, 103, 115, 126, and 142 of the Complaint." Ex. A at 9. Interrogatory 11 seeks a detailed explanation of "the 'system technical issue'; 'mix-up'; 'error'; 'mistake[]'; and 'mistake from the carrier end' that [Amazon] customer service representatives mentioned in paragraphs 48, 61, 68, 78, 110, and 112 of Plaintiffs' Complaint." Ex. A at 10.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Case 2:23-cv-01372-JNW Document 96-1 Filed 11/20/25 Page 15 of 19

Amazon responded to both of these interrogatories with cursory statements that [redacted] Ex. B at 34-37. This is inadequate on many levels. Amazon's response lacks any detail as to which [redacted] reflect the items were not received, what those [redacted] show, whether those [redacted] were accurate, or how those [redacted] trigger refund denials or recharges. In other words, Amazon's response fails to describe each order's [redacted] leading to a denial of a refund of recharge. Ex. B at 31, 32. Further, Amazon makes no effort to investigate the admissions made by its customer service representatives, or the purported basis for such statements, as Interrogatory 11 requires. It is not responsive to state that [redacted] when Amazon's customer service representative said, for example, there was a "mix-up…[d]ue to some system technical issue" and confirmed the item *was* received by Amazon. Compl. ¶45. Interrogatory 11 seeks the factual basis for that admission, but Amazon refuses to provide it. Understanding the nature of these "mistakes" or "errors" and why Amazon's customer service agents represented to Plaintiffs that they had been denied refunds due to mistakes or errors is crucial to Plaintiffs' claims. Amazon has a duty to investigate its response to this Interrogatory, *Nat'l Acad. of Recording Arts & Scis.*, 256 F.R.D. at 680, but Amazon has made no effort to explain these specific instances.

### E. The Court Should Compel Amazon to Provide Information About Refund Processes (Interrogatory 5)

Interrogatory 5 seeks a description of "the process(es) [Amazon] used, throughout the Relevant Period, in determining a Customer's entitlement to and amount of a refund once an item purchased from [Amazon] is returned to one of [Amazon's] Authorized Dropoff Locations." Ex. A at 9. Amazon did not address the portion of the Interrogatory requesting a description of the process Amazon uses to determine the amount of refund—partial or otherwise—to which a customer is entitled. Understanding Amazon's processes for grading the quality of returned items and determining the amount of a customer's refund is relevant to understanding how errors and mistakes might arise during the return and refund process. Further, one of the plaintiffs only received a partial refund, Compl. ¶79, and Amazon has yet to explain why. Amazon has not fully

responded to the Interrogatory, and this Court should order Amazon to supplement its response to account for the entire scope of the Interrogatory.

**CONCLUSION**

For the reasons above, Plaintiffs respectfully request the Court order that Amazon provide complete and detailed responses to Interrogatories 2-11 within 14 days of any such order.

Dated: February 20, 2025

Respectfully submitted,

By: */s/ Alicia Cobb*
Alicia Cobb, WSBA #48685
Nolan K. Anderson, WSBA #59691
Alexandria Madjeric, WSBA #60677
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com
alexandriamadjeric@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
Joshua Courtney (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S FIGUEROA ST, 10TH FLOOR
LOS ANGELES, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com
joshuacourtney@quinnemanuel.com

By: <u>*/s/ Aaron M. Zigler*</u>
Aaron M. Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
larry@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Interim Class Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 4,167 words, in compliance with the Local Civil Rules.

DATED: February 20, 2025

*<u>/s/ Alicia Cobb</u>*
Alicia Cobb, WSBA #48685


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Case 2:23-cv-01372-JNW Document 109 Filed 02/20/25 Page 19 of 19

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system, and caused the foregoing to be sent by email to counsel of record.

DATED February 20, 2025

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685