**EXHIBIT 14**

THE HONORABLE JUDGE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | Case No.: 2:23-cv-01372-JNW<br><br>**DECLARATION OF ANDREW H. SCHAPIRO AND AARON ZIGLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL** |

I, Andrew H. Schapiro, and I, Aaron Zigler, hereby jointly state as follows:

Mr. Schapiro is a partner at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, Interim Class Counsel for Plaintiffs in the above-captioned action. Mr. Zigler is a partner at the law firm Zigler Law Group, Interim Class Counsel for Plaintiffs in the above-captioned action. We jointly submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval based on personal knowledge and a review of the case file.

## INTRODUCTION

As Interim Class Counsel, Zigler Law Group (**ZLG**) and Quinn Emanuel (**QE**) represent a putative class of Amazon customers who were wrongfully denied refunds for items they purchased and returned to Amazon. This declaration is an overview of the work performed by Interim Class Counsel that was necessary to understand the claims and defenses in this case, evaluate them, and ultimately elect to reach this Settlement rather than continue to litigate and take this case to trial.

This case was fiercely litigated. To obtain evidence to prove their claims, Interim Class Counsel expended substantial time and resources advancing the class's claims. These efforts produced evidence that has helped Plaintiffs evaluate the strengths of the claims and defenses in this action, as



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

well as the risks.

The evidence obtained by Interim Class Counsel was instrumental to the successful outcome of the litigation and Plaintiffs' investigation of their claims. Plaintiffs further developed an understanding of their claims in litigation and confirmatory discovery. In addition to the monetary relief secured here, Amazon has committed to changing the practices challenged in the Complaint.

In light of what has been achieved in this case, and the changes and improvements by Amazon, many of which were implemented during this litigation, we submit that the Settlement is an outstanding result that merits Court approval.

**PRE-LITIGATION INVESTIGATION**

The investigation into Amazon's return and refund practices originated in late 2022, when ZLG employee Blair Zigler personally experienced Amazon's alleged practice of wrongfully denying refunds. Dkt. 46 ¶7. She again experienced wrongful denials of refunds in early 2023. Id. ¶8.

Some of Ms. Zigler's 2023 experiences comprise the allegations relating to Customer 1 in the First Amended Consolidated Complaint. Dkt. 116 (FACC) ¶¶47–74. She ordered two pairs of sandals in April 2023 (id. ¶47), requested to return them (id. ¶52), and dropped them off at a UPS location as instructed by Amazon (id. ¶54). Amazon issued her an advanced refund, notified her the return was complete (id. ¶53), and its records confirmed delivery of the sandals to Amazon's fulfillment center (id. ¶55). But the next month Amazon sent Ms. Zigler a message reminding her to return the sandals Amazon had already received. Id. ¶¶56. In June 2023, Amazon recharged Ms. Zigler for the sandals on the basis that it had not received the sandals. Id. ¶59. Ms. Zigler contacted an Amazon customer service representative who apologized, stated the error was due to "some system technical issue," and had a refund issued. Id. ¶¶60–61.

Around the same time, Ms. Zigler experienced a materially similar set of facts after she purchased and returned two infant swaddle sacks. Id. ¶¶62–74.

On May 8, 2023, In conjunction with ZLG attorneys, Ms. Zigler began investigating whether other Amazon customers had experienced similar wrongful denials of refunds. Dkts. 46 ¶10; 45 ¶20. During the course of this pre-suit investigation, Ms. Zigler interviewed 71 individuals about their experience with Amazon returns, and any instances in which they had been re-charged by Amazon

for an item which had been timely returned. Dkt. 46 ¶10. During the investigation Ms. Zigler also reviewed and analyzed online message boards and news articles, and discovered dozens of other Amazon consumers encountered the same issues. Dkt. 46 ¶11.

Around June 2023, after determining that Amazon's practice of recharging its customers for previously returned items appeared to be systemic and recurring nationwide, ZLG attorneys and staff began identifying and researching potential legal claims, analyzing Amazon's conditions of use and returns and refund policies, and drafting a proposed complaint. Id. ¶12; Dkt. 45 ¶25.

Also in June 2023, ZLG partnered with QE to bring both firms' resources to bear on behalf of the putative class. QE, like ZLG, also has experience litigating consumer protection class actions against Amazon. Dkt. 45 ¶¶ 23–24.

On June 22, 24, and 25, 2023, respectively, Sima Hernandez, Melissa Urbancic, and Jill Cappel, the original plaintiffs to this litigation (Dkt. 1), retained ZLG to represent them in this litigation. Dkts. 45 ¶29, 46 ¶13. ZLG staff performed detailed background checks on each of the clients to ensure they could be found to be adequate class representatives. Dkt. 45 ¶29. ZLG staff has remained in regular contact with them about the litigation's progress. Dkt. 46 ¶13.

Over the next several weeks and months, ZLG and QE attorneys and staff held weekly calls to discuss the findings of their ongoing legal and factual investigations into plaintiffs' and the putative class's claims and to strategize regarding the contents of the proposed complaint. Dkt. 45 ¶¶26–27, 30–36.

On August 26, 2023, a draft of the Original Complaint was shared with the original Plaintiffs for review and approval, and the complaint was filed on September 5, 2023. The Original Complaint contains dozens of pages with nearly 150 paragraphs of detailed allegations. Dkt. 1. It asserts claims for breach of contract, violation of Washington's Consumer Protection Act, money had and received, unjust enrichment, and conversion. Id. ¶¶98–148

Since the filing of this matter, Interim Class Counsel have received regular inquiries from hundreds of other affected Amazon customers about the status of the case and how they can participate. Counsel have continued to investigate and vet their claims and have offered to represent those whose facts will further the litigation.

The Settlement Agreement was made possible only through Interim Class Counsel's substantial investment of time and resources long before this case was filed.

## CONSOLIDATION AND APPOINTMENT OF COUNSEL

**October 5, 2023**: A short complaint containing identical causes of action was filed by separate counsel in *Srivastava v. Amazon*, Case No. 2:23-cv-01545-JNW (W.D. Wash), Dkt 1. Shortly thereafter, Interim Class Counsel and the *Srivastava* counsel met and conferred regarding the possibility of jointly representing all plaintiffs, but Interim Class Counsel ultimately concluded that such an arrangement would not be in the best interests of the class.

**October 11, 2023**: The Court issued an Initial Scheduling Order requiring the Parties to hold a Rule 26(f) conference by November 1, 2023 and setting other initial deadlines. Dkt. 19.

**October 24, 2023**: All the parties to the *Abbott* and *Srivastava* cases jointly filed a motion to consolidate the two cases, but each disagreed with exactly how the case should proceed. Interim Class Counsel proposed that the Court largely hold Amazon to the deadlines in the Initial Scheduling Order and order plaintiffs' counsel to submit competing motions for appointment as lead counsel.

**October 31, 2023**: In accordance with the Court's Initial Scheduling Order, the Parties held a Federal Rule of Civil Procedure 26(f) to discuss a proposed case schedule and discovery plan and the remaining topics listed in the Court's Initial Schedule Order. Dkt. 82 ¶3. Following the conference, Interim Class Counsel began preparing a joint status report, protective order, and ESI agreement.

**November 7, 2023**: Another short complaint containing identical causes of action was filed by a third group of counsel in Jones Clark v. Amazon.com Inc., No. 23-cv-1702 (Nov. 7, 2023), Dkt. 1.

**November 13, 2023**: The Court issued an order consolidating all three matters into the Abbott docket and recaptioned the consolidated cases as In re: Amazon Return Policy Litigation. Dkt. 32. The Court then struck all case deadlines and ordered briefing from all plaintiffs' counsel regarding appointment of interim class counsel. Id.

**December 18, 2023**: ZLG and QE and the remaining plaintiffs' counsel completed briefing their respective motions for appointment of lead counsel. ZLG and QE argued that it was in the best interests of the class for them to be appointed interim class counsel. Dkt. 44, 53, 55. They pointed out

that their substantial investment of time and resources had already produced a superior result for the class. ZLG and QE had been the first to bring the class's claims to court and had done so with a far more detailed, unassailable complaint. Id. And QE and ZLG combined had far more resources and a deeper bench of experienced attorneys than the remaining plaintiffs' counsel. Id. In short, ZLG and QE were well-equipped to produce a superior result for the class.

23. February 22, 2024: After reviewing the extensive briefing and supporting declarations filed by counsel vying for lead status, the Court appointed ZLG and QE as Interim Class Counsel. Dkt. 56 The Court explained that it had "no concern about whether [the undersigned] would devote the necessary resources to pursue the case to the fullest extent possible" because undersigned "have extensive experience litigating consumer class action cases with great success, including against Amazon." Id. The Court also noted that the undersigned had "done an exceedingly thorough job working up the case," demonstrating "they are the most knowledgeable about the policies and practices at issue and best prepared to advance the litigation." Id.

The Court's findings have proved correct, as this Settlement would not have been possible without the significant investment and months of investigation and coordination between Plaintiffs and Interim Class Counsel leading up to litigation. And it would not have been possible without Interim Class Counsel's diligent prosecution of the interests of the class.

**CONSOLIDATED AMENDED COMPLAINT**

The Court's order appointing lead counsel directed Interim Class Counsel to file a consolidated complaint. Id. at 9.

While the case and discovery were paused for the Court to consider appointment of lead counsel, ZLG and QE had continued to invest time and resources advancing the class's interests. As newly appointed Interim Class Counsel, the team was well-prepared to hit the ground running with an even more robust consolidated complaint.

**March 25, 2024**: Plaintiffs filed their consolidated complaint. Dkt. 58. Thanks to Interim Class Counsel's proactive efforts to interview and vet additional class representatives, the consolidated complaint added five additional plaintiffs (Michelle Estep, Maria Khangi, Joshua Soto Lopez, Heriberto Valiente, and Vince Vojtko), bringing the total to nine. Id. ¶1. The consolidated complaint


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

added over 50 paragraphs of new factual allegations regarding Amazon's wrongful practices, containing screenshots and customer service chats between Plaintiffs and Amazon representatives. Id. ¶¶86–115, 121–142. The consolidated complaint also added additional causes of action for breach of the duty of good faith and fair dealing and promissory estoppel.

The consolidated complaint is another example of Interim Class Counsel's dedicated efforts on behalf of the class. Even when their future role was in doubt, Interim Class Counsel continue pursuing the interests of the class. The result was a robust consolidated complaint.

**MOTION TO DISMISS**

**November 11, 2023**: Prior to consolidation, Amazon had filed a partial motion to dismiss the original complaint for failure to state a claim. Dkt. 31. While Amazon sought dismissal of Plaintiffs claims for money-had-and-received, unjust enrichment, and conversion claims under Federal Rule of Civil Procedure 12(b)(6), it did not seek dismissal of Plaintiffs' claims for breach of contract and violation of Washington's Consumer Protection Act. Id. Thus, even Amazon conceded that the original complaint had stated plausible claims for relief, a testament to Interim Class Counsel's substantial pre-litigation investment of time and resources investigating and researching the class's claims. Amazon's motion to dismiss was mooted by the Court's consolidation order.

May 15, 2024: Following consolidation, Amazon again filed a partial motion to dismiss the consolidated complaint. Dkt. 62. This time, Amazon sought dismissal of Plaintiffs' claims for money-had-and-received; unjust enrichment; promissory estoppel; and conversion under Rule 12(b)(6). Id. Amazon did not seek dismissal of Plaintiffs' claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of Washington's Consumer Protection Act, again conceding that Plaintiffs had stated multiple plausible claims for relief. Amazon sought to recast the case as a workaday contract dispute and argued that Plaintiffs' common-law claims for money-had-and-received, unjust enrichment, promissory estoppel were duplicative of Plaintiffs' contract claims and should be dismissed at the pleading stage. *Id*. at 4–7. Amazon also argued that Plaintiffs' conversion was barred by the independent duty doctrine. *Id*. at 7–9.

**June 5, 2024**: Plaintiffs' opposition brief rejected Amazon's mischaracterization of this case as a mere contract dispute, pointing out that Amazon had not moved to dismiss Plaintiffs' claim under

Washington's Consumer Protection Act. Dkt. 65 at 1. Plaintiffs pointed out that their claims for money-had-and-received, unjust enrichment, promissory estoppel, and conversion were pled in the alternative to their contract claims and directed the Court to authority permitting such alternative pleading, even citing cases where Amazon itself had pled contract and quasi-contract claims in the alternative. Id. at 3–8. Plaintiffs also directed the Court to controlling authority from the Washington Supreme Court holding that the independent duty doctrine applies only to a narrow class of cases involving real property. *Id*. at 8–11.

**April 29, 2025**: The Court denied Amazon's partial motion to dismiss in full. Dkt. 112. In doing so, the Court endorsed each and every one of Plaintiffs' arguments. *Id*. The Court agreed that Plaintiffs had properly pleaded their claims for money-had-and-received, unjust enrichment, promissory estoppel, and conversion in the alternative to their contract claims. *Id*. at 5–7. The Court also rejected Amazon's argument that the independent duty doctrine bars Plaintiffs' conversion claim, agreeing that the doctrine does not apply to contracts for retail goods. *Id*. at 4. Accordingly, the Court held that Plaintiffs had plausibly alleged each of their claims. *Id*.

## DISCOVERY

Obtaining the facts necessary to substantiate the claims and position the case for success required Interim Class Counsel to overcome Amazon's discovery objections and "borderline frivolous" (Dkt. 156) delay tactics. The Parties engaged in near-daily emails, and conferred via numerous video conferences, culminating in five motions to compel.

This information is relevant to the Settlement to assure the Court that these claims were fully litigated and vetted. What follows are highlights of the discovery process and disputes relevant to this Motion for Preliminary Approval.

**Initial Discovery Negotiations.**

**October 31, 2023**: In accordance with the Court's Initial Scheduling Order, Dkt. 19, the Parties held a Rule 26(f) conference to discuss a proposed case schedule and discovery plan and the remaining topics listed in the Court's Initial Schedule Order. Dkt. 82 ¶3.

**May 28, 2024**: Amazon informed Interim Class Counsel that it would be refusing to response to Plaintiffs' pending discovery requests until the Parties held another Rule 26(f) conference. Amazon

adopted the position that the Parties' October 31, 2023 conference had occurred in a different case between different parties.

**June 5, 2024**: At Amazon's insistence, and not wanting to waste time disputing Amazon's position, Interim Class Counsel attended a second Rule 26(f) conference to discuss a case schedule, a protocol for discovery of electronically stored information (ESI), and a protective order, among other things.

**July 16, 2024**: Although the Parties made quick progress on an ESI protocol, they could not agree on many aspects of discovery, and submitted the disputes to the Court in a joint status report. Dkt. 70. Chiefly, the Parties disagreed over the protective order. Interim Class Counsel disputed Amazon's attempt to modify the Western District of Washington's model protective order to grant Amazon the ability to prevent Plaintiffs from providing confidential materials to their experts and to identify any expert receiving such documents even if not testifying. Id. at 10. Amazon's modifications would have prevented Plaintiffs from providing confidential materials to their experts until they can secure an Order from the Court. *Id.*

**September 9, 2024**: The Court entered the Parties' stipulated ESI protocol. Dkt. 71.

**October 30, 2024**: The Court "reject[ed] Amazon's request," finding no "good cause for Amazon's proposal." Dkt. 75.

**November 5, 2024**: Following the Court's guidance, the Parties submitted a stipulated motion for protective order removing Amazon's modifications, which the Court entered.

**Discovery Statistics.**

**Discovery requests to Amazon**. On behalf of Plaintiffs, Interim Class Counsel prepared and served four sets of requests for production of documents containing over 250 requests. Interim Class Counsel also prepared and served dozens of interrogatories on Amazon in four sets.

**Discovery responses to Amazon**. On behalf of each Plaintiff, Interim Class Counsel responded to over 300 requests for production and roughly 100 interrogatories.

**Document collection, review, and production**. Even before this case began, Interim Class Counsel engaged in substantial document collection and review of Amazon's public-facing documents and Plaintiffs' documents. In the course of formal discovery, the parties collected, reviewed, and

produced hundreds of thousands of pages of documents.

**Motions To Compel.**

Discovery was hard fought throughout the entirety of this case, including while the Parties were actively engaged in settlement discussions. The result was six contentious motions to compel.

**Plaintiffs' Motion To Compel Responses To Their First Set of Requests For Production Of Documents To Amazon.**

**April 23, 2024**: Plaintiffs served their First Set of Requests for Production of Documents, containing 76 requests seeking documents regarding Amazon's policies, practices, procedures, and data concerning the allegations in Plaintiffs' consolidated complaint. Dkt. 82-1.

**May 28, 2024**: Amazon transmitted a one-page objection to Plaintiffs' First Set of Requests for Production of Documents, taking the position that the parties had not had a 26(f) conference for the consolidated action. Dkt. 81 at 1 n.2.

**June 5, 2024**: The Parties held a second Rule 26(f) conference where Amazon agreed to respond to Plaintiffs' discovery requests.

**July 5, 2024**: Amazon served additional Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents. Dkt. 82-3.

**July 24, July 30, August 1, August 16, and August 19, 2024**: Interim Class Counsel attended five meet and confers with Amazon to discuss its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents. Dkt 82 ¶8. At the July 24, 2024 meet and confer, Interim Class Counsel sought clarification regarding Amazon's objections to the instructions and definitions. Id. The Parties also discussed Amazon's objections to RFP Nos. 4–10 and 57–58. Regarding Plaintiffs' requests for data, Interim Class Counsel initiated negotiations regarding the possibility of producing an anonymous, statistically significant sample of responsive data. At the July 30, 2024 meet and confer, the parties discussed RFPs 10-19, 20-22, and 23-24. The parties continued to discuss a compromise regarding data productions involving the production of an anonymous, statistically-significant sample size of responsive data. As part of these discussions, Plaintiffs requested that Amazon agree it would not challenge class certification on the basis that a sample was used. At the August 1, 2024 meet and confer, the parties discussed RFPs 25-26, 29, 30-33. The parties continued



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

to discuss a compromise regarding data productions involving the production of an anonymous, statistically-significant sample size of responsive data. At the August 19, 2024 meet and confer, the parties discussed RFPs 45, 46, 48-52, 54-55, 59-63, 66-67, and 72-73.

**September 27, 2024**: Plaintiffs prepared a 23-page letter offering detailed clarifications on the nature and scope and compromises in hopes of reaching an agreement with Amazon regarding production of responsive documents. Dkt. 82-4. In a December 9, 2024 response letter, Amazon continued to maintain most of its objections despite Plaintiffs' efforts at clarification and compromise. Dkt. 82-6.

**October 31 and November 4, 2024**: Interim Class Counsel attended additional meet and confers with Amazon where the parties again discussed Amazon's objections to RFPs 57-58 and the production of Amazon's responsive data. Dkt. 82 ¶14.

**December 9, 2024**: Amazon responded to Plaintiffs' September 27, 2024 letter, which continued to maintain most of Amazon's objections despite Plaintiffs' substantial efforts at clarification and compromise. Dkt. 82-6.

**January 2–3, 2025**: Interim Class Counsel attended two additional meet and confers with Amazon in another attempt to reach a compromise with Amazon regarding its discovery objections and data productions but to no avail.

**January 28, 2025**: With no prospect of compromise left, Interim Class Counsel sought the Court's intervention, filing a motion to compel Amazon to produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents. Dkts. 81, 87, 89.

**September 30, 2025**: Following briefing, the Court granted Plaintiffs' motion to compel in substantial part, finding some of Amazon's objections impermissibly boilerplate and at least one "borderline frivolous." Dkt. 156.

**Plaintiffs' Motion To Compel Responses To Their First Set Of Interrogatories To Amazon.**

**November 7, 2024**: Plaintiffs served their First Set of Interrogatories, generally seeking more information about Amazon's return and refund practices, policies and procedures and information about sources of discovery. Dkt. 94-1.

**December 12, 2024**: Amazon transmitted Responses and Objections to Plaintiffs' First Set of Interrogatories. Dkt. 95-2.

**December 17, 2024**: Interim Class Counsel sent Amazon correspondence highlighting deficiencies in Amazon's responses. Dkt. 95-3

**December 20, 2024**: Interim Class Counsel attended a meet and confer with Amazon regarding its objections to Interrogatory Nos. 2–6 and 8–11. Dkt. 94 ¶6.

**December 31, 2024**: Interim Class Counsel sent Amazon follow-up correspondence summarizing the December 20 meet and confer, points of compromise, and again urging Amazon to withdraw its unsupportable objections. Dkt. 95-4.

**January 1, 2025**: Amazon sent a letter responding to Plaintiffs' December 31, 2024 Letter in which Amazon said that it was continuing to investigate and would supplement if needed, and was willing to continue discussing certain interrogatories. Dkt. 95-5.

**January 2, 2025**: Interim Class Counsel attended another meet and confer where the Parties discussed Amazon's objections to Interrogatory Nos. 2–4, and 7 but were unable to resolve their disagreements.

**February 3 and February 6, 2025**: Amazon informed Interim Class Counsel by email that it intended to supplement its Responses and Objections "over the next month or so" but did not provide an exact date and which Responses and Objections it intended to supplement. Dkt. 95-6.

**February 20, 2025**: With only an illusory promise of future supplementation in hand, Interim Class Counsel had no choice but to seek the Court's intervention. Interim Class Counsel prepared and filed a motion to compel Amazon's responses to certain interrogatories seeking routine discovery about potential custodians, sources of responsive documents, and Amazon's reasons for denying Plaintiffs' refund requests. Dkts. 96, 102, 106.

**September 30, 2025**: The Court granted Plaintiffs' motion to compel interrogatory responses in substantial part, finding Amazon had failed to substantiate its objections, provided "evasive" responses, and misused Rule 33(d) by "dump[ing]" unintelligible documents on Interim Class Counsel. Dkt. 156.

**Plaintiffs' Motion To Compel Custodians.**

Throughout the entirety of this action, Amazon stonewalled Plaintiffs' attempts to seek discovery regarding the identification of potential custodians. Dkt. 156 at 7. Amazon unilaterally selected six custodians and refused Plaintiffs' repeated requests to add further custodians, Dkt. 122 at 4, adopting the position that Plaintiffs should first review all of the six custodians' documents before asking for additional custodians, Dkt. 136. Despite multiple meet and confers, Dkt. 124, Amazon never provided Plaintiffs with sufficient documents to identify a complete list of custodians and refused to agree to add the few custodians that Plaintiffs were able to identify.

**June 9, 2025**: Thanks to Interim Class Counsel's review of Amazon's documents and independent fact investigation into potential custodians, Plaintiffs were able to identify some additional Amazon employees likely to possess responsive documents. Faced with Amazon's refusals to add them as custodians, Interim Class Counsel prepared a motion to compel Amazon to add them as custodians on behalf of Plaintiffs. Dkt. 122. Plaintiffs supplied public and confidential documents to support that ten additional Amazon employees were uniquely positioned to have responsive documents. *Id*.

Plaintiffs' motion was pending when the Parties reached a tentative settlement agreement.

**Plaintiffs' Motion To Compel Responses To Their Second Set Of Requests For Production Of Documents To Amazon.**

**November 21, 2024**: Interim Class Counsel prepared and served Plaintiffs' Second Set of Requests for Production to Amazon, seeking a variety of documents related to Plaintiffs' claims and Amazon's defenses. Dkt. 124-1.

**December 23, 2024**: Amazon served its Objections and Responses to Plaintiffs' Second Set of Requests for Production to Amazon, raising copious boilerplate objections. Dkt. 124-2.

**January to April 2025**: Interim Class Counsel attended several meet and confers and exchanged correspondence with Amazon in an attempt to clarify the scope of the requests and reach a compromise regarding Amazon's objections. Dkt. 124 ¶¶3, 6–7; Dkt. 124-3; Dkt. 124-4.

**June 9, 2025**: Unable to reach a compromise with Amazon, Interim Class Counsel filed a motion to compel responses to their Second Set Of Requests For Production Of Documents. Dkts.

123, 135, 144. Specifically, Plaintiffs sought production of certain tracking data for returns, documents sufficient to identify relevant customer services agents and third parties, documents related to Amazon's wrongful denials of Plaintiffs' refunds, and documents regarding changes to Amazon's returns and refund policies during the relevant period. Dkt. 124.

Plaintiffs' motion was pending when the Parties reached a tentative settlement agreement.

**Amazon's Motion To Compel Responses To Its First Set Of Discovery Requests To Plaintiffs.**

**June 12, 2024**: Amazon served each Plaintiff with its First Set of Requests for Production and its First Set of Interrogatories, some of which purport to seek documents from Interim Class Counsel's own files fishing for materials related to their investigation of the class's claims and the identities of putative class members. Dkt. 99 ¶3.

**July 26, 2024**: In consultation with Plaintiffs, Interim Class Counsel prepared and served Responses and Objections to Amazon's first set of discovery requests on behalf of each Plaintiff. Id. ¶6.

**August 2024 to February 2025**: Over the course of several months, Interim Class Counsel attended multiple meet and confers with Amazon to discuss Plaintiffs' objections to Amazon's First Set of Requests for Production in an effort to provide clarification and attempt to reach a compromise. The Parties exchanged at least nine rounds of correspondence and emails with Plaintiffs offering further clarification about their objections and seeking basic explanations about the relevance of Amazon's requests. Dkts. 98-4 to 98-12. And Interim Class Counsel prepared and served supplemental and amended responses to Amazon's First Set of Interrogatories.

**March 3, 2025**: After months of negotiations Amazon moved to compel responses to just a handful of its requests for production and two of its interrogatories, Dkt. 98, which Plaintiffs opposed, Dkt. 107.

**May 2, 2025**: In coordination with Plaintiffs, Interim Class Counsel prepared Supplemental Responses and Objections to Amazon's First Set of Interrogatories on behalf of certain Plaintiffs.

Amazon's motion was pending when the Parties reached a tentative settlement agreement.

**Amazon's Motion To Compel Responses To Its Second Set Of Interrogatories.**

**February 13, 2025**: Amazon served the Plaintiffs its Second Set of Interrogatories, asking Plaintiffs to state sworn legal conclusions about the contracts they had entered with Amazon. Dkt. 147-1.

**March 17, 2025**: Interim Class Counsel prepared objections on behalf of each Plaintiff, objecting on the grounds that the Interrogatories inappropriately call for legal conclusions and seek information protected by the attorney-client or work product privileges. Dkt. 147-2.

**April to June 2025**: Over the course of months, Interim Class Counsel exchanged emails and correspondence explaining the validity of Plaintiffs' objections and directing Amazon to authority supporting those objections.

**July 8, 2025**: To avoid bringing an unnecessary dispute to the Court, and without waiving their objections, Interim Class Counsel prepared and served supplemental responses to Amazon's Second Set of Interrogatories on behalf of Plaintiffs. Dkt. 147-5.

**July 17, 2025**: After an additional meet and confer, Dkt. 147 ¶9, Amazon remained unsatisfied with Plaintiffs' responses and moved to compel, Dkt. 146.

**August 1, 2025**: Interim Class Counsel prepared an opposition brief to Amazon's motion, directing the Court to authority supporting Plaintiffs' objections. Dkt. 149

Amazon's motion was pending when the Parties reached a tentative settlement agreement.

## FIRST AMENDED CONSOLIDATED COMPLAINT

**May 23, 2025**: With discovery disputes ongoing, Interim Class Counsel sought leave to amend the Consolidated Complaint. Dkt. 115. Plaintiffs' First Amended Consolidated Complaint (FACC) is a testament to Interim Class Counsel's dogged and multi-faceted pursuit of the class's interests. Dkt. 116. Despite the Court's denial of Amazon's motion to dismiss a month earlier, Dkt. 112, Interim Class Counsel had continued to contact and vet additional class representatives in the late stages of discovery. The FACC added two new Plaintiffs and over 50 paragraphs of detailed allegations describing Amazon's wrongful practices.

## MEDIATION AND SETTLEMENT

**February 16, 2025 to May 27, 2025**: The parties renewed discussions about engaging in

mediation, and eventually agreed to an informal pause of the litigation to allow Amazon to collect the data necessary for mediation. On May 9, 2025, Amazon informed Plaintiffs of its intent to begin issuing more than $500 million in refunds for certain unpaid returns. The parties held their first mediation session on May 27. Phillips Decl. ¶15. The parties selected former United States District Judge Layn R. Phillips, and experienced mediator, to help resolve this dispute. *Id.* ¶¶5–11. Prior to mediation, Plaintiffs submitted confidential written mediation statements. That mediation session did not result in an agreement to settle the Action.

**May to October 2025**: Over the next several months, Plaintiffs continued to engagein mediation discussions with Amazon before Judge Phillips. Id. ¶16. This involved multiple Zoom sessions and numerous one-on-one conversations with Judge Phillips, his team, and Amazon in which Interim Class Counsel vigorously pursued the class's interests. Id. While these discussions were ongoing, Interim Class Counsel pressed Amazon with new discovery requests based on Interim Class Counsel's ongoing review of the initial documents Amazon had produced, and filed and briefed hotly contested discovery motions. Infra, ¶¶68, 73, 83–86.

**October 20, 2025**: With depositions of Amazon employees fast approaching and the deadline for Amazon due to comply with this Court's discovery order on the horizon, Dkt. 156, the parties informed the Court that they had reached a class-wide settlement in principle, memorialized in a binding term sheet, Dkt. 157.

**October 2025 to January 23, 2026**: The parties' vigorous, arms-length negotiations continued over the next several months. Interim Class Counsel continued to press the class's interests while fine-tuning the long form settlement agreement, class notices, and other aspects of the Settlement. The parties exchanged several drafts and revisions of the long-form agreement, and engaged in multiple rounds of discussion prompted by counsel's questions about Amazon's data and documents. The parties executed the long-form Settlement Agreement on January 23, 2026.

Thus, as outlined in Judge Phillips's declaration, Interim Class Counsel at all times vigorously pursued Plaintiffs' and the class's interests, and the settlement negotiations occurred in good faith and at arm's length.



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

Executed this 23nd day of January, 2026, at Chicago, Illinois.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro

*/s/ Aaron Zigler*
Aaron Zigler


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED January 23, 2026.

*/s/ Nolan Anderson*
Nolan Anderson, WSBA #59691


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
TEL: (206) 905-7000