**EXHIBIT 23**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | CASE NO. 2:23-cv-1372<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL** |

WHEREAS, Plaintiffs Laura Abbott, Jill Cappel, Michelle Estep, Maria Khangi, Joshua Soto Lopez, Melissa Urbancic, Heriberto Valiente, Katherine Vojtko, Vince Vojtko, and Dianne Walton-Williams ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class defined below, and Defendant Amazon.com, Inc. ("Amazon" or "Defendant," and, together with Plaintiffs, the "Parties") entered into a Settlement Agreement (ECF. No.171-5), which, together, with the exhibits thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, this Court has reviewed the Settlement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification—numerosity, commonality, typicality, and adequacy—and meets the requirements of Federal Rule of Civil Procedure 23(b)(3)—predominance of common issues, and superiority;

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

Preliminary Certification of Settlement Class for Purpose of Settlement Only and Appointment of Class Counsel and Settlement Class Representatives

1. The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in Paragraph 1.30 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons who initiated a return to Amazon or requested a refund regarding a physical product purchased and (per Amazon's records) received in the U.S. after being sold through Amazon.com from September 5, 2017 to the time the Class Data is prepared, and who (1) incorrectly did not receive a refund from Amazon or received an untimely or incorrect refund from Amazon; and/or (2) did receive a refund but were later incorrectly charged by Amazon for the product(s) that was (were) the subject of the return.

2. Excluded from the Settlement Class are: Defendant; Defendant's employees and agents; any judge conducting proceedings in this action and the judge's parents, spouses and children as well as any other member of the judge's family residing in the judge's household; counsel of record in this Action; individuals and entities who validly and timely opt-out; the legal representatives, heirs, successors and assigns of any excluded person and the United States government; and any purchases from Amazon affiliates and subsidiaries, except where those (i) purchases occur on Amazon.com and (ii) returns are handled through Amazon's fulfillment channels.

3. The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class as defined above meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); and that the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Class under Rule 23(a)(3).

4. In addition, the Court preliminarily finds, for purposes of settlement only, that the Class Counsel and Settlement Class Representatives will fairly and adequately represent the interests of the Settlement Class under Rule 23(a)(4), have done so, and meet the requirements of Rule 23(g) and, therefore, appoints them as Class Counsel and Settlement Class Representatives under Rules 23(c)(1)(B) and 23(g).

5. If the Settlement Agreement is terminated or not finally approved by this Court, or if such final approval is not upheld, reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the Settlement Class) shall be vacated, null and void, and of no force or effect; the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in reaching settlement or in connection with settlement, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court, including that the Parties shall be entitled to make any arguments for or against certification for litigation purposes.

6. The Settlement Class Representatives are appointed as adequate representatives of the Settlement Class. Class Counsel are appointed as counsel for the Settlement Class.

**NOTICE TO SETTLEMENT CLASS**

7. By October 2, 2026, ~~[(45) calendar days after the issuance of this Order]~~, Class Counsel shall cause notice to the Class to be disseminated by the Email Notice, the Press Release, and the dedicated Settlement Website.

8. By September 17, 2026, ~~[(30) calendar days after the issuance of this Order]~~, Defendant shall pay the sum of five million United States dollars (US$5,000,000) into the Settlement Fund.

9. The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion Group shall establish the Settlement Fund as a Qualified Settlement Fund as for U.S. federal income tax purposes as set forth in Section 13.15 of the Settlement Agreement; supervise and administer the notice procedures, establish and operate the settlement website, administer the claims processes, and distribute payments according to the processes and criteria set forth in the Settlement Agreement; and fully perform all other duties as provided in the Settlement Agreement, as well as any additional duties that are reasonably necessary to facilitate the settlement pursuant to the Settlement Agreement's terms.

10. The Court approves the Notice Plan and Class Notice provided for in the Settlement Agreement and its exhibits complies with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all Settlement Class Members who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto. As is provided in the Settlement Agreement, the Settlement Administrator shall send the agreed upon Notices to the Settlement Class Members in accordance with the notice plan set forth in the Settlement Agreement. The Court also approves the Parties' Notices and Claim Form, which are attached to the Settlement Agreement. To the extent the Parties or the Settlement Administrator determines that ministerial changes to the Notices or Claim Form are necessary before disseminating them to the Settlement Class, they may make such changes without further application to the Court.

11. Settlement Class Members who wish to make a claim must do so by submitting a Claim Form by December 1, 2026 ~~[sixty days after the Notice Date]~~, (the "Claims Submission Deadline"), in accordance with the instructions contained therein and pursuant to the terms of the

Settlement Agreement. The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Fund in accordance with the Settlement Agreement.

12. Any Settlement Class Member who seeks to be excluded from the Settlement Class must do so by December 1, 2026 ~~[sixty days after the Notice Date]~~, submit a written request for exclusion through the settlement website by sending a letter via U.S. mail (or an express mail carrier) stating that they want to "opt-out of" or "be excluded from" the Settlement and identifying the following information: (i) the Settlement Class Member's name, address, telephone number, and e-mail address(es) associate with the Class Member's Amazon account; and (ii) a specific and clear statement of the Settlement Class Member's desire to be excluded from the Settlement Agreement and from the Settlement Class, such as a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *In re: Amazon Return Policy Litig.,* Case No. 2:23-cv-01372-JNW, pending in the United States District Court for the Western District of Washington" and be received by the Settlement Administrator no later than the date designated for such purpose in the Notice. The failure to provide each required element may result in rejection of a request for exclusion. Exclusion requests cannot be made via phone or email. Each request for exclusion must be signed by the individual seeking exclusion, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a request for exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted. Any Settlement Class Member who submits a timely and valid request for exclusion shall be barred from filing an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under this Settlement Agreement. Any Settlement Class Member who does not file a timely request for exclusion, or otherwise does not follow the procedure

described in the Settlement Agreement, shall be bound by all subsequent proceedings, orders, and judgments in this action.

13. Settlement Class Members who wish to object to the Settlement must file the objection with the Court in accordance with Fed. R. Civ. P. 5(d) by December 1, 2026 [sixty days after the Notice Date], (the "Objection Deadline"), and must concurrently serve the objection on the Settlement Administrator. To state a valid objection to the Settlement Agreement, an objecting Settlement Class Member must provide the following information in the written objection under penalty of perjury: (i) the case name and number, In re: Amazon Return Policy Litigation, No. 2:23-cv-01372-JNW (W.D. Wash.); (ii) the Settlement Class Member's full name, current address, current telephone number; and each email address associated with the objector's Amazon account and purchase at issue; (iii) the basis for their good faith belief that they are a Settlement Class Member; (iv) a statement of all objection(s), including all factual and legal grounds for the position, including a statement as to whether the objection(s) apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) copies of any documents, exhibits, or other materials the objector wishes to submit in support; (vi) the name, address, telephone number, and email address of any lawyer(s) representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection, as well as a statement as to whether the lawyer(s) intends to submit a request for fees, and all factual and legal support for that request; (vii) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Settlement Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the identity of any witnesses the objector may call to testify; and (x) the wet signature of the Settlement Class Member objecting, in addition

to the signature of any attorney representing the objector in connection with the objection, and date of the objection. If the objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Settlement Class Member must so state in the objection. Any Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement Agreement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing. The filing of an objection allows Class Counsel and counsel for Defendant to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location or by remote video conference, and to obtain any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to appear for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose. Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B). These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

**FINAL APPROVAL HEARING**

14. The Final Approval Hearing shall be held by the Court on March 16, 2027, beginning at 10:00 a.m., ~~[No sooner than 164 days after the Notice Date~~] to determine whether the requirements for certification of the Settlement Class have been met; to determine whether the

proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; to consider whether Class Counsel's motion or application for an Attorneys' Fees and Expenses Award and application for the Service Awards; and to determine whether final judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Settlement Class Representatives and all other Settlement Class Members should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members (except to those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

15. Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a notice of intention to appear in the body of the objector's objection. Objectors who fail to submit or include such timely notice of intention to appear may not speak at the Final Approval Hearing without permission of the Court.

16. By November 17, 2026, ~~[(46) days after the Notice Date]~~ Class Counsel shall file all papers in support of the application for Attorneys' Fees and in support of an Expenses Award and/or for Service Awards. All opposition papers shall be filed by December 15, 2026, ~~[(74) days after the Notice Date]~~ and any reply papers shall be filed by January 12, 2027 ~~[(102) days after the Notice Date]~~.

17. By February 1, 2027 ~~[(122) days after the Notice Date]~~, Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. Any reply papers regarding objections to the settlement and to update the Court regarding notice and

Case 2:23-cv-01372-JNW Document 193 Filed 10/28/25 Page 9 of 10

administration shall be filed by March 1, 2027 [one hundred and fifty (150) days after the Notice Date].

18. Class Counsel's motion or application for Attorneys' Fees and an Expenses Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's motion for Attorneys' Fees and an Expenses Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

19. Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

20. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

21. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Hon. Jamal N. Whitehead

U.S. District Judge