The Honorable Jamal N. Whitehead

FILED LODGED RECEIVED MAIL

NOV 04 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION<br><br>This Document Relates To: All Actions | No. 2:23-cv-01372-JNW<br><br>**OBJECTION OF SETTLEMENT CLASS MEMBERS ANDREW WOLFF AND QUE KONG TO PROPOSED CLASS ACTION SETTLEMENT (SUBCLASS B CLAIMS PROCESS) AND NOTICE OF INTENT TO APPEAR**<br><br>Final Approval Hearing: March 16, 2027, 10:00 a.m. |

Settlement Class Members Andrew Wolff and Que Kong ("Objectors") object to the Subclass B documentation requirements insofar as they require members to supply separate proof of facts already adequately established by available Amazon or carrier records. Objectors



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

request an evidentiary showing that the claims process uses those records and requires members to provide only the additional information necessary to determine entitlement. Fed. R. Civ. P. 23(e)(2)(C)(ii). Objectors do not object to the settlement amount, the release, the injunctive terms, or Class Counsel's fee request. This objection is made under penalty of perjury and contains each item required by Question 21 of the Court-approved Long Form Notice ("Notice").

## I. IDENTIFICATION OF OBJECTORS (Notice Q. 21(i)–(ii))

1. **Case.** *In re: Amazon Return Policy Litigation*, No. 2:23-cv-01372-JNW (W.D. Wash.).

2. **Full names.** Andrew Wolff and Que Kong. Objectors are spouses.

3. **Current address.** 1 Estates Court, Orinda, California 94563.

4. **Current telephone number.** 510-473-2820 (both Objectors).

5. **Email address associated with Objectors' Amazon account and the purchases at issue.** que@awolfflaw.com. It is the only email address on the account and is used by both Objectors.

6. **Notice ID.** AMZB111539607. The emailed Notice was addressed to Andrew Wolff and Que Kong, and the Amazon account associated with it is held in those two names.

## II. BASIS FOR GOOD-FAITH BELIEF THAT OBJECTORS ARE CLASS MEMBERS (Notice Q. 21(iii))

7. Objectors hold a single Amazon.com account, in both their names, under the email address in paragraph 5. Between September 5, 2017 and February 12, 2026, Objectors made hundreds of purchases of physical products through Amazon.com that were received in the United States, and initiated returns or refund requests for some of those products.

8. Objectors received the Court-approved Settlement Notice by email at that address, addressed to both of them. The Notice identified Objectors as members of Settlement Subclass B and assigned the Notice ID in paragraph 6.

9. Based on their own return history and on Amazon's identification of them as Subclass B members, Objectors believe in good faith that one or more of their returns during the



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

class period were not refunded, were refunded late or in part, or were refunded and later retrocharged. Neither Objector has requested exclusion from the Settlement Class, and neither intends to.

## III. STATEMENT OF OBJECTION (Notice Q. 21(iv))

### A. Scope

10. This objection applies to Settlement Subclass B as a whole, and to the entire Settlement Class insofar as the Subclass B claims process determines which class members receive the 7.3% of the Net Settlement Fund allocated to that subclass. It does not apply only to Objectors.

### B. Facts in the record

11. The Settlement Class covers returns and refund requests from September 5, 2017 to February 12, 2026, a period of eight and a half years. (Notice, Q. 5.)

12. Subclass A members receive 92.7% of the Net Settlement Fund automatically. They file nothing; they are paid their unpaid transaction amounts, plus an amount proportional to potential prejudgment interest, as computed from Amazon's records. (Notice, Q. 8, Q. 12; Dkt. 171-5, § 6.4.1.)

13. Subclass B members receive nothing unless they file a claim on or before December 1, 2026. (Notice, Q. 12, Q. 26.) The 7.3% allocated to Subclass B is divided among members who submit claims showing, more likely than not, membership and entitlement, in proportion to unpaid transaction amounts plus potential prejudgment interest. (Dkt. 171-5, § 6.4.2.)

14. The Claim Form requires, *for each transaction*, the order number, product description, date the refund was requested, refund amount requested, and the refund rejection reason if known; a screenshot or copy of the order-history page showing those items; and an attestation chosen from a chart of eighteen rejection categories. Seventeen of the eighteen categories also require "proof of tender," meaning evidence that the item was handed to a carrier or drop-off location; the failed-payment category instead requires a bank, credit-card, or



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

payment-app record. (Claim Form, § II and "Refund Rejection Reasons and Required Documentation," Dkt. 171-5, Ex. 1.) The Administrator may demand supplemental information and will deny any claim for which it is not produced. (Claim Form, § II, Note.)

15. The Claim Form tells class members to assemble this information themselves: sign in to Amazon, open "Your Orders," find each affected item, open its return or refund status, and, if the needed information is not there, search their email for messages from Amazon about the rejected return. (Claim Form, § II.) Where the necessary documentation is unavailable in the order history and the member no longer retains the relevant emails or receipts, the member may be unable to document the affected transaction.

16. The Settlement Agreement requires Amazon to furnish specified transaction information to the Administrator, to the extent available. It defines "Class Data" to include, for each transaction at issue and to the extent available, the dollar value, order number, product identifier, and the reason for the refund denial or retrocharge. (Dkt. 171-5, § 1.9.) Amazon was required to deliver the Class Data to the Administrator within 21 days after the preliminary-approval motion was filed on January 23, 2026. (Dkt. 171-5, § 5.5.1.) Amazon used that data to define both subclasses and to tell each class member, in the emailed Notice, which subclass that member belongs to.

17. Class Counsel represented to the Court that Amazon's available records would be used to facilitate the Subclass B claims process, and that members would be able to submit claims online without unnecessary data entry. (Dkt. 171 at 12–13 (ECF pp. 17–18).) Counsel also represented that members of both subclasses are expected to receive a full refund plus interest, and that the only distinction between the subclasses is the amount of proof required. (Dkt. 171 at 13–14 (ECF pp. 18–19).) On October 31, 2026, Objector Andrew Wolff signed in to the online claim process with Objectors' Notice ID. It displayed a list of Objectors' transactions, which confirms that the Administrator holds Class Data for them. It nonetheless required, for each listed transaction, the documentation and attestation described in paragraph 14.



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

18. The online claim process lists dozens of transactions for Objectors' account, but completing a claim still requires separately locating each transaction in Amazon's order history, retrieving the requested order and return documentation, and completing the applicable attestation. Providing a transaction list does not eliminate that work. Objectors have reviewed the online process and their order history and estimate that documenting the listed transactions would take dozens of hours. For older transactions, the requested return documentation may no longer be available to Objectors. The parties should explain why members must retrieve and submit documentation for facts that available Amazon or carrier records already establish.

**C. Legal grounds**

19. Before approving a class settlement the Court must find it fair, reasonable, and adequate after considering, among other things, "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). The 2018 Advisory Committee Note to that provision explains that a claims process should deter unjustified claims, but that the court should be alert to whether the process is unduly demanding of class members, and that information about actual claims experience can inform that evaluation. The Ninth Circuit requires the district court to scrutinize whether a settlement's terms actually deliver value to absent class members. *Briseño v. Henderson*, 998 F.3d 1014, 1022–26 (9th Cir. 2021).

20. The online claim process identifies Objectors' potential Subclass B transactions, but the transaction list does not establish which return facts Amazon's records verify. The Claim Form's own categories show that Amazon tracks whether a package was confirmed as provided to a designated carrier; the list does not show for which transactions that confirmation exists. (Claim Form, Dkt. 171-5, Ex. 1.) The parties should explain whether available Amazon or carrier records establish tender, receipt, or other facts for which the Claim Form requires separate documentation, and whether the Administrator uses those records in evaluating claims. To the extent existing records adequately establish a required fact, requiring the member to produce separate proof of that same fact creates an unnecessary burden under Rule 23(e)(2)(C)(ii).



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

21. Objectors recognize the distinction the parties draw between the subclasses: Subclass A transactions failed for processing reasons apparent on Amazon's records, while for Subclass B transactions Amazon's records do not by themselves establish that the refund was wrongly denied. (Dkt. 171 at 12 (ECF p. 17).) That distinction justifies asking Subclass B members to attest to the fact actually in dispute for each transaction: what was returned, in what condition, and when. It does not justify asking them to supply separate proof of facts, such as a carrier scan, that Amazon's records already establish. Rule 23(e)(2)(D) permits different procedures for materially different claims; it does not permit a burden that bears no relation to the difference. The transaction list the Administrator already displays, confirmed by the member's category-specific attestation under penalty of perjury, provides a basis for evaluating entitlement without duplicative documentation, subject to any additional evidence reasonably necessary to verify the claim under § 6.2.4.

22. The defect is curable without disturbing the settlement amount, the release, or the fee application. The Court may not rewrite the parties' agreement, but it may decline to approve it as presented and tell the parties what is missing. The corrections proposed below are administrative, consistent with the Settlement Agreement's Class Data and claims provisions, and consistent with what Class Counsel already represented the process would do.

## IV. RELIEF REQUESTED

23. Objectors ask the Court to defer final approval pending an evidentiary showing by the parties of what transaction and return-tracking information the Administrator received under § 5.5.1, and why each item of documentation the Claim Form demands is necessary to determine entitlement; and, unless that showing justifies the process as it stands, to withhold final approval until the parties adopt the following corrective measures:

(a) The transaction list the online claim process displays shall be made available by mail to any Subclass B member on request, and shall indicate for each transaction, to the extent available, whether Amazon's records reflect a carrier scan or drop-off record, with a means for the member to



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

add a transaction the list omits. Transactions allocated to Subclass A are excluded.

(b) The Administrator shall use available Amazon and carrier records to satisfy the applicable documentation requirements. A claimant shall not be required to submit duplicative proof of facts adequately established by those records. The claimant shall provide the applicable category-specific attestation under penalty of perjury and any required material information not established by the existing records. The Administrator shall retain its authority under § 6.2.4 to verify claims and to request additional information necessary for that purpose.

(c) If the claims process is revised, the Subclass B claims deadline shall be extended or reopened to a date not less than sixty days after both the revised process is available and supplemental email notice describing the changes has been sent to Subclass B members.

24. Objectors further ask that the Court direct Class Counsel to file, before the Final Approval Hearing, a report drawing on the Administrator's claims reports under § 6.3, supplemented by available notice and transaction data, addressing the following: the number of Subclass B members notified; the number of claims received, approved, denied, and pending; the principal reasons for deficiencies and denials; the dollar amounts claimed and approved; and a description of the transaction and return-tracking information the Administrator received from Amazon. The 2018 Advisory Committee Note to Rule 23(e)(2)(C)(ii) contemplates exactly this kind of claims-experience information, and it lets the Court evaluate the process on evidence rather than on either side's prediction.

## V. SUPPORTING MATERIALS, COUNSEL, APPEARANCE, AND WITNESSES (Notice Q. 21(v)–(ix))

25. **Documents submitted in support.** None. Objectors rely on documents already in the Court's record: the Motion for Preliminary Approval (Dkt. 171), the Settlement Agreement



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

and its exhibits including the Claim Form (Dkt. 171-5), and the Court-approved Long Form Notice, all of which are also posted at www.ReturnSettlement.com. The Court may take judicial notice of them. Fed. R. Evid. 201.

26. **Counsel.** None. Each Objector appears solely on his or her own behalf. Objector Andrew Wolff is an attorney licensed in California and does not represent Objector Que Kong as counsel. No lawyer represents either Objector in making this objection or is entitled to compensation in connection with it. Objectors seek no fee, cost, or other compensation for making this objection, and claim only the settlement payment to which any Subclass B member is entitled.

27. **Intent to appear.** Objector Andrew Wolff intends to appear at the Final Approval Hearing on March 16, 2027, without counsel, by video or telephone if the Court permits remote appearance and otherwise in person, and requests leave to be heard on this objection. Objector Que Kong does not intend to appear.

28. **Counsel appearing and persons testifying.** No counsel will appear. No person will be called to testify. Objectors will rely on this written objection and the record.

29. **Witnesses.** None.



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

**VERIFICATION (Notice Q. 21(x))**

Each of the undersigned declares under penalty of perjury under the laws of the United States of America that he or she is a member of the Settlement Class, has not requested exclusion, and that the facts stated in this objection are true and correct to the best of his or her knowledge.

DATED ~~this ____ day of November, 2026~~ 11-2-26, at Orinda, California.

Andrew Wolff, Objector pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

Que Kong, Objector pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

FILED
LODGED
RECEIVED
MAIL
NOV 04 2026
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY


Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

# CERTIFICATE OF SERVICE

I certify that on November ____, 2026, I deposited the original of the foregoing Objection with USPS (carrier), prepaid, addressed for delivery to the Clerk of Court at the address below, and caused a true copy to be served by first-class United States mail, postage prepaid, on the Settlement Administrator at the address below, as required by the Court-approved Notice (Q. 21).

Clerk of Court
United States District Court, Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101

FILED LODGED RECEIVED MAIL

NOV 04 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

Amazon Return Policy Litigation
Attn: Objections
P.O. Box 10
East Brunswick, NJ 08816-9998

DATED this 11-2-26 AW ~~day of November, 2026,~~ at Orinda, California. AW

[signature]

Andrew Wolff



Andrew Wolff and Que Kong, pro se
1 Estates Court, Orinda, CA 94563
510-473-2820 · que@awolfflaw.com

Retail

U.S. POSTAGE PAID
PM
ORINDA, CA 94563
NOV 02, 2026

98101

$13.90

RDC 01 0 Lb 1.60 Oz S2324P506263-30

FROM: 1 Estates Ct
Orinda CA
94563

TO:
Clerk of Court
W District Ct, Western District of Washington
700 Stewart St.
Ste. 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED

MAIL

NOV 04 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

WHEN USED INTERNATIONALLY, A CUSTOMS
DECLARATION LABEL MAY BE REQUIRED.

EXPECTED DELIVERY DAY: 11/05/26

USPS TRACKING® #

9505 5125 0181 6306 7818 72

PS00001000012

EP14B October 2023
OD: 10 x 6

how2recycle.info
PAPER POUCH

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14B © U.S. Postal Service; October 2023; All rights reserved.