THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: AMAZON RETURN POLICY LITIGATION | No. 2:23-CV-1372-JNW<br>**PLAINTIFFS' MOTION TO SEAL**<br>NOTING DATE: December 8, 2026 |



QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## INTRODUCTION

Pursuant to Local Civil Rule 5(g), Plaintiffs respectfully move the Court for leave to file under seal limited portions of the papers supporting their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards. Those portions disclose the standard hourly rates that Quinn Emanuel Urquhart & Sullivan, LLP lists for its clients. Specifically, Plaintiffs ask to seal the hourly-rate column, and the per-timekeeper lodestar figures from which those rates can be calculated, in **Exhibit A** to the Joint Declaration of Andrew H. Schapiro and Aaron M. Zigler, which summarizes Quinn Emanuel's time. Plaintiffs do not seek to seal the fee motion; any timekeeper's name, title, law school graduation year, office, or hours; either firm's total hours or total lodestar at historical or current rates; or Exhibit B, which summarizes the time of Zigler Law Group, LLC. Plaintiffs will file the unredacted Exhibit A provisionally under seal and redacted versions on the public docket.

Under LCR 5(g)(3)(A), Plaintiffs certify that on November 17, 2026, Plaintiffs' counsel informed Amazon's counsel describing the proposed redactions and inquired as to Amazon's position. Amazon's counsel responded that Amazon takes no position on this motion.

## LEGAL STANDARD

Courts in this District treat a motion for attorneys' fees as non-dispositive, and apply the good-cause standard to the sealing of billing information submitted with such motions. *See, e.g.*, *Ngethpharat v. State Farm Mut. Auto. Ins. Co.*, 2026 WL 3084670, at *1 (W.D. Wash. Oct. 15, 2026). Courts have sealed billing records and fee arrangements under that standard, and have granted motions to seal counsel's hourly rates even under the compelling-reasons standard. *Id.*; *Global Equip. Co. v. Global Storage Equip. Mfr. Ltd.*, 2025 WL 3158080, at *7 (W.D. Wash. Nov. 12, 2025) (applying compelling-reasons standard and sealing billing records in connection with a fee request submitted with a dispositive motion); *see also Mine O'Mine, Inc. v. Calmese*, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012), *aff'd*, 489 F. App'x 175 (9th Cir. 2012). Plaintiffs' narrow sealing request satisfies either standard.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## ARGUMENT

Quinn Emanuel's hourly rates are central to its business. The vast majority of the firm's work is for clients who pay by the hour rather than on contingency, so its hourly rates are, in effect, its prices. Quinn Emanuel does not publish its standard rate schedules; it quotes them to clients in connection with specific engagements and sets them by reference to information it gleans about its competitors' rates. Joint Decl. ¶27. If the rates were made public, competing firms could use them to price against Quinn Emanuel, and current and prospective clients could use them in fee negotiations on matters unrelated to this case. Courts in this District and in the Ninth Circuit have sealed billing rates for this reason, finding that disclosure would put a firm at "a competitive disadvantage" and "invite rate-shopping by competitors," which satisfies even the compelling-reasons standard. *Global Equip.*, 2025 WL 3158080, at *7; *Mine O'Mine*, 2012 WL 1279827, at *4 (sealing billing rates that were "competitively sensitive and not publicly known"); *see also Ngethpharat*, 2026 WL 3084670, at *1 (sealing billing records submitted with a fee motion); *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5303854, at *2 (N.D. Cal. Sept. 9, 2015).

Plaintiffs seek to redact only Quinn Emanuel's rates and the per-row lodestar figures from which those rates could be derived by dividing by hours. Everything the Court and class members need to evaluate the request remains public: the requested percentage; each timekeeper's name, title, experience, office, and hours by year; and each firm's total lodestar at historical and current rates, from which the multiplier follows. The fee request rests on the percentage-of-recovery method, and the rates bear only on the secondary lodestar cross-check. Redaction is itself the less restrictive alternative to sealing whole documents, and nothing short of redaction would protect the rates.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this motion and direct the Clerk to maintain under seal the unredacted version of **Exhibit A** to the Joint Declaration.


QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Dated: November 17, 2026

Respectfully submitted,

By: *s/ Nolan K. Anderson*

Nolan K. Anderson, WSBA #59691
Alicia Cobb, WSBA #48685
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
aliciacobb@quinnemanuel.com
nolananderson@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
Alyssa G. Olson (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel: 213.443.3621
Fax: 213.443.3100
adamwolfson@quinnemanuel.com
justingriffin@quinnemanuel.com
alyolson@quinnemanuel.com

By: *s/ Aaron M. Zigler*

Aaron M. Zigler (*pro hac vice*)
Blair Zigler (*pro hac vice*)
Lawrence Ashe (*pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312.673.8427
aaron@ziglerlawgroup.com
blair@ziglerlawgroup.com
larry@ziglerlawgroup.com

nidya@ziglerlawgroup.com

*Class Counsel*

*I certify that this memorandum contains 674 words, in compliance with the Local Civil Rules.*